FILED

JANE DOE

11151 Valley Blvd #4886,

El Monte, CA 91734

626-208-9665

Plaintiff in Pro Se

2020 FEB 18 PM 1:30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SACV 20-00322-ODW(PJW)

JANE DOE,

        Plaintiff,

v.

COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1 - 10, inclusive,

        Defendants.

No.:

PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER AND TO PROCEED UNDER A PSEUDONYM

Plaintiff JANE DOE ("Plaintiff") respectfully moves this Court to allow her to proceed under a pseudonym and to enter a protective order preventing the public disclosure of her identity by Defendants in order to protect her privacy and safety.

**FACTUAL BACKGROUND**

On Feb 18, 2020 Plaintiff filed her complaint against Defendants. In that complaint Plaintiff describes the serious harm she suffered as a result of being strip searched, including injury she received as a rape victim. Plaintiff filed her complaint under a pseudonym in order to protect her privacy, and prevent further harm.

Considering the undesirability of an outcome adverse to the pseudonymous party and

1

PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER AND TO PROCEED UNDER A PSEUDONYM

attributable to the party's refusal to pursue the case at the price of being publicly identified, Courts generally allow a plaintiff to litigate under a pseudonym in cases filed by sexual assault victims because they concern highly sensitive and personal subjects. See De Amigos, No. 11-cv-1755, slip op. at 2 (citing cases); see also Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir.1997) (" [Factitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses."); E.E.O.C. v. Spoa, LLC, No. CCB-13-1615, 2013 WL 5634337, at *3, *4 (D.Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter"); Roe v. St. Louis Univ., No. 08-cv-1474-JCH, 2009 WL 910738, at *5 (E.D.Mo. Apr. 2, 2009) (allowing use of pseudonym because rape is a "personal matter of the utmost intimacy") and the use of "Doe plaintiffs" to protect legitimate privacy rights has been recognized as an appropriate practice in circumstances when a plaintiff would be further stigmatized by disclosing his or her name in court documents. The "Doe plaintiff" practice may be particularly appropriate where the facts of the case are of a sexual nature, or where the injured party complains of invasions of privacy.

Re-victimization and harm is particularly acute, and extends beyond mere embarrassment and humiliation, when victims of sex crimes have their identities or other private information revealed when they want it to remain private. As one Connecticut court summarized, "[t]o force the plaintiff to proceed without the protection of the pseudonym Jane Doe could only subject the plaintiff to additional psychological harm and emotional distress." Doe v. Firn, No. CV065001087S, 2006 WL 2847885, at *5 (Conn. Super. Ct. Sept. 22, 2006). Refusing victims the opportunity to access justice without sacrificing privacy is one form of re-victimization at the hands of the justice process.

Moreover this suit is challenging the actions of local government. Pseudonyms are most often permitted in cases where plaintiffs challenge the constitutionality of practices of state or local officials. See Indiana Black Expo, 923 F. Supp. at 139 and 141.

Plaintiff files this motion for leave to proceed under a pseudonym and for the entry of a protective order preventing public revelation of Plaintiff's identity and the attendant harm.

# ARGUMENT

## I. PLAINTIFF'S NEED FOR PRIVACY OUTWEIGHS THE PRESUMPTION OF OPENNESS IN THIS CASE

### A. The sensitive and personal nature of Plaintiff's claims justify allowing the protection of her privacy.

The right to privacy is a constitutionally protected interest under the federal Constitution. See Roe v. Wade, 410 U.S. 113, 152-53 (1973) (recognizing that "a right of personal privacy . . . does exist under the Constitution"); Whalen v. Roe, 429 U.S. 589, 599 (1977) (noting cases finding protected privacy interests include an "individual interest in avoiding disclosure of personal matters"). This right to privacy encompasses a victim's interest in the non-disclosure of personal information relating to a crime of a sexual nature. Bloch v. Ribar, 156 F.3d 673, 686 (6th Cir. 1998) (concluding that "a rape victim has a fundamental right of privacy in preventing government officials from gratuitously and unnecessarily releasing the intimate details of rape where no penalogical purpose is being served") A corollary to the right of non-disclosure of personal information is the right to non-disclosure of identifying information when disclosure of private facts is necessary, such as in the prosecution of a civil suit. See generally Plaintiff B. v. Francis, 631 F.3d 1310, 1316-18 (11th Cir. 2011) (finding trial court's order mandating disclosure of victims' names in civil lawsuit involving their participation in the Girls Gone Wild videos to be **in error** given the sensitive and highly personal nature of the issues in the suit).

