UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SA CV 20-00322-ODW (PJW) | Date | March 20, 2020 |
|---|---|---|---|
| Title | *Jane Doe v. County of Orange, et al.* | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge | |
|---|---|---|
| Erica Valencia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**     Screening of Civil Rights Complaint  (Doc. No. 1.)

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff, who is proceeding in pro se, against Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, and Does 1-10.  Plaintiff alleges that she was subjected to inhumane conditions at Women's Central Jail in Santa Ana during a four-day period of pretrial detention in August 2019.  She claims that the jail was freezing and that she was deprived of food for a day.  She claims that the jail personnel, despite knowing that she had been a sexual assault victim in April 2019 and without probable cause or reasonable suspicion, subjected her to seven strip searches in four days that were conducted in full view of other inmates.  She claims that she was strip-searched in front of the other inmates even though she was menstruating. She claims that she was held in an overcrowded cell and the only opportunity to get fresh air was contingent on being strip-searched.  She claims that she was denied sleep because the cell lights were kept on and the cell toilet was noisy.  She claims that several days after her release, she was admitted to the ER for dysfunctional menstrual bleeding.  She claims that the mental harm that she was already experiencing as a sexual assault victim was exacerbated by her treatment in the jail, causing her to experience more acute symptoms and, in August 2019, leading her to be placed in hospital on suicide watch for five days and, in November 2019, to attempt suicide.  She seeks declaratory, injunctive, and monetary relief.

Plaintiff has filed an application to proceed without prepaying fees or costs.  That application is granted.  The Clerk is directed to file the Complaint.  Plaintiff requests that she be permitted to proceed pseudonymously, due to her status as a sexual assault victim.  That request is granted.

The Court is required to screen *pro se* complaints brought by prisoners and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(a)-(b)(1).  In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to him.  *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011).  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Plaintiff is proceeding *pro se*, the Court construes the complaint liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

Plaintiff's allegations as to Defendants County of Orange and Don Barnes, the Sheriff of Orange County are sufficient for pleading purposes.  Plaintiff, as a pretrial detainee, had a right under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Fourteenth Amendment's Due Process Claus "against jail conditions or restrictions that 'amount to punishment.'" *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979)). Although detainees' rights "may be subject to restrictions and limitations based on legitimate governmental concerns," *id*. at 1206; *see also Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 326 (2012) (affirming "regulation impinging on an inmate's constitutional rights must be upheld if it is reasonably related to legitimate penological interests"), at this juncture, Plaintiff has sufficiently alleged a cause of action against the County and Sheriff under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

For the following reasons, Plaintiff's pleadings fall short as to the other named defendants. She has sued William Baker (Orange County Assistant Sheriff in charge of custody operations), Joe Balicki (Orange County Commander in Charge of custody operations), and Mark Stichter (Captain of Women's Central Jail), alleging generally that these Defendants were responsible for the operation of the Woman's Central Jail and "caused, created, authorized, condoned, ratified, approved or knowingly acquiesced in" the unlawful conditions set forth in her allegations. She fails, however, to allege facts demonstrating that any of these Defendants were involved in the events she alleges.

Assuming that Plaintiff is suing Baker, Balicki, and Stichter for their role as supervisors at the prison, this would also be improper as there is no *respondeat superior* liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). What this means is that supervisors cannot be held liable for civil rights violations caused by their subordinates unless the supervisor took some action, or failed to take some action, which caused or contributed to the violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has failed to allege this connection for these defendants.[1]

For these reasons, Plaintiff may not proceed on her claims as pled against Baker, Balicki, and Stichter. The Court will give Plaintiff the opportunity to amend her Complaint to re-allege her claims against these Defendants by **April 19, 2020.** If Plaintiff amends, she must include all of her claims against all Defendants. In doing so, she is reminded to provide a short, plain, statement of her claims: what each Defendant did, what each one is being sued for, and a brief statement of the facts to support those claims. If Plaintiff fails to file a First Amended Complaint by then, the Court may order the action dismissed against Baker, Balicki, and Stichter.

S:\PJW\Cases-Civil Rights\DOE 322\MO_screening.wpd

: _____

Initials of Preparer     EV

---

[1] Plaintiff has named Doe defendants. If at all possible, she should endeavor to obtain the names of the individuals she believes were responsible for the conditions she alleges. She may, for example, seek shift records from the Jail, or ask the county to provide such information.