JANE DOE
11151 Valley Blvd #4886,
El Monte, CA 91734
626-208-9665

JANE DOE
Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>　　　　　　Plaintiff,<br>　　vs.<br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON; and DOES 1 - 10, inclusive,<br>　　　　　　Defendants. | No. 8:20-cv-00322-ODW-PJW<br><br>**EX PARTE APPLICATION FOR ORDER TO SEAL DOCUMENTS AND SHOW CAUSE WHY COUNSEL SHOULD NOT BE HELD IN CONTEMPT** |

To the Court and to Defendants and their attorneys of record:

Plaintiff hereby requests that the Court issue an order to seal documents (Dkts. 20 and 27), hide Plaintiff's personal email address from public view in ECF system, and show cause why counsel should not be held in contempt. Based upon the Court's finding this Court should consider whether Defendants' blatant violations constitute criminal or civil contempt and impose sanction(s) accordingly.

Plaintiff has advised counsel for Defendants of the date and substance of this Application on Jun 5, 2020. Defendants' counsel informed Plaintiff that Defendants opposed this Application as to order to show cause why counsel should not be held in contempt.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on Jun 5, 2020.

## I. INTRODUCTION

Jane Doe ("Plaintiff"), in pro per, has obtained a court order granting her to proceed pseudonymously on Mar 20, 2020. On Apr 27, 2020 the Second Amended Complaint ("SAC") filed by Plaintiff was served upon Defendants. On the SAC in the Plaintiff's information section it clearly states that Plaintiff is JANE DOE which is a fictitious name. On May 18, 2020 Plaintiff reminded Defendants that she has obtained a court order to proceed pseudonymously. However, even after this reminder Defendants filed their first paper with the court that includes Plaintiff's identifiable personal information. After this first violation Defendants promised Plaintiff they would remove Plaintiff's personal identifiable information moving forward. Shockingly, on Jun 4, 2020 Defendant filed court paper that includes Plaintiff's personal identifiable information AGAIN.

## II. ARGUMENT

A. <u>Contempt is the proper means of enforcing defendants' compliance with court order</u>

The Court has inherent power to enforce compliance with its lawful orders through contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966); see also 18 U.S.C. §401 (1982); *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir. 1987); see also Fed. R. Civ. P. 70.

In *Doe v. Maywood Housing Authority*, 71 F. 3d 1294 (7th Cir. 1995) the court held that Defendant's counsel had acted with criminal contempt by using the plaintiffs' real names in a section 1983 lawsuit proceeded using pseudonyms.

In a contempt proceeding, the "moving party has the burden of showing by clear and convincing evidence that the contemnor violated a specific and definite order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992); see also *In re Crystal Palace*, 817 F.2d at 1365 ("If a person disobeys a specific and definite court order, he may properly be adjudged in contempt."). The burden is then on the contemnor to demonstrate why he has been unable to comply with the order. See *Affordable Media*, 179 F.3d at 1239 (citing *Stone*, 968 F.2d at 856 n.9). Plaintiff will show, by clear and convincing evidence, that Defendants have repeatedly violated court order.

B. <u>Granting Plaintiff to proceed pseudonymously precludes Defendants from revealing Plaintiff's personal identifiable information</u>

Due to Plaintiff's status as a sexual assault victim she was granted to proceed pseudonymously (Dkt. 10) on Mar 20, 2020. Although the Court is silent to Plaintiff's protective order it does not mean Defendants are free to disclose Plaintiff's personal identifiable information. Rather, the court order precludes Defendants from revealing Plaintiff's personal identifiable information in any court paper. If Defendants are free to disclose Plaintiff's personal identifiable information the Court's granting Plaintiff to proceed pseudonymously makes absolutely no sense.

Defendants, represented by a prestigious law firm, should have known better. Disclosing Plaintiff's personal identifiable information is directly contrary to the court's order granting Plaintiff to proceed using pseudonym.

C. <u>Personal identifiable information includes personal email address</u>

In our modern world personal email address is not different than residence address. Plaintiff's personal email address is associated with every aspect of her life, including social and professional communication.

D. <u>Defendants have repeatedly violated court order by including Plaintiff's personal email address in their documents filed with the court</u>

1. Before Defendants filed their first paper with court Plaintiff reminded Defendants' counsel that she has obtained a court order to proceed using pseudonyms and her personal identifiable information, including her personal email address, should not appear on any court documents. (See Ex. 1) However, on May 18, 2020 Defendants filed their first paper, motion to dismiss, which includes Plaintiff's personal email address (Dkt. 20).

