1  **Michael L. Wroniak (State Bar No. 210347)**
2  **John S. Keeney (State Bar No. 329241)**
   **COLLINS COLLINS MUIR + STEWART LLP**
3  **750 The City Drive, Suite 400**
4  **Orange, CA  92868**
   **(714) 823-4100 – FAX (714) 823-4101**
5  **Email:  mwroniak@ccmslaw.com**
6  **Email:  jkeeney@ccmslaw.com**

7  Attorneys for Defendant
8  COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE
   BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER;
9  KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

10            **UNITED STATES DISTRICT COURT**

11        **DISTRICT OF CALIFORNIA, CENTRAL DISTRICT**
12

13  JANE DOE,                          )  CASE NO. SACV 20-00322-ODW (PJW)
                                       )  *[Assigned to Judge Otis D. Wright CR 5D]*
14                                     )
              Plaintiffs,              )
15                                     )
                                       )
16        vs.                          )
                                       )  **DEFENDANTS' PARTIAL**
17  COUNTY OF ORANGE; DON              )  **OPPOSITION TO PLAINTIFF'S EX**
    BARNES; WILLIAM BAKER; JOE         )  **PARTE APPLICATION SEEKING**
18  BALICKI; MARK STICHTER; and        )  **REDACTION AND SANCTIONS**
    DOES 1-10, inclusive,             )
19                                     )
                                       )  **[Declaration of John S. Keeney filed**
20                                     )  **concurrently herewith]**
              Defendants.              )
21                                     )
                                       )
22                                     )  Complaint Filed: 2/18/20
                                       )
23                                     )
    _____)  Trial Date:      None
24

25
26  ///

27  ///

28  ///

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

                              1

**TO THE HONORABLE COURT AND PLAINTIFF IN PRO SE:**

Counsel for Defendants County of Orange, Sheriff Barnes, and Deputies William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington ("Defendants") hereby oppose Plaintiff Jane Doe's ("Plaintiff") *ex parte* application requesting Defendants, and Counsel for Defendants, be subjected to sanctions and held in criminal and civil contempt. See DKT No. 30.

## I.    PLAINTIFF WAIVED ALL RIGHT TO PRIVACY IN HER E-MAIL

Plaintiff's *ex parte* application seeks to hold Defendants, and Counsel for Defendants, liable for sanctions and contempt based on their alleged inclusion of Plaintiff's e-mail address in their proof of service. However, a party waives the right to claim confidentiality when they voluntarily disclose the allegedly confidential information. See *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1233 n.9 (9th Cir. 2013) (concluding that a party "waived any claim of confidentiality" in a document filed under seal in the district court, where counsel made representations at oral argument as the contents of the document); Fed. R. Civ. P. 5.2(h) ("A person waives the protection of Rule 5.2(a) [(requiring personal information redacted from court records)] as to the person's own information by filing it without redaction and *not under seal*.") (emphasis added).

Here, Plaintiff had no claim to confidentiality of her e-mail address because she failed to file her Complaint under seal, which resulted in the address becoming public on the ECF system. Comments to Federal Rule of Civil Procedure 5.2 advise, "[p]arties must remember that any personal information not otherwise protected by sealing or redaction

**COLLINS COLLINS MUIR + STEWART** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax    (714) 823-4101

will be made available over the internet." Despite Plaintiff's contention that "[i]n our modern world personal email address is [sic] not different than residence address" and that "Plaintiff's personal email address is associated with every aspect of her life, including social and professional communication", DKT 30, 3:13-15, Plaintiff took steps to protect her identity by using a different residential address and phone number in her filing, but actively chose not to create an alias e-mail address prior to filing unsealed documents, Exhibit "A".

Furthermore, on May 19, 2020, Counsel for Defendants advised Plaintiff she had waived privacy concerns with her e-mail address because she failed to file this action under seal which caused her e-mail address to become public on the ECF system. Exhibit "B". After becoming aware her e-mail was made publicly available in connection with this matter, Plaintiff failed to request this Court remove her e-mail from the ECF system. Additionally, On June 2, 2020, Plaintiff had an opportunity to address any concerns with Judge Walsh during the parties telephonic hearing. She chose to continue to remain silent.

Finally, on June 5, 2020, Plaintiff sent a series of e-mails to our office, in which she indicated a threat to a staff member for Defendants' Counsel, and further requests the removal of the e-mail address from the ECF website. Exhibit "C". In an effort to proceed in good faith and work with Plaintiff, Counsel for Defendant agreed to sign a stipulation, drafted by Plaintiff, to remove the e-mail address from the ECF website and Counsel's proof of service, even despite the privacy waiver. However, rather than cordially working with Counsel for Defendant, Plaintiff in turned filed her *ex parte* application seeking to

FILE # 22348

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

3

OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

hold Defendants and Counsel for Defendants in contempt. DKT 30.

