**Michael L. Wroniak (State Bar No. 210347)**
**John S. Keeney (State Bar No. 329241)**
**COLLINS COLLINS MUIR + STEWART LLP**
**750 The City Drive, Suite 400**
**Orange, CA  92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email:  mwroniak@ccmslaw.com**
**Email:  jkeeney@ccmslaw.com**

Attorneys for Defendant
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE
BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER;
KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

## UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>     Plaintiffs,<br><br> vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. SACV 20-00322-ODW (PJW)<br>*[Assigned to Judge Otis D. Wright CR 5D]*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**<br><br>**DATE:  July 20, 2020**<br>**TIME:  1:30 p.m.**<br>**DEPT:  5D**<br><br>Complaint Filed: 2/18/20<br>Trial Date:  None |

## TO THE COURT AND PLAINTIFF IN PRO PER:

**PLEASE TAKE NOTICE** that on July 20, 2020 at 1:30 pm, or as soon thereafter as this matter may be heard in Department 5D, of the above-entitled Court located at 312 North Spring Street, Los Angeles, California, 90012, Defendants County of Orange ("County"), Sheriff Don Barnes, and Deputies William Baker, Joe Balicki, Mark

**COLLINS COLLINS**
**MUIR + STEWART** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington ("Individual Defendants") (collectively "Defendants" or "County Defendants"), will and hereby do respectfully move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6), to dismiss portions of Plaintiff Jane Doe's ("Plaintiff") Third Amended Complaint ("TAC") for failure to state a claim upon which relief can be granted. Specifically, County Defendants' Motion to Dismiss is based on the following grounds:

1.      Plaintiff's Fifteenth and Seventeenth Claims for Relief must be dismissed against all Defendants because the Government Claims Act bars common law claims against public entities and Plaintiff has not alleged facts sufficient to establish the derivative claims against any of the Individual Defendants. *Gov. Code*, section 815(a).

2.      Plaintiff's Fifth and Sixth Claims for Relief must be dismissed against all Defendants because Plaintiff has failed to allege a conspiracy among the Defendants or show the Defendants acted in retaliation. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002); *Toricellas v. Poole*, 954 F.Supp. 1405, 1412 (C.D. Cal. 1997).

3.      Plaintiff's Second, Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief under Section 1983 must be dismissed against all Individual Defendants in their Official Capacity because the County is the proper Defendant under *Monell* and because the Individual Defendants are entitled to qualified immunity. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

4.      Plaintiff's Second, Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief under Section 1983 must be dismissed against all Individual Defendants in their Individual Capacity because Plaintiff has not alleged facts sufficient to state a claim upon which relief can be granted. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012).

///

///

*FILE # 22348*

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

2

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

1    5.    Plaintiff's Claim for Punitive Damages under Section 1983 fails against all
2    Individual Defendants because Plaintiff has not alleged facts sufficient to state the
3    derivative 1983 claim against Individual Defendants.

4    6.    Plaintiff's Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth
5    Claims for Relief under the California Constitution must be dismissed against all
6    Defendants because Plaintiff has alternative statutory or common law claims available.
7    *Katzberg v. Regents of Univ. of Cal.*, 29 Cal.4th 300, 303 (2002); *Estate of Osuna v. Cty.*
8    *of Stanislaus*, 392 F.Supp.3d 1162, 1179 (E.D. Cal. 2019).

9    7.    Plaintiff's Sixteenth Cause of Action for Relief under *California Penal Code*
10   section 4030 must be dismissed against the County because public entities are immune
11   from liability. *Gov. Code,* § 844.6(a)(2). Further, Plaintiff has not alleged facts sufficient
12   to state a claim upon which relief can be granted.

13   8.    Plaintiff is not entitled to declaratory relief because Plaintiff only alleged tort
14   causes of action and the case is moot. *General of America Ins. Co. v. Lilly*, 258 Cal.App.2d
15   465 (1968); *Code Civ. Proc.*, §§ 1060, 1061.

16   9.    Plaintiff is not entitled to injunctive relief because there is no longer any
17   "live" controversy. *Murphy v. Hunt*, 455 U.S. 478, 770 (1983); *Abdala v. INS*, 488 F.3d
18   1061, 1063 (9th Cir. 2007).

19   This Motion is made following the meet and confer discussion pursuant to Local
20   Rule 7-3, which took place on May 12, 2020, and telephonic status conference with
21   Judge Walsh, which took place on June 6, 2020. Counsel for Defendant conducted the
22   meet and confer process pursuant to Local Rule 7-3 by sending a detailed
23   correspondence on May 7, 2020, outlining Defendants' grounds for this Motion.

24   ///
25   ///
26   ///
27   ///
28   ///

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

*FILE # 22348*

3

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

1

2

3

    This Motion will be based upon this Notice, the Memorandum of Points and Authorities in Support thereof, the pleadings and other documents submitted in this case, and such other material appropriately considered by this Court.

4

5

6

DATED: June 12, 2020                    COLLINS COLLINS MUIR + STEWART LLP

7

8

9

10

11

12

13

                                        By: _____
                                             JOHN S. KEENEY
                                             MICHAEL L. WRONIAK
                                             Attorneys for Defendant COUNTY OF
                                             ORANGE; DON BARNES; WILLIAM
                                             BAKER;     JOE     BALICKI;    MARK
                                             STICHTER;      REYNA      RIVERA;
                                             DEVONNA FALCONER; KASSANDRA
                                             MAYER; ELIA RODRIGUEZ; RACHEL
                                             ADDINGTON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

*FILE # 22348*

4

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...........................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES...........................................13

I.     INTRODUCTION..............................................................................13

II.    LEGAL STANDARDS FOR A MOTION TO DISMISS............................14

III.   LEGAL ARGUMENT.........................................................................14

  A.  Plaintiff Failed to Allege a Cognizable Common Law Tort Claim................14

    1.  Plaintiff's Common Law Tort Claims Fail Against All Individual
       Defendants......................................................................................15

      a.  *Negligent Supervising, Training, and Retaining Employees*.....................15

      b.  *Intentional Infliction of Emotional Distress* .............................................15

    2.  The County Cannot be Held Indirectly Liable Because the Individual
       Defendants Are Not Liable ................................................................16

    3.  The County Cannot be Held Directly Liable................................................16

  B.  Plaintiff's 1983 Claims for Civil Conspiracy and Freedom of Expression
     Fail Against All Defendants .........................................................................17

