1  JANE DOE
2  11151 Valley Blvd #4886,
3  El Monte, CA 91731
4
5  Plaintiff in Pro Se
6
7
8            UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| JANE DOE, | No. 8:20-cv-00322-JWH-GJS |
| Plaintiff, | **PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED ORDER (Dkt. 111)** |
| v. | |
| COUNTY OF ORANGE, et al | Action Filed: Feb 18, 2020 |
| Defendants. | Trial Date: Not set |

TO THE COURT AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

JANE DOE ("Plaintiff") hereby objects Defendants' proposed order (Dkt. 111) as follows:

**I.   INTRODUCTION**

On Sep 15, 2021 Defendants' filed their first ex parte application (Dkt. 108) to extend the Scheduling Order dates set by this Court (Dkt. 66) on Mar 10, 2021. Despite Defendants' failure to comply with L.R. 7-19 and their own fault to create the alleged drastic harm and prejudice, the Court granted their application in part on Sep 29, 2021.

On Sep 30, 2021 Defendants filed a proposed order indicating the due date of Fact Discovery Cut-Off was 113 days from District Court's Order on Doc. 87 and Dispositive Motion Cut-Off was due 185 days from District Court's Order on Doc. 87. To that effect the trial would

be delayed over one year. Plaintiff objects such substantial and unwarranted delay due to Defendants' inexcusable neglect.

## II.  ARGUMENT

Settlement conference deadline was due on Jul 30, 2021. Almost two months after Jul 30, 2021 Defendants filed an ex parte application to extend the deadline despite they never met and conferred regarding the settlement conference prior to Jul 30, 2021.

To establish "good cause," the party seeking to modify the scheduling order must generally show that even with the exercise of due diligence, they cannot meet the scheduling order's timetable. See *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).

In order to modify a deadline, Defendants need to show some good cause to do so. Defendants showed no good cause to extend the settlement conference deadline. Had they wanted to extend the settlement conference deadline they should have filed a proper motion prior to Jul 30, 2021. There is no good cause to delay the trial over one year due to Defendants' inexcusable neglect.

## III.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court strike Defendants' proposed order (Dkt. 111) and order the fact discovery cut-off should fall 45 days after the issue on District Judge Holcomb's ruling on Plaintiff's Motion for Review to Quash Defendant County of Orange's Subpoenas for Plaintiff's medical records (Doc. 87).

Dated: Sep 30, 2021

Respectfully submitted.

*/s/ JANE DOE*

JANE DOE, Plaintiff in Pro Se

PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED ORDER (DKT. 111)

## DECLARATION OF PLAINTIFF JANE DOE

JANE DOE states:

1. I am the plaintiff in this case and I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify thereto.

2. Prior to Jul 30, 2021 Defendants never tried to meet the deadline of settlement conference. Nor did they ever meet and confer regarding settlement conference. Had they wanted to extend the settlement conference deadline they should have filed a proper motion prior to Jul 30, 2021.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Sep 30, 2021

*/s/ JANE DOE*___

JANE DOE, Plaintiff in Pro Se

# CERTIFICATE OF SERVICE

I, JANE DOE, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I reside in the County of Los Angeles, State of California. My business address is 11151 Valley Blvd #4886, El Monte, CA 91734, in said county and state.

On Sep 30, 2021 I electronically filed the following document(s):

Plaintiff's Opposition to Defendants' Proposed Order (Dkt. 111)

with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: Sep 30, 2021

*/s/ JANE DOE*

JANE DOE

Plaintiff in Pro Se