**Michael L. Wroniak (State Bar No. 210347)**
**Rebecca J. Chmura (State Bar. 319106)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA  92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email:  mwroniak@ccllp.law**
**Email:  rchmura@ccllp.law**

Attorneys for Defendant
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE
BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER;
KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

## UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE, | CASE NO. 8:20-cv-00322-JWH (GJS) |
| Plaintiffs, | *[Assigned to Judge John W. Holcomb Courtroom 2]* |
| vs. | **DEFENDANTS' OPPOSED *EX PARTE* APPLICATION TO EXTEND FACT DEPOSITION CUT-OFF DATE AND COMPEL PLAINTIFF TO SIGN AUTHORIZATION TO RELEASE MEDICAL RECORDS FROM LACDMH** |
| COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive, | |
| Defendants. | Complaint Filed: 2/18/20 |
| | Trial Date:        None |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

**PLEASE TAKE NOTICE** that Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington (collectively, "Defendants") hereby apply *ex parte* and seek an order (1) pursuant to F.R.C.P. 16(b)(4) from this Court extending and modifying the fact deposition cut-off date set by this Courts'

*FILE # 22348*

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

September 30, 2021, Order (Doc. 113) and the ruling on Plaintiff's Motion to Quash the County's subpoenas for her medical records from December 14, 2021 (Doc. 114); and (2) pursuant to F.R.C.P. 37(a) to compel Plaintiff Jane Doe ("Plaintiff") to sign the authorization disclosure required by the Los Angeles County Department of Mental Health ("LACDMH") (or Arcadia Mental Health Center) to produce Plaintiff's medical records (which this Court already ordered that Defendants were entitled to on December 14, 2021) or, in the alternative, a Court order permitting LACDMH to produce the records without/over said authorization.

First, good cause exists to extend this date to take depositions of fact witnesses, including Plaintiff, as by no fault of Defendants, they have not received the medical, billing, and film/radiology records from the providers which were the subject of the Court's December 14, 2021 order. This includes: Arcadia Mental Health/LACDMH (medical, billing, and film/radiology); Greater El Monte Hospital (medical); Heredia Physical Therapy Group (medical, billing, and film/radiology); and Pacific Clinics (billing and film/radiology). There is no time estimate on when Defendants expect to receive these records and Defendants have attempted to get these records diligently and in good faith. Moreover, Plaintiff refuses to sign the authorization form from LACDMH, which will further delay and prevent Defendants from getting the records they are so entitled. Given these delays, Defendants request that the fact deposition cut-off date be extended to allow additional time to receive the records, and then take any necessary depositions of Plaintiff.

Second, Defendants are seeking a court order to compel Plaintiff to sign the required authorization form from LACDMH to release her records. LACDMH was a subpoena included in Plaintiff's motion to quash attempts and denied by this Court on December 14, 2021. (Doc. 114). Thus, Plaintiff's refusal to sign the authorization form is without merit and goes against this Court's previous ruling. Her failure to sign the authorization is causing undue delay and preventing Defendants from receiving the records this Court has already determined they are entitled to.

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants attempted to meet and confer with Plaintiff on March 16, 2022, regarding these two issues. (Declaration of Rebecca J. Chmura ["Chmura Decl.,"], ¶ 3; Exhibit "1.") At the very last minute on March 17, 2022, Plaintiff responded to Defendants' meet and confer attempt and stated that she would not agree to sign the LACDMH authorization form and would not stipulate to extend or modify the fact deposition cut-off date. (Chmura Decl., ¶ 4; Exhibit "3.")  Given Plaintiff's refusal to sign the form or stipulate to an extension, this *ex parte* application became necessary. On March 18, 2022, per L.R. 7-19.1, despite their attempts to resolve these issues outside of judicial intervention, Defendants gave notice that they intended to move *ex parte* on these issues and anticipated that Plaintiff will oppose. (Chmura Decl., ¶ 5; Exhibit "4.")

This *ex parte* Application is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Rebecca J. Chmura, the [Proposed] Order, and exhibits thereto, all pleadings, records, and files in this action, and on such other evidence and argument as may be presented at the time of the hearing on this matter.

