1  JANE DOE

2  11151 Valley Blvd #4886,

3  El Monte, CA 91731

4

5  Plaintiff in Pro Se

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JANE DOE,                              No. 8:20-cv-00322-JWH-GJS

12              Plaintiff,                 **PLAINTIFF'S OPPOSITION TO**
                                           **DEFENDANTS' SECOND EX PARTE**
13       v.                                **APPLICATION TO EXTEND FACT CUT-**
                                           **OFF DATE (Dkt. 118)**
14  COUNTY OF ORANGE, et al

15              Defendants.                Action Filed: Feb 18, 2020
                                           Trial Date: Not set
16

17

18

19       TO THE COURT AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

20       JANE DOE ("Plaintiff") hereby submits her opposition to Defendants' second ex parte

21  application to extend fact cut-off date (Dkt. 118) as follows:

22  **I.    INTRODUCTION**

23       This is Defendant's second ex parte attempt to extend the fact discovery cut-off date. Since

24  Apr 22, 2021, almost one year ago, Defendants have possessed all the information of Plaintiff's

25  health care providers necessary to take depositions of fact witnesses. Doe Decl. ¶2. Defendants

26  made no single attempt to depose any of Plaintiff's health care providers.

27       Since Dec 15, 2021, three months ago, Defendants have had every chance to obtain the

28  requested records, including those do not require authorization form. Since Jan 19, 2022, two

                                          1

1    months ago, Defendants already have possessed the LACDMH disclosure authorization form

2    (time stamp on the top of the page). Doe Decl. ¶4. Defendants are responsible for the failure to

3    diligently manage the case.

4        Defendants not only subpoena any and all Plaintiff's medical records from January 1, 2016

5    to Present, without limiting to Plaintiff's alleged injuries, regarding Plaintiff's each and every

6    organ. Outrageously enough, Defendants even request Plaintiff's HIV test result, alcohol and drug

7    records that are wholly irrelevant to this litigation. Doe Decl. ¶4. Defendants' pursue of

8    Plaintiff's medical records is harassing and illegal. This court's previous ruling goes against

9    California Constitution. This court should not compel Plaintiff to sign any authorization form or

10   compel LACDMH to produce the records without/over Plaintiff's authorization.

11   **II.    ARGUMENT**

12   A. <u>DEFENDANTS SEEK EX PARTE RELIEF DUE TO THEIR OWN INEXCUSABLE</u>

13       <u>NEGLECT IN BRINGING THEIR INTENDED RELIEF SOONER</u>

14       "Ex parte motions are rarely justified...." *Mission Power Eng'g Co. v. Continental Cas. Co*.,

15   883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief, the moving party must, at a

16   minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard

17   according to regular noticed motion procedures"; and (2) "the moving party is without fault in

18   creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable

19   neglect." Id. at 492.

20       Here, Defendants first blamed their attorney service, First Legal. However, First Legal is

21   under counsel's full supervision. Secretarial negligence, if it exists, is chargeable to counsel. See

22   *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). By the same token, any negligence

23   from attorney service is chargeable to counsel. Under this circuit's precedent, a client is ordinarily

24   chargeable with his counsel's negligent acts. Clients are "considered to have notice of all facts

25   known to their lawyer-agent." *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141-42 (9th Cir.

26   1989). Therefore, Defendants are responsible for negligence of both counsel and attorney service.

27       Since Apr 22, 2021, almost one year ago, Defendants have possessed all the information of

28   Plaintiff's health care providers necessary to take depositions of fact witnesses. Doe Decl. ¶2.

1   Defendants made no single attempt to depose any of Plaintiff's health care providers. Failing to

2   diligently pursue discovery in the past is sufficient reason to deny further discovery. See *Nidds v.*

3   *Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1997).

4        Since Dec 15, 2021, three months ago, Defendants have had every chance to obtain the

5   requested records, including those <u>do not require authorization form</u>. Defendants offered no

6   reasonable explanation why they still have not received the records that do not require

7   authorization form other than blaming their attorney service. Defendants cannot show they are

8   without fault in creating the "crisis." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp.

9   488, 493 (C.D. Cal. 1995). For this reason, their application should be denied.

10       On Feb 1, 2022, almost 50 days after Dec 15, 2021 which does not show due diligence,

11  Defendants served a new subpoena to Greater El Monte Hospital and the production date was set

12  on Feb 22, 2022. Doe Decl. ¶5. Nearly a month after the production date, despite no

13  authorization form was required, Defendants claim they still have not received any records or

14  updates. Defendants cannot claim to have been prejudiced by their own lack of due diligence.

15        Defendants also blamed the LACDMH disclosure authorization form. However, since Jan

16  19, 2022, two months ago, Defendants already have possessed the LACDMH disclosure

17  authorization form (time stamp on the top of the page). Doe Decl. ¶4. Defendants are responsible

18  for the failure to diligently manage the case.

