Michael L. Wroniak (State Bar No. 210347)
Rebecca J. Chmura (State Bar. 319106)
**COLLINS + COLLINS LLP**
750 The City Drive, Suite 400
Orange, CA  92868
(714) 823-4100 – FAX (714) 823-4101
Email:  mwroniak@ccllp.law
Email:  rchmura@ccllp.law

Attorneys for Defendant
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 8:20-cv-00322-JWH (GJS)<br>*[Assigned to Judge John W. Holcomb Courtroom 2]*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS AND REQUEST FOR MONETARY SANCTIONS OF $2,275.00 AGAINST PLAINTIFF JANE DOE**<br><br>**Hearing:**<br>**Date:**　　　**June 6, 2022**<br>**Time:**　　　**3:00 p.m.**<br>**Courtroom:**　**640**<br><br>Complaint Filed: 2/18/20<br>Trial Date:　　None |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on or about **June 6, 2022, at 3:00 p.m.**, or a date convenient to this Court's calendar, in Courtroom 640 of the United States District Court, District of California, Central District, located at the Roybal Federal Building

and United States Courthouse 255 E. Temple St., Los Angeles, CA 90012, 6th Floor, Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington (collectively, "Defendants") hereby move and seek an order pursuant to F.R.C.P. 37(b)(2)(A) for terminating sanctions, specifically dismissal, against Plaintiff Jane Doe ("Plaintiff") for her willful failure to sign and return the authorization disclosure required by the Los Angeles County Department of Mental Health ("LACDMH") to produce Plaintiff's medical records (which this Court already ordered that Defendants were entitled to on December 14, 2021) in violation of this Court's March 23, 2022 Order. (Doc. 120.)

The Court's March 23, 2022 Order ordered Plaintiff to sign and return the authorization form from LACDMH for records. (Doc. 120.) Plaintiff filed a writ of mandamus with the Ninth Circuit Court of Appeals to prevent having to sign the authorization, however the writ was denied. As such, Defendants asked Plaintiff for the signed authorization. However, to date, Plaintiff has not provided Defendants with the signed authorization. There is no reason that Plaintiff should not sign and return the authorization as she has been ordered to do so. Her failure to do so is a clear violation of this Court's Order and being done simply to prejudice Defendants and impede the discovery process.

The Court's March 23, 2022, Order was very clear that should she "fail to sign the authorization(s) she will be deemed in violation of this Court's order and to have failed to cooperate in discovery, and will be subject to sanctions, potentially including the presentation of a recommendation or proposed order to the District Judge that includes preclusionary or terminating sanctions." (Doc. 120.) Thus, because of such, terminating sanctions, specifically dismissal of this action, or terminating sanctions amenable to this Court, should be imposed against Plaintiff.

In addition, per F.R.C.P. 37(b)(2)(C)(3), Plaintiff should be required to pay Defendants' attorney's fees in the amount of $2,275.00 for having to bring motion for

*FILE # 22348*

COLLINS+COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

2

**NTC & MTN TERM. SANCTIONS & MONETARY SANCTIONS AGAINST PLAINTIFF**

1  Plaintiff's willful failure to comply.

2  Defendants argue there is good cause to waive the requirement under L.R. 37-1 for a prefiling conference of counsel as the March 23, 2022, order already explicitly stated that Plaintiff will be deemed in violation of the Court order should she not sign the form. (Doc. 120.) Thus, there should have been no confusion or debate from Plaintiff. Moreover, counsel for Defendants were not even informed that the writ, which presumably prevented the signature on the authorization until it had been decided, had been denied until late afternoon on April 19, 2022. (Declaration of Rebecca J. Chmura ["Chmura Decl."], ¶ 5;) Thus, Defendants were unable to even request a conference per L.R. 37-1 given the time necessary to bring a fully noticed motion before the discovery cut-off, and this Court's admonition that such motion could not be brought via *ex parte* Application. However, Defendants in good faith did try to meet and confer with Plaintiff in order to resolve this issue outside of judicial intervention. (Chmura Decl., ¶ 6; Exhibit "1.") However, Plaintiff never responded and the parties were unable to come to a resolution.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Rebecca J. Chmura, the [Proposed] Order, and exhibits thereto, all pleadings, records, and files in this action, and on such other evidence and argument as may be presented at the time of the hearing on this matter.

