**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>          Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>          Defendants. | CASE NO. 8:20-cv-00322-JWH (GJS)<br><br>*[Assigned to Judge John W. Holcomb Courtroom 2]*<br><br>**ORDER GRANTING DEFENDANTS' APPLICATION TO SEAL DOCUMENT 126-1;** *AND ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE SANCTIONED IN THE AMOUNT OF $500, PAYABLE TO PLAINTIFF*<br><br>Complaint Filed: 2/18/20<br>Trial Date:      None |

This matter came before the Court on Application brought by Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington (collectively, "Defendants") to seal Defendants' Declaration and Exhibit "1" (Dkt 126-1). For the reasons set forth below, the Application is GRANTED, but the Court also issues the ORDER TO SHOW CAUSE as described herein.

*FILE # 22348*

COLLINS+COLLINS LLP

1

**ORDER GRANTING DEFTS.' APP TO PERMANENTLY SEAL DOC 126-1**

Defendants contend that they inadvertently filed the documents as issue in their Application in the public record without making sure that Plaintiff Doe's personal information was not disclosed therein. The Court thus GRANTS the Application to Seal in order to protect Plaintiff's privacy.

The Court is, however, very concerned with Defendants' negligence, which may constitute gross negligence in handling Plaintiff's private information given that this is the second time this has happened in this case. Plaintiff had to bring Defendants' previous failure to the Court's attention to remedy that situation. The Court therefore **ORDER DEFENDANTS TO SHOW CAUSE** why they should not be sanctioned in the amount of $500 for the mishandling of Plaintiff's personal information.

The Court notes that, in any event, it will consider Defendants' failures to abide by the Protective Order and properly handle Plaintiff's personal information in connection with Defendants' Motion for Terminating Sanctions.

**THERE FORE, IT IS ORDERED, ADJUDGED, AND DECREED:**

1. Defendants Application to Seal Document 126-1 is **GRANTED**;
2. Doc. 126-1 (Declaration of Rebecca J. Chmura in support of Defendants' Motion for Terminating Sanctions and $2,275.00 in Monetary Sanctions against Plaintiff Jane Doe and Exhibit "1") shall be sealed;
3. The refiled Motion for Terminating Sanctions and $2,275.00 in Monetary Sanctions against Plaintiff Jane Doe, Declaration of Rebecca Chmura, Exhibit "1" and the [Proposed] Order (Dkt. No. 128) will be the operative motion.
4. Defendants are **ORDERED TO SHOW CAUSE** by no later than Tuesday, May 10, 2022, why they should not be required to pay $500 to Plaintiff for their negligence in handling her personal information. Defendants may choose to pay

FILE # 22348

Plaintiff $500 rather than filing a Response to this OSC. If they do so, they must file a notice electing to do so on Tuesday, May 10, 2022, and then must pay Plaintiff the amount by no later than June 30, 2022.

**IT IS SO ORDERED.**

DATED: May 5, 2022

_____
Honorable Gail J. Standish
United States District Judge

*FILE # 22348*

3

**ORDER GRANTING DEFTS.' APP TO PERMANENTLY SEAL DOC 126-1**