Michael L. Wroniak (State Bar No. 210347)
Rebecca J. Chmura (State Bar. 319106)
**COLLINS + COLLINS LLP**
750 The City Drive, Suite 400
Orange, CA  92868
(714) 823-4100 – FAX (714) 823-4101
Email:  mwroniak@ccllp.law
Email:  rchmura@ccllp.law

Attorneys for Defendant
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiffs,<br><br>    vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO. 8:20-cv-00322-JWH (GJS)<br>*[Assigned to Judge John W. Holcomb Courtroom 2]*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL SUBPOENA RESPONSE OF NON-PARTY HEREDIA THERAPY**<br><br>**Hearing:**<br>**Date:         June 6, 2022**<br>**Time:         3:00 p.m.**<br>**Courtroom:   640**<br><br>Complaint Filed: 2/18/20<br>Trial Date:          None |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on or about **June 6, 2022, at 3:00 p.m.**, or a date convenient to this Court's calendar, in Courtroom 640 of the United States District

Court, District of California, Central District, located at the Roybal Federal Building and United States Courthouse 255 E. Temple St., Los Angeles, CA 90012, 6th Floor, Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington (collectively, "Defendants") hereby move and seek an order pursuant to F.R.C.P. 45 to compel Heredia Therapy ("Heredia") to comply with the subpoena within ten (10) days.

This motion is brought pursuant to F.R.C.P. 45, *et seq.*, which allows Defendants to bring a motion against Heredia (non-parties) for its failure to comply with a subpoena for records or tangible things. Heredia has failed to fully comply with the subpoena for medical and billing records and, to date, Defendants have not received medical and billing records from Heredia. Defendants attempted to meet and confer with Heredia pursuant to L.R. 37 and 45-1, however, were not successful. (Chmura Decl., ¶ 14.) As such, this motion became necessary.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Rebecca J. Chmura, the [Proposed] Order, and exhibits thereto, all pleadings, records, and files in this action, and on such other evidence and argument as may be presented at the time of the hearing on this matter.

DATED:   May 6, 2022                COLLINS + COLLINS LLP

By: _____
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendant COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON

*FILE # 22348*

2

**NTC & MTN TO COMPEL NON-PARTY RESP TO SUBPOENA HEREDIA THERAPY**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington (collectively, "Defendants") served Heredia Therapy ("Heredia") to receive records per subpoena related to Plaintiff Jane Doe's ("Plaintiff") medical records. However, to date, and despite Defendants' many attempts to receive the full records outside of this Court's intervention, they have been unsuccessful. As such, per F.R.C.P. 45, Defendants respectfully request that this Court grant its motion for an Order compelling Heredia to comply with the subpoena within ten (10) days of this Court's order.

## II. RELEVANT PROCEDURAL BACKGROUND

Defendants served their subpoena for medical and billing records to Heredia on or about May 26, 2021. (Chmura Decl., ¶ 3; Exhibits "1.") On or about July 7, 2021, Plaintiff filed a Motion to Quash County's subpoenas and this motion was denied by Judge Standish. (Docs. 74 and 83.) Shortly thereafter, on or about July 16, 2021, Plaintiff filed a Motion for Review by the District Court Judge John Holcomb of her Motion to Quash County's Subpoenas. (Doc. 87.) Defendant County opposed Plaintiff's motion. (Doc. 90.) Judge John W. Holcomb denied Plaintiff's Motion to Quash on December 14, 2021, and ruled that Defendants are entitled to the discovery of Plaintiff's medical records. (Doc. 114.)

Defendants have acted diligently in attempting to contact and get the records from Heredia per the subpoena. (Chmura Decl., ¶ 5.) On December 17, 2021, only two days after being notified that the motion to quash was denied and that Defendants were entitled to the records, Defendants informed their attorney service, First Legal, of the ruling and asked to have the subpoena to Heredia be reactivated. (*Id*.) Since that date, Defendants' counsel has been following up with First Legal regularly about the status of the outstanding records. (Chmura Decl., ¶ 6-8) First Legal reported that the location has been

*FILE # 22348*

3

**NTC & MTN TO COMPEL NON-PARTY RESP TO SUBPOENA HEREDIA THERAPY**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

unresponsive. (Chmura Decl., ¶¶ 6-8.) To date, Defendants have not received medical and billing records from Heredia. (Chmura Decl., ¶ 4.) Additionally, Heredia has not filed objections to prevent compliance with the subpoena. (*Id*.)

In an effort to comply with L.R. 37 and 45-1, Defendants' counsel, in good faith, attempted to meet and confer and contact Heredia on April 27, 2022, April 28, 2022, and May 2, 2022, to May 5, 2022. (Chmura Decl., ¶ 14.) On April 28, 2022, Defendants' counsel spoke with someone named Janae at Heredia. (Chmura Decl., ¶ 10.) She asked for a copy of the subpoena and that was faxed to Heredia upon her request that same day. (Chmura Decl., ¶ 10.) On April 29, 2022, Defendants received a voicemail from an individual named Claudia at Heredia who claimed that she was having trouble locating the records. (Chmura Decl., ¶ 11.) Defendants attempted to return Claudia and Heredia's call on May 2, 2022, May 3, 2022, May 4, 2022, and May 5, 2022, but only reached their voicemail each time. (Chmura Decl., ¶¶ 12-13.) As such, Defendants certify that based on the foregoing, counsel has in good faith attempted to meet and confer with Heredia pursuant to L.R. 37 and 45-1 to avoid judicial intervention, however, have not been successful. (Chmura Decl., ¶ 14.)

### III. <u>HEREDIA SHOULD BE COMPELLED TO COMPLY WITH THE SUBPOENA</u>

Given Heredia's failure to respond or produce the records, it should be compelled to comply with the subpoena in full. F.R.C.P. 45 allows a party to bring a motion to compel responses when a non-party fails to respond to a subpoena issued to produce documents or tangible things. (F.R.C.P. 45(d)(2)(B)(i).) *See also In re Subpoena to Vaughn Perling*, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019) "The Court may also grant a motion to compel compliance with a Rule 45 subpoena … where the nonparty has not formally objected but has instead failed to respond." (*citing Miranda v. Hokinson*, 2008 WL 11337227, at *2 (C.D. Cal. Dec. 12, 2008).)

Defendants served a subpoena on Heredia in this matter and to date, have not received a response. (Chmura Decl., ¶¶ 3-4.) Per F.R.C.P. 45, Defendants request an

Order requiring Heredia to comply with and respond to the subpoena in full within a reasonable time period. Defendants respectfully suggest within ten (10) days of the Court's Order.

In addition, Defendants ask that Heredia be ordered to comply in full, without objection, because Heredia have waived any objections to the subpoena by not objecting within 14 days. (*See* Fed. R. Civ. P. 45(d)(2)(B) (objections must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served."); *McCoy v. Sw. Airlines Co.,* 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("Failure to serve timely objections waives all grounds for objection.").)

Finally, Defendants argue that this motion is properly filed in this District, as the place for compliance, as the locations for where Heredia are located is in the Central District. (*See Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018).)

## IV. CONCLUSION

Given the above, under F.R.C.P. 45, Defendants respectfully request that this Court grant their Motion and require Heredia to respond to the subpoena in full and without objection with ten (10) days of this Court's Order.

DATED:     May 6, 2022               COLLINS + COLLINS LLP

By: /s/ Rebecca J. Chmura
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendant COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON

FILE # 22348