**Michael L. Wroniak (State Bar No. 210347)**
**Rebecca J. Chmura (State Bar. 319106)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email: mwroniak@ccllp.law**
**Email: rchmura@ccllp.law**

Attorneys for Defendant
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO. 8:20-cv-00322-JWH (GJS)<br>*[Assigned to Judge John W. Holcomb Courtroom 2]*<br><br>**DECLARATION OF REBECCA J. CHMURA ISO DEFENDANTS' MOTION TO COMPEL SUBPOENA RESPONSE OF NON-PARTY HEREDIA THERAPY**<br><br>**Hearing:**<br>**Date:** June 6, 2022<br>**Time:** 3:00 p.m.<br>**Courtroom:** 640<br><br>Complaint Filed: 2/18/20<br>Trial Date: None |

///
///
///
///

*FILE # 22348*

1

**CHMURA DECL. ISO MTN TO COMPEL NON-PARTY HEREDIA RESP SUBPOENA**

# DECLARATION OF REBECCA J. CHMURA

I, Rebecca J. Chmura, declare as follows:

1. I make this Declaration in support of Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington's (collectively, "Defendants") motion for an order pursuant to F.R.C.P. 45 to Heredia Therapy ("Heredia") to comply with the subpoena within ten (10) days.

2. I am an attorney duly licensed to practice law in the State of California and in all of the United States Federal District Courts in California. I, and this law firm, Collins + Collins, LLP, represent Defendants in the above captioned action. I have personal knowledge as to the matters declared herein.

3. Defendants served their subpoena for records to Heredia on or about May 26, 2021. Attached hereto as Exhibit "1" is a true and correct copy of the subpoena that was served on Heredia on or about May 26, 2021.

4. To date, Defendants have not received billing and medical records from Heredia. Additionally, Heredia has not filed objections to prevent complying with the subpoenas. I am personally aware of this as I have examined the information in our case file for this matter and the records received.

5. Defendants have acted diligently in attempting to get the records per its subpoena to Heredia by regularly and nearly bi-weekly following up with the attorney service, First Legal. My office utilizes First Legal, an attorney service, for facilitating subpoenas and getting records from medical providers in the ordinary course of business. Defendants' subpoenas in this matter were being handled by First Legal. On December 17, 2021, only two days after the receipt of the ruling on Plaintiff's Motion for Review of her Motion to Quash (Doc. 114) (which is dated December 14, 2021, but was served to the parties, on December 15, 2021), I instructed First Legal to reopen the subpoenas and attempt to get the records from all providers at issue.

*FILE # 22348*

2

**CHMURA DECL. ISO MTN TO COMPEL NON-PARTY HEREDIA RESP SUBPOENA**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

6. On January 11, 2022, my office followed up and received an update from First Legal regarding the subpoenas in this matter. First Legal informed me that there were no records received from Heredia. I continued to follow up with First Legal about its contact with Heredia from January 11, 2022 to March 15, 2022, but First Legal had no updates and had not heard anything from this provider.

7. On March 16, 2022, First Legal informed my office that it was still following up with Heredia and have not heard anything.

8. From March 16, 2022 to April 27, 2022, First Legal had not received or heard anything related to records from Heredia.

9. On April 27, 2022, I left two voicemails with Heredia at 562-821-1491, however did not receive a response or callback.

10. On April 28, 2022, I spoke to an individual named Janae at Heredia. She asked that we fax the subpoena to their office and they would look into it. On April 28, 2022, per Janae's request, I faxed a copy of the Heredia subpoena to her office. Attached hereto as Exhibit "2" is a true and correct copy of the fax cover letter I sent to Janae regarding this subpoena.

11. On April 29, 2022, I received a voicemail from Claudia at Heredia, phone number 562-828-1822, at my office number. Her voicemail claimed they were having difficulties locating the records. The email indicating that I have a voicemail sent to my office phone was sent to my spam folder and I did not see it until I checked my spam email folder on May 2, 2022.

12. I asked my assistant to respond to Claudia's voicemail and get an update on the records and try to assist them in locating the records. My assistant, Ms. Jazmin Ruiz, called Claudia back at 562-828-1822 on April 29, 2022, at 1:32 p.m. and 3:00 p.m.; May 3, 2022, at 2:15 p.m.; May 4, 2022, at 10:59 a.m. and 1:51 p.m.; May 5, 2022 at 10:32 a.m. and 2:50 p.m. Each time she received no answer and left a voicemail.

13. I attempted to call Claudia at Heredia at 562-828-1822 on May 5, 2022 at

*FILE # 22348*

approximately 4:05 p.m. and left a voicemail. I also tried the 562-821-1491 number and left a voicemail.

14. Each time in my voicemails and my assistant's voicemails we indicated that we were going to be forced to file a motion to compel compliance if we were not able to get a response and/or the records. As such, I attempted to meet and confer with Heredia on April 27, 2022, April 28, 2022, and May 5, 2022, pursuant to L.R. 37 and 45-1 in order to resolve this and receive the records without judicial intervention or bringing this motion but my efforts were not successful. Efforts were also made by my assistant from May 2, 2022 to May 5, 2022 to get an update from Heredia.

I declare under penalty of perjury under the laws of the State of California and the United States District Court, District of California, Central District that the foregoing is true and correct. Executed on May 6, 2022, at Orange, California.

