**Michael L. Wroniak (State Bar No. 210347)**
**Rebecca J. Chmura (State Bar. 319106)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA  92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email:  mwroniak@ccllp.law**
**Email:  rchmura@ccllp.law**

Attorneys for Defendant
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE, | CASE NO. 8:20-cv-00322-JWH (GJS) |
| Plaintiffs, | *[Assigned to Judge John W. Holcomb Courtroom 2]* |
| vs. | **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: MOTION FOR TERMINATING SANCTIONS AND REQUEST FOR MONETARY SANCTIONS OF $2,275.00 AGAINST PLAINTIFF JANE DOE** |
| COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive, | |
| Defendants. | **Hearing** |
| | **Date:**  June 15, 2022 |
| | **Time:**  3:00 p.m. |
| | **Dept.:**  640 |
| | Complaint Filed: 2/18/20 |
| | Trial Date:  None |

*FILE # 22348*

1

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington (collectively, "Defendants") hereby submit their Proposed Findings of Fact and Conclusions of Law regarding their Motion for Terminating Sanctions (Doc. 128) as requested by this Court on May 4, 2022. (Doc. 130).

## FINDINGS OF FACT

Based on the record of proceedings in this matter, Defendants submit the following proposed findings of fact:

1. On May 26, 2021, Defendant County of Orange's ("County") served a subpoena for medical and billing records Arcadia Mental Health Center/ Los Angeles County Department of Mental Health ("LACDMH")). (Doc. 75, page 3:24-26.)

2. On June 15, 2021, Plaintiff filed a Motion to Quash County's subpoenas to LAC/USC Medical Center, Arcadia Mental Health Center, Pacific Clinics, Greater El Monte Community Hospital, and Heredia Therapy Group. (Doc. 74.)

3. On June 15, 2021, the County opposed Plaintiff's Motion to Quash the County's subpoenas. (Doc. 75:5-7, 19-26.)

4. On July 7, 2021, Magistrate Judge Gail J. Standish denied Plaintiff's Motion to Quash the County's subpoenas (Doc. 74). (Doc 83.)

5. On July 16, 2021, Plaintiff filed a Motion for Review with the District Court Judge regarding the Magistrate Judge Standish's denial of the Motion to Quash the County's subpoenas. (Doc. 87.)

6. On July 23, 2021, Defendants filed an opposition to Plaintiff's Motion for Review regarding the denial of her Motion to Quash the County's subpoenas. (Doc. 91.)

7. On December 14, 2021, District Court Judge John Holcomb denied Plaintiff's Motion for Review and affirmed Magistrate Judge Standish' Order. (Doc. 114.)

///

8. On March 16, 2022, Defendants' counsel, Rebecca Chmura, attempted to meet and confer with Plaintiff and asked her to sign the Arcadia/LACDMH authorization form which was needed to release the records per subpoena. (Doc. 118-1, page 2:15-27.)

9. On March 17, 2022, Plaintiff indicated that she refused to sign the Arcadia/LACDMH form. (Doc. 118-1, pages 2:4-3:5.)

10. On March 18, 2022, Defendants moved this Court for an order to compel Plaintiff to sign the Arcadia/LACDMH authorization form. (Doc. 118.)

11. On March 23, 2022, Magistrate Judge Standish granted Defendants' application (Doc. 118) and Plaintiff was ordered to sign the LACDMH authorization form, as well as any other authorization form, no later than March 30, 2022. The Order stated that "[s]hould Plaintiff fail to sign such authorization(s), she will be deemed in violation of this Court's order and to have failed to cooperate in discovery and will be subject to sanctions, potential including the presentation of a recommended or proposed order to the District Judge that includes preclusionary or terminating sanctions." (Doc. 120.)

12. On March 30, 2022, Plaintiff filed a Writ of Mandamus with the Ninth Circuit seeking relief from having to comply with Magistrate Judge's March 23, 2022 Order compelling her to sign the LACDMH authorization form and other forms. (Doc. 121.)

13. On April 19, 2022, the Ninth Circuit denied Plaintiff's Writ of Mandamus. (Doc. 128-1, pages 2:26-28-3:1-2.)

14. On April 25, 2022, Defendants' counsel, Rebecca Chmura, again asked Plaintiff to sign the Arcadia/LACDMH authorization and reminded her that she was ordered to do so on March 23, 2022. (Doc. 118-1, page 3:3-9.)

