**Michael L. Wroniak (State Bar No. 210347)**
**Rebecca J. Chmura (State Bar. 319106)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA  92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email:  mwroniak@ccllp.law**
**Email:  rchmura@ccllp.law**

Attorneys for Defendants
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO. 8:20-cv-00322-JWH (GJS)<br>*[Assigned to Judge John W. Holcomb Courtroom 2]*<br><br>**NOTICE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Memorandum of Points & Authorities; Joint Exhibits; Joint Statement; Request for Judicial Notice; Exhibit Table of Contents; [Proposed] Judgment; and [Proposed] Order]*<br><br>**Hearing**<br>**Date:**     June 15, 2022<br>**Time:**     10:00 a.m.<br>**Dept.:**    640<br><br>Complaint Filed: 2/18/20<br>Trial Date:          None |

*FILE # 22348*

1

**NOTICE DEFTS.' MSJ OR PARTIAL SUMM. JUDG.**

**TO THIS COURT AND JANE DOE IN *PRO PER*:**

**PLEASE TAKE NOTICE** that on June 15, 2022, at 10:00 a.m., or as soon thereafter as may be heard by this Court, in Courtroom 640 of the above-entitled Court, located at the Roybal Federal Building and United States Courthouse, 255 E. Temple Street, Los Angeles, CA 90012, Courtroom 640, 6th Floor, Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington (collectively, "Defendants"), will and hereby do move for an order granting summary judgment per F.R.C.P. 56 as to Plaintiff Jane Doe's ("Plaintiff") Fourth Amended Complaint as there are no genuine disputes as to any material fact and Defendants are entitled to judgment as a matter of law for the following reasons:

A. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her First Claim for the Violation of the 14th Amendment (42 U.S.C. § 1983) – Outright Denials of Life Necessities against Defendant County of Orange ("County") because Plaintiff did not suffer any constitutional violation and the County cannot be liable simply for employing an alleged tortfeasor.

B. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Second Claim for the Violation of the 14th Amendment (42 U.S.C. § 1983) – Overcrowding and Sleep Deprivation against the County, Defendants Don Barnes, William Baker, Joe Balicki, and Mark Stichter (collectively, "Individual Defendants") because Plaintiff did not suffer any constitutional violation, Individual Defendants are entitled to qualified immunity, Individual Defendants have no direct involvement with Plaintiff's claims, and the County cannot be liable simply for employing an alleged tortfeasor.

C. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Third Claim for the Violation of the 14th Amendment (42 U.S.C. § 1983) – Strip Search and Bodily Privacy against the County and Individual Defendants because Plaintiff did not suffer any constitutional violation, Individual

Defendants are entitled to qualified immunity, Individual Defendants have no direct involvement with Plaintiff's claims, and the County cannot be liable simply for employing an alleged tortfeasor.

D. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Fourth Claim for the Violation of the 14th Amendment (42 U.S.C. § 1983) – Harassing Cell Search against the County and Defendants Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington (collectively, "Deputy Defendants") because Plaintiff did not suffer any constitutional violation, Deputy Defendants are entitled to qualified immunity, and the County cannot be liable simply for employing an alleged tortfeasor.

E. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Fifth Claim for the Violation of the 1st Amendment (42 U.S.C. § 1983) – Freedom of Expression against the County and Deputy Defendants because Plaintiff did not suffer any constitutional violation, Deputy Defendants are entitled to qualified immunity, and the County cannot be liable simply for employing an alleged tortfeasor.

F. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Seventh Claim for Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983) against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

G. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Eighth Claim for Municipal Liability for Failure to Train and Supervise (42 U.S.C. § 1983) against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

3
**NOTICE DEFTS.' MSJ OR PARTIAL SUMM. JUDG.**

H. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Ninth Cause of Action for Violation of California Constitution Article I § 7 – Denial of Life Necessities against the County because Plaintiff did not suffer any constitutional violation and the County is immune under Government Code § 815.2(b) and 844.6.

I. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Tenth Cause of Action for Violation of California Constitution Article I § 7 – Overcrowding and Sleep Deprivation against the County and Individual Defendants because Plaintiff did not suffer any constitutional violation, the County is immune under Government Code § 815.2(b) and 844.6, and Individual Defendants are immune under Government Code § 820.8.

J. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Eleventh Cause of Action for Violation of California Constitution Article I § 13 – Strip Search against the County and Individual Defendants because Plaintiff did not suffer any constitutional violation, the County is immune under Government Code § 815.2(b) and 844.6, and Individual Defendants are immune under Government Code § 820.8.

K. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Twelfth Cause of Action for Violation of California Constitution Article I § 13 – Harassing Cell Search against the County and Deputy Defendants because Plaintiff did not suffer any constitutional violation, Deputy Defendants are immune under Government Code § 820.2, the County is immune under Government Code § 815.2(b) and 844.6, and Deputy and Individual Defendants are immune under Government Code § 820.8.

L. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Thirteenth Cause of Action for Violation of California Constitution Article I § 2 – Freedom of Expression against the County and Deputy Defendants because Plaintiff did not suffer and constitutional violation, the County is immune under

Government Code § 815.2(b) and 844.6, and the Deputy Defendants are immune under Government Code §§ 820.2 and 820.8.

M. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Fourteenth Cause of Action for Violation of California Constitution Article I § 1 – Right of Privacy against all Defendants because Plaintiff did not suffer any constitutional violation, Individual and Deputy Defendants are immune under Government Code § 820.8, Deputy Defendants are immune under Government Code § 820.2, and the County is immune under Government Code § 815.2(b) and 844.6.

N. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Fifteenth Cause of Action for Negligent Supervision, Training, Disciplining, and Retraining Employees against the County and Individual Defendants because Individual Defendants lacked any knowledge that the Deputy Defendants were improperly trained and/or hired, the cause of action is barred against the County as it is not based upon statute, the County is immune under Government Code § 815.2(b) and 844.6, and Individual Defendants are immune under Government Code § 820.8.

O. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Sixteenth Cause of Action for Violation of Penal Code § 4030 against the Individual Defendants because Individual Defendants were not involved with the alleged searches and Individual Defendants are immune under Government Code § 820.8

P. There are no genuine disputes as to any material fact and Plaintiff will not prevail on her Seventieth Cause of Action for Intentional Infliction of Emotional Distress against all Defendants because there is no showing of any extreme or outrageous conduct by Defendants, there is no causation between such conduct and Plaintiff's damages, Deputy Defendants are immune under Government Code § 820.2, Individual and Deputy Defendants are immune under Government Code §

820.8, and the County is immune under Government Code § 815.2(b) and 844.6.

**PLEASE TAKE NOTICE THAT IN THE ALTERNATIVE**, and should the Court determine that summary judgment is not appropriate for any reason, Defendants will and hereby do move pursuant to F.R.C.P. 56, for an order granting partial summary judgment as to Plaintiff's Fourth Amended Complaint as there are no genuine disputes as to any material fact and Defendants are entitled to partial summary judgment as a matter of law for the following reasons and based upon the following Issues:

1. Plaintiff will not prevail on her First Claim against the County because Plaintiff did not suffer any constitutional violation and because it cannot be liable simply for employing an alleged tortfeasor. (Facts 1-11.)

2. Plaintiff will not prevail on her Second Claim against the County because Plaintiff did not suffer any constitutional violation and it cannot be liable simply for employing an alleged tortfeasor. (Facts 12-37.)

3. Plaintiff will not prevail on her Second Claim against the Individual Defendants because Plaintiff did not suffer any constitutional violation, Individual Defendants are entitled to qualified immunity, and they have no direct involvement with Plaintiff's claims. (Facts 12-37, 58-70.)

4. Plaintiff will not prevail on her Third Claim against the County because Plaintiff did not suffer any constitutional violation and it cannot be liable simply for employing an alleged tortfeasor. (Facts 38-55.)

5. Plaintiff will not prevail on her Third Claim against the Individual Defendants because Plaintiff did not suffer any constitutional violation, they are entitled to qualified immunity, and they have no direct involvement with Plaintiff's claims. (Facts 38-55, 58-70.)

6. Plaintiff will not prevail on her Fourth Claim against the County because Plaintiff did not suffer any constitutional violation and it cannot be liable simply for employing an alleged tortfeasor. (Facts 38-55.)

7. Plaintiff will not prevail on her Fourth Claim against the Deputy Defendants

because Plaintiff did not suffer any constitutional violation and they are entitled to qualified immunity. (Facts 38-55, 58-70.)

8. Plaintiff will not prevail on her Fifth Claim against the County because Plaintiff did not suffer any constitutional violation and it cannot be liable simply for employing an alleged tortfeasor. (Facts 56-57.)

9. Plaintiff will not prevail on her Fifth Claim against Deputy Defendants because Plaintiff did not suffer any constitutional violation and they are entitled to qualified immunity. (Facts 56-57, 58-70.)

10. Plaintiff will not prevail on her Seventh Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised. (Facts 1-11, 12-37, 38-55, 56-57, 58-70.)

11. Plaintiff will not prevail on her Eighth Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised. (Facts 1-11, 12-37, 38-55, 56-57, 58-70.)

