1  **Michael L. Wroniak (State Bar No. 210347)**
2  **Rebecca J. Chmura (State Bar. 319106)**
   **COLLINS + COLLINS LLP**
3  **750 The City Drive, Suite 400**
4  **Orange, CA  92868**
   **(714) 823-4100 – FAX (714) 823-4101**
5  **Email:  mwroniak@ccllp.law**
6  **Email:  rchmura@ccllp.law**

7  Attorneys for Defendants
8  COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE
   BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER;
9  KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

10
                      **UNITED STATES DISTRICT COURT**
11
12            **DISTRICT OF CALIFORNIA, CENTRAL DISTRICT**

13  JANE DOE,                      ) CASE NO. 8:20-cv-00322-JWH (GJS)
14                                 ) *[Assigned to Judge John W. Holcomb*
                   Plaintiffs,     ) *Courtroom 2]*
15                                 )
16        vs.                      ) **JOINT STATEMENT OF UNDISPUTED**
                                   ) **FACTS AND GENUINE DISPUTES RE:**
17  COUNTY OF ORANGE; DON          ) **DEFENDANTS' MOTION FOR**
18  BARNES; WILLIAM BAKER; JOE     ) **SUMMARY JUDGMENT OR, IN THE**
    BALICKI; MARK STICHTER; and    ) **ALTERNATIVE, PARTIAL SUMMARY**
19  DOES 1-10, inclusive,          ) **JUDGMENT**
                                   ) *[Filed concurrently with Notice;*
20                 Defendants.     ) *Memorandum of Points & Authorities; Joint*
21                                 ) *Exhibits; Request for Judicial Notice;*
                                   ) *Exhibit Table of Contents; [Proposed]*
22                                 ) *Judgment; and [Proposed] Order]*
23                                 )
24                                 ) **Hearing**
                                   ) **Date:      June 15, 2022**
25                                 ) **Time:      10:00 a.m.**
26                                 ) **Dept.:     640**
                                   )
27                                 ) Complaint Filed: 2/18/20
28                                 ) Trial Date:      None

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax    (714) 823-4101

                                    1
─────────────────────────────────────────────────────────────────
**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

**TO THIS COURT AND JANE DOE IN *PRO PER*:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rule 56-1, and District Court Judge John Holcomb's Standing Order dated February 25, 2022, Plaintiff Jane Doe and Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington (collectively, "Defendants") hereby submit this Joint Statement of Uncontroverted Facts and Genuine Disputes regarding Defendants' Motion for Summary Judgment, or, in the alternative, Partial Summary Judgment:

## UNDISPUTED FACTS IN SUPPORT OF SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

| # | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply[1] |
|---|---|---|---|---|---|
| **Facts in Support of Summary Judgment and Partial Summary Judgment as to Issue Nos. 1, 10, 11, and 12:** | | | | | |

**Issue 1:** Plaintiff will not prevail on her First Claim against the County because Plaintiff did not suffer any constitutional violation and because it cannot be liable simply for employing an alleged tortfeasor.

**Issue 10:** Plaintiff will not prevail on her Seventh Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

**Issue 11:** Plaintiff will not prevail on her Eighth Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

---

[1]  Defendants reserve their right to amend their responses and/or add additional information in reply to Plaintiff's opposition and/or any additional exhibits or evidence she may present. Defendants also reserve their right to assert evidentiary objections to Plaintiff's exhibits and evidence. At the time of the filing of their moving papers, Defendants had not seen copies of the alleged declaration of Doe and Lu and were not provided copies of her exhibits.

*FILE # 22348*

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4940
Fax     (714) 823-4101

**Issue 12:** Plaintiff will not prevail on her Ninth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6.

| 1. | Defendants | Inmates are provided food at 5:00 a.m. (breakfast); 11:00 a.m. (lunch); and 4:00 p.m. (dinner). | **Joint Exhibit Part B at 222** (Jail Policies, 1712.1(k)(2)) **Joint Exhibit Part D at 412, 416** (Declaration of Commander Mark Stichter ["Stichter Decl."], ¶ 5, 15.) | It is irrelevant because Plaintiff repeatedly requested food on Aug 8, 2019. Doe Decl., ¶6. | This is relevant and material. Plaintiff finished the booking process and entered the jail after meal-times had concluded. She admits to receiving food the next morning. (See Fact 3.) There is no substantial denial of life's necessities.<br><br>Plaintiff fails to unequivocally dispute this |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

| | | | | | fact or state that it is undisputed. Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |
|---|---|---|---|---|---|
| 2. | Defendants | Plaintiff Jane Doe ("Plaintiff") was booked into WCJ around 4:46 p.m. | **Joint Exhibit Part A at 106** (Booking Record) **Joint Exhibit Part A at 19-23** (Depo. Trans. of Plaintiff, Vol. II (74:15-78:7)) **Joint Exhibit Part D at 450** (Declaration of Rebecca J. Chmura | It is irrelevant because Plaintiff repeatedly requested food and something to keep warm on Aug 8, 2019. Doe Decl., ¶6. | Plaintiff's evidence that she repeatedly asked for food and/or something to keep warm does not contradict that she was booked into WCJ around 4:46 p.m. Per Fed. R. Civ. P. |

FILE # 22348

4

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax  (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | | ["Chmura Decl.,"] ¶ 3.) **Joint Exhibit Part D at 416** (Stichter Decl., ¶ 16.) | | 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |
| 3. | Defendants | Plaintiff received food the morning after she was incarcerated. | **Joint Exhibit Part B at 154-156** (Plaintiff's Verified Responses to Defendant County of Orange's Interrogatories, Set One, No. 10) **Joint Exhibit Part D at 451** (Chmura Decl., ¶ 7.) | Disputed. Plaintiff was taken to WCJ in the morning on Aug 8, 2019 and did not receive any food or snack until the next morning on Aug 9, 2019 despite she repeatedly requested food. Doe Decl., ¶6. See Plaintiff's Responses to Defendant County of Orange's First Set of Requests | Plaintiff's response supports this fact as she states that she received food the next morning on August 9, 2019. |

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | | | For Admission RFA NO. 2&3. | |
|---|---|---|---|---|---|
| **4.** | Defendants | Plaintiff admits that she ate three meals per day in jail. | **Joint Exhibit Part C at 265-266** (Depo. Trans. of Plaintiff, Vol. IV (71:25-72:17)) **Joint Exhibit Part D at 451** (Chmura Decl., ¶ 9.) | | |
| **5.** | Defendants | Plaintiff's claims of cold temperature are limited to the booking process. | **Joint Exhibit Part A at 37** (Depo. Trans. of Plaintiff, Vol. II (96:6-8.)) **Joint Exhibit Part C at 263-264** (Depo. Trans. of Plaintiff, Vol. IV (69:22-71:20)) **Joint Exhibit** | Disputed. Plaintiff's claims of cold temperatures are limited to first floor of WCJ. Doe Decl., ¶2, 5, 7. Whenever she was placed on first floor she had to endure bone chilling temperatures. | Plaintiff's response supports this fact as she admitted in deposition that the first floor included the booking process. **Joint Exhibit Part C at 263-264** (Depo. Trans. of Plaintiff, |

FILE # 22348

6

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | | Part D at 450-451 (Chmura Decl., ¶¶ 3, 8.) | See Plaintiff's Responses to Defendant County of Orange's First Set of Requests For Admission RFA NO. 5. | Vol. IV (69:22-71:20)) |
|---|---|---|---|---|---|
| 6. | Defendants | WCJ has an air conditioning system and exhaust fans in the restrooms and common areas to move fresh conditioned air throughout the building. | **Joint Exhibit Part D at 412** (Stichter Decl., ¶ 6.) **Joint Exhibit Part D at 419** (Declaration of Dave O'Connell ["O'Connell Decl."], ¶ 5.) | Irrelevant. | This is relevant and material.  This fact shows that WCJ had systems in place to ensure comfortable temperatures for the inmates at WCJ.  Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

FILE # 22348

7

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | purposes of this motion. |
|---|---|---|---|---|---|
| 7. | Defendants | The air conditioning system is monitored and controlled by a computerized management system. | **Joint Exhibit Part D at 412** (Stichter Decl., ¶ 6.) **Joint Exhibit Part D at 419** (O'Connell Decl., ¶ 5.) | Irrelevant. | This is relevant and material. This fact shows that WCJ had systems in place to ensure comfortable temperatures for the inmates at WCJ. Moreover, it supports that the jail staff were not at liberty to control or change the temperature of the jail as the system was controlled by a third party. |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*FILE # 22348*

