Michael L. Wroniak (State Bar No. 210347)
Mariah A. Witt (State Bar No. 328295)
**COLLINS COLLINS MUIR + STEWART LLP**
750 The City Drive, Suite 400
Orange, CA  92868
(714) 823-4100 – FAX (714) 823-4101
Email:  mwroniak@ccmslaw.com
Email:  mwitt@ccmslaw.com

Attorneys for Defendants
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO. SACV 20-00322-JWH (GJS)<br>*[Assigned to Judge John W. Holcomb Courtroom 2]*<br><br>**DEFENDANT DON BARNES' RESPONSES TO REQUEST FOR ADMISSIONS (SET TWO) PROPOUNDED BY PLAINTIFF JANE DOE**<br><br>Complaint Filed: 2/18/20<br><br>Trial Date:　　None |

**PROPOUNDING PARTY:**　　**PLAINTIFF, JANE DOE**

**RESPONDING PARTY:**　　**DEFENDANT, DON BARNES**

**SET NUMBER:**　　**TWO**

///

**TO PLAINTIFF JANE DOE, PLAINTIFF IN PRO PER:**

Defendant, DON BARNES, ("Responding Party") provides responses to Requests for Admissions (Set Two), propounded by Plaintiff, JANE DOE, as follows:

## PRELIMINARY STATEMENT

This responding party has not completed discovery in this action and has not completed preparation for trial. All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known by this responding party. The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact(s) at the time of trial. These responses are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice of the responding party in relation to further discovery.

## RESPONSES TO REQUESTS FOR ADMISSION

**RFA NO. 8:**

Admit that jail-issue bra and underwear fall within the definition of underclothing.

**RESPONSE TO RFA NO. 8:**

Objection. Responding Party asserts this Request is vague and ambiguous as to whether Plaintiff is referring to the Orange County Sheriff's Department jail-issue clothing. It is further vague and ambiguous as to the "definition of underclothing". Plaintiff has not provided a definition of underclothing that would allow Responding Party to evaluate whether such items falls within the scope of the definition. Responding Party objects on the basis of relevance in that this Request is not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's alleged Fourth Amendment claims. Further, Responding Party asserts this Request is compound to the extent that it requires Responding Party to admit that two separate items are within one

///

*FILE # 22348*

**DEFTS. MSJ E 454**

2

**DEFENDANT DON BARNES' RESPONSES TO REQUEST FOR ADMISSIONS (SET TWO) PROPOUNDED BY PLAINTIFF JANE DOE**

"definition of underclothing". Subject to and without waiving these objections, Responding Party responds as follows:

Admit in part, deny in part. Admit to the extent that bra and underwear can be considered underclothing, deny in part to the extent that it is part of the "definition of underclothing" that Responding Party is not aware of.

**RFA NO. 9:**

Admit that pursuant to California Penal Code § 4030(c)(3) effective in 2019, "strip search" means a search which requires a person to remove or arrange some or all of his or her clothing so as to permit a visual inspection of the underclothing, breasts, buttocks, or genitalia of such person.

**RESPONSE TO RFA NO. 9:**

Objection. Responding Party asserts this Request requires improper legal conclusion instead of admittance of facts. Subject to and without waiving these objections, Responding Party responds as follows:

Admit that California *Penal Code* section 4030(c)(3) includes such language.

**RFA NO. 10:**

Admit that pursuant to OCSD custody operations manual 1710.4 - Body Searches of Inmates e) Strip and Visual Body Cavity Searches effective in 2019, a strip search requires an inmate to remove or arrange some or all of their clothing to permit a visual inspection of their breasts, buttocks, or genitalia.

**RESPONSE TO RFA NO. 10:**

Admit.

**RFA NO. 11:**

Admit that OCSD's strip search policy violates California Penal Code § 4030(c)(3) by specifically excluding visual inspection of the underclothing of an inmate.

