UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff<br><br>    v.<br><br>COUNTY OF ORANGE, et al.,<br><br>        Defendants. | Case No. 8:20-cv-00322-JWH (GJS)<br><br>**NOTICE TO PLAINTIFF RE: MOTION FOR SUMMARY JUDGMENT; AND ORDER VACATING HEARING AND SETTING BRIEFING SCHEDULE** |

On May 13, 2022, Defendants filed and served a motion that seeks summary judgment as to this case in full, with supporting points and authorities, request for judicial notice, declarations, exhibits, a separate statement of undisputed facts and genuine disputes, and a proposed judgment. [Dkts. 139 through 139-10, collectively "Summary Judgment Motion".] The Summary Judgment Motion is set for hearing on June 15, 2022. The Court hereby VACATES the June 15, 2022 hearing for the Summary Judgment Motion, pursuant to Local Rule 7-15. Absent further order, the Summary Judgment Motion will be resolved on the briefing submitted and will be under submission once the time for briefing has concluded.

        The Court provides Plaintiff with the following notice of her obligations in responding to the Summary Judgment Motion:

By the Summary Judgment Motion, Defendants seek to have your case dismissed. In particular, the Summary Judgment Motion requests that a final judgment be entered in favor of Defendants without a trial. **In other words, if the Court grants the Summary Judgment Motion, you will lose, and the case will be over.**

Summary Judgment Motions are governed by Rule 56 of the Federal Rules of Civil Procedure, and by Local Rule 56-1 through 56-3 of this Court. Accordingly, Plaintiff is advised to review Rule 56 of the Federal Rules of Civil Procedure and these Local Rules. Plaintiff should note that Fed. R. Civ. P. 56 and Local Rule 56-2 set forth the requirements for opposing a summary judgment motion.

The Summary Judgment Motion sets forth the facts that Defendants contend are not reasonably disputed in this case and argues that these facts require judgment in Defendants' favor as a matter of law. Unless the Summary Judgment Motion fails as a matter of law, Plaintiff may not rest upon the mere allegations in Plaintiff's pleadings to defeat the Summary Judgment Motion but must, in opposing the Motion, submit admissible evidence demonstrating that a genuine dispute exists concerning a fact material to the case. In other words, Plaintiff cannot simply rely on what is stated in her complaint. As set forth below, Plaintiff must set out specific facts as provided in Rule 56(c) – such as through declarations, answers to interrogatories, depositions, or authenticated documents – which will contradict the facts shown by the Summary Judgment Motion and which will show that there is a genuine issue of material fact for trial.

**Plaintiff is expressly warned that, if she fails to submit admissible evidence contradicting Defendants' version of the facts, the Court may accept Defendants' version of the facts as truth. If the Court accepts Defendants' version of the facts as the truth, the Court may grant the Summary Judgment Motion and enter final judgment against Plaintiff without any trial, and her case will be dismissed.**

       Further, Plaintiff is advised that, if she opposes the Summary Judgment Motion, Local Rule 56-2 requires that she must serve and file, along with his opposing papers, a separate document containing a concise "Statement of Genuine Disputes," setting forth all material facts as to which Plaintiff contends exists a genuine factual issue required to be litigated.

       In opposing the Summary Judgment Motion, Plaintiff must submit some proof, in the form of admissible, documentary evidence, which supports her claims and sets forth specific facts showing that there are genuine and material issues in dispute which require a trial.  See *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Plaintiff may do this in one or more of the following ways:

       (A) Plaintiff may serve and file one or more affidavits or declarations of witnesses (including Plaintiff), which set forth the facts that Plaintiff believes will prove her claims.  Affidavits or declarations must be signed under penalty of perjury by the person making the affidavit or declaration.  The person making the affidavit or declaration must have personal knowledge of the facts stated and be competent to testify to the matter contained in the affidavit or declaration.

       (B) If Plaintiff's complaint was verified (that is, signed under penalty of perjury), Plaintiff also may rely upon statements made in the complaint but only to the extent that Plaintiff has personal knowledge of the matters stated (and does not merely believe them to be true).  Plaintiff must call to the Court's attention those parts of the complaint upon which Plaintiff relies in opposing summary judgment.

       (C) Plaintiff also may rely upon other written records if there is evidence that the records are authentic and accurate.  Generally, this means that Plaintiff must explain, under penalty of perjury, what the documents mean, where Plaintiff obtained them, and that they are true and correct copies.

       (D) Plaintiff also may rely upon all or any part of the transcript of a deposition, or on answers to interrogatories or on admissions obtained through

discovery in this case. Again, Plaintiff should call to the Court's attention the parts of such documents upon which Plaintiff relies in opposing summary judgment.

Pursuant to Local Rule 56-3, the Court will assume that material facts claimed and adequately supported by Defendant have been admitted by Plaintiff, except to the extent that: (1) Plaintiff controverts the material facts by including them in the "Statement of Genuine Disputes"; and (2) Plaintiff also controverts these same material facts by affidavit, declaration, or other written evidence filed in opposition to the Summary Judgment Motion.

**Plaintiff is expressly cautioned that her failure to file and serve a timely Opposition to the Summary Judgment Motion may result in the granting of the Summary Judgment Motion.**

THEREFORE,

1. **By no later than June 3, 2022**, Plaintiff must file and serve either (1) an opposition to the Summary Judgment Motion ("Opposition") along with a Local Rule 56-2 Statement of Genuine Issues, or (2) a notice of non-opposition;
2. Within ten (10) days of service of the Opposition, Defendants may file and serve a Reply; and
3. Once briefing is completed, the Summary Judgment Motion will stand under submission to the Court.

**IT IS SO ORDERED.**

DATED: May 16, 2022

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE