1

**Michael L. Wroniak (State Bar No. 210347)**
**Rebecca J. Chmura (State Bar. 319106)**

2

**COLLINS + COLLINS LLP**

3

**750 The City Drive, Suite 400**

4

**Orange, CA  92868**
**(714) 823-4100 – FAX (714) 823-4101**

5

**Email:  mwroniak@ccllp.law**

6

**Email:  rchmura@ccllp.law**

7

Attorneys for Defendants

8

COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE
BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER;

9

KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

10

# UNITED STATES DISTRICT COURT

11

12

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

13

JANE DOE,

14

                    Plaintiffs,

15

16

       vs.

17

COUNTY OF ORANGE; DON
BARNES; WILLIAM BAKER; JOE

18

BALICKI; MARK STICHTER; and
DOES 1-10, inclusive,

19

20

                    Defendants.

21

22

23

24

25

26

27

28

) CASE NO. 8:20-cv-00322-JWH (GJS)
) *[Assigned to Judge John W. Holcomb*
) *Courtroom 2]*
)
) **SUPPLEMENTAL JOINT STATEMENT**
) **OF UNDISPUTED FACTS AND**
) **GENUINE DISPUTES RE:**
) **DEFENDANTS' MOTION FOR**
) **SUMMARY JUDGMENT OR, IN THE**
) **ALTERNATIVE, PARTIAL SUMMARY**
) **JUDGMENT**
)
) **Hearing**
) **Date:       June 15, 2022**
) **Time:       10:00 a.m.**
) **Dept.:       640**
)
) Complaint Filed: 2/18/20
) Trial Date:       None
)
)
)
)

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

1

**SUPP JOINT SMT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

**TO THIS COURT AND JANE DOE IN *PRO PER*:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rule 56-1, and District Court Judge John Holcomb's Standing Order dated February 25, 2022, Plaintiff Jane Doe and Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington (collectively, "Defendants") hereby submit this Supplemental Joint Statement of Uncontroverted as to Facts Nos. 4, 59, 60, 61, and 70 and Genuine Disputes regarding Defendants' Motion for Summary Judgment, or, in the alternative, Partial Summary Judgment.

Please note that these facts were added after Defendants had received responses from Plaintiff. However, in order to meet the statutory filing deadlines, Defendants needed to file their Joint Statement on May 13, 2022, while leaving the boxes for "Opponent's Response" and "Proponent's Reply" blank for future additions upon opposition and reply. Upon Plaintiffs' request after filing the Joint Statement, Defendants provided this Supplemental Statement for her input.

Defendants hereby submit this Supplemental Joint Statement as to Facts Nos. 4, 59, 60, 61 and 70 after their meet and confer efforts with Plaintiff to resolve these deficiencies. The parties hereby agree that Defendants' papers were timely filed and adequate notice was given. The submission of this Joint Statement does not alter or amend the filing date or notice period in anyway.

///

///

///

///

///

///

///

///

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

2

**SUPP JOINT SMT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

# UNDISPUTED FACTS IN SUPPORT OF SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

| # | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply[1] |
|---|---|---|---|---|---|
| 4. | Defendants | Plaintiff admits that she ate three meals per day in jail. | **Joint Exhibit Part C at 265-266** (Depo. Trans. of Plaintiff, Vol. IV (71:25-72:17)) **Joint Exhibit Part D at 451** (Chmura Decl., ¶ 9.) | Disputed. Plaintiff did not have any food on Aug 8, 2019. Doe., Decl., ¶ 6. Constitutional protection against WCJ starts from the first second when an inmate is taken into custody, not from when she is booked. | Plaintiff's response does not contradict the entirety of this fact. She only claims she did not eat on one day (August 8). However, in her deposition she testified to eating three meals per day while incarcerated. (See evidence in support of Fact 4.) Her response also |

[1] Defendants reserve their right to amend their responses and/or add additional information in reply to Plaintiff's opposition and/or any additional exhibits or evidence she may present. Defendants also reserve their right to assert evidentiary objections to Plaintiff's exhibits and evidence. At the time of the filing of their moving papers, Defendants had not seen copies of the alleged declaration of Doe and Lu and were not provided copies of her exhibits.

*FILE # 22348*

**SUPP JOINT SMT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| 1 | | | | | calls for a legal conclusion and is incorrect. Missing one meal is not a constitutional violation. |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | **22.** | Defendants | Title 24 permits night lighting for purposes of good visibility for supervision. | **Joint Exhibit Part B at 241 (Title 24 1231.3.6) Request for Judicial Notice ["RJN"], ¶ 4.** | Disputed. Title 24 does not permit "bright enough to read" lightning right above an inmate's bed 24/7. Doe Decl., ¶28. | Plaintiff's response does not contradict this fact that Title 24 permits lighting to remain on in inmate areas at night. Her claim that the lights were "bright enough to read" is based upon her opinion and she has no expertise as to lighting or the measure of |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | | |
| 16 | | | | | |
| 17 | | | | | |
| 18 | | | | | |
| 19 | | | | | |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |
| 24 | | | | | |
| 25 | | | | | |
| 26 | | | | | |
| 27 | | | | | |
| 28 | | | | | |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

