JANE DOE

11151 Valley Blvd #4886,

El Monte, CA 91734

Plaintiff in Pro Se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF ORANGE; et al<br><br>    Defendants. | No. 8:20-cv-00322-JWH-GJS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR TERMINATING SANCTIONS AND REQUEST FOR MONETARY SANCTIONS**<br><br>Date: June 15, 2022<br>Time: 3:00 p.m.<br>Action filed: 2/18/2020 |

## I. INTRODUCTION

After Defendants slammed JANE DOE ("Plaintiff") with one hundred and eleven (111) requests for production of documents, after Defendants received Plaintiff's medical records from LACDMH, and after Defendants, in their settlement statement, alleged that Plaintiff's medical records from LACDMH clearly indicated she suffered no injuries from her incarceration, Defendants falsely represented to the court that they did not get the information in Plaintiff's records to bring this frivolous motion. Doe Decl., ¶2-3. The Court should sanction Defendants under Local Rule 11-9 for bringing this frivolous motion.

1

PLTF'S OPPOSITION TO DEFENDANTS' MOTION FOR TERMINATING AND MONETARY SANCTIONS

## II. NO GOOD CAUSE SHOWN TO JUSTIFY THE FAILURE TO COMPLY WITH L.R. 37 and L.R. 7-3

Despite Ex Parte hearings are generally disfavored, *United States v. Kenny*, 911 F.2d 315, 321 (9th Cir. 1990), at Defendants' second ex parte request, the discovery cut-off was extended to June 6, 2022. Dkt. 120. On April 19, 2022 Defendants learned that Plaintiff's writ of mandamus was denied. (Declaration of Rebecca J. Chmura ["Chmura Decl."], ¶ 5. There were over a whole month of time for Defendants to comply with L.R. 37. Defendants' assertion is completely false that they were unable to even request a conference per L.R. 37-1 given the time necessary to bring a fully noticed motion before the discovery cut-off. There was no good cause to justify the failure to hold a Prefiling Conference.

Further, under L.R. 37-2.4, the Court will not consider any discovery motion in the absence of a joint stipulation. Defendants' blatant disregard of L.R. 37 justifies the denial of their motion. See *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); accord *Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)). As the Court advises in its standing order, "[c]ounsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court." (Initial Standing Order § 9(c), ECF No. 8.) Any uncertainty easily could be avoided by conducting a meaningful, thorough conference of

1  counsel. See *Lopez v. Wells Fargo Bank*, N.A., No. SACV 16-1409 AG (KESx), 2016 U.S. Dist.
2  LEXIS 144380, at *5-6 (C.D. Cal. Oct. 17, 2016) ("Making two sides talk can significantly help
3  focus and clarify disputes, even when one side still has to file a motion at the end of the day.").

4  **III.   THIS COURT'S MARCH 23, 2022 ORDER (DKT. 120) WAS RENDERED MOOT**

5  Since LACDMH already released Plaintiff's medical records to Defendants, this Court's
6  March 23, 2022 Order (Dkt. 120) was rendered moot. Defendants, in their settlement statement,
7  clearly alleged that Plaintiff's medical records from LACDMH indicated she suffered no injuries
8  from her incarceration. Doe Decl., ¶2-3. Nevertheless, Defendants falsely represented to the court
9  that they did not get the information in Plaintiff's records in order to bring this frivolous motion.

10  Defendants' allegation is unfounded that Plaintiff has willfully withheld her signature in
11  an attempt to prevent Defendants from getting the information in her records to explore her
12  claims and prepare their defense. From the very beginning, Plaintiff has welcomed Defendants to
13  depose her health care providers for any information justified for this litigation. A plaintiff is
14  "entitled to retain the confidentiality of all unrelated medical or psychotherapeutic treatment they
15  may have undergone in the past." *Britt v. Superior Court*, 20 Cal.3d 844, 864 (Cal. 1978).
16  Plaintiff has been fully cooperative to the extent that the law requires and allows. "Only
17  willfulness, bad faith, and fault justify terminating sanctions." *Connecticut Gen. Life Ins. Co. v.*
18  *New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

19  The demand of Plaintiff's lifelong medical records, including HIV test result and drug or
20  alcohol records is unjustified, oppressive and designed to harass, same as Defendants' one
21  hundred and eleven (111) requests for production of documents. Plaintiff has legitimate reason
22  not to sign such a release form.

