1 | Michael L. Wroniak (State Bar No. 210347)
2 | Rebecca J. Chmura (State Bar. 319106)
  | **COLLINS + COLLINS LLP**
3 | 750 The City Drive, Suite 400
4 | Orange, CA  92868
  | (714) 823-4100 – FAX (714) 823-4101
5 | Email:  mwroniak@ccllp.law
6 | Email:  rchmura@ccllp.law

7 | Attorneys for Defendants
8 | COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER;
9 | KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CALIFORNIA, CENTRAL DISTRICT**

| JANE DOE, | ) CASE NO. 8:20-cv-00322-JWH (GJS) |
| | ) *[Assigned to Judge John W. Holcomb* |
| Plaintiffs, | ) *Courtroom 2]* |
| | ) |
| vs. | ) **DEFENDANTS' REPLY TO PLAINTIFF** |
| | ) **JANE DOE'S OPPOSITION TO** |
| COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive, | ) **DEFENDANTS' MOTION FOR** |
| | ) **TERMINATING SANCTIONS AND** |
| | ) **REQUEST FOR MONETARY** |
| | ) **SANCTIONS OF $2,275.00 AGAINST** |
| | ) **PLAINTIFF JANE DOE** |
| Defendants. | ) |
| | ) **Hearing:** |
| | ) **Date:**          June 15, 2022 |
| | ) **Time:**          3:00 p.m. |
| | ) **Courtroom:**  640 |
| | ) |
| | ) Complaint Filed: 2/18/20 |
| | ) Trial Date:         None |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Defendants County of Orange, Don Barnes,

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

1

**REPLY TO OPPO MTN TERM. SANCTIONS & MONETARY SANCTIONS**

William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington (collectively, "Defendants") hereby submit their Reply to Plaintiff Jane Doe's ("Plaintiff") Opposition to their motion seeking an order pursuant to F.R.C.P. 37(b)(2)(A) for terminating sanctions, specifically dismissal, against Plaintiff for her willful failure to sign and return the authorization disclosure required by the Los Angeles County Department of Mental Health ("LACDMH") to produce Plaintiff's medical records (which this Court already ordered that Defendants were entitled to on December 14, 2021) in violation of this Court's March 23, 2022 Order. (Doc. 120.)

## MEMORANDUM OF POINTS & AUTHORITIES

### I. INTRODUCTION

Plaintiff Jane Doe ("Plaintiff") acknowledges and admits that she has blatantly refuses to comply with this Court's March 23, 2022 Order. As such, Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington's (collectively, "Defendants") Motion for Terminating Sanctions against Plaintiff should be granted, and this action dismissed on account of her willful violation of the Court's Order. Plaintiff provides no explanation as to why she has refused to sign the form and presents no evidence that she has any intention to comply at anytime. Thus, Defendants continue to be prejudiced and prevented from making important decisions in this case, including related to settlement, and even understanding the true facts of this case. Moreover, less drastic alternative sanctions would not rectify Plaintiff's refusal as a stay or monetary sanctions would clearly not motivate Plaintiff to comply with this Court's order and sign the form, and thus, Defendants and their counsel will be forced and prejudiced with further time delays, monetary expenses, and the inability to understand Plaintiff's claims or prepare their defenses and ultimately litigate this case on the merits.

Shockingly, Plaintiff falsifies and mispresents to this Court what was written in Defendants' April 2022 Settlement Conference Statement, which is supposed to be a

confidential document between the parties and not a matter of public record or admissible evidence. (Fed. Rule Evid. 408.) In such, she claims that Defendants stated that they have the documents from Los Angeles County Department of Mental Health ("LACDMH"), which is the provider requiring the authorization form at issue. Defendants made no such statement and have continued to state that they still do not have these records despite having subpoenaed them almost over a year ago. By no fault of their own, Defendants still do not have these records. Plaintiff's continued lies and schemes should not have to be endured by Defendants' any longer. Despite having been ordered to sign an authorization form so that Defendants may receive the medical records which has already been determined that they are entitled to, Plaintiff has intentionally and in bad faith failed to follow this Court's March 23, 2022 Order. Her failure and refusal to do so is grounds for dismissal.

