1  Michael L. Wroniak (State Bar No. 210347)
2  Rebecca J. Chmura (State Bar. 319106)
   **COLLINS + COLLINS LLP**
3  **750 The City Drive, Suite 400**
4  **Orange, CA  92868**
   **(714) 823-4100 – FAX (714) 823-4101**
5  **Email:  mwroniak@ccllp.law**
6  **Email:  rchmura@ccllp.law**

7  Attorneys for Defendants
8  COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE
   BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER;
9  KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

10          **UNITED STATES DISTRICT COURT**

11      **DISTRICT OF CALIFORNIA, CENTRAL DISTRICT**
12

13  JANE DOE,                          )  CASE NO. 8:20-cv-00322-JWH (GJS)
                                       )  *[Assigned to Judge John W. Holcomb*
14              Plaintiffs,            )  *Courtroom 2]*
                                       )
15      vs.                            )  **DEFENDANTS' REPLY TO PLAINTIFF**
16                                     )  **JANE DOE'S OPPOSITION TO THE**
                                       )  **PROPOSED FINDINGS OF FACT AND**
17  COUNTY OF ORANGE; DON              )  **CONCLUSIONS OF LAW RE:**
    BARNES; WILLIAM BAKER; JOE         )  **MOTION FOR TERMINATING**
18  BALICKI; MARK STICHTER; and        )  **SANCTIONS AND REQUEST FOR**
19  DOES 1-10, inclusive,              )  **MONETARY SANCTIONS OF $2,275.00**
                                       )  **AGAINST PLAINTIFF JANE DOE**
20              Defendants.            )
21                                     )  __Hearing__
22                                     )  **Date:        June 15, 2022**
23                                     )  **Time:        3:00 p.m.**
                                       )  **Dept.:       640**
24                                     )
25                                     )  Complaint Filed: 2/18/20
                                       )  Trial Date:        None
26                                     )
27                                     )
28                                     )
                                       )

*FILE # 22348*

                                       1

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington (collectively, "Defendants") hereby submit their Reply to Plaintiff Jane Doe ("Plaintiff") Opposition to the Proposed Findings of Fact and Conclusions of Law regarding their Motion for Terminating Sanctions (Doc. 128):

## FINDINGS OF FACT

Based on the record of proceedings in this matter, Defendants submit the following proposed findings of fact:

## FACT 1

1. On May 26, 2021, Defendant County of Orange's ("County") served a subpoena for medical and billing records Arcadia Mental Health Center/ Los Angeles County Department of Mental Health ("LACDMH"). (Doc. 75, page 3:24-26.)

## PLAINTIFF'S OPPOSITION TO FACT 1

None.

## DEFENDANTS' REPLY TO FACT 1

Given Plaintiff's failure to oppose, this fact shall be deemed true.

## FACT 2

2. On June 15, 2021, Plaintiff filed a Motion to Quash County's subpoenas to LAC/USC Medical Center, Arcadia Mental Health Center, Pacific Clinics, Greater El Monte Community Hospital, and Heredia Therapy Group. (Doc. 74.)

## PLAINTIFF'S OPPOSITION TO FACT 2

None.

## DEFENDANTS' REPLY TO FACT 2

Given Plaintiff's failure to oppose, this fact shall be deemed true.

## FACT 3

3. On June 15, 2021, the County opposed Plaintiff's Motion to Quash the County's

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

1    subpoenas. (Doc. 75:5-7, 19-26.)

2    **PLAINTIFF'S OPPOSITION TO FACT 3**

3        None.

4    **DEFENDANTS' REPLY TO FACT 3**

5        Given Plaintiff's failure to oppose, this fact shall be deemed true.

6    **FACT 4**

7        4.  On July 7, 2021, Magistrate Judge Gail J. Standish denied Plaintiff's Motion to

8            Quash the County's subpoenas (Doc. 74). (Doc 83.)

9    **PLAINTIFF'S OPPOSITION TO FACT 4**

10       None.

11   **DEFENDANTS' REPLY TO FACT 4**

12       Given Plaintiff's failure to oppose, this fact shall be deemed true.

13   **FACT 5**

14       5.  On July 16, 2021, Plaintiff filed a Motion for Review with the District Court Judge

15           regarding the Magistrate Judge Standish's denial of the Motion to Quash the

16           County's subpoenas. (Doc. 87.)

17   **PLAINTIFF'S OPPOSITION TO FACT 5**

18       None.

19   **DEFENDANTS' REPLY TO FACT 5**

20       Given Plaintiff's failure to oppose, this fact shall be deemed true.

21   **FACT 6**

22       6.  On July 23, 2021, Defendants filed an opposition to Plaintiff's Motion for Review

23           regarding the denial of her Motion to Quash the County's subpoenas. (Doc. 91.)

