JANE DOE

11151 Valley Blvd #4886,

El Monte, CA 91731

Plaintiff in Pro Se

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF ORANGE, et al<br><br>  Defendants. | No. 8:20-cv-00322-JWH-GJS<br><br>**RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF JANE DOE'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR TERMINATING SANCTIONS**<br><br>Date: June 15, 2022<br>Time: 3:00pm<br>Action Filed: Feb 18, 2020<br>Trial Date: Not set |

## I. INTRODUCTION

Defendants are asking the Court to wipe from the record in this case the supplemental evidence of the pattern of their bad faith tactics. After receiving all Plaintiff's therapy notes Defendants falsify and misrepresent to this Court that they are still unable to explore Plaintiff claims and prepare their defenses, and Plaintiff has continued to impede the discovery process. Dkt 126 or Dkt 128 at p. 6.

Defendants also falsify and misrepresent to this Court that Defendants have not received all records from LACDMH (i.e. billing records) to date, and Plaintiff's failure to sign the

1

RESPONSE TO DEFENDANTS' OBJECTION

1  authorization is preventing their disclosure but in fact there were no billing records. Dkt 146 at
2  p.6. Doe Decl., ¶2.

3  **II.     DEFENDANTS DID NOT COMPLY WITH ANY LOCAL RULES**

4       Despite there was over a month prior to discovery cut-off, Defendants first argued to waive
5  the requirement under L.R. 37-1 for a prefiling conference of counsel, Dkt 126 or Dkt 128 at p. 3,
6  due to their inability to request a conference per L.R. 37-1 given the time necessary to bring a
7  fully noticed motion before the discovery cut-off.

8       Despite nowhere in their April 25, 2022 letter Defendants requested a conference as
9  required by L.R. 7 or L.R. 37, despite they failed to comply with the 7-day or 10-day rule
10 required by L.R. 7 or L.R. 37 by filing the motion for terminating sanction just three days after
11 sending their non-compliance meet and confer letter, later Defendants argued that they were not
12 required to comply with L.R. 37-2.4, as per Judge Gail J. Standish's Procedures, she states,
13 "Compliance with Local Civil Rule 37 is generally required; however, the Court dispenses with
14 the joint stipulation requirement under Local Civil Rule 37-2 and instead requires parties to file
15 traditional motions, opposition briefs, and replies pursuant to Local Civil Rules 6-1 and 7."
16 (Judge Gail Standish's Procedures 1(b).) and they complied with L.R. 37-2.4, by submitting a
17 declaration that states that Plaintiff failed to confer under L.R. 37-1.

18      Under Fed. Evid. Rule 408(b), the court may admit Settlement Conference Statement for
19 another purpose, such as proving a witness's bias or prejudice, negating a contention of undue
20 delay, or proving an effort to obstruct a criminal investigation or prosecution. This exception
21 applies here. Defendants' Settlement Conference Statement is not offered to prove or disprove the
22 validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a
23 contradiction. It is offered to expose Defendants' false claim of prejudice. Doe Decl., ¶3.

24      Based on Defendants' bad faith tactics, the Court should exercise its discretion to consider
25 Plaintiff's supplement. See *Lenk v. Monolithic Power Sys.*, 20-cv-08094-BLF, at *1 (N.D. Cal.
26 Nov. 10, 2021) (holding the Court has discretion to consider the late-filed opposition in light of
27 pro se status.

28 **III.    CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the court deny Defendants' frivolous motion and impose sanction against Defendants for bring a frivolous motion.

Dated: 6/8/2022

Respectfully submitted.

                                      */s/ JANE DOE*

                                      JANE DOE, Plaintiff in Pro Se

**DECLARATION OF PLAINTIFF JANE DOE**

JANE DOE declares and states:

1. I am the plaintiff in this case. I have personal knowledge of the facts stated herein. If called upon as a witness I could and would competently testify thereto.

2. There were no billing records. I did not incur any out of pocket medical expenses.

3. A true and correct copy of the correspondence is attached hereto as Exhibit 1.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/8/2022   /s/ JANE DOE
JANE DOE, In Pro Per

**CERTIFICATE OF SERVICE**

I, JANE DOE, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I reside in the County of Los Angeles, State of California. My business address is 11151 Valley Blvd #4886, El Monte, CA 91734, in said county and state.

I electronically filed the following document(s):

Plaintiff's Response to Defendants' Objection

with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: 6/8/2022

*/s/ JANE DOE*

JANE DOE

Plaintiff in Pro Se



Jane Doe <courtproceeding9@gmail.com>

## 22348: Jane Doe v. County of Orange, et al. - Supplemental Opposition Motion for Term Sancs

**Jane Doe** <courtproceeding9@gmail.com>  Fri, Jun 3, 2022 at 12:15 PM
To: "Rebecca J. Chmura" <rchmura@ccmslaw.com>
Cc: "Michael L. Wroniak" <mwroniak@ccmslaw.com>, Jazmin Ruiz <JRuiz@ccmslaw.com>

Ms Chmura,

On page 4 of your reply you contend that "L.R. 7-3 is not applicable because this is a discovery motion and it is governed by L.R. 37, et seq." If L.R. 7-3 does not apply to you how come L.R. 7-10 apply to me? Further, the Court has discretion to consider the late-filed opposition in light of pro se status. *Lenk v. Monolithic Power Sys.*, 20-cv-08094-BLF, at *1 (N.D. Cal. Nov. 10, 2021).

Nowhere in your letter dated on April 25, 2022 requested a conference. You filed your motion for terminating sanction on April 28, 2022, prior to the ten-day time limitation permitted by L.R. 37-1. You broke the rules in the first place.

There are exceptions to Evid Rule 408. First, your settlement statement is not offered to prove or disprove the validity or amount of a disputed claim. Second, the court may admit this evidence for another purpose, such as here, a discovery issue, including your false claim of prejudice.

What's good for the goose is good for the gander. You cannot arbitrarily select what rules to apply and when you would like to apply.

Please note that the supplemental opposition will not be withdrawn.

Thanks.

On Fri, Jun 3, 2022 at 10:52 AM Rebecca J. Chmura <rchmura@ccmslaw.com> wrote:

> Ms. Doe,
>
> We received your improper Supplemental Opposition to our Motion for Terminating Sanctions (Doc. 148). As I am sure you are aware, the supplemental opposition is untimely as any opposition from you was due before May 27, 2022. Secondly, per L.R. 7-10, you are not permitted to file a response to our Reply.
>
> Next, you have improperly filed our Settlement Conference Statement as an exhibit. Per FRE 408, our statement is not admissible evidence. You rely upon the statement that we titled the statement as "Non-Confidential." However, Non-Confidential in the context of settlement conference statements means that it is not intended to be private amongst the parties only; this label does not indicate we agreed to have it filed as a matter of public record.
>
> For these reasons, please withdraw your Supplemental Opposition (Doc. 148) immediately and ensure that it is sealed. Thank you,
>
> **Rebecca J. Chmura**
>
> Attorney at Law
>
> **T**: 714-823-4100 | **C**: 626-840-9484
> **F**: 714-823-4101
> 750 The City Drive, Suite 400
> Orange, CA 92868
> rchmura@ccllp.law
>
> **COLLINS + COLLINS LLP**
>
> www.ccllp.law
>
> Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
> Northern California 510-844-5100 - Inland Empire 909-581-6100
>
> PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of

any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail.
Thank you for your cooperation.