This litigation involves matters of a highly sensitive and personal nature to Plaintiff, including the emotional and psychological impact of being a victim of rape. See Doe No. 2 v. Kolko, 242 F.R.D. 193, 194 (E.D.N.Y. 2006) (citing Doe v. Blue Cross & Blue Shield United of Wisc., 112 F.3d 869, 872 (7th Cir.1997)) ("sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity"). "The ordeal of describing an unwanted sexual encounter before persons with no more than a prurient interest in it aggravates the original injury." See United States ex. rel. Latimore v. Sielaff, 561 F.2d 691, 694-95 (7th Cir. 1977).

Disclosure rarely results in "mere" embarrassment: commentators have recognized that disclosure of information, without the victim's consent, in sexual assault cases can "slow the

victim's healing process . . . ." See also Suzanne M. Leone, Protecting Rape Victims' Identities: Balance Between the Right to Privacy and the First Amendment, 27 New Eng. L. Rev. 883, 910-11 (1993) ("Each victim has a unique healing process and the public disclosure of her identity could disrupt that process before the victim is ready.").

In Doe v. Penzato et al CV10-5154 MEJ (N.D. Cal. May. 13, 2011), the court noted the strong interest in protecting sexual assault victims' identities—to encourage them to report the assaults without fear of being stigmatized as a sexual assault victim.

If Plaintiff's true name were made public, opening her to inquiries from the press and other interested individuals, her ability to recover from her trauma would be compromised and her privacy, already severely invaded by Defendants, would again be at greater risk.

B. <u>Proceeding under a pseudonym is necessary to protect Plaintiff from unwanted public exposure.</u>

Plaintiff's identity has thus far been kept confidential. The availability of Plaintiff's identity could not only embarrass her as a rape victim, but also cause extra emotional harm, affect job prospects, and more. Too often, sexual assault victims are put to this Hobson's choice: seek justice but open one's life to public scrutiny or let injustices stand while preserving one's privacy.

It is possible that Plaintiff could be targeted for "retaliatory physical or mental harm" based on the accusations alone. This threat is all the more serious given that this case has drawn further media attention, which means many people across the country can be aware of Plaintiff's accusations.

If Plaintiff's true name were made public, she will be subjected to additional scrutiny, including from the media. In such circumstances, Plaintiff fears bringing unwanted attention to herself. Allowing Plaintiff to proceed under a pseudonym will protect her privacy as she attempts to rebuild her life.

C. <u>The public interest is served by allowing Plaintiff to proceed under a pseudonym.</u>

There is a public interest in encouraging victims of sexual assault, such as Plaintiff, to enforce their rights. Allowing Plaintiff to protect her privacy would encourage similar victims to enforce their rights without fear of additional trauma and privacy violations.

4
PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER AND TO PROCEED UNDER A PSEUDONYM

## II. DEFENDANTS WILL SUFFER NO PREJUDICE BY ALLOWING PLAINTIFF TO PROCEED UNDER A PSEUDONYM

Defendants will not be prejudiced if Plaintiff is permitted to proceed under a pseudonym. Plaintiff's identity is already known to Defendants. Thus, shielding her identity from the general public would present no obstacle to Defendants' ability to mount a defense. See Roe v. St. Louis Univ., Case No. 4:08CV1474, 2009 WL 910738, at *5 n.5 (E.D. Mo. Apr. 2, 2009) (allowing plaintiff to proceed anonymously where defendant's ability to seek discovery and challenge plaintiff's credibility was not impaired).

## III. PLAINTIFF'S BRINGING A CHALLENGE TO THE CONSTITUTIONALITY OF LOCAL GOVERNMENT'S PRACTICE AND CUSTOMS SHOULD BE PERMITTED TO PROCEED UNDER A PSEUDONYM

The core issues being litigated – the violation of Plaintiff's constitutional rights – are of a purely legal nature, rendering the public interest in Plaintiff's identity particularly weak. Plaintiff is challenging the government, which will not be prejudiced should her identity be hidden. The public interest would be served affirmatively by Plaintiff's moving forward to vindicate her constitutional rights so the public interest weighs in favor of a grant of anonymity.

Litigants who challenge governmental activity have a strong interest in proceeding under pseudonyms. Stegall, 653 F.2d at 185. This is because "[i]n such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant."

## CONCLUSION

For the foregoing reasons, the balance of factors strongly favors permitting Plaintiff to proceed under a pseudonym. Plaintiff respectfully requests the Court grant her request for the entry of a protective order and to proceed under a pseudonym.

PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER AND TO PROCEED UNDER A PSEUDONYM

Dated: Feb 18, 2020

Respectfully submitted.

_____

JANE DOE

Plaintiff in Pro Se

PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER AND TO PROCEED UNDER A PSEUDONYM