2. After the first violation Defendants' counsel had promised that they would remove Plaintiff's personal email address from their filing moving forward. (See Ex. 1)

3. On Jun 4, 2020 Defendants filed opposition to Plaintiff's ex parte application for a TRO (Dkt. 27) which includes Plaintiff's personal email address AGAIN.

4. Such repeated violations are willful, senseless, reckless, and unprofessional which disgust a person's basic sense of decency and humanity. The disclosure of Plaintiff's personal

email address is willful because: (1) Counsel's first violation is due to the appearance of Plaintiff's personal email address on ECF system, which indicate that Counsel's mind was made up regardless of court order; (2) After Plaintiff's confrontation and counsel's empty promise, counsel's second violation is due to his office policy regardless of court order; (3) Before submitting any court documents each time ECF system asks the filer "Have you redacted?".

5. Counsel takes neither the Court nor their job seriously while they have no regard for the reputation of their prestigious law firm.

E. <u>Once the court finds counsel's actions violated court order the court should consider whether these violations could constitute civil or criminal contempt</u>

The Court has the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority… for disobedience or resistance to its lawful writ, process, order, rule, decree, or command. 18 U.S.C. §401.

The fundamental distinction between criminal and civil contempts is the type of process due for their imposition. *International Union, UMWA v. Bagwell*, ___ U.S. ___, ___ - ___, 114 S.Ct. 2552, 2561-63, 129 L.Ed.2d 642 (1994). A contempt sanction is considered civil "if it is remedial and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to **vindicate the authority of the court**." Id. at ___, 114 S.Ct. at 2557.

Federal Rule of Criminal Procedure 42(b) governs the procedures to be used in imposing the criminal contempt sanctions authorized by 18 U.S.C. §401(3). The essential elements of a finding of criminal contempt under 18 U.S.C. §401(3) are a lawful and reasonably specific order of the court and a willful violation of that order. *United States v. KS & W Offshore Eng'r, Inc.*, 932 F.2d 906, 909 (11th Cir.1991) (citing *United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir.1987)).

A Court may hold a party in civil contempt when the party has displayed "disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). **A party's behavior "need not be willful" to justify a finding of civil contempt**. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). "[T]here is no good faith exception

to the requirement of obedience to a court order." *Dual-Deck*, 10 F.3d at 695; *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("it matters not with what intent the [contemnor] did the prohibited act"). "Substantial compliance" is a defense to civil contempt that exists where there are a few minor violations despite the fact that "**every reasonable effort** has been made to comply." Id. (citing *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1378-79 (9th Cir. 1986). Like private parties, government agencies and officials may be subject to civil contempt. See *Sierra Club v. Ruckelshaus*, 602 F. Supp. 892, 903 (N.D. Cal. 1984).

Civil contempt is coercive. See Int'l Union, *United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (noting that "[t]he paradigmatic coercive, civil contempt sanction […] involves confining a contemnor indefinitely until he [or she] complies with an affirmative command"). Thus, "the contemnor is able to purge the contempt […] by committing an affirmative," remedial act. Id. Sanctions for civil contempt are also appropriate "to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union*, Locals 21 & 4, 721 F.3d 1122, 1131 (9th Cir. 2013). In considering what sanctions are justified, "[t]he private or public rights that the decree sought to protect are an important measure of the remedy." *McComb*, 336 U.S. at 191.

Based upon the violations describe herein the Court should consider whether these violations constitute criminal or civil contempt.

F. <u>The court should impose sanction(s) sufficiently coercive to compel Defendants' compliance</u>

The Court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996). While assessing counsel's conduct this Court should also consider counsel's intentional violation of FRCP Rule 26 (See Dkts. 26 and 28).

The power to punish contempt and to coerce compliance with issued orders is based on statutes and the Court's inherent authority. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994). Though this power must be exercised with restraint, the Court has wide latitude in fashioning appropriate sanctions to fit the conduct. See *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980).

Under the Court's inherent authority, parties and their lawyers may be sanctioned for improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). This inherent power extends to a full range of litigation abuses, the litigant must have engaged in bad faith or willful disobedience of a court's order. Id. at 992. Here, both monetary and non-monetary sanctions should be assessed according to counsel's violations.

### III.    CONCLUSION

For all of the reasons indicated herein, Plaintiff respectfully asks the Court to issue an Order to seal documents (Dkts. 20 and 27), hide Plaintiff's personal email address from public view from ECF system, and to show cause why Defendants and their counsel should not be held in contempt for their violations of the Court's order. In the event that the Court find counsel in contempt this Court should consider whether it constitutes criminal or civil contempt and impose sanction(s) (monetary or non-monetary, or both) accordingly.