Because Plaintiff failed to file her initial Complaint under seal, which caused her e-mail to become publicly available, she has effectively waived the right to privacy under Rule 5.2(h). As such, Counsel for Defendants has not violated Plaintiff's right to privacy and cannot be held in contempt.

## II.    CONTEMPT IS NOT AN APPROPRIATE REMEDY

### a.    *Civil Contempt*

Notwithstanding the above, Plaintiff has failed to meet her burden as the moving party to hold Counsel for Defendants in contempt. "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated *a specific and definite order* of the court." *Federal Trade Comm's v. Enforma Natural Prods., Inc.*, 362 F.3d 1204 1211 (9th Cir. 2004) (emphasis added).

Plaintiff alleges Counsel for Defendant violated a court order but concedes this Court's minutes are silent as to the protective order she requested. DKT 30, 3:4-7. Further, Counsel for Defendants were not served with a protective order until 4:45 pm on June 8, 2020, subsequent to the time Counsel for Defendants included the e-mail address in the proof of service. Accordingly, Plaintiff has not met the heavy burden of showing by clear and convincing evidence that Counsel for Defendants violated a specific and definite order, especially given that the order was issued after her *ex parte* application was filed. Exhibit "D".

*FILE # 22348*

**COLLINS COLLINS
MUIR + STEWART**LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

**OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**

*b.    Criminal Contempt*

Similarly, criminal contempt is established where there is a clear and definite order of the court, the contemnor knows of the order, and he or she willfully disobeys the order or acts with deliberate or reckless disregard of the obligations created. *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980). Again, Plaintiff has failed to show there was a clear and definite order. The protective order issued by Judge Walsh was not brought to the attention of Counsel for Defendants, as required to establish the requisite knowledge for criminal contempt, until June 8, 2020. Further, because at the time Counsel for Defendants included the e-mail address in the proof of service there was no protective order issued by this Court, Counsel could not have willfully violated any such order. Moreover, while Federal Rule of Civil Procedure 5 does not require proof of service, it does not prohibit including such proof of service. See Fed. R. Civ. Proc. 5(B).

Finally, Plaintiff appears to seek to hold Counsel for Defendant liable for criminal sanctions based on the Seventh Circuit opinion issued in *Doe v. Maywood Housing Authority*, 71 F.3d 1294 (7th Cir. 1995) ("*Maywood*"). However, in *Maywood*, the court found an attorney liable for criminal sanctions when he repeatedly violated a protective order which prohibited the use of the plaintiff's real name by filing an answer and response to a motion which were littered with plaintiff's full name. Here, in stark contrast, there was no protective order issued and Counsel for Defendant's included Plaintiff's e-mail address in its proof of service, which it obtained from the Court's publicly viewable docket. At no point did Counsel for Defendants include Plaintiff's full name in any

*FILE # 22348*

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

5

**OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**

document.

## IV.   CONCLUSION

In sum, because Plaintiff waived any right to privacy in her e-mail address when filing it with this Court, and because Plaintiff has not identified a clear and definite order which Counsel for Defendants allegedly violated, Defendants respectfully request this Court deny Plaintiff's *ex parte* application to hold Defendants, and Counsel for Defendants, in contempt.

DATED:  June 9, 2020                COLLINS COLLINS MUIR + STEWART LLP

By: _____
     JOHN S. KEENEY
     MICHAEL L. WRONIAK
     Attorneys for Defendant COUNTY OF
     ORANGE; DON BARNES; WILLIAM
     BAKER; JOE BALICKI; MARK
     STICHTER; REYNA RIVERA;
     DEVONNA FALCONER; KASSANDRA
     MAYER; ELIA RODRIGUEZ; RACHEL
     ADDINGTON

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

**PROOF OF SERVICE**

**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,       )
                          )  ss.
County of San Diego.      )

   I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 2011 Palomar Airport Road, Suite 207, Carlsbad, California 92011.

   On this date, I served the foregoing document described as **DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION SEEKING REDACTION AND SANCTIONS** on the interested parties in this action by transmitting the same via electronic mail and by placing same in a sealed envelope, postage fully prepaid, addressed as follows:

Jane Doe
REDACTED
Served at email address on file which is redacted
herein per request of Plaintiff Jane Doe.

PLAINTIFF IN PRO SE

☒ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in South Pasadena, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at South Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Orange, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on Plaintiff Jane Doe at the email address on file with the Court which is redacted herein per request of Plaintiff Jane Doe through the Court's CM/ECF Electronic Filing system on: **June 9, 2020**

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached <u>Service List</u> and the activity report(s) generated by facsimile number (714) 823-4101 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **June 9, 2020** at Carlsbad, California.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Vicki Wood_

VICKI WOOD
vwood@ccmslaw.com | legalservices@ccmslaw.com

**COLLINS COLLINS MUIR + STEWART** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax    (714) 823-4101

*FILE # 22348*

7

**OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**