    1.  Plaintiff Failed to Allege Facts Required to Establish A Civil Conspiracy
       Claim Under Section 1983....................................................................17

      a.  *Plaintiff failed to plead facts showing a "meeting of the minds" or
         "agreement" to violate a constitutional right*.............................................17

      b.  *The intracorporate conspiracy doctrine bars Plaintiff's Civil Conspiracy
         Claim*...................................................................................................19

    2.  Plaintiff's Freedom of Expression Claim Under Section 1983 Fails
       Because She Has Not Properly Alleged Retaliation ....................................19

  C.  Plaintiff's 1983 Claims Fail Against All Individual Defendants in Their
     Official Capacity .........................................................................................20

    1.  Plaintiff's Claims Against Individual Defendants in Their Official Capacity
       Are Barred Under *Monell* ..................................................................20

**COLLINS COLLINS
MUIR + STEWART**LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax  (714) 823-4101

*FILE # 22348*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

2.   The Individual Defendants Are Entitled to Qualified Immunity..................21

D.   Plaintiff's 1983 Claims Fail Against All Individual Defendants in Their

Individual Capacity ......................................................................................24

1.   Plaintiff's 1983 Claims Against Sheriff Barnes, and Deputies Baker,

Balicki, and Stichter Failed to Allege Individual Involvement....................24

2.   Plaintiff is Not Entitled to Punitive Damages Against Individual

Defendants...................................................................................................25

E.   Plaintiff's California Constitution Claims Must be Dismissed.....................26

1.   Plaintiff Cannot Bring a Damage Claim Directly Under Article I, Sections

7 or 13..........................................................................................................26

2.   Plaintiff's Article I, Section 1 Claims Do Not Extend Past Her Fourth

Amendment Claims......................................................................................27

3.   Plaintiff's Retaliation Claim for Freedom of Expression Fails Because She

Has Not Properly Alleged Retaliation .........................................................27

F.   Plaintiff's Penal Code Section 4030 Claim Must be Dismissed Because

She Has Not Alleged Facts Showing Individual Involvement......................28

1.   The County is Immune from Penal Code Section 4030 Liability..................28

2.   Plaintiff Has Not Alleged Any Defendant "Knowingly and Willfully"

Authorized Her Alleged Strip Searches .......................................................28

G.   Plaintiff is Not Entitled to Declaratory or Injunctive Relief .......................29

1.   Plaintiff's Case is Moot ...............................................................................29

a.   *Declaratory Relief is Unavailable When a Case is Moot* ......................29

b.   *Injunctive Relief is Unavailable When a Case is Moot*.........................29

c.   *Plaintiff's Claims Do Not Satisfy the Capable of Repetition Test*............30

2.   Declaratory Relief is Unavailable Because Plaintiff Has Only

Alleged Tortious Conduct.............................................................................31

IV.   CONCLUSION ..................................................................................................32

FILE # 22348

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Abdala v. INS*,
    488 F.3d 1061 (9th Cir. 2007)...................................................................29

*Alexander v. City of San Francisco*,
    29 F.3d 1355 (9th Cir. 1994)...................................................................22

*Alvarez v. Hill*,
    667 F.3d 1061 (9th Cir. 2012)...................................................................29

*Anderson v Creighton*,
    483 U.S. 635 (1987)...................................................................22

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................14, 24

*Avalos v. Baca*,
    596 F.3d 583 (9th Cir. 2010)...................................................................18

*Backlund v. Burnhart*,
    778 F.2d 1386 (9th Cir. 1985)...................................................................22

*Bell Atlantic Corp v. Twombly*,
    550 U.S. 544 (2007)...................................................................14

*Block v. Rutherford*,
    468 U.S. 576 (1984)...................................................................18, 20, 23, 28

*Brandon v. Holt*,
    469 U.S. 464 (1985)...................................................................20

*Bretz v. Kelman*,
    773 F.2d 1026 (9th Cir. 1985) (en banc) ...................................................................14

*Bull v. City and County of San Francisco*,
    758 F.Supp.2d 925 ...................................................................28

*Chew v. Gates*,
    27 F.3d 1432 (9th Cir. 1994)...................................................................22

**COLLINS COLLINS MUIR + STEWART** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*Colaizzi v. Walker*,
   812 F.2d 304 (7th Cir. 1987)..................................................................22

*Dang v. Cross*,
   422 F.3d 800 (9th Cir. 2005)................................................................25

*Dean v. City of Fresno*,
   546 F.Supp.2d 798 (2008)....................................................................22

*Demery v. Arpaio*,
   378 F.3d 1020 (9th Cir. 2004).............................................................30

*Dilley v. Gunn*,
   64 F.3d 1365 (9th Cir 1995)................................................................29

*Dubner v. City & Cnty. of San Francisco*,
   266 F.3d 959 (9th Cir. 2001)...............................................................25

*Fazaga v. Federal Bureau of Investigation*,
   916 F.3d 1202 (2019)...........................................................................19

*Ford v. Ramirez-Palmer (Estate of Ford)*,
   301 F.3d 1043 (9th Cir. 2002).............................................................22

*Foster v. Carson*,
   347 F.3d 742 (9th Cir. 2003)...............................................................29

*Franklin v. Fox*,
   312 F.3d 423 (9th Cir. 2002)...............................................................17

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982)..............................................................................21

*Hudson v. Palmer*,
   468 U.S. 517 (1984)......................................................................19, 23

*Hunter v. Bryant*,
   502 U.S. 224 (1991)..............................................................................21

*Hydrick v. Hunter*,
   669 F.3d 937 (9th Cir. 2012)...............................................................24

*Ivey v. Bd. of Regents of Univ. of Alaska*,
   673 F.2d 266 (9th Cir. 1982)...............................................................17

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

*Jackson v. City of Cleveland,*
   925 F.3d 793 (6th Cir. 2019) ...................................................................19

*Kentucky v. Graham,*
   473 U.S. 159 (1985) ................................................................................20

*Kilpatrick v. Los Angeles,*
   803 F.2d 485 (9th Cir. 1986)..............................................................18, 23

*Lopez v. Youngblood,*
   609 F.Supp.2d 1125 .........................................................................26, 27

*Luke v. Abbott,*
   954 F.Supp. 202 (C.D. Cal. 1997) ..........................................................20

*Malley v Briggs,*
   475 U.S. 335 (1986) ................................................................................21

*Mitchell v. Dupnik,*
   75 F.3d 517 (9th Cir. 1996) .....................................................................30

*Monell v. New York City Dept. of Social Services,*
   436 U.S. 658 (1978)...........................................................................20, 21

*Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle,*
   429 U.S. 274 (1977)..................................................................................20