DATED:      March 18, 2022              COLLINS + COLLINS LLP


By: _____
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendant COUNTY OF
ORANGE; DON BARNES; WILLIAM
BAKER; JOE BALICKI; MARK
STICHTER; REYNA RIVERA;
DEVONNA FALCONER; KASSANDRA
MAYER; ELIA RODRIGUEZ; RACHEL
ADDINGTON

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

3

**NTC & DEFTS' *EX PARTE* APP EXTEND DEPO. CUT-OFF & COMPEL SIGN. LACDMH**

## MEMORANDUM OF POINTS & AUTHORITIES

## I.    INTRODUCTION

Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington (collectively, "Defendants") hereby respectfully apply *ex parte* to (1) extend and modify the fact deposition cut-off date of April 6, 2022, set by this Court (Docs. 113-114); and (2) compel Plaintiff Jane Doe ("Plaintiff") to sign the authorization disclosure required by the Los Angeles County Department of Mental Health ("LACDMH") (or Arcadia Mental Health Center) to produce Plaintiff's medical records (which this Court already ordered that Defendants were entitled to on December 14, 2021) or, in the alternative, a Court order permitting LACDMH to produce the records without/over said authorization.

Per F.R.C.P. 16(b)(4) good cause exists to extend the fact deposition cut-off date as Defendants, by no fault of their own, and despite their good faith and diligent efforts, have not yet received all medical records pursuant to its subpoenas issued to Arcadia Mental Health/LACDMH (medical, billing, and film/radiology); Greater El Monte Hospital (medical); Heredia Physical Therapy Group (medical, billing, and film/radiology); and Pacific Clinics (billing and film/radiology), which were the subject of Plaintiff Jane Doe's ("Plaintiff") Motion to Quash which was denied on December 14, 2021 (Doc. 114). Defendants do not anticipate that they will receive all the missing records on or before April 6, 2022, the deposition cut-off date, and have no timeframe or indication of when the records will be received. Further, Plaintiff's refusal to sign the authorization form required by LACDMH is causing further unnecessary and unfounded delay in Defendants' ability to get these records.

Thus, should the deposition date not be continued, extended, or modified, Defendant's will suffer prejudice as they will lack the ability to fully investigate and defend itself against Plaintiff's claims; will lack the ability to take a meaningful deposition of Plaintiff's damages and/or medical treatment; and may necessitate that

*FILE # 22348*

**NTC & DEFTS' *EX PARTE* APP EXTEND DEPO. CUT-OFF & COMPEL SIGN. LACDMH**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax    (714) 823-4101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants spend additional time, money, and effort to later ask to reopen discovery to take another deposition of Plaintiff after they receive the records. Moreover, Defendants' ability to determine expert witnesses, has been impacted and thus, Defendants will be prejudiced should they be required to disclose experts or bring dispositive motions without this critical information. Plaintiff will suffer no prejudice as the Court has already ordered that Defendants are entitled to this information.

Moreover, per F.R.C.P. 37(a) there is good cause to compel Plaintiff to sign the authorization form from LACDMH to release her records. LACDMH/Arcadia was a subpoena included in Plaintiff's motion to quash attempts and denied by this Court on December 14, 2021. (Doc. 114). Thus, Plaintiff's refusal to sign the authorization form is without merit and goes against this Court's previous ruling. Her failure to sign the authorization is causing undue delay and preventing Defendants from receiving the records this Court has already determined they are entitled to.

In Defendants' attempts to meet and confer with Plaintiff regarding a mutual stipulation to extend this date and sign the authorization form, Plaintiff expressed she refused to do either, without citing any valid reason to oppose. (Declaration of Rebecca J. Chmura ["Chmura Decl.,"], ¶¶ 3-4; Exhibits "1-3.")

Defendants' *ex parte* application is proper on the basis that they will suffer prejudice and irreparable harm as the fact and fact deposition cut-off dates would pass if this relief was sought under a noticed motion. Defendants are unable to determine a timetable of when it will receive the medical records pursuant to subpoena and based on Plaintiff's refusal, Defendants need judicial intervention to compel Plaintiff to sign the LACDMH authorization form. For these reasons, Defendants' *ex parte* application is supported by good cause. As such, Defendants respectfully request that this Court grant Defendants' application; (1) extend or modify the fact deposition cut-off date from April 6, 2022, to June 6, 2022, or to a date thereafter amendable to the Court; and (2) compel Plaintiff to sign the LACDMH authorization disclosure form within one (1) week of this Court's ruling, or, in the alternative, a Court order permitting LACDMH to produce the records

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

without/over said authorization.