19   B.  <u>DEFENDANTS FAILED TO IDENTIFY GOOD CAUSE TO EXTEND THE FACT CUT-</u>

20       <u>OFF DATE A SECOND TIME</u>

21       To establish "good cause," the party seeking to modify the scheduling order must generally

22  show that even with the exercise of due diligence, they cannot meet the scheduling order's

23  timetable. See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

24       The law makes clear that carelessness is incompatible with a finding of diligence and offers

25  no reason for a grant of relief. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir.

26  2002) (finding that a party moving to modify the pretrial scheduling order to extend discovery

27  was not diligent and thus failed to demonstrate good cause in part because the party did not seek

28  to modify the scheduling order until four months after it was issued); *Matrix Motor Co. v. Toyota*

1    *Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (denying motion to reopen

2    discovery and modify scheduling order because plaintiff failed to show diligence).

3        Defendants' implication is false that they have not received all of the records subpoenaed

4    through no fault of their own. Defendants did not diligently pursue discovery by deposing

5    Plaintiff's health care providers for Plaintiff's injury information. Nor did Defendants act with

6    due diligence to collect Plaintiff's medical records.

7        This case was filed almost two years ago. Plaintiff has an interest in timely resolution of her

8    claims, and as such, Plaintiff wishes to maintain the present schedule. Defendants cannot make

9    the court and plaintiff work with their schedule while they did not diligently pursue discovery.

10   Defendants' reasons supporting modification are unpersuasive, illogical, and unreasonable.

11   Defendants' proposed amendment would create further unnecessary delay. Therefore,

12   Defendants' request to amend the discovery cut-off date lacks any factual circumstances that

13   would establish good cause to do so.

14       As stated above, Defendants' decision to file their second Ex Parte Application is due to

15   their own neglect in failing to depose Plaintiff's health care providers prior to discovery cut-off

16   and seek a noticed motion within the ample amount of time provided to them. Defendants failed

17   to demonstrate that they acted diligently in managing the case and seeking the desired

18   amendment. Defendants had ample time and opportunities to avoid this crisis but they failed to do

19   so.

20   C.   PLAINTIFF SHOULD NOT BE COMPELLED TO SIGN THE LACDMH

21        AUTHORIZATION DISCLOSURE FORM

22       This court's previous ruling goes against California Constitution. Had the order denying

23   Plaintiff's motion to quash Defendants' subpoenas been appealable Plaintiff would have sought

24   appellate review. Defendants not only subpoena any and all Plaintiff's medical records from

25   January 1, 2016 to Present, without limiting to Plaintiff's alleged injuries, regarding Plaintiff's

26   each and every organ. Outrageously enough, Defendants even request Plaintiff's HIV test result,

27   alcohol and drug records that are wholly irrelevant to this litigation. Doe Decl. ¶4. Defendants'

28   pursue of Plaintiff's medical records is harassing and illegal. This court should not compel

1   Plaintiff to sign any authorization form or compel LACDMH to produce the records without/over

2   Plaintiff's authorization.

3   **III.   CONCLUSION**

4         Based on the foregoing, Plaintiff respectfully requests this Court deny Defendants' second

5   ex parte application to extend discovery cut-off date, compel plaintiff to sign authorization form,

6   and/or compel LACDMH to produce the records without/over Plaintiff's authorization.

7         Dated: March 21, 2022

8         Respectfully submitted.

9                                                    */s/ JANE DOE*

10                                                   JANE DOE, Plaintiff in Pro Se

**DECLARATION OF PLAINTIFF JANE DOE**

I, JANE DOE, declare and state:

1.   I am the plaintiff in this case and I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify thereto.

2.   On Apr 22, 2021 in response to Defendants' discovery requests I provided all the names and contact information of my health care providers.

3.   On May 26, 2021, over a month after Defendants received the above discovery response, defense counsel subpoenaed my medical records.

4.   Since Jan 19, 2022 Defendants already has possessed the LACDMH disclosure authorization form (time stamp on the top of the page). In this form, Defendants even request my HIV test result, alcohol and drug records that are wholly irrelevant to this litigation. A true and correct copy of the LACDMH disclosure authorization with time stamp is attached hereto as Exhibit 1.

5.   On Feb 1, 2022 Defendants served a new subpoena to Greater El Monte Hospital and the production date was set on Feb 22, 2022. A true and correct copy of the subpoena is attached hereto as Exhibit 2.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 21, 2022

/s/ JANE DOE____

JANE DOE, Plaintiff in Pro Se

**CERTIFICATE OF SERVICE**

I, JANE DOE, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I reside in the County of Los Angeles, State of California. My business address is 11151 Valley Blvd #4886, El Monte, CA 91734, in said county and state.