DATED: April 28, 2022            COLLINS + COLLINS LLP

                                 By: /s/ Rebecca J. Chmura
                                 _____
                                 REBECCA J. CHMURA
                                 MICHAEL L. WRONIAK
                                 Attorneys for Defendant COUNTY OF
                                 ORANGE; DON BARNES; WILLIAM
                                 BAKER; JOE BALICKI; MARK
                                 STICHTER; REYNA RIVERA;
                                 DEVONNA FALCONER; KASSANDRA
                                 MAYER; ELIA RODRIGUEZ; RACHEL
                                 ADDINGTON

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington (collectively, "Defendants") have continued to endure Plaintiff Jane Doe's ("Plaintiff") games and tactics throughout this action. Now, despite having been ordered to sign an authorization form so that Defendants may receive the medical records which has already been determined that they are entitled to, Plaintiff has intentionally and in bad faith failed to follow this Court's March 23, 2022 Order. Defendants attempted in good faith to meet and confer with Plaintiff regarding her failure to return the form, however she has failed to do so.

As such, Plaintiff should not be able to benefit from her antics any longer and per F.R.C.P. 37 terminating sanctions, specifically dismissal of this action, should be imposed against Plaintiff because her refusal is a knowing and intentional violation of the Court's order. Defendants hereby respectfully move for an order seeking terminating sanctions, specifically, dismissal of this action, or, in the alternative, whatever terminating sanctions this Court sees fit. Further, per F.R.C.P. 37(b)(2)(C), Plaintiff should be ordered to pay for Defendants' attorney's fees in the amount of $2,275.00 for having to bring this motion.

## II. RELEVANT PROCEDURAL BACKGROUND

After defeating Plaintiff's Motion to Quash its subpoenas and the Motion for Review of the denial of her Motion to Quash, it was determined that Defendants were entitled to receive Plaintiff's medical records. (Docs.74, 83, and 114.) Plaintiff was ordered to sign the LACDMH authorization, and any other such authorizations by this Court on March 23, 2022. (Doc. 120.) Plaintiff was required to sign the authorization no later than March 30, 2022. (*Id.*) In response, and to allegedly prevent the signature, Plaintiff filed a writ of mandamus on March 28, 2022. (Chmura Decl., ¶ 4.) Plaintiff's writ was denied on April 19, 2022. (Chmura Decl., ¶ 5.) Defendants' counsel was

*FILE # 22348*

informed of such denial in the late afternoon on April 19, 2022. (*Id*.) Assuming that Plaintiff would comply with this Court's order, Defendants were surprised that they needed to meet and confer with Plaintiff on April 25, 2022 reminding her that she was in violation of the Court's order and needed to sign and return the LACDMH authorization form. (Chmura Decl., ¶ 6; Exhibit "1.") There is good cause to permit the waiver of the conference under L.R. 37-1 given that the March 23, 2022 Order was clear that Plaintiff will be deemed in violation of the Order and subject to terminating sanctions if she does not comply and additionally, given the timing of the notice of the denial of the writ and the time to bring this motion, such conference was not possible. (Chmura Decl., ¶ 7.) As of today's date, Defendants have not received the form from Plaintiff nor heard back if she intends to comply. (Chmura Decl., ¶ 6.) As such, in order to bring a properly noticed motion to be heard before the discovery cut-off, this motion became necessary.

### III. **TERMINATING SANCTIONS SHOULD BE IMPOSED AGAINST PLAINTIFF FOR HER BLATANT REFUSAL TO SIGN THE LACDMH AUTHORIZATION DISCLOSURE FORM**

Per F.R.C.P. 37, terminating sanctions should be imposed against Plaintiff as she has directly and deliberately violated this Court's March 23, 2022 Order. (Doc. 120.) F.R.C.P. 37(b)(2)(A) states that when a party fails to obey an order the Court may issue other orders including, striking pleadings in whole or part; dismissing the action; preventing the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence, etc. It follows that "dismissal is appropriate under Fed.R.Civ.P. 37 for violation of a discovery order 'only where the failure to comply is due to willfulness, bad faith, or fault of the parties.'" (*N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986).) Moreover, the Ninth Circuit has "held that a Rule 37 dismissal does not violate the right to a jury trial where a party fails to comply with court-ordered discovery." (W*yle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983), wherein a dismissal of the action was warranted when the party failed to comply with court ordered discovery.) The United