By: _____
REBECCA J. CHMURA

**EXHIBIT 1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE<br>*Plaintiff*<br>v.<br><br>COUNTY OF ORANGE<br>*Defendant* | )<br>)<br>) Civil Action No. SACV 20-00322-JWH (GJS)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Heredia Therapy Group, 13200 Crossroads Parkway, Suite #300, City of Industry, CA 91746
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place: First Legal<br>600 W Santa Ana Blvd.<br>Santa Ana, CA 92701 | Date and Time:<br>June 25, 2021 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 26, 2021

*CLERK OF COURT*

_____   OR   *[signature]*
*Signature of Clerk or Deputy Clerk*          MARIAH A. WITT

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* County of Orange
Collins Collins LLP, 750 The City Drive, Suite 400, Orange, CA 92868  , who issues or requests this subpoena, are:
750 The City Drive, Suite 400, Orange, CA 92868
ph: 714-823-4100
email: mwitt@ccllp.law

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. SACV 20-00322-JWH (GJS)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 8:20-cv-00322-JWH-GJS   Document 137-1   Filed 05/06/22   Page 8 of 12   Page ID #:1889

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Deposition Subpoena for Production of Business Records**
**Attachment 3**
**Documents Requested**

Re:    Jane Doe v. County of Orange
        USDC, Case No. SACV 20-00322-JWH (GJS)

Date of Birth: ▮▮▮▮▮▮

## DOCUMENTS REQUESTED

1. Any and all medical **DOCUMENTS** from **January 1, 2016 to Present**, detailing, referring to, describing or otherwise mentioning **JANE DOE; DOB** ▮▮▮▮▮▮, including but not limited to, medical reports, including doctor's entries, nurses' charts, progress reports, therapy records, pathology reports, x-ray reports, lab reports, case history, emergency room records, counseling records, admitting sheets, special tests, inpatient and outpatient records, any sign-in sheets pertaining to the care and treatment, diagnosis, prognosis, condition, discharge, including but not limited to, any records/documents that may be stored digitally and/or electronically, including orders and results and specifically for any discharge orders, all detailed screen shots within any computer system;

2. A disc of any and all film/radiology records from **January 1, 2016 to Present**, detailing, referring to, describing or otherwise mentioning **JANE DOE; DOB** ▮▮▮▮▮▮, including but not limited to original x-ray films, MRI's, CT scans; and

3. Any and all billing **DOCUMENTS** from **January 1, 2016 to Present** detailing, referring to, describing or otherwise mentioning **JANE DOE; DOB** ▮▮▮▮▮▮ including but not limited to, statements of accounts, writings, any payments made or received, any credits, adjustments, write-offs, reconciliations, contract price payments or reduction, payments by any health insurance entity, personal payments by or to patient from any source, HMO, PPO, Medi-Cal, Medicare or contract payments by any entity concerning said patient, billing ledgers, reports and/or statements of charges rendered and any insurance records. (This request for records includes any and all evidence of any payments from any source regarding the account of this patient to or from any person and/or entity, including but not limited to any records/documents that may be stored digitally and/or electronically.

## GENERAL DEFINITIONS

1. The term "**DOCUMENT**" and/or "**DOCUMENTS**" shall mean and refer to a writing and/or recording as defined in *California Evidence Code* section 250, including, without limitation, any printed, written, recorded (in any audio, video, digital or any other electronic or electromagnetic medium), email, electronic mail, graphic, or other tangible matter from whatever source, however produced or reproduced, whether sent, received, or neither, including without limitation the original, all drafts, and any non-identical copies (whether different for the original because of notes "made on or attached to the copy or otherwise) thereof;

2. The term "**JANE DOE**" shall mean a female, with DOB ▮▮▮▮▮▮ and legal name: ▮▮▮▮▮▮. She also has a known alias of "▮▮▮▮▮▮

## PROOF OF SERVICE
### (CCP §§ 1013(a) and 2015.5; FRCP 5)

State of California,       )
                           ) ss.
County of San Diego.       )

    I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 2011 Palomar Airport Road, Suite 207, Carlsbad, California 92011.

    On this date, I served the foregoing document described as **SUBPOENA TO PRODUCED DOCUEMNTS, INFORAMTION, OR OBJECTS TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO HEREDIA THERAPY GROUP** on the interested parties in this action by transmitting the same via electronic mail and by placing same in a sealed envelope, postage fully prepaid, addressed as follows:

Jane Doe

### **PLAINTIFF IN PRO SE**

☒ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Carlsbad, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Carlsbad, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Carlsbad, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on Plaintiff Jane Doe at the email address on file with the Court which is redacted herein per request of Plaintiff Jane Doe through the Court's CM/ECF Electronic Filing system:

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached <u>Service List</u> and the activity report(s) generated by facsimile number (760) 274-2111 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **May 26, 2021** at Carlsbad, California.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
MARIAH STEPHENS
mstephens@ccllp.law

**EXHIBIT 2**



REBECCA J. CHMURA
Orange County Office
750 The City Drive, Suite 400
Orange, CA  92868
T   714-823-4100
F   714-823-4101
rchmura@ccllp.law

April 28, 2022

**VIA FACSIMILE**

Attn: Janae
Heredia Therapy Group
13200 Crossroads Parkway, Suite #300
City of Industry, CA 91746
Fax: (562) 362-3157

Re:   Jane Doe v. County of Orange, et al.
       Our File Number: 22348

Dear Janae:

Pursuant to your request, enclosed please find a copy of the subpoena that was served to Heredia Therapy ("Heredia") and which requires an immediately response.

Additionally, per our phone conversation on April 28, 2022 if we do not receive a response from your office by Noon on April 29, 2022, we will be forced to move to compel Heredia's compliance to produce the records per our subpoena per F.R.C.P. 45 and will seek sanctions for my office having to bring this motion. If you have any questions feel free to contact me.

Very truly yours,

COLLINS + COLLINS LLP

REBECCA J. CHMURA

RJC:jvr

Los Angeles County
Orange County
San Diego County
Northern California
Inland Empire

www.ccllp.law