15. Plaintiff did not respond to Defendants' counsel's, Rebecca Chmura's, April 25, 2022 email. (Doc. 118-1, page 3:7.)

///

*FILE # 22348*

3

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**

16. Plaintiff has failed to comply with the Court's March 23, 2022 Order requiring her to sign the Arcadia/LACDMH form by March 30, 2022. (Doc. 128.)

17. Plaintiff has willfully violated this Court's March 23, 2022, Order without any justification. (Doc. 128.)

18. Defendants incurred attorney's fees in the amount of $2,275.00 for having to bring their Terminating Sanctions Motion. (Doc. 128-1, page 3:15-26.)

## CONCLUSIONS OF LAW

Applying the law set forth in this decision to the factual findings supported by the evidence, Defendants hereby submits the following proposed conclusions of law with respect to the issues presented:

19. Terminating sanctions against Plaintiff for her willful failure to comply with this Court's March 23, 2022 Order are warranted. Terminating sanctions for failure to comply with a Court order are explicitly authorized under F.R.C.P. Rule 37(b)(2)(A). (F.R.C.P. Rule 37(b)(2)(A).) Under F.R.C.P. Rule 37(b)(2)(A), sanctions include "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." (F.R.C.P. Rule 37(b)(2)(A)(iii)-(iv).)

20. Dismissal of Plaintiff's action is warranted because her violation of the Court's March 23, 2022, Order was willful, in bad faith, and at no fault of Defendants. The Ninth Circuit has held that, "dismissal is appropriate under Fed.R.Civ.P. 37 for violation of a discovery order 'only where the failure to comply is due to willfulness, bad faith, or fault of the parties.'" (*N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986).) Further, "Courts have the inherent power to dismiss an action if a party has "willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." (*Id.*) Moreover, the Ninth Circuit has "held that a Rule 37 dismissal does not violate the right to a jury trial where a party fails to comply with court-ordered discovery." (*Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983), wherein a dismissal of the action was warranted when the party failed to comply with court

ordered discovery.) The United States Supreme Court upholds the notion that dismissal for failure to comply with pre-trial discovery orders is permissible when the refusal is willful or in bad faith. (*Societe Internationale Pour Participations Industrielles Et Commerciales*, *S. A. v. Rogers*, 357 U.S. 197, 212, (1958).)

21. Alternatively, should the Court find that dismissal is too harsh, F.R.C.P. Rule 37(b)(2)(A) authorizes this Court to issue other orders including: (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iv) staying further proceedings until the order is obeyed; (vi) rending a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

22. When a party willfully fails to obey a discovery order, mandatory sanctions in the form of payment of attorneys' fees and costs to the party having to bring the motion are required. F.R.C.P. 37(b)(2)(C)(3), states that "…in addition to these sanctions, the Court **must** require the party failing to act… to pay reasonable expenses including attorney's fees, caused by the failure." (Emphasis Added.) It has been held that "sanctions are appropriate where a party or someone under the party's control is guilty of failing to produce documents or things as ordered by the court" (*Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 390 (N.D. Cal. 2012) *citing Wanderer v. Johnston*, 910 F.2d 652, 657 (9th Cir.1990).)

## RECOMMENDED ORDER

Based on the above proposed findings of fact and conclusions of law, Defendants respectfully requests that this Court enters a recommended order finding in favor of the Defendants. Specifically, this Court should impose terminating sanctions in the form of a dismissal against Plaintiff for her willful failure and violation of this Court's March 23, 2022 Order. Alternatively, Defendants respectfully request that this Court impose terminating sanctions against Plaintiff in the form it sees fit. Further, given Plaintiff's failure to obey the discovery order, she is required to pay Defendants' attorneys' fees

Case 8:20-cv-00322-JWH-GJS Document 138 Filed 05/11/22 Page 6 of 6 Page ID #:1901

and costs for having to bring this motion.

DATED: May 11, 2022　　　　　　　COLLINS + COLLINS LLP

By: _____
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendant COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON

*FILE # 22348*

6

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101