12. Plaintiff will not prevail on her Ninth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6. (Facts 1-11, 12-37, 75.)

13. Plaintiff will not prevail on her Tenth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6. (Facts 12-37, 75.)

14. Plaintiff will not prevail on her Tenth Cause of Action against the Individual Defendants because Plaintiff did not suffer any constitutional violation and they are immune under Government Code § 820.8. (Facts 12-37, 58-70.)

15. Plaintiff will not prevail on her Eleventh Cause of Action against the County

because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6. (Facts 38-55, 58-70, 75.)

16. Plaintiff will not prevail on her Eleventh Cause of Action against the Individual Defendants because Plaintiff did not suffer any constitutional violation and they are immune under Government Code § 820.8. (Facts 38-55.)

17. Plaintiff will not prevail on her Twelfth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6. (Facts 38-55, 75.)

18. Plaintiff will not prevail on her Twelfth Cause of Action against Deputy Defendants because Plaintiff did not suffer any constitutional violation they are immune under Government Code §§ 820.2 and 820.8. (Facts 38-55, 58-70.)

19. Plaintiff will not prevail on her Twelfth Cause of Action against the Individual Defendants because they are immune under Government Code § 820.8. (Facts 58-70.)

20. Plaintiff will not prevail on her Thirteenth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6. (Facts 56-57, 75.)

21. Plaintiff will not prevail on her Thirteenth Cause of Action against the Deputy Defendants because Plaintiff did not suffer any constitutional violation they are immune under Government Code §§ 820.2 and 820.8. (Facts 56-57, 58-70.)

22. Plaintiff will not prevail on her Fourteenth Cause of Action against all Defendants because Plaintiff did not suffer any constitutional violation. (Facts 38-55.)

23. Plaintiff will not prevail on her Fourteenth Cause of Action against Individual Defendants are immune under Government Code § 820.8. (Facts 58-70.)

24. Plaintiff will not prevail on her Fourteenth Cause of Action against Deputy Defendants are immune under Gov. Code §§ 820.2 and 820.8. (Facts 58-70.)

25. Plaintiff will not prevail on her Fourteenth Cause of Action against the County is because it is immune under Government Code §§ 815.2(b) and 844.6. (Fact 75.)

26. Plaintiff will not prevail on her Fifteenth Cause of Action against the County and Individual Defendants because Individual Defendants lacked any knowledge that the Deputy Defendants were improperly trained and/or hired. (Facts 65, 67, 68, 71.)

27. Plaintiff will not prevail on her Fifteenth Cause of Action against the County because it is barred against the County as it is not based upon statute, and it is immune under Government Code §§ 815.2(b) and 844.6. (Facts 65, 67, 68, 71, 75.)

28. Plaintiff will not prevail on her Fifteenth Cause of Action against the Individual Defendants because they are immune under Government Code § 820.8. (Facts 58-70, 71.)

29. Plaintiff will not prevail on her Sixteenth Cause of Action against the Individual Defendants because they were not involved with the alleged searches and they because they are immune under Government Code § 820.8. (Facts 39-44, 58-70.)

30. Plaintiff will not prevail on her Seventieth Cause of Action against all Defendants because there is no showing of any extreme or outrageous conduct by Defendants and there is no causation between such conduct and Plaintiff's damages. (Facts 58-70, 72-74, 75.)

31. Plaintiff will not prevail on her Seventieth Cause of Action against the Individual Defendants because they are immune under Government Code § 820.8. (Facts 58-70.)

32. Plaintiff will not prevail on her Seventieth Cause of against the Deputy Defendants because they are immune under Government Code §§ 820.2 and 820.8. (Facts 58-70.)

33. Plaintiff will not prevail on her Seventieth Cause of Action against the County because it is immune under Government Code §§ 815.2(b) and 844.6. (Fact 75.)

///

///

This Motion is based upon this Notice; the accompanying Memorandum of Points and Authorities; the Joint Statement; the Joint Exhibits; Request for Judicial Notice; the declarations and exhibits filed in support herein; the complete files and records of this action; the [Proposed] Judgment; [Proposed] Order; and upon such other oral or written matters as may properly come before this Court.

This Motion is made following Defendants' unsuccessful conference of counsel with Plaintiff which took place on April 29, 2022. (Declaration of Rebecca J. Chmura, ¶ 9.).

DATED: May 13, 2022                                        COLLINS + COLLINS LLP

By: _____
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendants COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax     (714) 823-4101

10

**NOTICE DEFTS.' MSJ OR PARTIAL SUMM. JUDG.**