8

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |
| 8. | Defendants | The average temperature at WCJ is 70 degrees Fahrenheit. | **Joint Exhibit Part D at 419** (O'Connell Decl., ¶ 6.) | Disputed. WCJ's temperature monitor might not correctly display the temperature. WCJ staff was informed that Plaintiff was cold to death. Other inmates will and can testify whether it was bone chilling cold. Doe Decl., ¶2, 5, 7. | Plaintiff's response does not counter the evidence that the WCJ averaged 70 degrees Fahrenheit, which is a livable and maintainable temperature for human living. Plaintiff's assertion is speculative and unsupported |

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | | | | by any evidentiary support. Plaintiff or the alleged other inmates lack any personal or expert knowledge that the temperature monitor in the WCJ is allegedly incorrect. |
| 9. | Defendants | Plaintiff was provided a blanket. | **Joint Exhibit Part A at 32,** (Depo. Trans. of Plaintiff, Vol. II (87:1-7)) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | Disputed. Plaintiff was never provided a blanket when she was on the first floor and repeatedly told WCJ staff she was cold to death. Doe Decl., ¶2, 5, 7. | Plaintiff's response does not dispute this fact as she admitted in deposition that she received a blanket. **Joint Exhibit Part A at 32,** (Depo. Trans. of Plaintiff, |

*FILE # 22348*

10

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax        (714) 823-4101

| | | | | | Vol. II (87:1-7)) |
|---|---|---|---|---|---|
| **10.** | Defendants | Plaintiff was given a standard jail uniform. | **Joint Exhibit Part A at 7** (Depo. Trans. of Plaintiff, Vol. II (62:3)) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) **Joint Exhibit Part B at 183** (1600 Jail Rules, 1600.2(g)) **Joint Exhibit Part D at 412** (Stichter Decl., ¶¶ 5, 7.) | Irrelevant. | This is relevant and material. It shows that WCJ followed policy and issued Plaintiff a standard uniform, including a bra and underwear. Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |
| **11.** | Defendants | Inmates are provided clean and appropriate clothing, which is changed out | **Joint Exhibit Part B at 191, 202, 205** (1600 Jail Rules, 1600.3(n), 1604.1(d), 1604.5(f)) | Disputed. The first bra Plaintiff received was dirty. Plaintiff's clothing was never changed | Plaintiff's response does not dispute this fact. Plaintiff does not deny that she was given a jail |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

| | | two times per week | **Joint Exhibit Part D at 412** (Stichter Decl., ¶ 7.) | during the entire time when she was in WCJ for 4.5 days. Doe Decl., ¶2, 5, 24. | uniform. She also speculates that the bra she was given was dirty. She testified in deposition that it looked "old and ugly," however has no actual personal knowledge of the bra's age or cleanliness. Moreover, since Plaintiff was only in WCJ she may not have needed a change of clothes during the short four day stay. (**Joint Exhibit A at 9-11** |

FILE # 22348

12

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | | | (Depo. Trans. of Plaintiff, Vol. II (64:3-66: 15)) |
|---|---|---|---|---|

## <u>Facts in Support of Summary Judgment and Partial Summary Judgment as to Issue(s) No(s). 2, 3, 10, 11, 13, 14</u>

<u>Issue 2:</u> Plaintiff will not prevail on her Second Claim against the County because Plaintiff did not suffer any constitutional violation and it cannot be liable simply for employing an alleged tortfeasor.

<u>Issue 3:</u> Plaintiff will not prevail on her Second Claim against the Individual Defendants because Plaintiff did not suffer any constitutional violation, Individual Defendants are entitled to qualified immunity, and they have no direct involvement with Plaintiff's claims.

<u>Issue 10:</u> Plaintiff will not prevail on her Seventh Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

<u>Issue 11:</u> Plaintiff will not prevail on her Eighth Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

<u>Issue 13:</u> Plaintiff will not prevail on her Tenth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6.

<u>Issue 14:</u> Plaintiff will not prevail on her Tenth Cause of Action against the Individual Defendants because Plaintiff did not suffer any constitutional violation and they are immune under Government Code § 820.8.

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax        (714) 823-4101

| 12. | Defendants | Plaintiff was not confined to her cell 24 hours per day. | **Joint Exhibit Part A at 68** (Depo. Trans. of Plaintiff, Vol. II (139:9-23)) **Joint Exhibit Part B at 121** (Plaintiff's Verified Responses to Defendant Balicki's Requests for Admission, Set One, No. 9) **Joint Exhibit Part D at 450-451** (Chmura Decl., ¶¶ 3, 5.) **First Amended Complaint ("FAC"), ¶¶** 33, 43. | Disputed. Plaintiff was incarcerated for 4.5 days. During the entire time, other than going to court, she was permitted access to the patio only one time for about 45 minutes. Plaintiff was confined in her cell 24 hours per day, except going to court and patio. Doe Decl., ¶2, 22, 23. | Plaintiff's response supports this fact as she claims she was "permitted to access the patio" which was outside of her cell. |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

14

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| **13.** | Defendants | Plaintiff went outside on the roof during her time at WCJ. | **Joint Exhibit Part A at 49-50** (Depo. Trans. of Plaintiff, Vol. II (108:25-109:11)) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) **FAC**, ¶¶ 33, 43. | Plaintiff went to the patio only one time in 4.5 days. Doe Decl., ¶2, 22. | Plaintiff's response supports that she went out on the roof during her incarceration. Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |
| **14.** | Defendants | The 360 square foot dayroom in the Module is usually available for use from 6:00 a.m. to 11:00 p.m. | **Joint Exhibit Part D at 412** (Stichter Decl., ¶ 8.) **Joint Exhibit Part D at 420** (O'Connell Decl., ¶ 7.) | Irrelevant. The dayroom is within the cell next to the toilet. According to Title 24 Minimum Standards for Local Detention Facilities, the | This is relevant and material. Plaintiff's response does not dispute the actual square footage of the dayroom and does not dispute that it was available |

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | | | dorm area for 40 women should have been at least 2800 square feet and the dayroom should have been at least 1400 square feet. Doe Decl., ¶2, 3. | for use from 6:00 a.m. to 11:00 p.m.<br><br>Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |
| **15.** | Defendants | Plaintiff's Module had about 40 inmates. | **Joint Exhibit Part A at 32** (Depo. Trans. of Plaintiff, Vol. II (87:22-23)<br>**Joint Exhibit Part B at 124-125** (Plaintiff's Verified Response to Addington's Interrogatories, Set One, No. 1.) | Undisputed. | |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | **Joint Exhibit Part D at 450-451** (Chmura Decl., ¶¶ 3, 6.) | | |
| **16.** | Defendants | The Module G Tank 2 Dorm is about 1,000 square feet. | **Joint Exhibit Part D at 413** (Stichter Decl., ¶ 8.) **Joint Exhibit Part D at 420** (O'Connell Decl., ¶ 7.) | According to Title 24 Minimum Standards for Local Detention Facilities, the dorm area for 40 women should have been at least 2800 square feet and the dayroom should have been at least 1400 square feet. Doe Decl., ¶2, 3. | Plaintiff's response does not dispute the actual square footage of the Module. Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |
| **17.** | Defendants | Inmates have the opportunity to have three | **Joint Exhibit Part B at 202, 205** (1600 Jail Rules, | Disputed. It never happened. Other inmates | Plaintiff's response does not dispute that WCJ policy |