**RESPONSE TO RFA NO. 11:**

Objection. Responding Party asserts this Request is vague and ambiguous as to the "underclothing". Further, Responding Party asserts this Request calls for premature

FILE # 22348

DEFTS. MSJ E 455

3

DEFENDANT DON BARNES' RESPONSES TO REQUEST FOR ADMISSIONS (SET TWO) PROPOUNDED BY PLAINTIFF JANE DOE

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

and improper legal conclusion. Finally, Responding Party states that there are not enough facts to respond to this Request because Request for Admission No. 11 is an incomplete hypothetical and more facts are required to assess and evaluate whether OCSD's policies violate California *Penal Code* section 4030.

Pursuant to Federal Rules of Civil Procedure Rule 34, the response is being withheld on the basis of the above objections.

**RFA NO. 12:**

Admit that pursuant to Minimum Standards For Local Detention Facilities 1231.2.8 Dormitories effective in 2019, dormitories shall contain a minimum of 70 square feet (7 m2) of floor area per inmate for a double-bed unit.

**RESPONSE TO RFA NO. 12:**

Objection. Responding Party asserts this Request is exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further objects on the basis of relevance in that it is not reasonably calculated to lead to the discovery of admissible evidence because Title 24 is not applicable to the facts of this lawsuit since it only applies to new construction facilities and the Women's Central Jail is an existing facility. Further, this request improperly seeks a legal conclusion and calls for expert testimony on the scope, application and interpretation of Title 24. Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

**RFA NO. 13:**

Admit that the holding tank Plaintiff was held between Aug 8 and Aug 12, 2019 in WCJ does not meet the requirement set forth by Minimum Standards For Local Detention Facilities 1231.2.8 Dormitories effective in 2019 which requires a minimum of 70 square feet (7 m2) of floor area per inmate for a double-bed unit.

**RESPONSE TO RFA NO. 13:**

Objection. Responding Party asserts this Request is exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further

objects on the basis of relevance in that it is not reasonably calculated to lead to the discovery of admissible evidence because Title 24 is not applicable to the facts of this lawsuit since it only applies to new construction facilities and the Women's Central Jail is an existing facility. Further, this request improperly seeks a legal conclusion and calls for expert testimony on the scope, application, and interpretation of Title 24. Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

**RFA NO. 14:**

Admit that pursuant to Minimum Standards For Local Detention Facilities 1231.2.8 Dormitories effective in 2019, in other than Type I facilities, dormitories shall provide storage space for personal items and clothing for each occupant.

**RESPONSE TO RFA NO. 14:**

Objection. Responding Party asserts this Request is exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further objects on the basis of relevance in that it is not reasonably calculated to lead to the discovery of admissible evidence because Title 24 is not applicable to the facts of this lawsuit since it only applies to new construction facilities and the Women's Central Jail is an existing facility. Further, this request improperly seeks a legal conclusion and calls for expert testimony on the scope, application, and interpretation of Title 24. Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

**RFA NO. 15:**

Admit that the holding tank Plaintiff was held between Aug 8 and Aug 12, 2019 in WCJ does not meet the requirement set forth by Minimum Standards For Local Detention Facilities 1231.2.8 Dormitories effective in 2019 which requires providing storage space for personal items and clothing for each occupant.

///

///

**RESPONSE TO RFA NO. 15:**

Objection. Responding Party asserts this Request is exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further objects on the basis of relevance in that it is not reasonably calculated to lead to the discovery of admissible evidence because Title 24 is not applicable to the facts of this lawsuit since it only applies to new construction facilities and the Women's Central Jail is an existing facility. Further, this request improperly seeks a legal conclusion and calls for expert testimony on the scope, application, and interpretation of Title 24. Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

**RFA NO. 16:**

Admit that pursuant to Minimum Standards For Local Detention Facilities 1231.2.9 Dayrooms effective in 2019, dayrooms or dayroom space shall contain 35 square feet (3.3 m2) of floor area per inmate in width in front of cells/rooms.