4

**SUPP JOINT SMT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| 1 | | | | | lumens and/or |
| 2 | | | | | its effects on |
| 3 | | | | | sleep in |
| 4 | | | | | humans. |
| 5 | **59.** | Defendants | Individual | **Joint Exhibit** | Disputed. Doe | Plaintiff's |
| 6 | | | Defendants | **Part B at 124-** | defendants | evidence does |
| 7 | | | did not | **125** (Plaintiff's | conducted | not dispute that |
| 8 | | | conduct a | Verified | seven strip | Individual |
| 9 | | | search of | Response to | searches and | Defendant did |
| 10 | | | Plaintiff's | Addington's | forced Plaintiff | not conduct a |
| 11 | | | person or cell | Interrogatories, | to expose her | search of |
| 12 | | | at anytime. | Set One, No. | breasts on three | Plaintiff's |
| 13 | | | | 1) | occasions. | person or cell |
| 14 | | | | **(Joint Exhibit** | Supervisor | at anytime. |
| 15 | | | | **Part D at 451** | defendants | Moreover, her |
| 16 | | | | Chmura Decl., | formed, | response or |
| 17 | | | | ¶ 6.) | enforced, | evidence does |
| 18 | | | | **Joint Exhibit** | implemented, | not establish |
| 19 | | | | **Part D at 413-** | planned, | that Individual |
| 20 | | | | **414** (Stichter | directed, and | Defendants |
| 21 | | | | Decl., ¶ 11.) | organized | had any part in |
| 22 | | | | | unreasonably | implementing |
| 23 | | | | | constant and | these alleged |
| 24 | | | | | excessive strip | "strip |
| 25 | | | | | searches | searches." |
| 26 | | | | | according to | Again, |
| 27 | | | | | OCSD's | Plaintiff |
| 28 | | | | | | |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

5

**SUPP JOINT SMT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| 1 | | | | unconstitutional strip search policy.  Doe., Decl., ¶2, 9, 12-16, 18, 33. | mischaracteriz es "Extended Correctional Searches" as strip searches. |
| 6 | 60. | Defendants | Defendants Don Barnes, William Baker, and Joe Balicki were not at WCJ from August 8, 2019 to August 12, 2019. | **Joint Exhibit Part D at 413-414** (Stichter Decl., ¶ 11.) | Irrelevant. The supervisor's participation could include his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or | Plaintiff's response or evidence does not dispute this fact. The fact is relevant as it goes to show that Individual Defendants had no personal involvement in Plaintiffs' claims.  The Orange County Sheriff's Department Manual does not support her assertion that |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

6

**SUPP JOINT SMT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| 1 | | | | | callous indifference to the rights of others. Doe Decl., ¶33. | the supervisor's participation could include his own culpable action or inaction. This calls for a legal conclusion. (**Joint Exhibit Part E at 467** (OSCD Policy Manual 200.13.1) **Joint Exhibit Part D at 452** (Chmura Decl., ¶ 11.) )<br><br>Plaintiff fails to unequivocally dispute this fact or state that it is undisputed. |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

*FILE # 22348*

**SUPP JOINT SMT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |
| **61.** | Defendants | Individual Defendants had no contact with Plaintiff at WCJ. | **Joint Exhibit Part D at 413-414** (Stichter Decl., ¶ 11.) | Disputed. Doe defendants conducted seven strip searches and forced Plaintiff to expose her breasts on three occasions. Doe., Decl., ¶2, 9, 12-16, 18, 33. | Plaintiff's response or evidence does not dispute this fact. She claims "doe defendants" searched her, not Individual Defendants. She does not contend that Individual Defendants had any contact with her at WCJ at any time. |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*FILE # 22348*

8

**SUPP JOINT SMT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT**

| 70. | Defendants | In FAST searches, tanks are chosen at random unless there is reasonable suspicion to select a specific tank. | **Joint Exhibit Part D at 447** (Rivera Decl., ¶ 7.) **Joint Exhibit Part D at 424** (Falconer Decl., ¶ 9.) **Joint Exhibit Part D at 435** (Mayer Decl., ¶ 9.) **Joint Exhibit Part D at 440** (Rodriguez Decl., ¶ 9.) **Joint Exhibit Part D at 430** (Addington Decl., ¶ 9.) | Disputed. Midnight cell search was chosen for retaliation and intimidation. Doe., Decl., ¶20-21. | Plaintiff does not dispute this fact that policy allows for random FAST searches to be conducted. Moreover, she has no evidence to support her claim that the searches were done for purposes of retaliation and/or intimidation other than her own speculation. Each of the Deputy Defendants' declare in their declarations that the search |

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

| | | | | of her cell was random and they had no intend to cause harm or distress to Plaintiff. (See evidence in support of Fact 70.) |
|---|---|---|---|---|

DATED:  May 26, 2022          COLLINS + COLLINS LLP

By: _____

REBECCA J. CHMURA
MICHAEL L. WRONIAK
REBECCA J. CHMURA
Attorneys for Defendants COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

FILE # 22348

10

SUPP JOINT SMT RE DEFTS' MTN FOR SUMMARY OR PARTIAL JUDGMENT