23  **IV.   PLAINTIFF'S FAILURE TO SIGN THE LACDMH AUTHORIZATION**
24  **DISCLOSURE FORM WAS JUSTIFIED**

25  In deciding whether a sanction of dismissal or default for noncompliance with discovery is
26  appropriate, the district court must weigh five factors: "(1) the public's interest in expeditious
27  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
28  [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the

availability of less drastic sanctions." Id. (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

In determining whether to impose terminating sanctions, "the key [*Malone*] factors are prejudice and the availability of lesser sanctions." See *Davidson v. Barnhardt*, 2013 WL 6388354, at *6 (C.D. Cal. Dec. 6, 2013) (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)); *Valley Eng'rs Inc. v Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that when considering evidentiary, issue, or terminating sanctions , factors three and five "are decisive"). Put another way, "[w]hat is most critical for case-dispositive sanctions , regarding risk of prejudice and of less drastic sanctions , is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Valley Eng'rs*, 158 F.3d at 1057 (quoting *Adriana Int'l. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

"When assessing prejudice, courts consider whether the other party's actions 'impair' the ability of the party seeking sanctions 'to go to trial or threaten to interfere with the rightful decision of the case.'" *Sec. & Exch. Comm'n v. Blockvest, LLC*, 2020 WL 1910355, at *15 (S.D. Cal. Apr. 20, 2020) (quoting *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (internal quotations and citations omitted)).

Here, Defendants presented zero prejudice. First, Defendants already received Plaintiff's medical records from LACDMH. Second, Defendants' legitimate objectives can be readily accomplished by a simple deposition. Any information justified for this litigation can be easily obtained from a deposition. Third, medical records do not tell the full story. A deposition is a more reliable way to conduct discovery. The opportunity was available to Defendants from day one of this litigation.

**V.    DEFENDANTS' FRIVOLOUS MOTION WARRANTS SANCTION**

The purpose of this motion is consistent with Defendants' tactic to serve Plaintiff with one hundred and eleven (111) requests for production of documents. Defendants falsely represented to the court that they did not get the information in Plaintiff's records which is an apparently deliberate attempt to mislead the court. Doe Decl., ¶2-3.

**VI.   DEFENDANTS ARE NOT ENTITLED TO ATTORNEY FEES AWARD**

It has long been the law in California that an unreasonably inflated fee request is a special circumstance authorizing the trial court to substantially reduce or deny fees altogether. Serrano v. Unruh, 32 Cal.3d 621, 635, 186 Cal.Rptr. 754, 652 P.2d 985 (Cal.1982). See also *Chavez v. City of Los Angeles*, 47 Cal. 4th 970 (2010) (grossly inflated attorney fee request justified denying fees altogether.)

The reasonable rate of $350, for other comparable attorneys, is not the actual rate Defendants were charged. Doe Decl., ¶5. Defendants provide incomplete rate information to mislead the court. It has been well settled that award is limited to reasonable attorney's fees actually incurred. Defendants' intentional inflation of attorney fees warrants a complete denial.

**VII.  CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court sanction Defendants under Local Rule 11-9 for bringing this frivolous motion and order Defendants pay a penalty into court.

Dated: May 27, 2022

Respectfully submitted.

*/s/ JANE DOE*

JANE DOE

Plaintiff in Pro Se

# DECLARATION OF PLAINTIFF JANE DOE

JANE DOE declares and states:

1. I am the plaintiff in this case. I have personal knowledge of the facts stated herein. If called upon as a witness I could and would competently testify thereto.

2. Defendants, in their settlement statement, alleged that my medical records from LACDMH clearly indicated I suffered no injuries from my incarceration.

3. LACDMH informed me that they released my medical records to defendants.

4. On March 2, 2022 Defendants slammed me with 111 requests for production of documents.

5. Ms Chmura's firm, COLLINS+COLLINS LLP, bills Defendants at a lower rate than market rate of $350 for their legal service.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: May 27, 2022                                   */s/ JANE DOE*
                                                    JANE DOE, In Pro Per

**CERTIFICATE OF SERVICE**

I, JANE DOE, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I reside in the County of Los Angeles, State of California. My business address is 11151 Valley Blvd #4886, El Monte, CA 91734, in said county and state.

On May 27, 2022 I electronically filed the following document(s):

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR TERMINATING SANCTIONS AND MONETARY SANCTIONS

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: May 27, 2022

                                            */s/ JANE DOE*
                                            JANE DOE
                                            Plaintiff in Pro Se