Dismissal of this action under F.R.C.P. 37 should be imposed against Plaintiff because her refusal is a knowing and intentional violation of the Court's order. Defendants hereby respectfully ask that this Court dismiss this action, or, in the alternative, impose terminating sanctions this Court sees fit. Further, per F.R.C.P. 37(b)(2)(C), Plaintiff should be ordered to pay for Defendants' attorney's fees in the amount of $2,275.00 for having to bring this motion.

## II. DEFENDANTS HAVE NOT RECEIVED BILLING RECORDS FROM LACDMH AND PLAINTIFF MISREPRESENTS DEFENDANTS' SETTLEMENT STATEMENT

Plaintiff mischaracterizes and mispresents that Defendants allegedly claimed to have received the records from LACDMH in their Settlement Conference Statement. (Doc. 145, 1:26-27.) This statement is unsupported by any evidence whatsoever and is meant to deceive and mislead this Court. The April 26, 2022, statement to which she refers states, "Despite having subpoenaed the records, *Defendants have not received billing records* from Arcadia Mental Health, Pacific Clinics, Heredia Physical Therapy *or LACDMH*, this is due in large part to Plaintiff's consistent objections to production

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

of the records, filing protective orders, and failing to authorization forms despite being ordered to do so." (Emphasis Added.) (Defendants Settlement Conference Statement 4:26-5:2.) A full copy of this April 26, 2022 Settlement Conference Report can be provided to the Court upon its request. Defendants are confused and shocked by Plaintiff's blatant falsifications. It is clear that there is nothing that would support sanctions against Defendants under L.R. 11-9, but perhaps is more applicable against Plaintiff.

### III. DEFENDANTS HAVE COMPLIED WITH L.R. 7-3, L.R. 37 OR, LR 37-2.4 AND, IN THE ALTERNATIVE, THERE IS GOOD CAUSE TO JUSTIFY WAIVER OF SUCH

Plaintiff improperly contends that this motion should be denied for Defendants' alleged failure to comply with L.R. 7-3, 37-1, and 37-2.4. First, L.R. 7-3 is not applicable because this is a discovery motion and it is governed by L.R. 37, *et seq.* Regardless even if this Court finds that it does apply, Defendants attempted to meet and confer with Plaintiff, but she did not respond. (Doc. 128-1, 3:3-14; Exhibit "1.")

Second, L.R. 37-1 requires that the parties meet and confer to avoid any unnecessary motion work. Further, counsel for the opposing party must confer with counsel for the moving party within ten days of the correspondence. Defendants' counsel, Ms. Chmura did attempt to meet and confer with Plaintiff as soon as they could on April 25, 2022. (Doc. 128-1, 2:26-3:14; Exhibit "1.") Plaintiff did not respond. (*Id.*) Defendants thereby did comply and attempted to meet the requirements of L.R. 37-1 before filing this motion. Plaintiff does not oppose the fact indicating that Defendants attempted to meet and confer with Plaintiff in its Proposed Facts and Conclusions of Law related to this motion. (Docs. 138:1-4, 145-1.)

Plaintiff's silence was clear that she was not going to sign the authorization form and therefore bringing this motion was necessary. It was not possible to wait the full ten days to wait for a response from Plaintiff as Defendants would have been prevented from having this motion heard prior to the discovery cut-off by way of a fully noticed

*FILE # 22348*

4

**REPLY TO OPPO MTN TERM. SANCTIONS & MONETARY SANCTIONS**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

motion. The fact-discovery cut-off is June 6, 2022. (Doc. 120.). Defendants were aware that this Court would not consider an *ex parte* application based on the admonishment it received in this Court's March 23, 2022 Order and the clear statement that any motions regarding the subpoenas must be scheduled to be heard prior to the discovery cut-off with a fully noticed motion. (Doc. 120.) As such, given the time frame at issue, Defendants still attempted to meet and confer with Plaintiff, however, when she did not respond whatsoever, they moved forward with the filing of this motion so as to not be prevented from having this motion heard and considered by the Court.