24   **PLAINTIFF'S OPPOSITION TO FACT 6**

25       None.

26   **DEFENDANTS' REPLY TO FACT 6**

27       Given Plaintiff's failure to oppose, this fact shall be deemed true.

28   ///

FILE # 22348

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

3

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**

**FACT 7**

7. On December 14, 2021, District Court Judge John Holcomb denied Plaintiff's Motion for Review and affirmed Magistrate Judge Standish' Order. (Doc. 114.)

**PLAINTIFF'S OPPOSITION TO FACT 7**

None.

**DEFENDANTS' REPLY TO FACT 7**

Given Plaintiff's failure to oppose, this fact shall be deemed true.

**FACT 8**

8. On March 16, 2022, Defendants' counsel, Rebecca Chmura, attempted to meet and confer with Plaintiff and asked her to sign the Arcadia/LACDMH authorization form which was needed to release the records per subpoena. (Doc. 118-1, page 2:15-27.)

**PLAINTIFF'S OPPOSITION TO FACT 8**

None.

**DEFENDANTS' REPLY TO FACT 8**

Given Plaintiff's failure to oppose, this fact shall be deemed true.

**FACT 9**

9. On March 17, 2022, Plaintiff indicated that she refused to sign the Arcadia/LACDMH form. (Doc. 118-1, pages 2:4-3:5.)

**PLAINTIFF'S OPPOSITION TO FACT 9**

None.

**DEFENDANTS' REPLY TO FACT 9**

Given Plaintiff's failure to oppose, this fact shall be deemed true.

**FACT 10**

10. On March 18, 2022, Defendants moved this Court for an order to compel Plaintiff to sign the Arcadia/LACDMH authorization form. (Doc. 118.)

**PLAINTIFF'S OPPOSITION TO FACT 10**

None.

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax        (714) 823-4101

4

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**

**DEFENDANTS' REPLY TO FACT 10**

Given Plaintiff's failure to oppose, this fact shall be deemed true.

**FACT 11**

11. On March 23, 2022, Magistrate Judge Standish granted Defendants' application (Doc. 118) and Plaintiff was ordered to sign the LACDMH authorization form, as well as any other authorization form, no later than March 30, 2022. The Order stated that "[s]hould Plaintiff fail to sign such authorization(s), she will be deemed in violation of this Court's order and to have failed to cooperate in discovery and will be subject to sanctions, potential including the presentation of a recommended or proposed order to the District Judge that includes preclusionary or terminating sanctions." (Doc. 120.)

**PLAINTIFF'S OPPOSITION TO FACT 11**

None.

**DEFENDANTS' REPLY TO FACT 11**

Given Plaintiff's failure to oppose, this fact shall be deemed true.

**FACT 12**

12. On March 30, 2022, Plaintiff filed a Writ of Mandamus with the Ninth Circuit seeking relief from having to comply with Magistrate Judge's March 23, 2022 Order compelling her to sign the LACDMH authorization form and other forms. (Doc. 121.)

**PLAINTIFF'S OPPOSITION TO FACT 12**

None.

**DEFENDANTS' REPLY TO FACT 12**

Given Plaintiff's failure to oppose, this fact shall be deemed true.

**FACT 13**

13. On April 19, 2022, the Ninth Circuit denied Plaintiff's Writ of Mandamus. (Doc. 128-1, pages 2:26-28-3:1-2.)

///

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax  (714) 823-4101

5

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**

**PLAINTIFF'S OPPOSITION TO FACT 13**

None.

**DEFENDANTS' REPLY TO FACT 13**

Given Plaintiff's failure to oppose, this fact shall be deemed true.

**FACT 14**

14. On April 25, 2022, Defendants' counsel, Rebecca Chmura, again asked Plaintiff to sign the Arcadia/LACDMH authorization and reminded her that she was ordered to do so on March 23, 2022. (Doc. 118-1, page 3:3-9.)

**PLAINTIFF'S OPPOSITION TO FACT 14**

None.

**DEFENDANTS' REPLY TO FACT 14**

Given Plaintiff's failure to oppose, this fact shall be deemed true.

**FACT 15**

15. Plaintiff did not respond to Defendants' counsel's, Rebecca Chmura's, April 25, 2022 email. (Doc. 118-1, page 3:7.)

**PLAINTIFF'S OPPOSITION TO FACT 15**

None.

**DEFENDANTS' REPLY TO FACT 15**

Given Plaintiff's failure to oppose, this fact shall be deemed true.