Dated: Jun 8, 2020

Respectfully submitted,

_____
Signature
JANE DOE, In Pro Per

# DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO SEAL DOCUMENTS AND SHOW CAUSE WHY COUNSEL SHOULD NOT BE HELD IN CONTEMPT

JANE DOE states:

1. I am the plaintiff in this case. I'm not a licensed attorney and I proceed in pro se. I make this declaration in support of my motion for order to seal documents and show cause why counsel should not be held in contempt.

2. On Feb 18, 2020 I filed this action by using a fictitious name due to the sensitive subject matter of this suit. While filing the first paper with the court the address in the caption is not my residence. The address (11151 Valley Blvd, El Monte, CA 91734) is a post office. The phone number in the caption, 626-208-9665, is a temporary phone number that designed for privacy protection instead of regular and daily use. I include neither my regular phone number nor personal email address in any court documents. By including the contact information that is not personal identifiable I did not waive privacy protection.

3. On Feb 18, 2020 I filed a request to proceed pseudonymously (Dkt. 5). In that request and my complaint (Dkt. 1) I describe the reason why sexual assault victim has a special sense of privacy and why privacy is so important.

4. On Mar 20, 2020 the court granted my request to proceed pseudonymously due to my status as a sexual assault victim (Dkt. 10).

5. On or about Apr 7, 2020 with the court's permission I registered with ECF system. (https://apps.cacd.uscourts.gov/registration/Home/ProseRegistration)

6. When someone registers online service with DMV or IRS those institutions will not reveal users' personal email address. However, now I understand ECF system works differently from other institutions since it's my first time to use ECF system.

7. I, a person who's not an attorney, had no prior knowledge that the registration of ECF system would make public my personal email address. Since I did not include my personal email address in any court documents I still had maintained the thought that my personal email address was kept

private.

8. When documents are electronically filed with the court, all participants in the case who are registered CM/ECF users will be served by the CM/ECF system. No one needs to type in anyone's personal email address in order to serve court documents upon the other side. Service is done automatically within and through ECF system. Including personal email address on court document is redundant and has no use for the purposes of service.

9. On May 18, 2020 out of the blue, without any prior communication or discussion, I received a copy of subpoena requesting my arresting record by Defendants from Santa Ana Police. I immediately and repeatedly objected the idea of conducting discovery but Defendants' counsel's response is "You already filed your complaint". (See Ex. 1 and Dkts. 26, 28)

10. Before Defendants filed their first paper with court, on May 18, 2020 at **2:39 pm**, I reminded counsel that I've obtained a court order to proceed using pseudonyms and my personal identifiable information, including my personal email address, should not appear on any court documents. After my reminder, counsel had nearly two hours to look up the docket prior to filing first paper. (See Ex. 1)

11. Even without the opportunity to look up the docket, as a licensed attorney, when being served the complaint on Apr 27, 2020 counsel should have known what "JANE DOE" legally means.

12. On May 18, 2020 at **4:25 pm**, Defendants filed their first paper, motion to dismiss, which includes my personal email address (Dkt. 20). I immediately showed frustration and contacted counsel for Defendants. Counsel has promised that they will remove my personal email address on all of their filings moving forward which shows counsel understands that it's wrongful and unnecessary to include my email address on their documents. (See Ex. 2)

13. On Jun 4, 2020 Defendants filed opposition to my ex parte application for a TRO (Dkt. 27) which includes my personal email address AGAIN. This action has caused me extremely devastating emotional distress.

14. While I raised this issue to counsel, counsel's response contains no apology whatsoever, instead, counsel refuses to admit their gross negligence and absurdly contends that including my email address in their service list is their office policy, which means counsel puts their office policy

ahead of court order.

15. In order to justify the non-compliance with court order counsel also contends that since my email address appears on ECF system they have no obligation not to reveal my email address.

16. My personal email address appearing on ECF system is a technical issue and easy fix which does not warrant Defendants' non-compliance with court order by freely disclosing my personal identifiable information.

17. This application cost me, a person who's not an attorney and never received any education in the United States, 26 hours and multiple sleepless nights to prepare while I'm still suffering PTSD.

18. For the foregoing reasons, the court should grant my motion in all respects.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: Jun 8, 2020

                                                Signature
                                                JANE DOE, In Pro Per

# CERTIFICATE OF SERVICE

I, JANE DOE, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I reside in the County of Los Angeles, State of California. My business address is 11151 Valley Blvd #4886, El Monte, CA 91734, in said county and state.

On Jun 8, 2020 I electronically filed the following document(s):

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO SEAL DOCUMENTS AND SHOW CAUSE WHY COUNSEL SHOULD NOT BE HELD IN CONTEMPT

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: Jun 8, 2020

_____

JANE DOE