*Murphy v. Hunt,*
   455 U.S. 67 (1983)....................................................................................29

*Olsen v. Idaho State Bd. of Medicine,*
   363 F.3d 916 (9th Cir. 2004)....................................................................18

*Estate of Osuna v. Cty. of Stanislaus,*
   392 F.Supp.3d 1162 (E.D. Cal. 2019) .....................................................26

*Preiser v. Newkirk,*
   422 U.S. 395 (1975)..................................................................................29

*Pride v. Correa,*
   719 F.3d 1130 (9th Cir. 1995)..................................................................29

*Quiroz v. Horel,*
   85 F.Supp.3d 1115 (N.D. Cal. 2015)........................................................17

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

*FILE # 22348*

9

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

*Resnick v. Hayes*,
    213 F.3d 443 (9th Cir. 2000)...........................................................................14

*Sanchez v. County of San Diego*,
    464 F.3d 916 (9th Cir. 2006), reh'g denied, 483 F.3d 965 (9th Cir.
    2007), cert. denied, 552 U.S. 1038, 128 S.Ct. 649, 169 L.Ed.2d 508
    (2007) ...............................................................................................................27

*Saucier v. Katz*,
    533 U.S. 194 (2001)..................................................................................21, 22

*Scalia v. County of Kern*,
    308 F.Supp.3d 1064 (2018).............................................................................25

*Schwenk v. Hartford*,
    204 F 3d 1187 (9th Cir. 2000).........................................................................21

*Spencer v. Kemna*,
    523 U.S. 1 (1998)......................................................................................29, 30

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011)....................................................................24, 25

*Torricellas v. Poole*,
    954 F.Supp. 1405 (C.D. Cal. 1997).............................................................20, 27

*Weinstein v. Bradford*,
    423 U.S. 147 (1975).........................................................................................30

**California Cases**

*Babb v. Superior Court*,
    3 Cal.3d 841 (1971) .........................................................................................31

*Becerra v. County of Santa Cruz*,
    68 Cal.App.4th 1450 (1998).............................................................................17

*Crouch v. Trinity Christian Center of Santa Ana, Inc.*,
    39 Cal.App.5th 995 (2019)...............................................................................16

*Doe v. Capital Cities*,
    50 Cal.App.4th 1038 (1996).............................................................................15

*Eastburn v. Regional Fire Protection Authority*,
    31 Cal.4th 1175 (2003) ....................................................................................17

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

*FILE # 22348*

10

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

*Filarsky v. Superior Court*,
    28 Cal.4th 419 (2002) ...................................................................................31

*General of America Ins. Co. v. Lilly*,
    258 Cal.App.2d 465 (1968).............................................................................31

*Guzman v. County of Monterey*,
    46 Cal.4th 887 (2009) ...................................................................................16

*Juarez v. Boy Scouts of America, Inc.*,
    81 Cal.App.4th 377 (2000).............................................................................15

*Katzberg v. Regents of Univ. of Cal.*,
    29 Cal.4th 300 (2002) ...................................................................................26

*Travers v. Louden*,
    254 Cal.App.2d 926 (1967)............................................................................31

*Z.V. v. County of Riverside*,
    238 Cal.App.4th 889 (2015)...........................................................................15

**Federal Statutes**

42 U.S.C.
    § 1983....................................................................................................*passim*

**California Statutes**

Cal. Code Regs. tit. 15
    § 3004(b) ........................................................................................20, 28

Cal. *Gov't Code*
    § 815.............................................................................................................16
    § 815(a) ........................................................................................................16
    § 815.2(a)......................................................................................................16
    § 844.6(a)(2) ................................................................................................28

Cal. *Penal Code*
    § 4030......................................................................................................28, 29
    § 4030(m) ....................................................................................................28

**Other Authorities**

Cal. Constitution Article I, § 1 ...................................................................................27

**COLLINS COLLINS**
**MUIR + STEWART** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Cal. Constitution Article 1, § 7 ...............................................................26

Cal. Constitution Article I, §§ 7 and 13...............................................26

Cal. Constitution Article I, § 13 .............................................................26

Fed. R. Civ. P., Rule 12(b)(6) ...............................................................25

United States Constitution Article III, § 2 ...........................................29

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone    (714) 823-4100
Fax       (714) 823-4101

*FILE # 22348*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Although Plaintiff Jane Doe's ("Plaintiff") Third Amended Complaint ("TAC") is lengthy, her claims are framed in vague and conclusory allegations, with omissions of one or more key elements in nearly every claim. Even approached liberally, Plaintiff's TAC is a classic example of throwing everything against the wall and hoping something sticks. Indeed, in addition to improperly seeking injunctive and declaratory relief, Plaintiff has asserted seventeen named causes of action against a myriad of defendants in both their individual and official capacities. Specifically, Plaintiff's TAC includes federal and state civil rights and torts claims against the County of Orange ("County"), Sheriff Don Barnes, and Deputies William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington (individually, "Individual Defendants") (collectively, "Defendants" or "County Defendants").

Plaintiff's claims against the County Defendants stem from her perceived treatment while she was a pretrial detainee at the Women's Central Jail ("Jail"). Following her arrest on August 8, 2019 for Vandalism and Disorderly Conduct, Plaintiff was booked into Jail, where she remained until August 12, 2019. While Plaintiff spent a great deal of time in her TAC describing the environment in Jail, she has failed to include a single example of an Individual Defendants' specific actions that gives rise to a claim against that individual. Instead, Plaintiff has alleged vague and conclusory accusations that broadly seek to hold Individual Defendants liable simply based on the job descriptions of their held positions.

Accordingly, to the extent Plaintiff's claims for relief fail to allege a cognizable legal theory or fail to allege facts to support a cognizable legal theory, County Defendants respectfully request this Court dismiss Plaintiff's claims, especially given this Court's previous instruction requiring her to include factual allegations of each defendants involvement. Civ. Mins. (March 20, 2020). ("[Plaintiff] is reminded to

*FILE # 22348*

**COLLINS COLLINS
MUIR + STEWART**LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

13

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

provide a short, plain, statement of her claims: what each Defendant did, what each one is being sued for, and a brief statement of <u>facts</u> to support those claims.") (emphasis in original).

## II.   LEGAL STANDARDS FOR A MOTION TO DISMISS

For a complaint to survive a motion to dismiss, it must assert more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must also demonstrate that a claim has facial plausibility. *Twombly*, *supra*, 550 U.S. at 570. As explained by the Supreme Court, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, *supra*, 556 U.S. at 664. Although the court must read a pro se litigant's papers liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc), if the defects cannot by cured by amendment, then dismissal without leave to amend is proper. *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (holding the dismissal of a pro se complaint was proper even if liberally construed because plaintiff had no cognizable claim and could not cure the defect).