## II.   <u>RELEVANT PROCEDURAL BACKGROUND</u>

On or about July 7, 2021, Plaintiff filed a Motion to Quash County's subpoenas and this motion was denied by Judge Standish. (Docs. 74 and 83.) Shortly thereafter, on or about July 16, 2021, Plaintiff filed a Motion for Review by the District Court Judge John Holcomb of her Motion to Quash County's Subpoenas. (Doc. 87.) Defendant County opposed Plaintiff's motion. (Doc. 90.) Judge John W. Holcomb denied Plaintiff's Motion to Quash on December 14, 2021, and ruled that Defendants are entitled to the discovery of Plaintiff's medical records. (Doc. 114.) On September 30, 2021, Judge Gail Standish ordered that the new fact deposition cut-off date would occur 113 days from the ruling on Plaintiff's Motion to Quash (Doc. 87). (Doc. 113.) Thus, the fact deposition cut-off is scheduled to occur on April 6, 2022.

On or about February 9, 2022, Defendants were informed by First Legal that to for LACDMH to disclose the records, it would need either (1) a Court order or (2) a signed authorization form from the patient (i.e., Plaintiff). (Chmura Decl., ¶ 8.) As such, the same day, Defendants sent a copy of the Court's order Doc. 114, in which ordered that Defendants were entitled to the records from LACDMH. (*Id.*) Defendants did not hear back from First Legal until February 28, 2022, that Doc. 114 would not suffice and authorization form from the patient would be required, and received the form only recently. (*Id.*) As soon as reasonably possible, Defendants sent it to Plaintiff for her signature on March 16, 2022. (Chmura Decl., ¶¶ 3, 8; Exhibits "1-2.") On March 17, 2022, Plaintiff stated that she refused to sign the form. (Chmura Decl., ¶ 4; Exhibit "3.") Defendants are still missing records from Arcadia Mental Health/LACDMH (medical, billing, and film/radiology); Greater El Monte Hospital (medical); Heredia Physical Therapy Group (medical, billing, and film/radiology); and Pacific Clinics (billing and film/radiology), by no fault of their own and despite their attempts to get the records. (Chmura Decl., ¶ 10.)

Given that the fact deposition cut-off date is approaching, and they still do not

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax  (714) 823-4101

*FILE # 22348*

6

**NTC & DEFTS' *EX PARTE* APP EXTEND DEPO. CUT-OFF & COMPEL SIGN. LACDMH**

have all of Plaintiff's medical records, by no fault of their own, Defendants attempted to meet and confer with Plaintiff on March 16, 2022, to inquire if she would stipulate to continuing the fact deposition cut-off date, and if she would sign the authorization form from LACDMH. (Chmura Decl., ¶ 3; Exhibits "1-2.") On March 17, 2022, Plaintiff responded that she would not sign the authorization form and would not stipulate to extend the fact deposition cut-off date. (Chmura Decl., ¶ 4; Exhibit "3.") As such, the instant application became necessary.

### III.  GOOD CAUSE SUPPORTS DEFENDANTS' *EX PARTE* APPLICATION

The court is permitted to grant *ex parte* relief upon a showing of "good cause." (*Mission Power Engineering Co. v Continental Cas*., (C.D. Cal. 1995) 883 F. Supp. 488, 492.) Further, an *ex parte* application is "justified only when there is a threat of immediate or irreparable injury…" (*Horne v. Wells Fargo Bank, N.A.*, (C.D. Cal. 2013) 969 F. Supp. 2d 1203, 1205.) Courts utilize a sliding scale to measure the threat of prejudice. "If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits. If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm." (*Mission Power*, 883 F. Supp. at 492.)

Here, good cause exists to apply *ex parte* as Defendants would suffer drastic harm and prejudice should it be required to wait for the time for a noticed motion under F.R.C.P. 6. Specifically, should Defendants not be granted *ex parte relief*, their deadline to notice fact witness depositions, compel fact discovery (including compelling Plaintiff to sign the LACDMH authorization disclosure form), and complete Plaintiff's deposition regarding her damages and medical treatment, would pass during the time under the current Scheduling Order (Docs. 113-114) and the time needed under F.R.C.P. 6 required for noticed motions. Through no fault of their own, Defendants have not received all of the records subpoenaed to Plaintiff's medical providers. (Chmura Decl., ¶¶ 6-10.) Defendants also did not receive the required authorization form from LACDMH in