On March 21, 2022 I electronically filed the following document(s):

Plaintiff's Opposition to Defendants' Second Ex Parte Application (Dkt. 118)

with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: March 21, 2022

*/s/ JANE DOE*

JANE DOE

Plaintiff in Pro Se

EXHIBIT 1

Case 8:20-cv-00322-JWH-JSD Document 111-8 Filed 03/03/23 Page 9 of 12 Page Page ID
#:1521
**REDACTED**

# LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH
## AUTHORIZATION FOR USE OR DISCLOSURE OF
## PROTECTED HEALTH INFORMATION

**CLIENT**:

Jane Doe/

_____     _____     _____
Name of Client/Previous Name             Birth Date            Client Number

_____
Name of Legal Representative (If applicable)

_____     _____
Street Address                          City, State  ZIP Code

| **AUTHORIZES**: | **USE OR DISCLOSURE OF** |
| | **PROTECTED HEALTH INFORMATION TO**: |
| Los Angeles Department of Mental Health | County of Orange c/o Collins + Collins LLP |
| Name of Agency | Name of Health Care Provider/Other |
| 695 S Vermont Ave., Suite 900 | 750 The City Drive, Suite 400 |
| Street Address | Street Address |
| Los Angeles, CA 90020 | Orange, CA 92868 |
| City, State  ZIP Code | City, State ZIP Code |

**INFORMATION TO BE RELEASED**: First Legal, 600 W. Santa Ana Blvd., Santa Ana, CA 92701

[X] Assessment/Evaluation     [X] Psychological Test Results     [X] Diagnosis

[X] Laboratory Results     [X] Medication History/Current Medication     [X] Treatment

[X] Entire Record (Justify): _____

[X] Other (Specify): ____Billing_____

**NOTE**: Records may include information related to alcohol or drug use and HIV or AIDS. However, treatment records from drug and alcohol facilities or results of HIV test will not be disclosed unless specifically requested.

Check all that apply:     [X] Alcohol or Drug Records     [X] HIV Test Results

Method of delivery of requested records:

[ ] Mail     [ ] Pickup     [X] Electronic Device (CD, USB)

**PURPOSE OF USE OR DISCLOSURE**: (Check applicable category)    Electronic production to First Legal receiving@firstlegal.com

[ ] Client Request

[X] Other (Specify): ____Litigation____

Will the agency receive any benefits for the use or disclosure of information? [ ] Yes [X] No

I understand that my Protected Health Information used or disclosed pursuant to this Authorization may no longer be protected by federal law and could be further used or disclosed by the recipient without my authorization.  I also understand that once my information is used or disclosed, it may not be possible to recall.

**EXPIRATION DATE**: This Authorization is valid until _____ / _____ / _____.
                                               Month      Day      Year

## LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH
## AUTHORIZATION FOR USE OR DISCLOSURE OF
## PROTECTED HEALTH INFORMATION

**YOUR RIGHTS WITH RESPECT TO THIS AUTHORIZATION**:

**Right to Receive a Copy of Authorization** - I understand that if I agree to sign this Authorization, which I am not required to do, I must be provided with a signed copy of the form.

**Right to Revoke Authorization** - I understand that I have the right to revoke this Authorization at any time by notifying LACDMH in writing. I may use the Revocation of Authorization at the bottom of this form and mail or deliver the revocation to:

_____          _____
Contact Person                                                      Agency Name

_____          _____
Address                                                               City, State  ZIP Code

I also understand that a revocation will not affect the ability of LACDMH or any health care provider to use or disclose the health information for reasons related to the prior reliance on this Authorization or otherwise allowed by law.

**Conditions**: I understand that I may refuse to sign this Authorization without affecting my ability to obtain treatment. However, LACDMH may condition the provision of research-related treatment on obtaining an authorization to use or disclose protected health information created for that research-related treatment. (In other words, if this Authorization is related to research that includes treatment, you will not receive that treatment unless this Authorization form is signed.)

I have had an opportunity to review and understand the content of this Authorization form. By signing this Authorization, I am confirming that it accurately reflects my wishes.

✗ _____          ✗ _____
Signature of Client/Legal Representative          Date

If signed by someone other than the client, state relationship and authority:
✗ _____

---

## REVOCATION OF AUTHORIZATION

_____
Name of Client

_____          _____
Signature of Client/Legal Representative          Date

If signed by someone other than the client, print name and state relationship and authority.

Printed Name: _____

Relationship and Authority: _____

---

MH 602 (09/2016)                                                                        Page 2 of 2

EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT of CALIFORNIA

| | | |
|---|---|---|
| **JANE DOE** | ) | |
| *Plaintiff* | ) | Civil Action No. SACV 20-00322-JWH (GJS) |
| *v.* | ) | |
| | ) | |
| **COUNTY OF ORANGE** | ) | |
| *DEFENDANT* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: GREATER EL MONTE COMMUNITY HOSPITAL**
**1701 Santa Anita Ave.**
**South El Monte, CA 91733**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**See Attachment to Subpoena in a Civil Case.**

| | |
|---|---|
| Place: | Phone: (877) 591-9979 |
| **First Legal Records** | Date and Time: |
| **600 W Santa Ana Blvd, Santa Ana, CA 92701** | **2/22/2022 10:00 AM** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **February 1, 2022**

| *CLERK OF COURT* | OR | *REBECCA J. CHMURA, ESQ.* |
|---|---|---|
| | | **/s/ REBECCA J. CHMURA, ESQ.** |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT COUNTY OF ORANGE, who issues or requests this subpoena, are:

**REBECCA J. CHMURA, ESQ.**
**Collins + Collins LLP**
**750 The City Drive, Suite 400, Orange, CA 92868**
**(714) 823-4100**

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/141654-01