*FILE # 22348*

5

**NTC & MTN TERM. SANCTIONS & MONETARY SANCTIONS AGAINST PLAINTIFF**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

States Supreme Court upholds the notion that dismissal for failure to comply with pre-trial discovery orders is permissible when the refusal is willful or in bad faith. (*Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212, (1958).)

In this case, Plaintiff was ordered on March 23, 2022, by this Court to sign the authorization form no later than March 30, 2022. (Doc. 120.) Plaintiff then attempted to shield herself from having to comply by filing a writ of mandamus with the Ninth Circuit. (Chmura Decl., ¶ 4.) That writ has since been denied. (Chmura Decl., ¶ 5.) Thus, Defendants attempted to meet and confer and get the form from Plaintiff outside of judicial intervention on April 25, 2022. (Chmura Decl., ¶ 6.) However, Plaintiff never responded. (*Id.*)

Plaintiff has willfully withheld her signature in an attempt to prevent Defendants from getting the information in her records to explore her claims and prepare its defenses, has continued to impede the discovery process, and has acted in bad faith. Thus, like applicable Ninth Circuit and SCOTUS precedent, terminating sanctions in the form of a dismissal, or whatever is amenable to this Court, should be imposed against Plaintiff for her willful and deliberate violation. The Court was very specific in its March 23, 2022 Order that Plaintiff would be considered in violation of the Court's order should she not comply and subject to terminating sanctions. (Doc. 120.) There is no question that Plaintiff deliberately decided not to comply.

### IV. MONETARY SANCTIONS AGAINST PLAINTIFF OF $2,275.00 ARE REQUIRED FOR DEFENDANTS HAVING TO BRING THIS MOTION

Additionally, per F.R.C.P. 37(b)(2)(C)(3), Plaintiff is **required** to pay for Defendants' attorney's fees and costs for having to bring this motion despite the Court's very clear order. F.R.C.P. 37(b)(2)(C)(3), states that "…in addition to these sanctions, the Court **must** require the party failing to act… to pay reasonable expenses including attorney's fees, caused by the failure." (Emphasis Added.) It has been held that

"sanctions are appropriate where a party or someone under the party's control is guilty of failing to produce documents or things as ordered by the court" (*Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 390 (N.D. Cal. 2012) *citing Wanderer v. Johnston*, 910 F.2d 652, 657 (9th Cir.1990).)

    Here, Plaintiff has violated the Court's Order by failing to produce her signature on the form despite being ordered to do so. (Doc. 120; Chmura Decl., ¶ 3.) Thus, under the **mandatory** language of the statute, monetary sanctions should be imposed against Plaintiff. Defendants' counsel spent three and a half hours preparing and drafting this motion, anticipates spending another 2 hours preparing a reply, and another one hour attending the hearing on this matter- a total of 6.5 hours. (Chmura Decl., ¶ 8.) At a reasonable rate of $350.00 per hour, Defendants have incurred $2,275.00 in attorney's fees in bringing this motion and should be able to recover the fees from Plaintiff. (Chmura Decl., ¶¶ 9-10.)

## V. CONCLUSION

    Given the above, Defendants respectfully request that this Court issue terminating sanctions, i.e. a dismissal of this action, against Plaintiff, or, in the alternative, terminating sanctions this Court sees fit for her failure to comply with this Court's March 23, 2022 Order. (Doc. 120.) Additionally, Plaintiff should be required to pay $2,275.00 to Defendants for attorney's fees for having to bring this motion.

DATED: April 28, 2022    COLLINS + COLLINS LLP

By: /s/ Rebecca J. Chmura
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendant COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON

FILE # 22348

7

NTC & MTN TERM. SANCTIONS & MONETARY SANCTIONS AGAINST PLAINTIFF

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101