**COLLINS + COLLINS LLP**
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*FILE # 22348*

17

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | hours of outdoor recreation each week. | 1604.1(K), 1604.5(b)(1).) **Joint Exhibit Part D at 412-413** (Stichter Decl., ¶¶ 5, 8.) | will and can testify. Doe Decl., ¶2, 22. | allows three hours of outdoor time. Plaintiff also previously stated in response to Fact 12 that she did access the patio, which is the outdoor time at this facility. |
| 18. | Defendants | During her incarceration, Plaintiff did not complain to any WCJ staff about overcrowding. | **Joint Exhibit Part A at 68** (Depo. Trans. of Plaintiff, Vol. II (139:4-6)) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | After being pushed to sit down, after being laughed at for being cold to death, after being yelled at "This is jail. Don't come to jail next time", after being denied food despite repeated | Plaintiff does not deny that she did not complain to the staff about the overcrowding. She admits to not complaining. Per Fed. R. Civ. P. 56(e)(2), the |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone    (714) 823-4100
Fax        (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | | | requests, not a reasonable person would dare to complain anything else. Deputies did a very great job to create an intimidating environment. Doe Decl., ¶25. | fact must be deemed undisputed for purposes of this motion. |
| 19. | Defendants | Between the hours of lights out and the morning, all inmates are required to remain on their assigned bunks quietly, except when it is necessary to use toilet facilities. | **Joint Exhibit Part B at 186** (1600 Jail Rules, 1600.2(q).) **Joint Exhibit Part D at 412** (Stichter Decl., ¶ 5.) | Irrelevant. Plaintiff and other inmates were ordered to shut up during the day, not the hours of lights out. Doe Decl., ¶2. | This is relevant and material. Plaintiff's response does not dispute that inmates are permitted to use the toilet at night. Per Fed. R. Civ. P. 56(e)(2), the fact must be |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

*FILE # 22348*

19

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | deemed undisputed for purposes of this motion. |
|---|---|---|---|---|---|
| **20.** | Defendants | Lights were turned off in Plaintiff's cell at night. | **Joint Exhibit Part A at 69** (Depo. Trans. of Plaintiff, Vol. II (140:14-21) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) **Joint Exhibit Part D at 446** (Declaration of Deputy Reyna Rivera ["Rivera Decl.]", ¶ 6.) **Joint Exhibit Part D at 424** (Declaration of Devonna Falconer ["Falconer | Disputed. The light over Plaintiff's bed was never turned off. Other inmates will and can testify. Doe Decl., ¶2, 28. | Plaintiff's response does not dispute that the lights left on at night are low-wattage. Other inmates have no personal knowledge of the lights directly above Plaintiff's bed. |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax        (714) 823-4101

*FILE # 22348*

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | Decl."], ¶ 8.) | | |
| | | | **Joint Exhibit D at 434-435** (Declaration of Kassandra Mayer ["Mayer Decl."], ¶ 8.) | | |
| | | | **Joint Exhibit Part D at 440** (Declaration of Deputy Elia Rodriguez ["Rodriguez Decl."], ¶ 8.) | | |
| | | | **Joint Exhibit Part D at 430** (Declaration of Deputy Rachel Addington ["Addington Decl."], ¶ 8.) | | |
| 21. | Defendants | At night, low-wattage security lights remained on. | **Joint Exhibit Part A at 69** (Depo. Trans. of Plaintiff, Vol. II | Disputed. The light over Plaintiff's bed was bright enough to read | Plaintiff's response does not dispute that the lights left on at night are |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

| | | | (140:14-16)) | a book. Other | low-wattage. |
|---|---|---|---|---|---|
| | | | **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) **Joint Exhibit D at 446,** (Rivera Decl., ¶ 6.) **Joint Exhibit Part D at 424** (Falconer Decl., ¶ 8.) **Joint Exhibit D at 434-435,** (Mayer Decl., ¶ 8.) **Joint Exhibit Part D at 440** (Rodriguez Decl., ¶ 8.) **Joint Exhibit Part D at 430** (Addington Decl., ¶ 8.) | inmates will and can testify. Doe Decl., ¶2, 28. | Being "bright enough to read" is a subjective opinion and not supported by any factual evidence. |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*FILE # 22348*

22

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| 22. | Defendants | Title 24 permits night lighting for purposes of good visibility for supervision. | **Joint Exhibit Part B at 241** (Title 24 1231.3.6) **Request for Judicial Notice ["RJN"], ¶ 4.** | | |
|---|---|---|---|---|---|
| 23. | Defendants | Plaintiff admitted that she thought she saw other inmates sleeping. | **Joint Exhibit Part A at 72** (Depo. Trans. of Plaintiff, Vol. II (143:3-7)) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | Disputed. Plaintiff saw other inmates lying in bed but she did not know whether they were actually asleep. See Plaintiff's Responses to Defendant Joe Balicki's First Set of Requests For Admission RFA NO. 3. | Plaintiff specifically answered "yes" when she was asked if she saw others sleep. **Joint Exhibit Part A at 72** (Depo. Trans. of Plaintiff, Vol. II (143:3-7)) |
| 24. | Defendants | Plaintiff admitted that she was able to get sleep | **Joint Exhibit Part A at 72 and 78** (Depo. Trans. of | Disputed. Plaintiff was able to have little sleep | Plaintiff admits that she was able to sleep at some point in |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | during her time at WCJ. | Plaintiff, Vol. II (143:3-7; 149:8-13)) **Joint Exhibit Part C at 261** (Depo. Trans. of Plaintiff, Vol. IV (67:15-18)) **Joint Exhibit Part D at 450-451** (Chmura Decl., ¶¶ 3, 9.) | during incarceration at WCJ and deny that she was able to sleep as much as needed or whenever she needed at WCJ. See Plaintiff's Responses to Defendant Joe Balicki's First Set of Requests For Admission RFA NO. 2. | WCJ. Her response supports this fact. |
| 25. | Defendants | Plaintiff claims she could not sleep because she was scared, not because of the lights. | **Joint Exhibit Part A at 34** (Depo. Trans. of Plaintiff, Vol. II (89:21-24)) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | Disputed. Plaintiff was unable to sleep due to the lights, noise, and the environment in WCJ. Doe Decl., ¶2, 28. | Plaintiff specifically testified at her deposition that she could not sleep because "she was scared." **Joint Exhibit Part A at 34** (Depo. Trans. |

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | | | | of Plaintiff, Vol. II (89:21-24)) |
|---|---|---|---|---|---|
| **26.** | Defendants | Plaintiff did not complain to any deputy or request to see a physician regarding the lights or noise. | **Joint Exhibit Part A at 71** (Depo. Trans. of Plaintiff, Vol. II (142:12-16) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | After being pushed to sit down, after being laughed at for being cold to death, after being yelled at "This is jail. Don't come to jail next time", after being denied food despite repeated requests, not a reasonable person would dare to complain anything else. Deputies did a very great job to create an intimidating | Plaintiff does not deny or dispute that she did not complain to the staff about the lights or noise. She admits to not complaining.  Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax  (714) 823-4101

FILE # 22348

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | environment. Doe Decl., ¶2, 25. | |
|---|---|---|---|---|---|
| **27.** | Defendants | Plaintiff had sleeping issues prior to coming to WCJ. | **Joint Exhibit Part A at 74** (Depo. Trans. of Plaintiff, Vol. II (145:4-6)) **Joint Exhibit Part C at 262** (Depo. Trans. of Plaintiff, Vol. IV (68:3-25)) **Joint Exhibit Part D at 450-451** (Chmura Decl., ¶¶ 3-4, 9.) **Joint Exhibit Part B at 108-111** (Plaintiff's Verified Responses to Defendant Falconer's | Disputed. Prior sleeping issues do not prove Plaintiff did not have sleeping issues due to WCJ's condition. Doe Decl., ¶2, 28. | Plaintiff offers no evidence to counter this fact. She admits to having sleeping issues and needing a sleeping aid prior to her incarceration. (See evidence in support of Fact 27.) |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | | Requests for Admission, Set One, Nos. 1-5, 7) **Joint Exhibit Part C at 386** (Doe v. Gavin Newsom, et al. Complaint, ¶ 141.) **RJN**, ¶ 2. | | |
| 28. | Defendants | WCJ keeps low-wattage lights on in the security areas on for security and safety of the facility, staff, and inmates. | **Joint Exhibit Part D at 413** (Stichter Decl., ¶ 9.) | Disputed. The light over Plaintiff's bed was bright enough to read a book. Other inmates will and can testify. Doe Decl., ¶2, 28. | Plaintiff's evidence does not counter that some low-wattage lights are left on for security reasons. |
| 29. | Defendants | Plaintiff agrees that inmates should be allowed to use | **Joint Exhibit Part A at 75-76** (Depo. Trans. of Plaintiff, Vol. | Disputed. Forcing 40 women to share 4 toilets with extreme loud | Plaintiff does not make a claim that it is unconstitutional for 40 women |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | the toilets at night, calling it "inhuman" to deny it. | II (146:23-147:12))<br>**Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | flushing noise is inhuman. Doe Decl., ¶2, 28. | to share 4 toilets. She only complained about the loud flushing during the night. However, she admitted in her deposition that inmates should be able to use the toilets at night and it would be inhuman to deny them that ability. Thus, she offers no evidence to counter this fact. |
| 30. | Defendants | Plaintiff was provided a toothbrush, toothpaste, soap, mattress, | **Joint Exhibit Part A at 32, 78-79** (Depo. Trans. of Plaintiff, Vol. | Disputed. Over 12 hours after being taken to WCJ, Plaintiff was finally | Plaintiff admits that she was provided a toothbrush, toothpaste, |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax   (714) 823-4101