**RESPONSE TO RFA NO. 16:**

Objection. Responding Party asserts this Request is exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further objects on the basis of relevance in that it is not reasonably calculated to lead to the discovery of admissible evidence because Title 24 is not applicable to the facts of this lawsuit since it only applies to new construction facilities and the Women's Central Jail is an existing facility. Further, this request improperly seeks a legal conclusion and calls for expert testimony on the scope, application, and interpretation of Title 24.

Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

**RFA NO. 17:**

Admit that the holding tank Plaintiff was held between Aug 8 and Aug 12, 2019 in WCJ does not meet the requirement set forth by Minimum Standards For Local

Detention Facilities 1231.2.9 Dayrooms effective in 2019, which requires dayrooms or dayroom space with a minimum of 35 square feet (3.3 m2) of floor area per inmate in width in front of cells/rooms.

**RESPONSE TO RFA NO. 17:**

Objection. Responding Party asserts this Request is exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further objects on the basis of relevance in that it is not reasonably calculated to lead to the discovery of admissible evidence because Title 24 is not applicable to the facts of this lawsuit since it only applies to new construction facilities and the Women's Central Jail is an existing facility. Further, this request improperly seeks a legal conclusion and calls for expert testimony on the scope, application, and interpretation of Title 24. Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

**RFA NO. 18:**

Admit that pursuant to Minimum Standards For Local Detention Facilities 1231.2.21 Storage rooms effective in 2019, one or more storage rooms shall be provided to accommodate a minimum of 80 cubic feet (2.3 m3) of storage area per inmate for inmate clothing and personal property, institutional clothing, bedding and supplies.

**RESPONSE TO RFA NO. 18:**

Objection. Responding Party asserts this Request is exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further objects on the basis of relevance in that it is not reasonably calculated to lead to the discovery of admissible evidence because Title 24 is not applicable to the facts of this lawsuit since it only applies to new construction facilities and the Women's Central Jail is an existing facility. Further, this request improperly seeks a legal conclusion and calls for expert testimony on the scope, application, and interpretation of Title 24. Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

**RFA NO. 19:**

Admit that the holding tank Plaintiff was held between Aug 8 and Aug 12, 2019 in WCJ does not meet the requirement set forth by Minimum Standards For Local Detention Facilities 1231.2.21 Storage rooms effective in 2019, which requires one or more storage rooms be provided to accommodate a minimum of 80 cubic feet (2.3 m3) of storage area per inmate for inmate clothing and personal property, institutional clothing, bedding and supplies.

**RESPONSE TO RFA NO. 19:**

Objection. Responding Party asserts this Request is exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further objects on the basis of relevance in that it is not reasonably calculated to lead to the discovery of admissible evidence because Title 24 is not applicable to the facts of this lawsuit since it only applies to new construction facilities and the Women's Central Jail is an existing facility. Further, this request improperly seeks a legal conclusion and calls for expert testimony on the scope, application, and interpretation of Title 24. Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

**RFA NO. 20:**

Admit that between Jan 1, 2015 and Dec 31, 2019 OCSD had been operating its detention facility over its rated capacity according to Board of State and Community Corrections.

**RESPONSE TO RFA NO. 20:**

Objection. Responding Party asserts this Request is vague and ambiguous as to "over its rated capacity". It is further ambiguous as to what capacity of the Board of State and Community Corrections that Plaintiff is referring to. Responding Party asserts this Request is exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further objects on the basis of relevance in that it is not reasonably calculated to lead to the discovery of admissible evidence. Further, this

request improperly seeks a legal conclusion and calls for expert testimony on the scope, application, and interpretation of Title 24. Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

**RFA NO. 21:**

Admit that OCSD's training of correction officers in WCJ between Jan 1, 2015 and Dec 31, 2019 did not cover California Penal Code § 4030.

**RESPONSE TO RFA NO. 21:**

Objection. Responding Party asserts this Request is vague and ambiguous as to "correction officers". Responding Party further contends this Request is overbroad because of the requested timeframe since Plaintiff was only in OCSD's custody from August 8-12, 2019. Responding Party asserts this Request exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further objects on the basis of relevance in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

**RFA NO. 22:**

Admit that OCSD's training of correction officers in WCJ between Jan 1, 2015 and Dec 31, 2019 did not cover inmates' First Amendment right relating to freedom of expression.