Finally, Defendants are not required to comply with L.R. 37-2.4, as per Judge Gail J. Standish's Procedures, she states, "Compliance with Local Civil Rule 37 is generally required; however, the Court dispenses with the joint stipulation requirement under Local Civil Rule 37-2 and instead requires parties to file traditional motions, opposition briefs, and replies pursuant to Local Civil Rules 6-1 and 7." (Judge Gail Standish's Procedures 1(b).) Regardless, Defendants complied with L.R. 37-2.4, by submitting a declaration that states that Plaintiff failed to confer under L.R. 37-1, which is permissible in lieu of the joint stipulation under this Rule.

Based on the above, Defendants have continued to comply with the Central District Local Rule procedural requirements and this motion does not warrant denial based thereon.

### IV. THIS COURT'S MARCH 23, 2022 ORDER IS NOT MOOT AND PLAINTIFF WILLINGLY AND KNOWINGLY CONTINUES TO VIOLATE IT

Plaintiff admits that she has not signed the release form at issue. (Doc. 145, 3:21-22.) By her own admission because she has not complied with and fulfilled the Court's March 23, 2022 Order, it cannot possibly be moot.

Further, despite Plaintiff's obvious fabrication, Defendants still do not have all records from LACDMH given that Plaintiff still has not signed the form. As already stated *supra*, Plaintiff misrepresents Defendants' statement in the Confidential

*FILE # 22348*

5

**REPLY TO OPPO MTN TERM. SANCTIONS & MONETARY SANCTIONS**

Settlement Agreement. (*See* II. *supra*.) Moreover, Plaintiff lacks any personal knowledge that Defendants have received the records. As remains true today, and as Defendants have continued to allege in this motion, other related motions, and based upon representations by LACDMH and Defendants' attorney service, First Legal, the records will not be released without the signed authorization by Plaintiff. (Doc. 118-1, 4:13-28, 5:7-15.) Thus, Defendants continue to be prevented from receiving the records due to Plaintiff's admitted and blatant refusal to sign and return the authorization form[1].

Paragraph 3 of Plaintiff's declaration in support of this motion claims that "LACDMH informed [her] that they released [her] medical records to defendants." While this statement provides no information about whom she spoke with, when, or their contact information to validate this information, it is hearsay and therefore inadmissible evidence. Moreover, it does nothing to disprove that Plaintiff has violated this Court's order or that Defendant still do not have the records at issue.

Finally, Plaintiff again attempts to re-litigate the prevention of the release of her medical records. This is not in front of this Court by this motion and it has already been ordered several times that Defendants are entitled to Plaintiff's medical records, including those from LACDMH, and she is required to sign and return the authorization form to facilitate the production of those records. (Docs. 84, 83, 114, 120.) Her only support for prevention of the release of these records is the case of *Britt v. Superior Court*, (1978) 20 Cal. 3d 844, a California state case and therefore only persuasive and not binding authority. Further, Plaintiff cites to *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* (9th Cir. 2007) 482 F.3d 1091, 1096, to state that terminating sanctions are only appropriate when there is "willfulness, bad faith, and fault." Defendants agree with this proposition, and by Plaintiff's own admission since she has not signed the form, it is clear that there is willfulness and bad faith on Plaintiff's part

---

[1] Given that new evidence is typically not permitted in Reply, should this Court allow, and or desire, Defendants can provide a declaration from Ms. Chmura, Defendants' counsel, who has personal knowledge that Defendants have not received all records from LACDMH (i.e. billing records) to date, and the information being told to Ms. Chmura and her office is that Plaintiff's failure to sign the authorization is preventing their disclosure.
FILE # 22348

COLLINS+COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

6

**REPLY TO OPPO MTN TERM. SANCTIONS & MONETARY SANCTIONS**

and it is Plaintiff's fault that Defendants have been preventing from receiving the records they are entitled to, which would justify terminating sanctions, including dismissal of the entire action, against Plaintiff.