**FACT 16**

16. Plaintiff has failed to comply with the Court's March 23, 2022 Order requiring her to sign the Arcadia/LACDMH form by March 30, 2022. (Doc. 128.)

**PLAINTIFF'S OPPOSITION TO FACT 16**

Defendants' proposed finding is incomplete, incorrect, and imprecise. Because Defendants already received LACDMH records the Court's March 23, 2022 Order was rendered moot. Plaintiff need to comply with a moot court order. Dkt. 145 at 4.

**DEFENDANTS' REPLY TO FACT 16**

To date, Plaintiff has failed to sign and return the LACDMH form and thereby has

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

willingly and intentionally violated this Court's March 23, 2022 Order. Plaintiff does not deny this.

Moreover, Plaintiff has no personal knowledge that Defendants have received records from LACDMH. Plaintiff mischaracterizes and mispresents that Defendants allegedly claimed to have received the records in their Settlement Conference Statement. The April 26, 2022, statement to which she refers states, "Despite having subpoenaed the records, *Defendants have not received billing records* from Arcadia Mental Health, Pacific Clinics, Heredia Physical Therapy *or LACDMH*, this is due in large part to Plaintiff's consistent objections to production of the records, filing protective orders, and failing to authorization forms despite being ordered to do so." (Emphasis Added.) (Defendants Settlement Conference Statement 4:26-5:2.) A full copy of this April 26, 2022 Settlement Conference Report can be provided to the Court upon its request. Thus, given that Defendants still have not received the records the March 23, 2022 Order has not been rendered moot and Plaintiff willingly fails to comply and prevents Defendants from receiving these records.

**FACT 17**

17. Plaintiff has willfully violated this Court's March 23, 2022, Order without any justification. (Doc. 128.)

**PLAINTIFF'S OPPOSITION TO FACT 17**

Defendants' proposed finding is incomplete, incorrect, and imprecise. Because Defendants already received LACDMH records the Court's March 23, 2022 Order was rendered moot. Plaintiff need to comply with a moot court order. Dkt. 145 at 4.

**DEFENDANTS' REPLY TO FACT 17**

To date, Plaintiff has failed to sign and return the LACDMH form and thereby has willingly and intentionally violated this Court's March 23, 2022 Order. Plaintiff does not deny this.

Moreover, Plaintiff has no personal knowledge that Defendants have received records from LACDMH. Plaintiff mischaracterizes and mispresents that Defendants

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

allegedly claimed to have received the records in their Settlement Conference Statement. The April 26, 2022, statement to which she refers states, "Despite having subpoenaed the records, *Defendants have not received billing records* from Arcadia Mental Health, Pacific Clinics, Heredia Physical Therapy *or LACDMH*, this is due in large part to Plaintiff's consistent objections to production of the records, filing protective orders, and failing to authorization forms despite being ordered to do so." (Emphasis Added.) (Defendants Settlement Conference Statement 4:26-5:2.) A full copy of this April 26, 2022 Settlement Conference Report can be provided to the Court upon its request. Thus, given that Defendants still have not received the records the March 23, 2022 Order has not been rendered moot and Plaintiff willingly fails to comply and prevents Defendants from receiving these records.

## FACT 18

18. Defendants incurred attorney's fees in the amount of $2,275.00 for having to bring their Terminating Sanctions Motion. (Doc. 128-1, page 3:15-26.)

## PLAINTIFF'S OPPOSITION TO FACT 18

Defendants' proposed finding is incomplete, incorrect, and imprecise. The reasonable rate of $350, for other comparable attorneys, is not the actual rate Defendants were charged. Dkt. 145 at 4. Defendants provide incomplete rate information to mislead the court. $2,275 is not reasonable attorney's fees actually incurred by Defendants.

Plaintiff respectfully requests that this Court sanction Defendants under Local Rule 11-9 for bringing this frivolous motion and order Defendants pay a penalty into court.

## DEFENDANTS' REPLY TO FACT 18

Plaintiff has no personal knowledge as to Defendants' counsel's rates and provides no opposing evidence that the rate alleged herein is unreasonable for comparable attorneys. In determining the calculation of recoverable attorney's fees, rates are determined by the "prevailing market rates in the relevant legal community…" (*Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).) Defendants are seeking reimbursement of fees based upon the reasonable market rates, supported by their counsel's, Ms.

*FILE # 22348*

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax  (714) 823-4101

Chmura's declaration. (Doc. 128-1, 3:15-26.) Plaintiff provides no evidence to counter the unreasonableness of the alleged rate and therefore, Defendants' reasonable rate should be accepted.