## III.   LEGAL ARGUMENT

### A.   <u>Plaintiff Failed to Allege a Cognizable Common Law Tort Claim</u>

Plaintiff alleged two common law tort claims against all Defendants: (1) Negligent Supervising, Training, and Retaining Employees; and (2) Intentional Infliction of Emotional Distress. However, Plaintiff's TAC is missing key elements in both claims required to hold any Individual Defendant liable, and subsequently hold the County indirectly liable. Moreover, the County cannot be held directly liable for a common law tort pursuant to the *Government Code*. Accordingly, Plaintiff has failed to allege a legally cognizable common law tort, and both causes of action must be dismissed as to all Defendants.

*FILE # 22348*

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

**1.     Plaintiff's Common Law Tort Claims Fail Against All Individual Defendants**

*a.     Negligent Supervising, Training, and Retaining Employees*

To establish a claim for negligent hiring, training, or retaining an employee, Plaintiff must plead facts that indicate the employer "knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Doe v. Capital Cities*, 50 Cal.App.4th 1038, 1054 (1996). Further, "[t]o establish negligent supervision, a plaintiff must show that a person in a supervisorial position over the actor had prior knowledge of the actor's propensity to do the bad act." *Z.V. v. County of Riverside*, 238 Cal.App.4th 889, 902 (2015); *Juarez v. Boy Scouts of America, Inc.*, 81 Cal.App.4th 377, 395 (2000) (rejecting claim against Boy Scouts of negligent "selection, supervision and retention" of scoutmaster where "there was no information accessible to the Scouts that would cause them to suspect [the scoutmaster] had a propensity to molest children").

Here, Plaintiff asserts the County, Sheriff Barnes, and Deputies Baker, Balicki, and Stichter should be held liable for the alleged cell search conducted by Deputies Rivera, Falconer, Mayer, Rodriguez, and Addington. TAC, ¶¶ 137-142. However, Plaintiff has not provided any facts that indicate Sheriff Barnes or any of the named Deputies had knowledge of Deputies Falconer, Mayer, Rodriguez, or Addington's alleged propensity to commit civil rights violations. Instead, Plaintiff merely provides a series of conclusory allegations that Sheriff Barnes, and Deputies Baker, Balicki, and Stichter knew or should have known of the alleged conduct simply because of the position they held. See TAC, ¶¶ 8-11. As such, Plaintiff's conclusory statements are insufficient to establish a negligent hiring, training, and supervision claim, and dismissal is warranted.

*b.     Intentional Infliction of Emotional Distress*

A claim for intentional infliction of emotional distress requires proof of: (1) extreme and outrageous conduct by the defendant *with the intention of causing, or reckless disregarding of the probability of causing*, emotional distress; (2) the plaintiff

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

suffered severe emotional distress; and (3) the defendant's extreme and outrageous conduct was the actual and proximate cause of the severe emotional distress. (emphasis added) *Crouch v. Trinity Christian Center of Santa Ana, Inc.*, 39 Cal.App.5th 995, 1007 (2019).

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id.* (quoting Rest.2d Torts, §46, com. d, p.73).

Again, Plaintiff has focused her TAC on her alleged emotional distress. TAC, ¶¶ 145-149. However, Plaintiff fails to provide any facts indicating Sheriff Barnes, and Deputies Baker, Balicki, and Stichter had any knowledge of, or involvement in, the acts she complains of. Moreover, Plaintiff does not allege Deputies Falconer, Mayer, Rodriguez, or Addington searched her belongings—she merely groups them as being present. TAC, ¶ 63. Accordingly, Plaintiff does not show any of the Defendants acted with the *intent of causing* her distress through their acts because she does not allege they were involved in, or had knowledge of, the specific acts she complains of.

## 2. The County Cannot be Held Indirectly Liable Because the Individual Defendants Are Not Liable

While there is an exception to hold a public entity indirectly liable for a common law tort under *Government Code* section 815.2(a), Plaintiff must still adequately plead the elements of the derivative claim against the government employees. As analyzed above, she failed to do so.

## 3. The County Cannot be Held Directly Liable

*Government Code* Section 815 eliminates common law tort liability for public entities. Instead, liability must be based on statute. *Gov. Code* § 815(a); *Guzman v.*

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

16

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

*County of Monterey*, 46 Cal.4th 887, 897 (2009). The Government Claims Act effectively "abolished all common law or judicially declared forms of liability of public entities, except for such liability as may be required by the federal or state Constitution." *Becerra v. County of Santa Cruz*, 68 Cal.App.4th 1450, 1457 (1998). Thus, to hold a public entity directly liable, there must be a statute that imposes direct liability. *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1179 (2003).

Here, Plaintiff alleges two common law tort causes of action against the County. However, Plaintiff failed to identify a statute that authorizes either claim and because there is no statute that supports these claims, they fail as a matter of law against the County.

Thus, Plaintiff's common law tort claims fail against all Defendants because the County cannot be held directly liable for a common law tort and Plaintiff has not alleged facts that establish the derivative claim against any Individual Defendant. Therefore, Plaintiff's common law tort claims must be dismissed as to all Defendants.

**B.** **Plaintiff's 1983 Claims for Civil Conspiracy and Freedom of Expression Fail Against All Defendants**

**1.** **Plaintiff Failed to Allege Facts Required to Establish A Civil Conspiracy Claim Under Section 1983**

*a.* *Plaintiff failed to plead facts showing a "meeting of the minds" or "agreement" to violate a constitutional right*

To make a claim for civil conspiracy to deny a constitutional right, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th. Cir. 1989) (en banc). But "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *Quiroz v. Horel*, 85 F.Supp.3d 1115, 1147 (N.D. Cal. 2015). To support a section 1983 conspiracy claim, the "[c]omplaint must contain sufficient factual

**COLLINS COLLINS MUIR + STEWART** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

matter to show (1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); see *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (upholding the dismissal of claims because the complaint was devoid of any discussion of an agreement amongst the defendants to violate her constitutional rights).