COLLINS + COLLINS
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

a timely manner to bring a noticed motion, and did not receive a further status update from First Legal that it still had no records from Heredia Physical Therapy until March 16, 2022. (Chmura Decl., ¶¶ 8-9.) Moreover, Defendants were not informed until March 17, 2022, that Plaintiff was refusing to sign the form. (Chmura Decl., ¶ 4.) Thus, there is no time to bring a noticed motion before the fact discovery cut-off, and *ex parte* relief is warranted. Moreover, Defendants will suffer irreparable harm should they be required to proceed in this litigation and take Plaintiff's deposition without the records, or be prevented from receiving the records from LACDMH because of Plaintiff's refusal to sign the authorization, which this Court determined it was entitled to. As such, Defendants' desired *ex parte* relief is supported by good cause.

## IV.   GOOD CAUSE SUPPORTS EXTENDING THE FACT DEPOSITION CUT-OFF DATE

Per F.R.C.P. 16(b)(4), a Scheduling Order "may be modified only for good cause with the judge's consent." To establish good cause, the moving party must demonstrate that it acted diligently in managing the case and seeking the desired amendment. (*Masterpiece Leaded Windows Corp. v. Joslin*, (S.D. Cal. 2009) 2009 WL 1456418, *citing John v. Mammoth Recreations,* (9th Cir. 1992) 975 F. 2d 604.) "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." (*Id.*)

As previously stated, there is good cause to extend fact deposition cut-off date as Defendants will suffer irreparable harm should they be required to proceed in this litigation and take the deposition of Plaintiff without receiving all the medical records, Defendants have acted diligently in attempting to get the records from its subpoenas by regularly following up with the process servers and quickly providing the process servers and providers with the information needed to get the records from the providers. (Chmura Decl., ¶¶ 6-10.) Defendants reopened the request for the subpoenas to receive the records within two days of receiving the ruling of Plaintiff's Motion for Review for

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

1
2
3
4
5
6
7
8
9
10

her Motion to Quash and have continued to follow up regularly with the attorney service, First Legal, handling the subpoenas. (*Id.*) Defendants have also followed the provider's requirements as soon as possible to get the records. (*Id.*) Despite following the provider's requirements and instructions and following up with the attorney service regularly for updates, Defendants still have not received records from Arcadia Mental Health/LACDMH (medical, billing, and film/radiology); Greater El Monte Hospital (medical); Heredia Physical Therapy Group (medical, billing, and film/radiology); and Pacific Clinics (billing and film/radiology), which were the subject of Plaintiff Jane Doe's ("Plaintiff") Motion to Quash which was denied on December 14, 2021 (Doc. 114). (*Id.*)

11
12
13
14
15
16
17
18
19
20
21

Additionally, there is delay, for which Defendants are not responsible, in receiving the records from LACDMH, which requires that Plaintiff sign a disclosure authorization to release the records, or a court order. (Chmura Decl., ¶ 8.) Defendants attempted to receive the records by providing a copy of the Court's ruling on Plaintiff's Motion to Quash (Doc. 114) however, LACDMH stated that this was not sufficient and would need a signed authorization form from Plaintiff. (*Id.*) As soon as possible, Defendants asked Plaintiff to sign the form however, she refused claiming only that the subpoena was "unconstitutionally overbroad." (Chmura Decl., ¶ 4.) The requirement of this form has further caused delay in Defendants' receipt of the medical records, which is outside of Defendants' control. (*Id.*) Given the above, it has been out of Defendants' control to prevent a necessary extension of the fact deposition cut-off date.

22
23
24
25
26

Moreover, Plaintiff will not suffer any prejudice should the fact deposition cut-off date be extended. Defendants are entitled to take her deposition as to her damages and treatment in this action. In fact, she will also benefit by the extension so as to avoid having to appear for two separate depositions (one now and a second deposition when Defendants eventually receive all the medical records).