*FILE # 22348*

28

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | sheets, and a blanket. | II (87:1-7; 149:17-150:11)) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | provided a toothbrush, toothpaste, soap, mattress, sheets, and a blanket. Doe Decl., ¶11. | soap, mattress, sheets, and a blanket. |
| **31.** | Defendants | New inmates are also provided a Welfare Pack upon entry which includes soap, toothbrush, toothpaste, and a comb. | **Joint Exhibit Part B at 201-202** (1600 Jail Rules, 1602.8(a).) **Joint Exhibit Part D at 412, 415** (Stichter Decl., ¶ 5, 13.) | Undisputed. | |
| **32.** | Defendants | WCJ's Welfare Pack is in line with the Title 15 Minimum Standards for Local Detention Facilities. | **Joint Exhibit Part B at 235** (Title 15 Minimum Standards for Local Detention Facilities, § 1265.) **Joint Exhibit** | Disputed. Plaintiff was not provided shaving implements as required by § 1265. | Plaintiff does not make any claim that she was not offered shaving implements at WCJ. Thus, her response is irrelevant for |

**COLLINS + COLLINS LLP**
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | **Part D at 415** (Stichter Decl., ¶ 13.) | | purposes of this motion. |
| **33.** | Defendants | Shampoo could have been ordered from commissary. | **Joint Exhibit Part A at 104-105** (6/2019 Jail Commissary Form.) **Joint Exhibit Part D at 415-416** (Stichter Decl., ¶ 14.) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | Disputed. Shampoo is basic hygienic product that is constitutionally required. Doe Decl., ¶2, 11. | This is a legal argument. Plaintiff does not dispute that shampoo could have been ordered through commissary. |
| **34.** | Defendants | Inmates without any funds can order a "Welfare Pack" of free hygiene items. | **Joint Exhibit Part B at 191, 205** (1600 Jail Rules, 1604.5(f)-(g), 1600.3(o).) **Joint Exhibit Part A at 104-105** (6/2019 Jail | Disputed. First, Plaintiff was not informed of such policy. Second, past records show that even after requests inmates would not receive | Plaintiff offers no evidence which disputes that this is WCJ's policy. Her personal knowledge of the policy now is irrelevant. |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | Commissary Form.) **Joint Exhibit Part D at 412, 415-416** (Stichter Decl., ¶¶ 5, 13-14.) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | "Welfare Pack." Doe Decl., ¶2, 5. | Regardless, Plaintiff was informed of this policy during the intake and booking policy. She signed the Booking Record attesting that she received and understood the jail rules. **Joint Exhibit Part A at 106** (Booking Record)<br><br>Moreover, if Plaintiff would have asked, she would have been provided more items from the |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

*FILE # 22348*

31

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | Welfare Pack if needed. (See evidence in support of Fact 35.) |
|---|---|---|---|---|---|
| 35. | Defendants | If an inmate runs out of allowable personal hygiene articles, articles from a Welfare Pack will be provided upon request. | **Joint Exhibit Part B at 202** (1600 Jail Rules, 1602.8(b).) **Joint Exhibit Part D at 412, 415** (Stichter Decl., ¶ 5, 13.) | Disputed. Other inmates will and can testify. Doe Decl., ¶2, 5. | Plaintiff's response does not dispute this fact. |
| 36. | Defendants | WCJ also gives out tampons, pads, or other feminine products upon request at no charge. | **Joint Exhibit Part B at 202** (1600 Jail Rules, 1604.1(d).) **Joint Exhibit Part D at 412, 415** (Stichter Decl., ¶¶ 5, 13.) | Disputed. WCJ provides only pads at no charge. Other inmates will and can testify. Doe Decl., ¶2, 24. | Plaintiff admits that pads were given at no charge. |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

32

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| 37. | Defendants | Plaintiff admitted that feminine products were readily available to her in the Module. | **Joint Exhibit Part C at 250-252** (Depo. Trans. of Plaintiff, Vol. IV (43:17-45:8)) **Joint Exhibit Part D at 451** (Chmura Decl., ¶ 8.) | Only pads were readily available to inmates in the Module. | Plaintiff admits that pads were readily available to inmates. |

### Facts in Support of Summary Judgment and Partial Summary Judgment as to Issue(s) No(s). 4, 5, 6, 7, 10, 11, 15, 16, 17, 18, 22, 29

**Issue 4:** Plaintiff will not prevail on her Third Claim against the County because Plaintiff did not suffer any constitutional violation and it cannot be liable simply for employing an alleged tortfeasor.

**Issue 5:** Plaintiff will not prevail on her Third Claim against the Individual Defendants because Plaintiff did not suffer any constitutional violation, they are entitled to qualified immunity, and they have no direct involvement with Plaintiff's claims.

**Issue 6:** Plaintiff will not prevail on her Fourth Claim against the County because Plaintiff did not suffer any constitutional violation and it cannot be liable simply for employing an alleged tortfeasor.

**Issue 7:** Plaintiff will not prevail on her Fourth Claim against the Deputy Defendants because Plaintiff did not suffer any constitutional violation and they are entitled to qualified immunity.

**Issue 10:** Plaintiff will not prevail on her Seventh Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom,

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

**Issue 11:** Plaintiff will not prevail on her Eighth Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

**Issue 15:** Plaintiff will not prevail on her Eleventh Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6.

**Issue 16:** Plaintiff will not prevail on her Eleventh Cause of Action against the Individual Defendants because Plaintiff did not suffer any constitutional violation and they are immune under Government Code § 820.8.

**Issue 17:** Plaintiff will not prevail on her Twelfth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6.

**Issue 18:** Plaintiff will not prevail on her Twelfth Cause of Action against Deputy Defendants because Plaintiff did not suffer any constitutional violation they are immune under Government Code §§ 820.2 and 820.8.

**Issue 22:** Plaintiff will not prevail on her Fourteenth Cause of Action against all Defendants because Plaintiff did not suffer any constitutional violation.

**Issue 29:** Plaintiff will not prevail on her Sixteenth Cause of Action against the Individual Defendants because they were not involved with the alleged searches and they because they are immune under Government Code § 820.8.

| 38. | Defendants | Plaintiff was provided with a bra when she first changed | **Joint Exhibit Part A at 64** (Depo. Trans. of Plaintiff, | Disputed. Plaintiff was provided with a dirty bra and | Plaintiff's response does not dispute that she was given |

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

| | | into the jail uniform except, she chose not to wear it. | Vol. II (64:1-67:3)<br>**Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | she was unable to wear it. Doe Decl., ¶2, 5, 10. | a bra. She also speculates that the bra she was given was dirty. She testified in deposition that it looked "old and ugly," however has no actual personal knowledge of the bra's age or cleanliness. (**Joint Exhibit A at 9-11** (Depo. Trans. of Plaintiff, Vol. II (64:3-66: 15))<br><br>It was a personal choice that she chose not to wear it and not |
|---|---|---|---|---|---|