**RESPONSE TO RFA NO. 22:**

Objection. Responding Party asserts this Request is vague and ambiguous as to "correction officers". Responding Party further contends this Request is overbroad because of the requested timeframe since Plaintiff was only in OCSD's custody from August 8-12, 2019. Responding Party asserts this Request exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further objects on the basis of relevance in that it is not reasonably calculated to lead to the

discovery of admissible evidence. Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

**RFA NO. 23:**

Admit that OCSD's training of correction officers in WCJ between Jan 1, 2015 and Dec 31, 2019 did not cover inmates' Fourth Amendment right relating to search and seizure.

**RESPONSE TO RFA NO. 23:**

Objection. Responding Party asserts this Request is vague and ambiguous as to "correction officers". Responding Party further contends this Request is overbroad because of the requested timeframe since Plaintiff was only in OCSD's custody from August 8-12, 2019. Responding Party asserts this Request exceeds the scope of discovery per Federal Rules of Civil Procedure Rule 26(b)(1). Responding Party further objects on the basis of relevance in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Responding Party responds as follows:

Deny.

DATED: March 17, 2021            COLLINS COLLINS MUIR + STEWART LLP

By: _____
MARIAH A. WITT
MICHAEL L. WRONIAK
Attorneys for Defendants COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON

**DEFTS. MSJ E 462**

# VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I have read the foregoing document entitled **DEFENDANT DON BARNES' RESPONSES TO REQUEST FOR ADMISSIONS (SET TWO) PROPOUNDED BY PLAINTIFF JANE DOE** and know the contents thereof. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge, except those matters that are stated on information and belief and as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 15, 2021, at Santa Ana, California.

*[signature]*
DON BARNES

FILE # 22348

12    **DEFTS. MSJ E 463**

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax    (714) 823-4101

**DEFENDANT DON BARNES' RESPONSES TO REQUEST FOR ADMISSIONS (SET TWO) PROPOUNDED BY PLAINTIFF JANE DOE**

PROOF OF SERVICE

(CCP §§ 1013(a) and 2015.5; FRCP 5)

State of California, )
) ss.
County of Orange. )

  I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 The City Drive, Suite 400, Orange, California 92868.

  On this date, I served the foregoing document described as **DEFENDANT DON BARNES' RESPONSES TO REQUEST FOR ADMISSIONS (SET TWO) PROPOUNDED BY PLAINTIFF JANE DOE** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

[REDACTED]

**PLAINTIFF IN PRO SE**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Orange, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Orange, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – – I served a true copy, with all exhibits, electronically on Plaintiff Jane Doe at the email address on file with the Court which is redacted herein per request of Plaintiff Jane Doe through the Court's CM/ECF Electronic Filing system on:

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (714) 823-4101 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **March 17, 2021** at Orange, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Patrice Porter*
Patrice Porter

FILE # 22348

DEFTS. MSJ E 464

12

**DEFENDANT DON BARNES' RESPONSES TO REQUEST FOR ADMISSIONS (SET TWO) PROPOUNDED BY PLAINTIFF JANE DOE**

| | |
|---|---|
| **From:** | Jane Doe |
| **To:** | Jazmin Ruiz |
| **Cc:** | Rebecca J. Chmura; Michael L. Wroniak; FILE |
| **Subject:** | Re: 22348 / Jane Doe v. County of Orange, et al. |
| **Date:** | Friday, April 1, 2022 6:02:54 PM |
| **Attachments:** | OCSD Department Manual 2019-12-31.pdf |
| | 20220401 RFA1 response to COUNTY.pdf |
| | 20220401 RFA1 response to FALCONER.pdf |
| | 20220401 Rogs2 response to Balicki.pdf |
| | 20220401 RFA1 response to Balicki.pdf |
| | 20220401 Rogs2 response to COUNTY.pdf |
| | 20220401 RFP1 response to COUNTY.pdf |
| | 20220401 Rogs2 response to FALCONER.pdf |

Ms Chmura,

Attached please find plaintiff's response.