## V. THE *MALONE* FACTORS WEIGH IN FAVOR OF DISMISSAL BASED UPON PLAINTIFF'S REFUSAL TO COMPLY WITH THE COURT'S ORDER

The *Malone* factors, which help a court weigh when it is appropriate to dismiss a case for a party's failure to comply with a court order, favor dismissal of this matter. (Doc. 145, 3:25-4:2; *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) These factors include "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." (*Malone,* 833 F.2d 130 at 130.) Plaintiff cites to several cases indicating that the factors of prejudice and availability of lesser sanctions are key in the determination of dismissal. (Doc. 145, 4:3-11; *Davidson v. Barnhardt,* 2013 WL 6388357, at *6 (C.D. Cal. 2013.)) In *Davidson*, dismissal based upon a party's failure to produce documents as ordered warranted dismissal (striking of the answer and entry of default.) (*Davidson*, 2013, 2013 WL 6388357, at *6.)

As to prejudice, "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." (*Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir.1990); *Malone*, 833 F.2d at 131.) Moreover, "failing to produce documents as ordered is considered sufficient prejudice." (*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).) "Rule 37(b)(2)(C) allows dismissal for failure to comply with discovery plans and orders, and Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court." (*Id.*)

In *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990), the plaintiff in that case failed to appear at scheduled depositions and refused to comply

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

7

**REPLY TO OPPO MTN TERM. SANCTIONS & MONETARY SANCTIONS**

with court-ordered production of documents. The Court in that case held that her refusal to do these things "constitute[d] an interference with the rightful decision of the case" and as such prejudice was established under *Malone*. (*Id.*)

Here, Defendants have clearly been prejudiced by Plaintiff's refusal to sign and return the authorization form. As already been stated *ad nauseum*, Plaintiff's signed authorization form has prevented the release of the LACDMH records and Defendants' do not have these records in their possession. As a procedural matter, like *Davidson, Adriana, In re Phenylpropanolamine*, and F.R.C.P. 37(b)(2)(C) and 41(b), Plaintiff's refusal to comply with a court order, produce this authorization form, and thus, her prevention of the records, establishes prejudice under *Malone* outright. However, going further, Defendants have been prejudiced by Plaintiff's failure to sign the authorization form because Defendants have not been able to understand the nature and extent of Plaintiffs' claimed damages; are prevented from properly and fully preparing for trial without this information; and cannot fully make decisions regarding potential settlement. Thus, Plaintiff's intentional decision to not sign the form has prevented Defendants from making "rightful decisions" in their case. It follows, that "[t]he most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." (*Davidson*, 2013 WL 6388354, at *6.) Like *Davidson*, Defendants have been prevented from having full and true access to the facts without the receipt of these records.

Plaintiffs' only argument against prejudice is that (1) Defendants have already received the records and (2) there are other means to accomplish Defendants' objectives. First, as already discussed, Defendants have not received the records. Secondly, despite Plaintiff's allegations and opinions, Defendants are not limited to taking a deposition to get this information. It has already been determined that Defendants are entitled to Plaintiff's records as she has brought this suit against Defendants. (Docs. 84, 83, 114, 120.) Further, contrary to Plaintiff's opinion, it is unlikely that a deposition, when it

FILE # 22348

comes to billing records, are better than a written record, as her treating physicians or therapists likely have nothing to do with the billing for the treatment. Therefore, these depositions would not likely produce competent or certain information about the expenses allegedly incurred by Plaintiff. Based on the above, it is clear that Defendants continue to suffer prejudice due to Plaintiff's refusal to sign the authorization form.

Plaintiff is silent as to any of the other factors, including the other important factor under *Davidson*, the availability of lesser sanctions. This factor however, is more closely considered "the dismissal is *sua sponte* rather than in response to a noticed motion." (*In re Phenylpropanolamine*, 460 F.3d at 1229.) A factor when considering alternative sanctions is did the court warn the plaintiff that dismissal or sanctions could occur. (Malone., 833 F.2d at 132.) "A plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order." (*Id.* at 133.)