Plaintiff has presented no facts or evidence which shows that Defendants' motion is frivolous and subjects them to sanctions under L.R. 11-9. If anything, Plaintiffs' blatant misrepresentation of Defendants Settlement Conference Statement and her willful and intentional failure to obey this Court's orders further supports this motion and supports sanctions against her under L.R. 11-9.

## CONCLUSIONS OF LAW

Applying the law set forth in this decision to the factual findings supported by the evidence, Defendants hereby submit the following proposed conclusions of law with respect to the issues presented:

19. Terminating sanctions against Plaintiff for her willful failure to comply with this Court's March 23, 2022 Order are warranted. Terminating sanctions for failure to comply with a Court order are explicitly authorized under F.R.C.P. Rule 37(b)(2)(A). (F.R.C.P. Rule 37(b)(2)(A).) Under F.R.C.P. Rule 37(b)(2)(A), sanctions include "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." (F.R.C.P. Rule 37(b)(2)(A)(iii)-(iv).)

20. Dismissal of Plaintiff's action is warranted because her violation of the Court's March 23, 2022, Order was willful, in bad faith, and at no fault of Defendants. The Ninth Circuit has held that, "dismissal is appropriate under Fed.R.Civ.P. 37 for violation of a discovery order 'only where the failure to comply is due to willfulness, bad faith, or fault of the parties.'" (*N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986).) Further, "Courts have the inherent power to dismiss an action if a party has "willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." (*Id.*) Moreover, the Ninth Circuit has "held that a Rule 37 dismissal does not violate the right to a jury trial where a party fails to comply with court-ordered discovery."

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4040
Fax     (714) 823-4101

*FILE # 22348*

PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN

(*Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983), wherein a dismissal of the action was warranted when the party failed to comply with court ordered discovery.) The United States Supreme Court upholds the notion that dismissal for failure to comply with pre-trial discovery orders is permissible when the refusal is willful or in bad faith. (*Societe Internationale Pour Participations Industrielles Et Commerciales*, *S. A. v. Rogers*, 357 U.S. 197, 212, (1958).)

21. Alternatively, should the Court find that dismissal is too harsh, F.R.C.P. Rule 37(b)(2)(A) authorizes this Court to issue other orders including: (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iv) staying further proceedings until the order is obeyed; (vi) rending a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

22. When a party willfully fails to obey a discovery order, mandatory sanctions in the form of payment of attorneys' fees and costs to the party having to bring the motion are required. F.R.C.P. 37(b)(2)(C)(3), states that "…in addition to these sanctions, the Court **must** require the party failing to act… to pay reasonable expenses including attorney's fees, caused by the failure." (Emphasis Added.) It has been held that "sanctions are appropriate where a party or someone under the party's control is guilty of failing to produce documents or things as ordered by the court" (*Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 390 (N.D. Cal. 2012) *citing Wanderer v. Johnston*, 910 F.2d 652, 657 (9th Cir.1990).)

## PLAINTIFF'S OPPOSITION TO CONCLUSIONS OF LAW 19-22

None.

## DEFENDANTS REPLY TO CONCLUSIONS OF LAW 19-22

Given Plaintiff's failure to oppose Defendants' proposed conclusions of law, this Court should accept the proposed conclusions of law.

///

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax    (714) 823-4101

10

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**

# RECOMMENDED ORDER

Based on the above proposed findings of fact and conclusions of law, Defendants respectfully requests that this Court enters a recommended order finding in favor of the Defendants. Specifically, this Court should impose terminating sanctions in the form of a dismissal against Plaintiff for her willful failure and violation of this Court's March 23, 2022 Order. Alternatively, Defendants respectfully request that this Court impose terminating sanctions against Plaintiff in the form it sees fit. Further, given Plaintiff's failure to obey the discovery order, she is required to pay Defendants' attorneys' fees and costs for having to bring this motion.

## PLAINTIFF'S OPPOSITION TO RECOMMENDED ORDER

None.

## DEFENDANTS REPLY TO RECOMMENDED ORDER

Given Plaintiff's failure to oppose Defendants' Recommended Order, Defendants respectfully request that this Court enter the above and find in favor of Defendants.

DATED:      June 2, 2022          COLLINS + COLLINS LLP

By: _____
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendants COUNTY OF
ORANGE; DON BARNES; WILLIAM
BAKER; JOE BALICKI; MARK
STICHTER; REYNA RIVERA;
DEVONNA FALCONER; KASSANDRA
MAYER; ELIA RODRIGUEZ; RACHEL
ADDINGTON

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

*FILE # 22348*

11

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TERM SANC. MTN**