Here, Plaintiff has failed to allege facts that meet either element required for a civil conspiracy finding. Plaintiff first provides a conclusory allegation that Deputies Rivera, Falconer, Mayer, Rodriguez, and Addington were "engaged in a conspiracy among themselves and with others for the purpose of depriving, directly or indirectly, Plaintiff and other inmates' right to be free from unreasonable search [sic]." TAC, ¶ 104. However, Plaintiff provides no factual support for this contention. Rather, she merely provided each Deputy was present, TAC, ¶ 63, and a vague and conclusory statement that:

> Defendants engaged in oral, written, and electronic communications, and/or endorsement and support among themselves and with others regarding: a) their agreement to conduct harassing cell search during midnight; b) actions taken to deprive Plaintiff and other inmates of their rights secured to them under [sic] Fourteenth Amendment; and c) their effort to support each other's unconstitutional actions.

TAC, ¶ 103. Moreover, Plaintiff alleges "one deputy loudly announced that such searches would continue regularly unless and until all inmates would keep quiet during the day." TAC, ¶64. One individual unnamed deputy making an alleged statement does not show an express or implied agreement among multiple Deputy Defendants.

Finally, Plaintiff has failed to allege facts showing there was an actual deprivation of rights resulting from the search. Despite her contention that the cell search was conducted "for no purpose but to harass", case law is clear that cell searches conducted at odd hours are done as a legitimate government interest in seizing narcotics and weapons. *Kilpatrick v. Los Angeles,* 803 F.2d 485, 488 (9th Cir. 1986); *Block v. Rutherford*, 468

**COLLINS COLLINS**
**MUIR + STEWART** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

U.S. 576, 578 (1984); *Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("Fourth Amendment proscription against unreasonable searches *does not apply within the confines of the prison cell*.") (emphasis added).

Accordingly, Plaintiff's bald and conclusory assertion that there was a conspiracy among the Deputy Defendants specifically for the purpose of depriving her of her constitutional rights is without merit.

         b.     *The intracorporate conspiracy doctrine bars Plaintiff's Civil Conspiracy Claim*

Notwithstanding, even if Plaintiff had alleged some "agreement" or "meeting of the minds" to violate a right, the intracorporate conspiracy doctrine provides that if "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019) (noting that although only the Sixth and Eleventh Circuit have applied the intracorporate conspiracy doctrine to 1983 claims, "we are aware of no circuit that has applied the doctrine in [section] 1985 actions but declined to apply in in [section] 1983 actions."); see also *Fazaga v. Federal Bureau of Investigation*, 916 F.3d 1202 (2019) fn. 41 (noting that only the Tenth and Third Circuit have not held the intracorporate conspiracy doctrine applies to civil rights cases, but "[t]he majority of the circuits have reached a contrary result."). Here, each Defendant alleged to have engaged in the conspiracy is a County employee and thus a single entity that is unable to conspire with itself under the intracorporate conspiracy doctrine.

       **2.**     **Plaintiff's Freedom of Expression Claim Under Section 1983 Fails Because She Has Not Properly Alleged Retaliation**

Plaintiff's Fifth Cause of Action under the First Amendment alleges Deputies Rivera, Falconer, Mayer, Rodriguez, and Addington retaliated against Plaintiff for expressing her expression during the day. TAC, ¶ 101. To make a claim for retaliation, the inmate has the burden of showing (1) the retaliation was a substantial or motivating factor behind the prison official's conduct, and (2) the alleged retaliatory acts did not advance

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax   (714) 823-4101

the legitimate goals of the institution or were not narrowly tailored to achieve such goals. *Torricellas v. Poole*, 954 F.Supp. 1405, 1412 (C.D. Cal. 1997); *Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Here, Plaintiff has not alleged facts that satisfy either prong.

Plaintiff contends the cell search was conducted out of retaliation based solely on her statement that an unnamed deputy "loudly announced that such searches would continue regularly unless and until all inmates would keep quiet during the day." TAC, ¶ 64. This is insufficient to establish any of the Individual Defendants were motivated by Plaintiff's conduct. Even so, prisons have a legitimate safety interest in conducting cell searches and preventing disruptive behavior. Cal. Code Regs. Tit. 15, § 3004(b); *Block*, *supra*, 468 U.S. at 578. Accordingly, because Plaintiff failed to identify which Deputy provided the alleged statement, and there is a legitimate government interest in maintaining order and safety in a busy cell, her retaliation claim fails.

## C. Plaintiff's 1983 Claims Fail Against All Individual Defendants in Their Official Capacity

### 1. Plaintiff's Claims Against Individual Defendants in Their Official Capacity Are Barred Under *Monell*

An "official capacity" claim against a county official is merely "another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Following the Supreme Court decision in *Monell*, courts began to indicate a section 1983 claim could proceed directly against a local government entity or indirectly through a government officer sued in an official capacity. See *Brandon v. Holt*, 469 U.S. 464 (1985). Later, however, courts noted that bringing a claim against a government officer in their official capacity is unnecessary given that *Monell* makes it possible to sue government entities directly. See *Graham*, *supra*, 473 U.S. 159; *Luke v. Abbott*, 954 F.Supp. 202, 205 (C.D. Cal. 1997) ("A plaintiff cannot elect which of the defendant's formats to use. If both are named, it is proper upon request

for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant.").

Here, in addition to the County, Plaintiff named Sheriff Barnes and the Deputy Defendants in their official capacity. TAC ¶16. Because Plaintiff asserted the same 1983 claims against the County, the claims against Sheriff Barnes and the Deputy Defendants in their "official capacity" are redundant and improper under *Monell*. Thus, Plaintiff should not be permitted to proceed with her 1983 claims against Sheriff Barnes, or any of the Deputy Defendants in their official capacity.

### 2.     The Individual Defendants Are Entitled to Qualified Immunity

Notwithstanding, qualified immunity shields Section 1983 defendants from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is intended to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v Briggs*, 475 U.S. 335, 341 (1986). This standard turns on the "objective legal reasonableness" of the official's conduct. *Harlow*, *supra*, 457 U.S. at 819.

Given that qualified immunity is an entitlement not to go to trial, not merely a defense from liability, it should be resolved "at the earliest possible stage in litigation." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). The purpose of qualified immunity "is to ensure that defendants reasonably can anticipate when their conduct may give rise to liability by attaching liability only if the contours of the right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Schwenk v. Hartford*, 204 F 3d 1187, 1197 (9th Cir. 2000).

Analysis of the qualified immunity defense is a two-step process. The initial inquiry is whether, on the facts alleged, a constitutional right has been violated. If no such right has been violated, Plaintiff cannot prevail. *Saucier*, *supra*, 533 U.S. at 200-01. If a violation of a constitutional right does or may exist, the court must then consider whether

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

that right was "clearly established." To establish whether or not the right(s) is "clearly established," the court examines the contours of the right to determine whether or not it was sufficiently clear such that a reasonable officer would understand that what he or she is doing violates that right. *Id.* at 201, citing *Anderson v Creighton*, 483 U.S. 635, 640 (1987).

A section 1983 plaintiff must offer more than general conclusory allegations that the defendants violated some right, law, or constitution provision. *Backlund v. Burnhart,* 778 F.2d 1386, 1389 (9th Cir. 1985). Plaintiff must instead point to a sufficient concrete general principle that reasonable judges would be able to apply in the specific situation of the particular case and determine that their conduct was inappropriate. *Chew v. Gates,* 27 F.3d 1432, 1447 (9th Cir. 1994) (the "law in question must be sufficiently clear that the unlawfulness of the action would have been apparent to a reasonable official"); *Anderson v. Creighton,* 483 U.S. 635, 640 (1987); *Colaizzi v. Walker*, 812 F.2d 304, 308 (7th Cir. 1987) ("[T]he test for immunity should be whether the law was clear in relation to the specific facts confronting the public official when he acted.").)

Qualified immunity is appropriate for prison officials who act reasonable considering information available to them at the time of the incident. See *Alexander v. City of San Francisco*, 29 F.3d 1355, 1363-64 (9th Cir. 1994); *Ford v. Ramirez-Palmer (Estate of Ford)*, 301 F.3d 1043, 1049-50 (9th Cir. 2002) (analyzing qualified immunity in an Eighth Amendment Case). A prison official is entitled to qualified immunity if "a reasonable prison official understanding that he cannot recklessly disregard a substantial risk of serious harm, could know all of the facts yet mistakenly, but reasonably, perceive that the exposure in any given situation was not that high." *Estate of Ford*, *supra*, 301 F.3d. at 1050; see *Dean v. City of Fresno*, 546 F.Supp.2d 798 (2008).

Here, given Plaintiff's lack of specificity as to what each Individual Defendant did to give rise to her alleged claims, the Court cannot undertake its duty to analyze whether Sheriff Barnes, and each Deputy Defendant acted reasonably and is entitled to qualified immunity. Even so, based on Plaintiff's allegations, it is clear Sheriff Barnes and Deputies

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

22

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Baker, Balicki, and Stichter, had no direct interaction with Plaintiff and were not present during or prior to the alleged strip searches and/or cell search. Further, Plaintiff has only identified specific facts related to three of the seven alleged strip searches, making it impossible to tell whether all seven incidents qualify as a "strip search." See TAC, ¶¶ 32-50. Moreover, Plaintiff provided no facts that any of the Individual Defendants specifically created or endorsed the strip search policy. Instead, she simply points to the general job descriptions under OCSD policy. TAC, ¶¶ 8-11.

Notwithstanding, to any extent they may have been involved in the policy making, there is a legitimate government interest behind conducting strip searches to locate contraband in the interest of safety to deputies and inmates. *Kilpatrick, supra,* 803 F.2d at 488 ("There is no question that the government has an interest in the security of its prisons which will justify searches in the prison context."). As such, without notice of prior incidents, it is objectively reasonable for a policymaker to implement a strip search policy in the interest of safety and security.

Moreover, to the extent Deputies Rivera, Falconer, Mayer, Rodriguez, or Addington were involved in the cell search, Plaintiff has not alleged facts indicating which Individual Defendant searched her belongings. See TAC, ¶ 63. Further, it is objectively reasonable for a deputy to follow policy and conduct a cell search to find potential narcotics or weapons in the interest of safety for inmates and deputies. See *Hudson, supra,* 468 U.S. 517 (recognizing that deterring the possession of contraband depends in part on the ability to conduct searches of inmate cells even without reasonable suspicion that an inmate is concealing a prohibited item). Moreover, a policy of conducting an unannounced search in the early hours is reasonable to prevent inmates from hiding narcotics or weapons prior to the search. *Id.*; *Block*, *supra*, 468 U.S. at 578 (A jail's "practice of conducting random, irregular "shakedown" searches of cells in the absence of the cell occupants is also a reasonable response by the jail officials to legitimate security concerns.").

///

///

*FILE # 22348*

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Accordingly, each Individual Defendant acted reasonably considering the information they had available. Thus, each Individual Defendant is entitled to qualified immunity.

**D.   Plaintiff's 1983 Claims Fail Against All Individual Defendants in Their Individual Capacity**

**1.   Plaintiff's 1983 Claims Against Sheriff Barnes, and Deputies Baker, Balicki, and Stichter Failed to Allege Individual Involvement**

To hold a government-official individually liable for a section 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft, supra,* 556 U.S. at 676 (federal officials could not be held individually liable under section 1983 for constitutional violations merely because they adopted a policy that violated plaintiff's constitutional rights). Ninth Circuit authority has provided clear guidance that it is not enough to provide bald or conclusory allegations; the pleading must include facts to plausibly suggest the official had "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012).

By example, in *Starr*, the court detailed the specificity that lead to its decision to find a Sheriff had the requisite knowledge and acquiescence in the unconstitutional conduct of his subordinates needed to hold him personally liable. There, the plaintiff detailed allegations in the complaint showing (a) the Sheriff had received a letter from the Department of Justice discussing a pattern and practice of the unconstitutional conduct, (b) the Sheriff had received weekly reports from his subordinates responsible for the unconstitutional conduct, (c) the Sheriff and County had entered into an agreement with the Department of Justice agreeing to address and correct the violations, (d) the Department of Justice issued a subsequent report finding noncompliance with its prior recommendations, (e) the Sheriff was specifically informed of an unconstitutional

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

violation and failed to conduct an investigation, and (f) subsequent violations over a three year period after the failed correction. *Starr*, *supra*, 652 F.3d at 1209-11.

In stark contrast, Plaintiff's TAC provides no specificity as to how Sheriff Barnes, and Deputies Baker, Balicki, and Stichter had the requisite "knowledge of" and "acquiesced in" the allegedly unconstitutional conduct. Instead, Plaintiff refers to the OCSD policy job descriptions and alleges each Individual Defendant knew or should have known of the conduct. See TAC, ¶¶ 8-11. Accordingly, Plaintiff's contentions are legally insufficient to hold the Individual Defendants liable given there are no facts that any of the Individual Defendants personally participated in, had knowledge of, or "acquiesced in", any of the events Plaintiff alleges.

## 2.    Plaintiff is Not Entitled to Punitive Damages Against Individual Defendants

While punitive damages can be assessed in section 1983 actions against a government official in his or her individual capacity, the officer's conduct must be shown "to be motivated by evil motive or intent" or "it involves reckless or callous indifference to the federally protected rights of others." *Dubner v. City & Cnty. of San Francisco,* 266 F.3d 959, 969 (9th Cir. 2001) (quoting *Smith v. Wade,* 461 U.S. 30, 56 (1983)). To merit punitive damages, the defendant's conduct must be "the sort that calls for deterrence and punishment over and above that provided by compensatory awards." *Dang v. Cross*, 422 F.3d 800, 809 (9th Cir. 2005). While the vehicle for challenging the sufficiency of a punitive damages claim is not fully settled, there is authority allowing this Court to dismiss Plaintiff's improper punitive damages claim through a motion to dismiss. See *Scalia v. County of Kern*, 308 F.Supp.3d 1064, 1089 (2018), citing *Oushana v. Lowe's Companies*, *Inc.*, No. 1:16-CV-01782-AWI-SAB, 2017 WL 5070271, at *2 (E.D. Cal. Nov. 3, 2017) ("The proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6).")

Here, Plaintiff has not alleged any facts that indicate any of the Individual Defendants acted with evil motive or reckless indifference to Plaintiff's protected rights.

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*FILE # 22348*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

1
2
3
4
5
6

As discussed above, Plaintiff has not provided a factual basis to support her 1983 claims against any Individual Defendant because she has not alleged facts showing that any individual had knowledge of, or involvement in, her alleged violations. See TAC, ¶¶ 8-11; 63. Accordingly, because Plaintiff has not alleged each Individual Defendant acted with evil motive or reckless indifference, nor has she established individual liability under Section 1983, her claims for punitive damages should be dismissed.

7
8
9

### E.   Plaintiff's California Constitution Claims Must be Dismissed

### 1.   Plaintiff Cannot Bring a Damage Claim Directly Under Article I, Sections 7 or 13

10
11
12
13
14
15
16
17
18
19
20
21
22

"Plaintiffs may not bring damages claims directly under Article I, Section 13 or Sections 7." *Lopez v. Youngblood*, 609 F.Supp.2d 1125, 1142 (citing *Brown v. County of Kern*, 2008 WL 544565, *17 (E.D. Cal. Feb. 26, 2008)) (plaintiff in excessive force case could not bring a damages claim directly under Article I, Sections 7 or 13 of the California Constitution in part because alternative statutory and/or common law causes of action were available); *Katzberg v. Regents of Univ. of Cal.*, 29 Cal.4th 300, 303 (2002) (no private right of action of the due process and equal protection clauses under Article 1, section 7 of the California Constitution); *Estate of Osuna v. Cty. of Stanislaus*, 392 F.Supp.3d 1162, 1179 (E.D. Cal. 2019), quoting *Manning v. City of Rohnert Park*, No. C 06-03435 SBA, 2007 WL 1140434, at 1 (N.D. Cal. Apr. 17, 2007) ("'Neither the plain language of the Article 1, section 13, nor the available legislative history indicate an intent on behalf of the California Legislature to permit the recovery of monetary damages for its violation.'").

23
24
25
26
27

Plaintiff asserts she has a recoverable right under Article I, Sections 7 and 13 of the California Constitution, yet the existing law does not support her claims. Thus, because the provisions Plaintiff cites to do not provide for monetary relief, and Plaintiff has alternative causes of action available, her California Constitution claims under Article I, Sections 7 and 13 should be dismissed.

28

///

*FILE # 22348*

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

### 2.   Plaintiff's Article I, Section 1 Claims Do Not Extend Past Her Fourth Amendment Claims

Ninth Circuit authority has provided that Article I, Section 1 search and seizure provision does not establish a broader protection than the Fourth Amendment to the United States Constitution. *Lopez v. Youngblood*, 609 F.Supp.2d 1125, 1142 (2009); see *Sanchez v. County of San Diego*, 464 F.3d 916, 943 (9th Cir. 2006) (in the search and seizure context, the Article I, Section 1, privacy clause of the California Constitution has never been held to establish a broader protection than that provided by the Fourth Amendment), reh'g denied, 483 F.3d 965 (9th Cir. 2007), cert. denied, 552 U.S. 1038, 128 S.Ct. 649, 169 L.Ed.2d 508 (2007). Accordingly, because Plaintiff has not alleged facts sufficient to establish a Fourth Amendment violation against the Individual Defendants, her claims under Article I, Section 1 of the California Constitution also fail.

Moreover, Plaintiff contends all Defendants should be liable under her Right of Privacy Claims for the alleged strip searches. TAC, ¶¶ 134-135. However, Deputies Rivera, Falconer, Mayer, Rodriguez, and Addington were not involved in the strip searches Plaintiff complains of. TAC, ¶ 63. Accordingly, Plaintiff's Fourteenth Cause of Action should be dismissed.

### 3.   Plaintiff's Retaliation Claim for Freedom of Expression Fails Because She Has Not Properly Alleged Retaliation

Like her Section 1983 claim for retaliation, Plaintiff alleges Deputies Rivera, Falconer, Mayer, Rodriguez, and Addington retaliated against Plaintiff from her expression during the day. TAC, ¶¶ 131-132. Identically, however, Plaintiff failed to allege, as she is required to do for a retaliation claim, any facts that show (1) retaliation was a substantial or motivating factor behind the Deputies conduct, or (2) the alleged retaliatory act did not advance the legitimate goals of the Jail. See *Torricellas*, *supra*, 954 F.Supp. at 1412 (First Amendment retaliation claim).

Plaintiff's only contention that there was retaliatory conduct was an unnamed deputies alleged statement that "searches would continue regularly unless and until all

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

inmates would keep quiet during the day." TAC, ¶ 64. An unnamed deputy's vague announcement does not establish retaliation was a substantial or motivating factor behind Deputy Rivera, Falconer, Mayer, Rodriguez, or Addington's alleged conduct. Notwithstanding, the Deputies had a legitimate penological interest in safety preventing disruptive behavior by conducting cell searches at random times. See Cal. Code Regs. Tit. 15, § 3004(b); *Block*, *supra*, 468 U.S. at 578. Thus, Plaintiff has not sufficiently alleged a retaliation claim, and it should be dismissed.

**F.    Plaintiff's Penal Code Section 4030 Claim Must be Dismissed Because She Has Not Alleged Facts Showing Individual Involvement**

**1.    The County is Immune from Penal Code Section 4030 Liability**

*Government Code* section 844.6(a)(2) provides, in relevant part, "[n]otwithstanding any other provision of this part . . . a public entity is not liable for [a]n injury to any prisoner." See *Bull v. City and County of San Francisco*, 758 F.Supp.2d 925 (finding section 844.6 applies to Penal Code Section 4030 claims brought against public entities). "[S]ection 4030's purpose can be served with damage claims against individual personnel and injunctive relief against the public entity." *Id.* at 935. Accordingly, because the County is immune from Section 4030 liability, Plaintiff's claim against the County must be dismissed.

**2.    Plaintiff Has Not Alleged Any Defendant "Knowingly and Willfully" Authorized Her Alleged Strip Searches**

While *California Penal Code* Section 4030 provides strip search protections for pre-trial detainees, Plaintiff must allege facts indicating each person "knowingly and willfully authoriz[ed] or conduct[ed]" such search. *Cal. Penal Code*, § 4030(m). Here, Plaintiff has not alleged any Individual Defendant authorized, let alone conducted any of the strip searches she was allegedly subjected to. Rather, Plaintiff simply stated she was searched seven times between August 8 and August 12, 2019 but failed to specify, as she was required to do for pleading purposes, which of the named Individual Defendants authorized or conducted the searches. TAC, ¶ 33. Thus, Plaintiff's TAC fails to adequately

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

state a cause of action under section 4030 because she has not alleged facts that any Individual Defendants willfully and knowingly authorized or conducted a search in violation of section 4030.

### G.   Plaintiff is Not Entitled to Declaratory or Injunctive Relief

#### 1.   Plaintiff's Case is Moot

##### a.   Declaratory Relief is Unavailable When a Case is Moot

An inmate's release from prison while her claims are pending will render a claim for declaratory relief moot. *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012); see *Preiser v. Newkirk*, 422 U.S. 395, 402-04 (1975) (finding inmate's request for declaratory judgment rendered moot by inmate's transfer to another prison); *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 1995) ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot."). Here, Plaintiff was released from OCSD custody on or about August 12, 2019. Accordingly, her claim for declaratory relief is moot and should be dismissed.

##### b.   Injunctive Relief is Unavailable When a Case is Moot

Similarly, because Plaintiff's case is moot, injunctive relief is also improper. The case or controversy requirement under Article III, Section 2 of the United States Constitution subsists through all stages of federal judicial proceedings and deprives a court of jurisdiction to hear moot cases. *Kemna*, *supra*, 53 U.S. 1, 7 (1998). A case becomes moot if the "issues present are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 67, 77 (1983); *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007). "An inmate's release from prison while claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir 1995); *Alvarez*, *supra*, 667 F.3d 1061, 1064 (9th Cir. 2012). Under such circumstances, a court must dismiss a case as moot because "[w]e do not

///

**COLLINS COLLINS MUIR + STEWART** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax   (714) 823-4101

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

have the constitutional authority to decide moot cases." *Foster v. Carson*, 347 F.3d 742, 747 (9th Cir. 2003).

Here, Plaintiff's claims against OCSD seeking injunctive relief are moot. Specifically, Plaintiff was released from OCSD custody on or about August 12, 2019. Accordingly, Plaintiff is no longer subject to the Jail conditions or policies she complains of and there is no longer any "live" controversy between her and the OCSD. Thus, Plaintiff's claims for injunctive relief must be dismissed.

c.   *Plaintiff's Claims Do Not Satisfy the Capable of Repetition Test*

Notwithstanding the above, Plaintiff's contention that her claims are not moot because "once Plaintiff is convicted for the charges she was arrested for she will be subjected to WCJ's unconstitutional practice again" and "[t]here is no guarantee that Plaintiff will not get arrested again" and placed at WCJ fails. TAC, ¶¶ 73. In *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975), the United States Supreme Court explained that, "in the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a *reasonable expectation* that the same complaining party would be subjected to the same action again." (emphasis added).

In focusing on the latter requirement, courts have explicitly rejected the possible risk of future apprehension and conviction as meeting the "capable of repetition" prong. *Spencer v. Kemna*, 523 U.S. 1, 15 (1998) ("we are . . . unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law."); *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996) (finding injunctive relief request against jail that housed a pretrial detainee was moot once pretrial detainee was convicted and post-conviction relief was denied); see *Demery v. Arpaio*, 378 F.3d 1020, 1027 (9th

///

*FILE # 22348*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

Cir. 2004) (finding an exception to the *Kemna* mootness holding where plaintiff demonstrates that he has been detained "on more than one occasion.").

Accordingly, because Plaintiff has only been detained at WCJ one time and there is a presumption that she will remain a law-abiding citizen, her claims do not meet the "capable of repetition" prong and are thus moot.

### 2.   Declaratory Relief is Unavailable Because Plaintiff Has Only Alleged Tortious Conduct

A court may not grant declaratory relief merely to redress past wrongs because declaratory operates prospectively; the remedy of a party who has only fully matured causes of action lies in pursuit of an action for damages rather than in declaratory relief. *Babb v. Superior Court*, 3 Cal.3d 841 (1971). Declaratory relief is excluded for cases that involve only tortious conduct. See *Travers v. Louden*, 254 Cal.App.2d 926 (1967); *General of America Ins. Co. v. Lilly*, 258 Cal.App.2d 465, 471 (1968); *Filarsky v. Superior Court*, 28 Cal.4th 419, 432-34 (2002). All Plaintiff's alleged causes of action in the TAC arise under tort theories and thus will be adjudicated on their individual merits and if the jury so determines, damages will be awarded. Accordingly, declaratory relief is improper, and this claim must be stricken from Plaintiff's TAC.

///
///
///
///
///
///
///
///
///
///
///

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

*FILE # 22348*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

1

## IV.   CONCLUSION

Based on the foregoing arguments showing Plaintiff's inability to plead facts that adequately support her claims, Defendants respectfully request this Court to dismiss the relevant claims with prejudice.

DATED:  June 12, 2020                    COLLINS COLLINS MUIR + STEWART LLP

By: _____
        JOHN S. KEENEY
        MICHAEL L. WRONIAK
        Attorneys for Defendant COUNTY OF
        ORANGE; DON BARNES; WILLIAM
        BAKER;   JOE   BALICKI;   MARK
        STICHTER;   REYNA   RIVERA;
        DEVONNA FALCONER; KASSANDRA
        MAYER; ELIA RODRIGUEZ; RACHEL
        ADDINGTON

**COLLINS COLLINS
MUIR + STEWART** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone    (714) 823-4100
Fax        (714) 823-4101