27

///

28

///

*FILE # 22348*

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

9

**NTC & DEFTS' *EX PARTE* APP EXTEND DEPO. CUT-OFF & COMPEL SIGN. LACDMH**

1

2

### V.    PLAINTIFF SHOULD BE COMPELLED TO SIGN THE LACDMH AUTHORIZATION DISCLOSURE FORM

3

4

5

6

7

8

9

10

Plaintiff should be compelled to sign the form, or a Court Order issued to permit LACDMH to release the records over such authorization, because this Court has already ruled that Defendants are entitled to the records from LACDMH. (Docs. 74, 83, and 114.) The requirement of the patient (i.e., Plaintiff) signing an authorization form is therefore just a procedural requirement imposed by LACDMH. Plaintiff is wrongfully refusing to sign without providing any justification for her refusal, except that the subpoena is "unconstitutionally overbroad," an argument which has already been denied by this Court. (Chmura Decl., ¶ 4.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Per F.R.C.P. 37(a), Plaintiff should be compelled to sign the LACDMH disclosure authorization form given that Defendants are entitled to these records. Similarly, in *Archie v. Pop Warner Little Scholars, Inc.,* (C.D. Cal. June 13, 2019), 2019 WL 13020441, at *1, the Court held that the plaintiff should be compelled to sign the authorizations for the sought after records because the Court concluded that the documents are relevant and proportional to the needs of the case. (C*iting "See Larson v. Bailiff*, (S.D. Cal. Jul. 17, 2015) 2015 WL 4425660, at *6 wherein the court ordered plaintiff to execute and provide defendants with releases for medical records, noting that '[a] party may be required to produce a document that is in the possession of a nonparty entity if the party has the legal right to obtain the document' (citation omitted)); *Roberson v. Bair*, 242 F.R.D. 130, 136 (D. D.C. 2007) (compelling plaintiff to produce medical records in her possession and to sign authorizations for release to defendant of medical information); *Puckett v. Dyer*, 2007 WL 2462162, at *2 (E.D. Cal. Aug. 29, 2007) (ordering plaintiff to sign authorization for Social Security Administration to release plaintiff's medical records to defense counsel); *Elias v. Napolitano*, 2011 WL 2609862, at *3 (C.D. Cal. June 30, 2011) (ordering plaintiff to execute release of medical records that court found to be relevant to the issues in the case).")

28

///

*FILE # 22348*

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

**NTC & DEFTS' *EX PARTE* APP EXTEND DEPO. CUT-OFF & COMPEL SIGN. LACDMH**

**VI.** **CONCLUSION**

Given the above, and given that there is good cause under F.R.C.P. 16(b)(4) and 37(a), Defendants respectfully request that this Court grant its *ex parte* application and issue an order (1) extending the fact deposition cut-off date extended from April 6, 2022, to June 6, 2022, or to a date thereafter amendable to the Court; and (2) to sign the authorization disclosure required by LACDMH, within one week of this Court's ruling on this application, or, in the alternative, a Court order permitting LACDMH to produce the records without/over said authorization.

DATED:        March 18, 2022                COLLINS + COLLINS LLP

By:  _____
    REBECCA J. CHMURA
    MICHAEL L. WRONIAK
    Attorneys for Defendant COUNTY OF
    ORANGE; DON BARNES; WILLIAM
    BAKER; JOE BALICKI; MARK
    STICHTER; REYNA RIVERA;
    DEVONNA FALCONER; KASSANDRA
    MAYER; ELIA RODRIGUEZ; RACHEL
    ADDINGTON

*FILE # 22348*

**NTC & DEFTS' *EX PARTE* APP EXTEND DEPO. CUT-OFF & COMPEL SIGN. LACDMH**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

1

2

**PROOF OF SERVICE**

**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

3

State of California,                    )
                                        )  ss.
County of Orange.                       )

4

5

      I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 The City Drive, Suite 400, Orange, California  92868.

6

      On this date, I served the foregoing document described as **DEFENDANTS' EX PARTE APPLICATION TO EXTEND FACT DEPOSITION CUT-OFF DATE AND COMPEL PLAINTIFF TO SIGN AUTHORIZATION TO RELEASE MEDICAL RECORDS FROM LACDMH** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

7

8

Jane Doe
Courtproceeding9@gmail.com
PLAINTIFF IN PRO SE

9

10

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Orange, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

11

12

13

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Orange, California.

14

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

15

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – – I served a true copy, with all exhibits, electronically on Plaintiff Jane Doe at the email address on file with the Court which is redacted herein per request of Plaintiff Jane Doe through the Court's CM/ECF Electronic Filing system on:

16

17

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

18

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (714) 823-4101 indicated all pages were transmitted.

19

20

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

21

Executed on March 18, 2022 at Orange, California.

22

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct

23

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

Jazmin Ruiz
jruiz@ccllp.law

25

26

27

28

**COLLINS + COLLINS**LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

**NTC & DEFTS' *EX PARTE* APP EXTEND DEPO. CUT-OFF & COMPEL SIGN. LACDMH**