FILE # 22348

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

| | | | | | supported by any factual evidence. |
|---|---|---|---|---|---|
| **39.** | Defendants | Plaintiff admits that the first body search occurred after she entered into general population. | **Joint Exhibit Part A at 12, 16** (Depo. Trans. of Plaintiff, Vol. II (67:8-11; 71:2-17)) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | Disputed. It was a strip search instead of a body search. Other inmates will and can testify. See Defendant Don Barnes' Responses To Request For Admissions (Set Two) RFA NO. 9-11. | Plaintiff's evidence does not support that it was a strip search. His responses admit to language in Penal Code § 4030 and in WCJ policy 1710.4. (**Joint Exhibit E at 455-456** (Defendant Don Barnes' Verified Responses To Plaintiff's Request for Admissions, Set Two, Nos. 9-11. **Joint** |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | | | | Exhibit D at 451 (Chmura Decl., ¶ 10.)) |
|---|---|---|---|---|---|
| 40. | Defendants | An Extended Custodial Search is a body search that requires inmates to remove all garments except their undergarments, which are defined as bras and panties for females. | **Joint Exhibit Part B at 213-214** (Jail Policies, 1710.4(b) and (d)(1).) **Joint Exhibit Part D at 412** (Stichter Decl., ¶ 5.) | Disputed. See Defendant Don Barnes' Responses To Request For Admissions (Set Two) RFA NO. 9-11. | Plaintiff's evidence does not support that it was a strip search. His responses admit to language in Penal Code § 4030 and in WCJ policy 1710.4. (**Joint Exhibit E at 455-456** (Defendant Don Barnes' Verified Responses To Plaintiff's Request for Admissions, Set Two, Nos. 9-11. **Joint Exhibit E at** |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

| | | | | | 451 (Chmura Decl., ¶ 10.)) |
|---|---|---|---|---|---|
| **41.** | Defendants | Extended Correctional Searches can be used without suspicion. | **Joint Exhibit Part B at 214** (Jail Policies, 1710.4(d)(1).) **Joint Exhibit Part D at 412** (Stichter Decl., ¶ 5.) | Disputed. Extended Correctional Searches cannot be used for retaliation. | Plaintiff does not dispute that Extended Correctional Searches can be used without suspicion. Retaliation is not at issue in this fact. |
| **42.** | Defendants | A strip search requires inmates to remove or arrange some of all of their clothing to permit a visual inspection of their breasts, buttocks, or genitalia. | **Joint Exhibit Part B at 215** (Jail Policies, 1710.4(e).) **Joint Exhibit Part D at 412** (Stichter Decl., ¶ 5.) | Disputed. See Defendant Don Barnes' Responses To Request For Admissions (Set Two) RFA NO. 9-11. | Plaintiff's evidence does not support that it was a strip search. His responses admit to language in Penal Code § 4030 and in WCJ policy 1710.4. (**Joint Exhibit E at 455-456** |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

38

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | (Defendant Don Barnes' Verified Responses To Plaintiff's Request for Admissions, Set Two, Nos. 9-11. **Joint Exhibit E at 451** (Chmura Decl., ¶ 10.)) |
|---|---|---|---|---|---|
| **43.** | Defendants | Once upstairs in the Module/General Population, a deputy noticed Plaintiff was not wearing a bra, so she got a bra for Plaintiff. | **Joint Exhibit Part A at 17, 23** (Depo. Trans. of Plaintiff, Vol. II (72:19-23; 78:11-18) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | Undisputed. | |
| **44.** | Defendants | The deputy noticed that Plaintiff was not wearing a | **Joint Exhibit Part A at 17, 23** (Depo. Trans. of | Undisputed. | |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

FILE # 22348

39

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | bra before the body search began. | Plaintiff, Vol. II (72:19-23; 78:11-18) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | | |
| **45.** | Defendants | For all alleged searches, Plaintiff was searched in a group with only female inmates. | **Joint Exhibit Part A at 51-53, 56-57** (Depo. Trans. of Plaintiff, Vol. II (110:21-25; 111:14-112:1; 115:22-116:3)) **Joint Exhibit Part B at 112-113** (Plaintiff's Verified Responses to Defendant Falconer's Requests for Admission, Set One, Nos. 9-14.) | For all alleged strip searches, Plaintiff was searched in a group with only female inmates. | Plaintiff does not dispute this fact. |

| | | | | | |
|---|---|---|---|---|---|
| | | | **Joint Exhibit Part D at 450-451** (Chmura Decl., ¶¶ 3-4, 5.) | | |
| **46.** | Defendants | For all alleged searches, Plaintiff was never asked to remove her bra or underwear. | **Joint Exhibit Part A at 26, 30**, 52-53 (Depo. Trans. of Plaintiff, Vol. II (81:4-6; 85:2-4; 111:15-112:1) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | Disputed. Plaintiff was ordered to pull down her underwear and lift up her bloody pad. Doe Decl., ¶2, 15. | Plaintiff does not dispute that she was not asked to remove her bra. She also does not state that she removed her underwear, just lifted up her pad in her underwear. She does not dispute that her genitals were not exposed in Fact 47. |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

| 47. | Defendants | For all alleged searches, Plaintiff's intimate areas, including her breasts and genitals, were never touched by another person or exposed. | **Joint Exhibit Part A at 24-25, 52-53** (Depo. Trans. of Plaintiff, Vol. II (79:20-80:3; 111:15-112:1) **Joint Exhibit Part D at 450-451** (Chmura Decl., ¶¶ 3-5.) **Joint Exhibit Part B at 120** (Plaintiff's Verified Responses to Defendant Balicki's Requests for Admission, Set One, No. 7.) **Joint Exhibit Part B at 112-113** (Plaintiff's Verified Responses to | Disputed. During the first strip search, Plaintiff was ordered to wear a bra in the hall way and therefore her breasts were exposed. See Plaintiff's Responses to Defendant Joe Balicki's First Set of Requests For Admission RFA NO. 5. | Plaintiff does not dispute that her breasts and genitals were not touched. She does not dispute that her genitals were not exposed. Plaintiff's response regarding the alleged breast exposure is convoluted. Plaintiff stated that she was ordered to wear a bra. Thus, if she was ordered to wear the bra, and wearing the bra, her breasts would not have been exposed. |
|---|---|---|---|---|---|

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | Defendant Falconer's Requests for Admission, Set One, Nos. 9-14.) | | |
| 48. | Defendants | For all alleged searches, they were observed and performed by female deputies. | **Joint Exhibit Part A at 52** (Depo. Trans. of Plaintiff, Vol. II (111:1-6)) **Joint Exhibit Part B at 121** (Plaintiff's Verified Responses to Defendant Balicki's Requests for Admission, Set One, No. 8.) **Joint Exhibit Part B at 112-113** (Plaintiff's Verified Responses to | For all alleged strip searches, they were observed and performed by female deputies. | Plaintiff does not dispute this fact. |

| | | | | | |
|---|---|---|---|---|---|
| | | | Defendant Falconer's Requests for Admission, Set One, Nos. 9-14.) **Joint Exhibit Part D at 450-451** (Chmura Decl., ¶¶ 3-4, 5.) | | |
| **49.** | Defendants | For all alleged searches, Plaintiff never fully naked. | **Joint Exhibit Part A at 24, 26, 30, 52-53, 60** (Depo. Trans. of Plaintiff, Vol. II (79:4-13; 81:4-6; 85:2-4; 111:14-112:1; 122:1-5)) **Joint Exhibit Part B at 120** (Plaintiff's Verified Responses to Defendant | Disputed. Doe Decl., ¶12. See Plaintiff's Responses to Defendant Joe Balicki's First Set of Requests For Admission RFA NO. 5. | Plaintiff's evidence does not dispute that she was not fully naked as her Response No. 5 states "she was not wearing a bra and ordered to wear a bra." Thus, before the search began she was wearing a bra. **Joint Exhibit** |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

*FILE # 22348*

44

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | Balicki's Requests for Admission, Set One, No. 6.) **Joint Exhibit Part B at 112-113** (Plaintiff's Verified Responses to Defendant Falconer's Requests for Admission, Set One, Nos. 9-14.) **Joint Exhibit Part 450-451** (Chmura Decl., ¶¶ 3-4, 5.) | | **Part B at 120** (Plaintiff's Verified Responses to Defendant Balicki's Requests for Admission, Set One, No. 5.) Moreover, she does not dispute she was given a bra to wear before the search begin in response to Facts 43-44. |
| **50.** | Defendants | Having inmates shower supports a compelling jail need by preventing | **Joint Exhibit Part B at 191** (1600 Jail Rules, 1600.3(n).) **Joint Exhibit Part D at 412-** | Disputed. Forcing inmates to walk around while being naked and shower in the presence | This evidence does not dispute there is a compelling jail need to prevent infection and |

**COLLINS + COLLINS**
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | infection and promoting hygiene. | **413** (Stichter Decl., ¶¶ 5, 10.) | and view of deputies and other inmates serves no legitimate need but for humiliation. Doe Decl., ¶2, 9, 18. | promote hygiene. Plaintiff is not an expert as to the prevention of infection and hygiene in correctional facilities. |
|---|---|---|---|---|---|
| **51.** | Defendants | WCJ requires that inmates be body searched when being transported to Court, upon arrival, and after returning to the jail facility from Court. | **Joint Exhibit Part D at 416** (Stichter Decl., ¶ 17.) | WCJ requires that inmates be strip searched when being transported to Court, upon arrival, and after returning to the jail facility from Court. Doe Decl., ¶2, 14, 16. | Plaintiff does not dispute that inmates are searched when being transported to Court, upon arrival, and after returning to the jail. She has no factual evidence that supports that WCJ requires inmates to be "strip" searched. |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| **52.** | Defendants | On August 11, 2019, at approximately 12:16 a.m., Defendants Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington (collectively, "Deputy Defendants"), conducted a routine Facility Assigned Search Team ("FAST") search of Plaintiff's tank. | **Joint Exhibit Part A at 82-83** (Depo. Trans. of Plaintiff, Vol. II (162:23-163:4-19) **Joint Exhibit Part B at 124-125** (Plaintiff's Verified Response to Addington's Interrogatories, Set One, No. 1.) **Joint Exhibit Part B at 181** (August 11, 2019 Search Report) **Joint Exhibit Part D at 450-451** (Chmura Decl., ¶¶ 3, 6.) **Joint Exhibit Part D at 416** | Disputed. Searches conducted after midnight cannot be said routine. The objective of midnight search was retaliation. Other inmates will and can testify what was announced by the deputies. Doe Decl., ¶2, 19. | Plaintiff's response does not dispute that the FAST search occurred and by these deputies. Her evidence that the searches are not routine is based upon speculation and opinion. Plaintiff's evidence also calls for an improper expert opinion and legal conclusion. |

| | | | | | |
|---|---|---|---|---|---|
| | | | (Stichter Decl., ¶ 16.) **Joint Exhibit Part D at 424-426** (Falconer Decl., ¶¶ 10, 12 .) **Joint Exhibit Part D at 441** (Rodriquez Decl., ¶ 10.) | | |
| **53.** | Defendants | The objective of the search policy is to detect, control, and prevent the intake and introduction of weapons, contraband, and illegal items into WCJ. | **Joint Exhibit Part A at 65, 88** (Depo. Trans. of Plaintiff, Vol. II (127:12-15, 168:8-16;) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) **Joint Exhibit Part B at 213** (Jail Policies, 1710.4(a)(1).) **Joint Exhibit** | Undisputed. | |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | | **Part D at 412** (Stichter Decl., ¶ 5.) | | |
| **54.** | Defendants | Searches also preserve the security and safety of both inmates and WCJ personnel. | **Joint Exhibit Part A at 65, 88** (Depo. Trans. of Plaintiff, Vol. II (127:12-15, 168:8-16)) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) **Joint Exhibit Part B at 213** (Jail Policies, 1710.4(a)(1).) **Joint Exhibit Part D at 412** (Stichter Decl., ¶ 5.) | Disputed. Excessive and constant searches server no legitimate security or safety reason but for intimidation or humiliation. Doe Decl., ¶2, 12-16. | Plaintiff admitted that searches are used for safety purposes in deposition. **Joint Exhibit Part A at 65, 88** (Depo. Trans. of Plaintiff, Vol. II (127:12-15, 168:8-16)) Her evidence regarding penological interest is based upon speculation and opinion. Plaintiff's evidence also calls for an improper |

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax  (714) 823-4101

49

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | expert opinion and legal conclusion |
|---|---|---|---|---|---|
| **55.** | Defendants | During her incarceration, Plaintiff did not complain to any WCJ staff about the searches. | **Joint Exhibit Part A at 53, 61, 91** (Depo. Trans. of Plaintiff, Vol. II (112:9-18; 123:1-5; 179:15-18); **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | After being pushed to sit down, after being laughed at for being cold to death, after being yelled at "This is jail. Don't come to jail next time", after being denied food despite repeated requests, not a reasonable person would dare to complain anything else. Deputies did a very great job to create an intimidating | Plaintiff does not deny that she did not complain to the staff about the overcrowding. She admits to not complaining. Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |

FILE # 22348

50

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT

| | | | | environment.<br><br>Doe Decl., ¶25. | |
|---|---|---|---|---|---|

## Facts in Support of Summary Judgment and Partial Summary Judgment as to Issue(s) No(s). 8, 9, 10, 11, 20, 21

**Issue 8:** Plaintiff will not prevail on her Fifth Claim against the County because Plaintiff did not suffer any constitutional violation and it cannot be liable simply for employing an alleged tortfeasor.

**Issue 9:** Plaintiff will not prevail on her Fifth Claim against Deputy Defendants because Plaintiff did not suffer any constitutional violation and they are entitled to qualified immunity.

**Issue 10:** Plaintiff will not prevail on her Seventh Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

**Issue 11:** Plaintiff will not prevail on her Eighth Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

**Issue 20:** Plaintiff will not prevail on her Thirteenth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6.

**Issue 21:** Plaintiff will not prevail on her Thirteenth Cause of Action against the Deputy Defendants because Plaintiff did not suffer any constitutional violation they are immune under Government Code §§ 820.2 and 820.8.

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| **56.** | Defendants | Plaintiff was never personally told to "shut up." | **Joint Exhibit Part A at 94** (Depo. Trans. of Plaintiff, Vol. II (182:13-25)) **Joint Exhibit Part D at 450** Chmura Decl., ¶ 3.) | Disputed. The "shut up" announcement was made to all 40 inmates. Doe Decl., ¶2, 19. | Plaintiff's response supports this fact and that the deputies asked the inmates to be quiet as a group, and it was not specifically targeted at Plaintiff. |
| **57.** | Defendants | Plaintiff was not personally talking during the cell search. | **Joint Exhibit Part A at 98** (Depo. Trans. of Plaintiff, Vol. II (186:6-11) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 3.) | Irrelevant. | This is relevant and material. Plaintiff does not dispute this fact as she provides no evidence to the contrary. It is relevant to her claims as she must show that she engaged in a |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

| | | | | | constitutionally protected activity, i.e. talking. As she admitted that she was not talking, her claim fails.<br><br>Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |
|---|---|---|---|---|---|

**Facts in Support of Summary Judgment and Partial Summary Judgment as to Issue(s) No(s). 3, 5, 7, 9, 10, 11, 14, 15, 18, 19, 21, 23, 24, 27, 28, 29, 31, 32**

**Issue 3:** Plaintiff will not prevail on her Second Claim against the Individual Defendants because Plaintiff did not suffer any constitutional violation, Individual Defendants are entitled to qualified immunity, and they have no direct involvement with Plaintiff's claims.

**Issue 5:** Plaintiff will not prevail on her Third Claim against the Individual Defendants because Plaintiff did not suffer any constitutional violation, they are entitled to qualified immunity, and they have no direct involvement with Plaintiff's claims.

**Issue 7:** Plaintiff will not prevail on her Fourth Claim against the Deputy Defendants

*FILE # 22348*

53

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

because Plaintiff did not suffer any constitutional violation and they are entitled to qualified immunity.

**Issue 9:** Plaintiff will not prevail on her Fifth Claim against Deputy Defendants because Plaintiff did not suffer any constitutional violation and they are entitled to qualified immunity.

**Issue 10:** Plaintiff will not prevail on her Seventh Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

**Issue 11:** Plaintiff will not prevail on her Eighth Claim against the County because Plaintiff did not suffer any constitutional violation, she does not identify a custom, policy, or practice that amounts to deliberate indifference, and Individual and Deputy Defendants were adequately trained and supervised.

**Issue 14:** Plaintiff will not prevail on her Tenth Cause of Action against the Individual Defendants because Plaintiff did not suffer any constitutional violation and they are immune under Government Code § 820.8.

**Issue 15:** Plaintiff will not prevail on her Eleventh Cause of Action against the Individual Defendants because Plaintiff did not suffer any constitutional violation and they are immune under Government Code § 820.8.

**Issue 18:** Plaintiff will not prevail on her Twelfth Cause of Action against Deputy Defendants because Plaintiff did not suffer any constitutional violation they are immune under Government Code §§ 820.2 and 820.8.

**Issue 19**: Plaintiff will not prevail on her Twelfth Cause of Action against the Individual Defendants because they are immune under Government Code § 820.8.

**Issue 21:** Plaintiff will not prevail on her Thirteenth Cause of Action against the Deputy Defendants because Plaintiff did not suffer any constitutional violation they are immune under Government Code §§ 820.2 and 820.8.

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

**Issue 23:** Plaintiff will not prevail on her Fourteenth Cause of Action against Individual Defendants are immune under Government Code § 820.8.

**Issue 24:** Plaintiff will not prevail on her Fourteenth Cause of Action against Deputy Defendants are immune under Government Code §§ 820.2 and 820.8.

**Issue 27:** Plaintiff will not prevail on her Fifteenth Cause of Action against the County because it is barred against the County as it is not based upon statute, and it is immune under Government Code §§ 815.2(b) and 844.6.

**Issue 28:** Plaintiff will not prevail on her Fifteenth Cause of Action against the Individual Defendants because they are immune under Government Code § 820.8.

**Issue 29:** Plaintiff will not prevail on her Sixteenth Cause of Action against the Individual Defendants because they were not involved with the alleged searches and they because they are immune under Government Code § 820.8.

**Issue 31:** Plaintiff will not prevail on her Seventieth Cause of Action against the Individual Defendants because they are immune under Government Code § 820.8.

**Issue 32:** Plaintiff will not prevail on her Seventieth Cause of Action against the Deputy Defendants because they are immune under Government Code §§ 820.2 and 820.8.

| 58. | Defendants | Individual Defendants ("Don Barnes, William Baker, Joe Balicki, Mark Stichter") were not involved with Plaintiff's | **Joint Exhibit Part B at 124-125** (Plaintiff's Verified Response to Addington's Interrogatories, Set One, No. 1) **Joint Exhibit** | Disputed. According OCSD policy manual 200.13, the Sheriff is the final authority in all matters of Departmental policy, | This alleged policy, which was not included as an exhibit, does not dispute that the Individual Defendants were personally |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | | incarceration at any time. | **Part D at 451** (Chmura Decl., ¶ 6.) **Joint Exhibit Part D at 413-414** (Stichter Decl., ¶ 11.) | operations, and discipline. The Sheriff is charged with the maintenance and operation of the county jail system and the custody of all prisoners confined therein. The supervisor's participation could include his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional | involved with Plaintiff's incarceration. Section 200.13 of the Orange County Sheriff's Department Manual does not support her asserting that the supervisor's participation could include his own culpable action or inaction. This calls for a legal conclusion. (**Joint Exhibit Part E at 467** (OSCD Policy Manual 200.13.1) |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

| | | | | deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others. | **Joint Exhibit Part D at 452** (Chmura Decl., ¶ 11.) ) |
|---|---|---|---|---|---|
| **59.** | Defendants | Individual Defendants did not conduct a search of Plaintiff's person or cell at anytime. | **Joint Exhibit Part B at 124-125** (Plaintiff's Verified Response to Addington's Interrogatories, Set One, No. 1) **(Joint Exhibit Part D at 451** Chmura Decl., ¶ 6.) **Joint Exhibit Part D at 413-414** (Stichter | | |

FILE # 22348

57

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | | Decl., ¶ 11.) | | |
| **60.** | Defendants | Defendants Don Barnes, William Baker, and Joe Balicki were not at WCJ from August 8, 2019 to August 12, 2019. | **Joint Exhibit Part D at 413-414** (Stichter Decl., ¶ 11.) | | |
| **61.** | Defendants | Individual Defendants had no contact with Plaintiff at WCJ. | **Joint Exhibit Part D at 413-414** (Stichter Decl., ¶ 11.) | | |
| **62.** | Defendants | Individual Defendants had no knowledge of any alleged deviation from policy or law by any WCJ deputy related to Plaintiff's incarceration. | **Joint Exhibit Part D at 414** (Stichter Decl., ¶ 12.) | Disputed. Individual defendants had constructive knowledge of all unconstitutional practice and policies according to OCSD policy | This response is overbroad, calls for speculation, calls for a legal conclusion, and calls for an expert opinion. Plaintiff has cited no specific |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

FILE # 22348

58

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | manual. | policies that are unconstitutional and has cited no evidence whatsoever to support that Individual Defendants had knowledge of alleged unconstitutional policies. |
|---|---|---|---|---|---|
| **63.** | Defendants | Deputy Defendants acted in accordance with their training and knowledge of the law in the cell search. | **Joint Exhibit Part D at 447** (Rivera Decl., ¶ 8.) **Joint Exhibit Part D at 424-425** (Falconer Decl., ¶ 10.) **Joint Exhibit Part D at 435-436** (Mayer Decl., ¶ 10.) **Joint Exhibit Part D at 441** | Disputed. The objective of midnight search was retaliation. Other inmates will and can testify what was announced by the deputies. Doe Decl., ¶2, 19, 25. | Plaintiff has not presented any evidence to dispute this fact. She has provided no evidence as to how the deputies are trained, the contents of their training, and how they allegedly |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | | (Rodriguez Decl., ¶ 10.) **Joint Exhibit Part D at 431** (Addington Decl., ¶ 10.) | | violated that training. She also has presented no evidence that "announcements" are against WCJ policy or the Deputy Defendants' training. |
| **64.** | Defendants | Jail policy prohibits deputies from using searches to punish, harass, or embarrass an inmate. | **Joint Exhibit Part B at 213** (Jail Policies, 1710.4(a)(3).) **Joint Exhibit Part D at 412** (Stichter Decl., ¶ 5.) | Undisputed. | |
| **65.** | Defendants | Individual Defendants and Deputy Defendants were trained on the policies related to overcrowding, | **Joint Exhibit Part D at 444-446** (Rivera Decl., ¶ 4.) **Joint Exhibit Part D at 423** (Falconer Decl., ¶ 6.) | Disputed. The training materials provided by the County show nothing related to overcrowding, | Plaintiff does not dispute this fact. Defendants have provided declarations from the Individual and |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

|  |  |  | | | |
|---|---|---|---|---|---|
|  |  | sleep deprivation, cold temperatures, sound and light, body searches, hygiene products, and/or cell searches. | **Joint Exhibit Part D at 434** (Mayer Decl., ¶ 6.) **Joint Exhibit Part D at 439-440** (Rodriguez Decl., ¶ 6.) **Joint Exhibit Part D at 429-430** (Addington Decl., ¶ 6.) **Joint Exhibit Part D at 411-412** (Stichter Decl., ¶ 4.) | sleep deprivation, cold temperatures, sound and light, body searches, hygiene products, and/or cell searches. Decl., ¶20. | Deputy Defendants attesting to the fact that they have received training in these areas. |
| 66. | Defendants | Deputy Defendants followed jail policy during the cell search. | **Joint Exhibit Part D at 447** (Rivera Decl., ¶ 8.) **Joint Exhibit Part D at 424-425** (Falconer Decl., ¶ 10.) **Joint Exhibit** | Disputed. Making a threatening announcement during a midnight cell search is not compliance with jail policy. | Plaintiff has not presented any evidence to dispute this fact. She has provided no evidence as to how the deputies are |

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

61

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | **Part D at 435-436** (Mayer Decl., ¶ 10.) **Joint Exhibit Part D at 441** (Rodriguez Decl., ¶ 10.) **Joint Exhibit Part D at 431** (Addington Decl., ¶ 10.) | Other inmates will and can testify what deputy defendants announced during the midnight search. Doe Decl., ¶2, 19, 25. | trained, the contents of their training, and how they allegedly violated that training. She also has presented no evidence that "threatening announcements" is against WCJ policy or the Deputy Defendants' training. |
| 67. | Defendants | The Deputy Defendants are also supervised by trained staff while on duty. | **Joint Exhibit Part D at 448** (Rivera Decl., ¶ 9.) **Joint Exhibit Part D at 425** (Falconer Decl., ¶ 11.) **Joint Exhibit Part D at 436** | Undisputed. | |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*FILE # 22348*

62

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | (Mayer Decl., ¶ 11.) **Joint Exhibit Part D at 441** (Rodriguez Decl., ¶ 11.) **Joint Exhibit Part D at 431** (Addington Decl., ¶ 11.) | | |
|---|---|---|---|---|---|
| 68. | Defendants | The Deputy Defendants at all times relevant to this suit acted in accordance with their training. | **Joint Exhibit Part D at 447** (Rivera Decl., ¶ 8.) **Joint Exhibit Part D at 424-425** (Falconer Decl., ¶ 10.) **Joint Exhibit Part D at 435-436** (Mayer Decl., ¶ 10.) **Joint Exhibit Part D at 441** (Rodriguez Decl., ¶ 10.) **Joint Exhibit** | Disputed. Making a threatening announcement during a midnight cell search is not compliance with training. Other inmates will and can testify what deputy defendants announced during the midnight | Plaintiff has not presented any evidence to dispute this fact. She has provided no evidence as to how the deputies are trained, the contents of their training, and how they allegedly violated that training. She also has |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax   (714) 823-4101

*FILE # 22348*

63

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | Part D at 431 (Addington Decl., ¶ 10.) | search. Doe Decl., ¶2, 19, 25. | presented no evidence that "threatening announcements" is against WCJ policy or the Deputy Defendants' training. |
|---|---|---|---|---|---|
| **69.** | Defendants | The cell search was under the Deputy Defendants' scope of employment. | **Joint Exhibit Part D at 447** (Rivera Decl., ¶ 7.) **Joint Exhibit Part D at 424** (Falconer Decl., ¶ 9.) **Joint Exhibit Part D at 435** (Mayer Decl., ¶ 9.) **Joint Exhibit Part D at 440** (Rodriguez Decl., ¶ 9.) **Joint Exhibit Part D at 430** | Undisputed. | |

FILE # 22348

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

64

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | (Addington Decl., ¶ 9.) | | |
| **70.** | Defendants | In FAST searches, tanks are chosen at random unless there is reasonable suspicion to select a specific tank. | **Joint Exhibit Part D at 447** (Rivera Decl., ¶ 7.) **Joint Exhibit Part D at 424** (Falconer Decl., ¶ 9.) **Joint Exhibit Part D at 435** (Mayer Decl., ¶ 9.) **Joint Exhibit Part D at 440** (Rodriguez Decl., ¶ 9.) **Joint Exhibit Part D at 430** (Addington Decl., ¶ 9.) | | |

## Facts in Support of Summary Judgment and Partial Summary Judgment as to Issue(s) No(s). 26, 27

**Issue 26:** Plaintiff will not prevail on her Fifteenth Cause of Action against the County and Individual Defendants because Individual Defendants lacked any knowledge that the Deputy Defendants were improperly trained and/or hired.

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*FILE # 22348*

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

Case 8:20-cv-00322-JWH-GJS   Document 139-3   Filed 05/13/22   Page 66 of 71   Page ID
#:2015

**Issue 27**: Plaintiff will not prevail on her Fifteenth Cause of Action against the County because it is barred against the County as it is not based upon statute, and it is immune under Government Code §§ 815.2(b) and 844.6.

| 71. | Defendants | Individual Defendants had no reason to believe that Deputy Defendants were unfit or created a particular risk related to body or cell searches. | **Joint Exhibit Part D at 414-415** (Stichter Decl., ¶ 12.) | Disputed. Based on the policy and training materials provided by OCSD Individual Defendants should have had reason to believe that Deputy Defendants were unfit or created a particular risk related to body or cell searches. Decl., ¶20. | Plaintiff does not dispute this fact. She has presented no evidence that Individual Defendants were personally aware that the Deputy Defendants were unfit for their positions. Policy manuals would not cause awareness of their alleged unfitness. |

*FILE # 22348*

66

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

## Facts in Support of Summary Judgment and Partial Summary Judgment as to Issue(s) No(s). 30

**Issue 30**: Plaintiff will not prevail on her Seventeenth Cause of Action against all Defendants because there is no showing of any extreme or outrageous conduct by Defendants and there is no causation between such conduct and Plaintiff's damages.

| 72. | Defendants | In the cell search, the Deputy Defendants did not act with intent to harm or cause Plaintiff distress. | **Joint Exhibit Part D at 447-448** (Rivera Decl., ¶ 8.) **Joint Exhibit Part D at 424-425** (Falconer Decl., ¶ 10.) **Joint Exhibit Part D at 435-436** (Mayer Decl., ¶ 10.) **Joint Exhibit Part D at 441** (Rodriguez Decl., ¶ 10.) **Joint Exhibit Part D at 431** (Addington Decl., ¶ 10.) | Disputed. Making a threatening announcement to continue repeated midnight cell search and shut down phone service and dayroom was intent to harm. Other inmates will and can testify what deputy defendants announced during the midnight search. Doe Decl., ¶2, 19, | Defendants have provided evidence that these Deputy Defendants did not intend to cause Plaintiff harm or distress. There is only one cell search at issue in this matter. Plaintiff does not present credible evidence to counter this fact. |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax    (714) 823-4101

*FILE # 22348*

67

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | | 25. | |
| **73.** | Defendants | Plaintiff suffered from depression, trauma, paranoia, anxiety, mental illness, and PTSD before being incarcerated. | **Joint Exhibit Part B at 108-111** (Plaintiff's Verified Responses to Defendant Falconer's Requests for Admission, Set One, Nos. 1-5, 7) **Joint Exhibit Part D at 450** (Chmura Decl., ¶ 4.) | Disputed. Plaintiff's prior depression, trauma, paranoia, anxiety, mental illness, and PTSD do not preclude her from pain and suffering at the hand of WCJ deputies. Doe Decl., ¶26-28, 30-31. Lu Decl., ¶3-4. | Plaintiff does not dispute that she suffered depression, trauma, paranoia, anxiety, mental illness, and PTSD before being incarcerated. |
| **74.** | Defendants | Plaintiff claims her attempted suicide, dysfunctional menstrual bleeding, and emotional distress was caused by | **Joint Exhibit Part C at 247, 255-259** (Depo. Trans. of Plaintiff, Vol. IV (36:13-17; 61:16-65:15)) **Joint Exhibit Part D at 451** | Disputed. Plaintiff claimed her attempted suicide, dysfunctional menstrual bleeding, and emotional distress due to | Plaintiff's evidence asserts an improper legal conclusion and calls for an expert medical opinion. Plaintiff testified and |

FILE # 22348
68
**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**
COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | other incidents. | (Chmura Decl., ¶ 9.) **Joint Exhibit Part C at 289, 291, 292** (Doe v. City of El Monte, et al. Complaint, ¶¶ 84, 101, 109) **Joint Exhibit Part C at 375, 386, 390, 392**, 394 (Jane Doe v. Gavin Newsom Complaint, ¶¶ 65, 141, 173, 186-187, 202) **Joint Exhibit Part C at 406-407** (Jane Doe v. Edward Weamer Complaint, ¶¶ 36-40, 42) **RJN, ¶¶** 1-3. | incarceration. Doe Decl., ¶26-28, 30-31. Lu Decl., ¶3-4. | has pled in other lawsuits that her damages were caused by other incidents. (See evidence in support of Fact 74.) |
|---|---|---|---|---|---|

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

*FILE # 22348*

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

## <u>Facts in Support of Summary Judgment and Partial Summary Judgment as to Issue(s) No(s). 12, 13, 15, 17, 20, 25, 27, 33</u>

**Issue 12:** Plaintiff will not prevail on her Ninth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6.

**Issue 13:** Plaintiff will not prevail on her Tenth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6.

**Issue 15:** Plaintiff will not prevail on her Eleventh Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6.

**Issue 17:** Plaintiff will not prevail on her Twelfth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6.

**Issue 20:** Plaintiff will not prevail on her Thirteenth Cause of Action against the County because Plaintiff did not suffer any constitutional violation and it is immune under Government Code §§ 815.2(b) and 844.6.

**Issue 25:** Plaintiff will not prevail on her Fourteenth Cause of Action against the County is because it is immune under Government Code §§ 815.2(b) and 844.6.

**Issue 27**: Plaintiff will not prevail on her Fifteenth Cause of Action against the County because it is barred against the County as it is not based upon statute, and it is immune under Government Code §§ 815.2(b) and 844.6.

**Issue 33:** Plaintiff will not prevail on her Seventieth Cause of Action against the County is because it is immune under Government Code §§ 815.2(b) and 844.6.

| 75. | Defendants | Plaintiff was a pre-trial detainee. | **FAC, ¶ 5.** **Joint Exhibit Part B at 154-** | Undisputed. | |
|-----|------------|------------------------------------|-------------------------------------------------|-------------|--|

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | **156** (Plaintiff's Verified Responses to Defendant County of Orange's Interrogatories, Set One, No. 10) **Joint Exhibit Part D at 451** (Chmura Decl., ¶ 7.) | | |

DATED:  May 13, 2022

COLLINS + COLLINS LLP

By: _____
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendants
COUNTY OF ORANGE; DON BARNES;
WILLIAM BAKER; JOE
BALICKI; MARK STICHTER; REYNA
RIVERA; DEVONNA FALCONER;
KASSANDRA MAYER; ELIA
RODRIGUEZ; and RACHEL ADDINGTON

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

71

**JOINT STATEMENT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**