Thank you.

On Wed, Mar 2, 2022 at 4:41 PM Jazmin Ruiz <JRuiz@ccmslaw.com> wrote:

> Good Afternoon,
>
> Please find attached the following documents served herewith:
>
> 1. DEFENDANT COUNTY OF ORANGE'S INTERROGATORIES TO PLAINTIFF JANE DOE, SET TWO;
> 2. DEFENDANT JOE BALICKI'S INTERROGATORIES TO PLAINTIFF JANE DOE, SET TWO;
> 3. DEFENDANT DEVONNA FALCONER'S INTERROGATORIES TO PLAINTIFF JANE DOE, SET TWO;
> 4. DEFENDANT COUNTY OF ORANGE'S REQUESTS FOR ADMISSION TO PLAINTIFF JANE DOE, SET ONE;
> 5. DEFENDANT JOE BALICKI'S REQUESTS FOR ADMISSION TO PLAINTIFF JANE DOE, SET ONE;
> 6. DEFENDANT DEVONNA FALCONER'S REQUESTS FOR ADMISSION TO PLAINTIFF JANE DOE, SET ONE; AND
> 7. DEFENDANT COUNTY OF ORANGE'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JANE DOE, SET ONE.
>
>
> **Jazmin Ruiz**
> Legal Assistant
>
> **T**: 760-274-2110
> **F**: 760-274-2111
> 2011 Palomar Airport Road, Suite 207
> Carlsbad, CA 92011
> jruiz@ccllp.law

**DEFTS. MSJ E 465**

**COLLINS + COLLINS LLP**
www.ccllp.law
Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
Northern California 510-844-5100 - Inland Empire 909-581-6100

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the

e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

*Organizational Structure and Responsibility*

    (a)    The Executive Command is commanded by the Undersheriff whose responsibility is to provide general management, direction, and control for administration related services.

2.    ADMINISTRATIVE SERVICES COMMAND

    (a)    The Administrative Services Command is commanded by an Executive Director whose primary responsibility is to provide general management, direction, and control for communications, technology, and financial related services.

3.    CUSTODY OPERATIONS

    (a)    The Custody Operations Command is commanded by an Assistant Sheriff whose primary responsibility is to provide general management, direction, and control for all jail related operations.

4.    FIELD OPERATIONS & INVESTIGATIVE SERVICES COMMAND

    (a)    The Field Operations and Investigative Services Command is commanded by an Assistant Sheriff whose primary responsibility is to provide general management direction and control for field related operations and investigative related services.

5.    PROFESSIONAL SERVICES COMMAND

    (a)    The Professional Services Command is commanded by an Assistant Sheriff whose primary responsibility is to provide general management direction and control for administrative, training, and court related services.

## 200.13 DUTIES AND RESPONSIBILITIES OF OFFICERS

### 200.13.1 SHERIFF-CORONER

The Sheriff-Coroner, as a constitutional officer, is the Chief Law Enforcement Officer of the county and the Chief Executive Officer of the Department. The Sheriff is the final authority in all matters of Departmental policy, operations, and discipline. The Sheriff exercises all lawful powers of the office and issues such orders as are necessary to assure the effective operation of the Department.

By law, the Sheriff is charged with the responsibility for the preservation of the peace within the county through the enforcement of all laws and ordinances; the prevention and suppression of affrays, breaches of the peace, riots and insurrections and for the investigation of offenses committed in his/her jurisdiction. The Sheriff is charged with the maintenance and operation of the county jail system and the custody of all prisoners confined therein.

It is the duty of the Coroner to inquire into and determine the circumstances, manner, medical cause of death and classification of all violent, sudden unexplained, unusual deaths, and deaths wherein the attending physician has not been in attendance for 20 days prior to death or is unable to certify the medical cause of death.

**DEFTS. MSJ E 467**

Copyright Lexipol, LLC 2019/12/06, All Rights Reserved.
Published with permission by Orange County Sheriff-Coroner Department