Here, this is not a situation of *sua sponte* dismissal and therefore, like *In re Phenylpropanolamine*, the possibility could not come as a surprise to Plaintiff. Plaintiff was clearly warned by this Court that should she "fail to sign such authorization(s), she will be deemed in violation of this Court's order and to have failed to cooperate in discovery, and will be subject to sanctions, potentially including the presentation of a recommended or proposed order to the District Judge that includes preclusionary or terminating sanctions." (Doc. 120.) Thus, it is obvious that Plaintiff was on notice that she would be subject to sanctions, including dismissal. Finally, considering alternative sanctions, *arguendo*, dismissal is the most effective sanction. Monetary sanctions against Plaintiff, or a stay of this action until she signs the form, would not likely encourage her to sign the authorization form. As such because Defendants would continue to be prevented from receiving the records as it is not likely Plaintiff will comply with this Order, Defendants would continue to suffer prejudice in time and expense by being prevented from receiving the information and potentially having to bring another motion to enforce its rights in this action, and/or seeking further terminating sanctions. For the reasons above, terminating sanctions in the form of a

dismissal of this action are warranted and favored by the *Malone* factors.

## VI. THERE IS NO EVIDENCE THAT THIS MOTION IS FRIVOLOUS

Plaintiff misrepresents that Defendants have received the LACDMH records. (*See* II. *supra*.) Moreover, it is irrelevant that Defendants served Plaintiff with requests for production of documents as they are entitled to do so under F.R.C.P. to investigate Plaintiff's claims and prepare their defenses as they and their counsel see fit. (F.R.C.P. 34.) There is nothing presented by Plaintiff which supports that this motion is frivolous.

## VII. DEFENDANTS ARE ENTITLED TO REASONABLE ATTORNEYS FEES FOR HAVING TO BRING THIS MOTION

Plaintiff does not dispute that Defendants are entitled to fees for having to bring this motion. Instead, she merely claims that the rate contended is "inflated" or "unreasonable." Other than her own declaration, of which she lacks any personal or expert knowledge about the rates actually charged by the Collins + Collins LLP firm or Ms. Chmura, or knowledge of applicable rates of comparable Southern California attorneys, Plaintiff proffers no real evidence to dispute or oppose that the $350 per hour rate claimed by Defendants is in any way unreasonable.

It follows that in determining the calculation of recoverable attorney's fees, rates are determined by the "prevailing market rates in the relevant legal community…" (*Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).) "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. [Citation.] If the applicant satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee contemplated by § 1988." (*Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).)

Given that Defendants have provided evidence and counsel declarations that the rate is reasonable, they have satisfied this burden. (Doc. 128-1, 3:15-26.) Plaintiff's speculation as to the reasonable rates and the alleged rate of Collins + Collins LLP firm

or Ms. Chmura does not successfully oppose that the rate is unreasonable. Thus, because Defendants have incurred $2,275.00 in attorney's fees for bringing this motion, they are entitled to recover these fees from Plaintiff in addition to the other terminating sanctions that should be imposed for Plaintiff's willful violation of the Court's Order.

## VIII. CONCLUSION

Given the above, Defendants respectfully request that this Court issue terminating sanctions, i.e. a dismissal of this action, against Plaintiff for her failure to comply with this Court's March 23, 2022 Order requiring her to sign the authorization form. (Doc. 120.) In the alternative, Defendants request that this Court issue terminating sanctions it sees fit for her intentional, willful, and deliberate failure to comply with this Court's order.

Additionally, Plaintiff should be required to pay $2,275.00 to Defendants for attorney's fees for having to bring this motion.

Moreover, there is nothing which would support sanctions against Defendants under L.R. 11-9.

DATED: June 2, 2022         COLLINS + COLLINS LLP

By: _____
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendants COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON