Michael L. Wroniak (State Bar No. 210347)
Rebecca J. Chmura (State Bar. 319106)
**COLLINS + COLLINS LLP**
750 The City Drive, Suite 400
Orange, CA  92868
(714) 823-4100 – FAX (714) 823-4101
Email:  mwroniak@ccllp.law
Email:  rchmura@ccllp.law

Attorneys for Defendants
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO. 8:20-cv-00322-JWH (GJS)<br>*[Assigned to Judge John W. Holcomb Courtroom 2]*<br><br>**DEFENDANTS' REPLY TO PLAINTIFF JANE DOE'S OPPOSITION TO DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (DOC. 149)**<br><br>Complaint Filed: 2/18/20<br>Trial Date:　　　None. |

*FILE # 22348*

1

**DFTS' REPLY TO OPPO TO MEMO OF P&A ISO MSJ OR PARTIAL MSJ**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff fails to submit any properly authenticated, relevant, or admissible evidence on any issue. Instead, her Opposition lacks evidentiary support and is filled with nothing but irrelevant conclusions, speculation, and conjecture which does not create a triable issue of fact and is fatal to her case. Defendants have shown, they are entitled to Summary Judgment as to Plaintiff's Fourth Amended Complaint ("FAC").

## II. PLAINTIFF FAILS TO OPPOSE OR CONCEDES TO ARGUMENTS

Per L.R. 7-12, Plaintiff fails to oppose several arguments and should be considered consent to grant the motion. She does not dispute that there is no constitutional violation for deprivation of clothing; toilet flushing did not cause an impermissible sound violation; commissary prices are not a constitutional violation; Individual and Deputy Defendants are entitled to qualified immunity; there were no violations under California law (other than right to privacy and speech); Negligent Hiring, Supervision, and Training is barred as to the County; the County is immune from IIED; Individual Defendants cannot be liable for IIED; and the County is immune under Gov. Code sections 815.2(b) and 844.6.

## III. THERE IS NO PROOF OF ANY CONSTITUTIONAL VIOLATION[1]

### A. Denial of One Meal is not a Constitutional Violation

Plaintiff failed to present any authority or evidence that the denial of one meal amounts to a constitutional violation. The denial of one meal is not a substantial deprivation of life's necessities. (*See Garrett v. Gonzalez*, No. 111CV00686SABPC, 2014 WL 12539696, at *3 (E.D. Cal. Mar. 7, 2014), aff'd, 588 F. App'x 692 (9th Cir. 2014) which held the deprivation of three meals over a course of 18 hours did "not rise to the level of a sufficiently serious deprivation resulting in the denial of 'the minimal civilized measures of life's necessities.'") Plaintiff's reliance on *Willis v. Bell*, (N.D. Ill.

---

[1] Plaintiff alleges there was a delay in the booking process however, that is not a claim at issue. (Doc. 149, 8:23-25.)

FILE # 22348

2

**DFTS' REPLY TO OPPO TO MEMO OF P&A ISO MSJ OR PARTIAL MSJ**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

1989) 726 F. Supp 1118, 1122, (persuasive and not binding authority) which held that a deprivation of food for 12 hours was a question of fact for the jury, is misplaced. (Doc. 149, 9:10-14.) The facts of *Willis* are substantially different than this case. *Willis* involves a 12-hour deprivation of a plaintiff detained at a police station and **not** incarcerated at a jail facility. (*Id.* at 1120) Being detained at a police station versus a jail is different. In *Willis*, the officers there may have been able to provide the plaintiff more easily with food, but instead choose not to do so. Whereas in this case, Plaintiff was incarcerated, and mealtimes occurred at pre-determined times (Fact 1). Thus, her reliance on *Willis* does not establish a constitutional violation. She further provides no admissible evidence to contradict that she was booked into WCJ (Women's Central Jail) around 4:46 p.m. and that it serves three meals per day at pre-established times, the last being at 4:00 p.m., and thus, Plaintiff had missed the final mealtime, but was given food the next morning and three meals a day each day. (Facts 1-4.)[2][3]

### B. WCJ'S Temperature does not Amount to a Constitutional Violation

Plaintiff has no evidence to support that the temperature of WCJ deprived her of "minimal measures of life's necessities." She claims there are "other inmates" who can testify to the temperature, yet she provided no declaration or testimony from any other inmate. (Doc. 149, 9:21-27.) Plaintiff's assertion that WCJ staff's statements indicate that intentional pain was being inflicted is inadmissible hearsay. (*Id.*) Finally, she offers no rebuttal evidence that WCJ was kept at 70 degrees Fahrenheit. (Fact 8.)

Plaintiff argues that the temperature of WCJ is comparable to *Gordon v. Faber* and *Dixon v. Godinez.* In *Gordon*, the inmates there were left **outside**, not inside like here, in subfreezing temperatures without warm clothing. (*Gordon v. Faber*, 1973 F.2d 686, 687-88 (7th Cir. 1997).) This case is inapplicable. In *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997), the court held that temperature alone is insufficient to prove

---

[2] Fact 1 supports that WCJ complies with Cal. Code Regs. Tit. 15 § 3050(a)(2).
[3] The statements she alleges were made by WCJ staff are inadmissible hearsay and do nothing to support that the denial of one meal is a constitutional violation. (Doc. 149, 9:15-19.)

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

3
**DFTS' REPLY TO OPPO TO MEMO OF P&A ISO MSJ OR PARTIAL MSJ**

an 8th Amendment violation. (*Id.*) Other factors such as severity, duration, alternative means of protection, and consideration of other uncomfortable conditions should be considered. (*Id.*) In *Dixon*, the inmate was in protective custody wherein he was confined to his cell for 23 hours per day and he saw ice forming on the wall. (*Id.*) These facts differ from Plaintiff who complains of cold temperatures only in the limited time she spent on the "first floor" or in the booking process. (Fact 5.)

### C. Plaintiff Does not Establish that WCJ was Overcrowded

Plaintiff relies primarily upon square footage considerations to argue overcrowding; she fails to show negative effects on jail living conditions. "Overcrowding *per se* is not unconstitutional; what must be tested against constitutional standards are the basic living conditions in a jail." (*Fischer v. Winter*, 564 F. Supp. 281, 298 (N.D. Cal. 1983).) "The court must consider the effects of overcrowding on the way in which the facility meets basic human needs for food, clothing, shelter, sanitation, medical care, and personal safety." (*Id.*) Plaintiff relies upon the Title 24 Minimum Standards for Local Detention and vaguely, the "Data of Board of State and Community Corrections," which is not attached or addressed in her declaration. These sources are inadmissible as they lack foundation and authentication. Plaintiff is not an expert in jail facility space requirements and thus, her contentions about the required space for each inmate is inapplicable, improper, and irrelevant. (Doc. 149, 11:2-6.).

The only jail living conditions she addresses are toilet facilities and access to recreation time. As to the toilets, Plaintiff conceded in her deposition that it is necessary to allow inmates to use the facilities. (Fact 29.) As to recreation, Plaintiff did not provide contrary evidence that WCJ policy permits inmates to go outside (to the patio) three times per week and that she has access to a dayroom (Facts 14, 17). If Plaintiff chooses not to take advantage of the patio time or dayroom, that is not at the fault of Defendants.

### D. There were No Unconstitutional Sound or Light Violations

"Continuous low-wattage lighting is permissible in jails or prisons." (*Walker v. Woodford*, 454 F.Supp.2d 1007, 1014 (S.D. Cal. 2006), aff'd in part, 393 F.App'x 513

(9th Cir. 2010).) Plaintiff offers no admissible evidence to oppose that the lights left on at night were low-wattage and they were limited to the security area, other than her own vague statements. (Doc. 149, 11:21-26.) Plaintiff is not an expert in lighting and has no ability to make this determination. Plaintiff misrepresents *Keenan v. Hall*, 83 F. 3d. 1083, 1090 (9th Cir. 1996). (Doc. 149, 11:22-23.) There, the evidence submitted by the parties regarding lighting, was a genuine dispute of the facts, and "large florescent lights directly in front and behind the cell shone into the cell 24 hours a day, so that the cell was 'constantly illuminated' and [Keenan] had no way of telling night or day." (*Id.*) Here, large florescent lights are not at issue, and thus, *Keenan* does not apply.

### E. Providing Shampoo is Not a Constitutional Requirement

Shampoo is not a basic hygienic requirement. (*See Scher v. Purkett*, 758 F.Supp. 1316, 1317 (E.D.Mo. 1991) aff'd, 62 F.3d 1421 (8th Cir. 1995).) Plaintiff offers no contradictory evidence to dispute that she was provided with a free hygienic kit; shampoo was available for purchase; inmates could order a free pack of hygiene items once per week; a hygiene pack would be provided upon request; WCJ provided feminine products; and pads were readily available to her. (Facts 30, 33-37.)

### F. The Extended Correctional Searches are Reasonable

Plaintiff's facts continue to be inconsistent. Plaintiff admitted that her genitals and breasts were never exposed, she remained in her bra and underwear, and was never fully naked during all searches. (Facts 45-49.) By her own admissions, Extended Correctional Searches, and not strip searches, occurred. (Facts 40-42.) Despite Plaintiff's claims, Defendants' Extended Correctional Searches align with Penal Code section 4030(e) which states that a pretrial detainee, like Plaintiff, can be strip-searched **after** placement into general population. Plaintiff admits that prior to entering jail, she was subjected to a permissible pat-down under section 4030(d)(1). (Doc. 149, 6:13.) She also admits that the alleged body searches at issue occurred **after** she entered general population. (Fact 39.) Because the searches did not occur until **after** she was in

FILE # 22348

5

**DFTS' REPLY TO OPPO TO MEMO OF P&A ISO MSJ OR PARTIAL MSJ**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax        (714) 823-4101

general population, reasonable suspicion does not apply. (Pen. Code § 4030(e)[4].) Instead of providing contrary evidence, Plaintiff instead relies upon inapplicable case law.[5]

It is Plaintiff's burden is to prove that the searches were unreasonable, but she has failed. In *Craft v. County of San Bernardino*, 468 F. Supp. 2d 1172 (C.D. Cal. 2006) the court held that invasive searches when returning back from court were unreasonable. Those searches required inmates to completely undress, raise their breasts or testicles, bend over, spread buttocks, and allow inspection of the anus and vagina. (*Id.*) The Extended Correctional Searches here, obviously differ and are far less intrusive compared to the searches in *Craft*. In *Bull v. City County of San Francisco*, 595 F.3d 964, 975 (9th Cir. 2010), the Court held the strip searches were reasonable, as they related to a genuine penological interest. *Bull's* searches included removal of all clothing, visible inspection of breasts, buttocks, and genitals, etc. (*Id.* at Fn. 4.) Those searches were much more intrusive than the Extended Correctional Searches taking place at WCJ and at issue here, but still found to be reasonable. It follows that these searches should also be reasonable; a visual strip search is reasonable when an inmate has the opportunity to get contraband or a weapon outside of their cell. (*Michenfelder v. Sumner*, 860 F.2d 328, 332–33 (9th Cir. 1988).) This would include times when inmates went to any area where contraband could be retrieved (patio, outside, Court, etc.) Staff cannot be monitoring every inmate at every second in these areas.

///

///

---

[4] Penal Code section 4030(e) states, a person, "shall not be subjected to a strip search or visual body cavity search prior to placement in the general jail population, unless a peace officer has determined there is reasonable suspicion…."

[5] She cites to the following cases which relate to different facts and areas of searches and seizures: *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006), discusses searches and seizures as it relates to a home without a warrant.; *Birchfield v. North Dakota*, 579 U.S. 438 (2016), pertains to the reasonableness of breath tests during arrests for drunk driving; *Hodges v. Stanley*, 712 F.2d 34, 35 (2d Cir. 1983), deals with a pre-detention plaintiff who was searched two times in row; *Jean-Laurent v. Wilkenson*, 540 F. Supp. 2d 501 (S.D.N.Y 2008), persuasive authority, where the inmate was under continuous supervision and the second search in a row was accompanied by force; *Lopez v. Youngblood*, 609 F. Supp. 2d 1125 (E.D. Cal. 2009), the "strip search," which included a body cavity search, was unconstitutional in groups; and *Estes-El v. State of New York*, 552 F.Supp. 885, 889 (S.D.N.Y. 1982), persuasive authority, plaintiff was only arrested and not incarcerated.
FILE # 22348

### G. No Evidence Indicates that the Cell Search was Harassment

Despite Plaintiff trying to punt responsibility to Defendants, it is **her** burden to establish that the searches were not done with a genuine penological interest. She concedes that the cell search was related to a genuine penological interest, *i.e.* to look for drugs, weapons, and other contraband. (Fact 53.) Because she admitted this, her claim fails outright. Plaintiff provides no authority that she was entitled to privacy in her cell and that the cell search at issue was "objectively unreasonable." Plaintiff's interpretation of the jail logs is inadmissible evidence and lacks foundation and logic. Deputy Defendants provided declarations testifying that these cell searches or FAST searches were routine and could be conducted at their discretion. (Facts 52-54.) The lack of write-ups or findings of other contraband in other searches is irrelevant.

### H. There is No First Amendment Violation

Plaintiff ignores and fails to meet her burden to show a First Amendment violation occurred; her rights were not violated because asking inmates to be quiet during a cell search relates to a penological interest and she was not personally told to be quiet or talk at the time. (Fact 56-57.) Thus, no freedom of Plaintiff's was curtailed or violated. Plaintiff relies upon inapplicable authority related to restriction of mail into jails in her Opposition. (Doc. 149, 15:15-28.) She claims that according to *Turner v. Safley*, 482 U.S. 78, 84, a four-factors analysis is required to show that an action supports a genuine penological interest. Defendants argue this analysis is inapplicable as Plaintiff does not make her *prima facia* showing to support the claim. However, if considering the *Turner* factors, they weigh in favor of a penological interest. (*Whitely v. CDCR*, No. CV 18-1103-AG (AGR), 2018 WL 7269001, at *4 (C.D. Cal. Dec. 19, 2018), which held that asking inmates to be quiet or telling during a search is related to the interest of safety of inmates and staff.).

### I. Individual and Deputy Defendants are Entitled to Qualified Immunity

Plaintiff fails to address that Individual and Deputy Defendants are entitled to qualified immunity. Under L.R. 7-12, Defendants' motion should be granted. Plaintiff

also failed to allege how Individual Defendants have **personally** violated the constitution. (*Ashcroft v. Iqbal*, (2009) 556 U.S. 662, 676.) Plaintiff vaguely lists her beliefs of the Individual Defendants' "roles" in this action (Doc. 149, 17:20-28), but provides no admissible evidence to support it. She argues that Cal. Evid. Code sect. Div. 5, Ch. 3 supports that Individual Defendants' duties infer that they are liable. However, Cal. Evid. Code section 600 clearly states that "a presumption is not evidence."

Plaintiff relies upon *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991), to support that Individual Defendants are liable for their alleged "action or inaction." Plaintiff's vague claim that Individual Defendants supervised Deputy Defendants does not sustain claims against them. There must be a sufficient causal connection between the supervisor's own conduct and the violation. (*Wesley v. Davis,* 333 F. Supp. 2d 888, 892 (C.D. Cal. 2004).) Other than speculative involvement in developing jail policy, she provides no support or evidence of Individual Defendants' specific involvement.

### IV. PLAINTIFF'S *MONELL* CLAIMS AGAINST THE COUNTY FAIL

#### A. Plaintiff Does Not Identify any Unconstitutional Custom/Policy/Practice

Plaintiff cannot succeed on either claim for *Monell* against the County because she has not shown any constitutional violation. (*Elifritz v. Fender*, 460 F. Supp. 3d 1088, 1117 (D. Or. 2020).). Plaintiff also fails to identify any specific policy which amounts to deliberate indifference of Plaintiff's rights. Instead of trying to meet her burden or prove any element of a *Monell* claim, Plaintiff just rattles off several pages of case law. From what Defendants' can gather, the only unconstitutional policy claimed by Plaintiff relates to a vague statement about the body searches.[6] She needs to identify a specific constitutional policy and not just conduct attributed to the County. (*Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 397, (1997).) She failed to do so.

Plaintiff provides no admissible evidence of any deliberate indifference and/or causation related to any alleged policy. Rather, she relies on the ACLU and BSCC

---

[6] Plaintiff claims the County's policies violated Penal Code § 4030(a)(3) (Doc. 149, 19:11-14.)

reports which lack foundation, authentication, and are hearsay. As to Defendant Sheriff Barnes, Plaintiff claims that he ratified the actions by defending them in this suit. Her logic is flawed; there are no facts which support that he knew about the alleged misconduct and/or approved of it, and his statements in this lawsuit are protected by the litigation privilege. (*Perryman v. City of Pittsburg*, No. 20-CV-03408-SI, 2021 WL 493396 (N.D. Cal. Feb. 10, 2021); Fed. Evid Rule 501; Cal. Civil Code § 47.)

### B. There is No Evidence of Inadequate Training and Supervision

Plaintiff fails to establish a single element of this claim. (*See Merritt v. County of L.A,.* 875 F.2d 765, 770 (9th Cir. 1989).) Plaintiff's only evidence is her own review of Defendants' training records produced in discovery. (Doc. 149, 21: 11-16.) Plaintiff is not an expert in jail personnel training nor, has adequate lay person knowledge to decide the training is "inadequate." Just because the training may not appear in the materials does not mean that it was never taught to Defendants. Defendants provided declarations stating that they were trained on these policies, and according to applicable federal and state law. (Fact 65.) Defendants also list the training that they received, the general time frame, and the subject matter to support that they were adequately trained. (See Joint Exhibit D, pages 411-12, 423-424, 429-430, 433-434, 439-440, 444-446.)

### V. PLAINTIFF'S STATE LAW CAUSES OF ACTION FAIL

### A. There is no Right to Privacy in Jail and no Violation of Speech

Plaintiff does not oppose Defendants' arguments as to any alleged constitutional violations except she claims the Right to Privacy and Speech are broader in California. As to privacy, Plaintiff relies upon *Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 711. *Leonel* states the right is more expansive in California as it provides protections from state actors as well as private parties. (*Id.*) To prevail on this cause of action, she needs to demonstrate that she had a reasonable expectation of privacy under the circumstances. (*Donaldson v. Superior Ct.,* 35 Cal. 3d 24, 30, 672 P.2d 110, 113 (1983).) She cannot succeed on this element because per *People v. Baker*, 88 Cal. App. 3d 115, 123 (Ct. App. 1978), "[i]t is settled law that a prisoner does not have the right to privacy.")

As to freedom of speech, while the California Constitution may be broader than the Federal application, it "does not mean that it is broader than the First Amendment in all its applications." (*Los Angeles All. For Survival v. City of Los Angeles*, 22 Cal. 4th 352, 367, 993 P.2d 334 (2000).) She cannot meet her burden as California law allows inmates' speech to be curtailed for a penological interest. (*Bailey v. Loggins*, 32 Cal. 3d 907, 918 (1982).) Given that all inmates' speech may have been temporarily stopped to conduct a safe and efficient cell search, there was no constitutional violation.

### B. Cause of Action of Negligent Supervision/Training/ Hiring Fails

Plaintiff offers no evidence that the Deputy Defendants were improperly trained, hired, or supervised by the Individual Defendants. Her only argument is that "Individual Defendants had a duty of care to protect Plaintiff from harm and they breached that duty." (Doc. 149, 24:3-4.) This does not impose liability for negligent supervision or training. (CACI No. 426.) She fails to prove Deputy Defendants' unfitness/incompetence, that Defendants hired Deputy Defendants; or that Deputy Defendants were unfit or incompetent. (Facts 62, 71.) (CACI No. 426.)

### C. No Violation of Penal Code section 4030

Plaintiff was not subjected to "strip searches" but to Extended Correctional Searches, *i.e.,* a visual body search. Regardless of the name, the searches at issue took place in an area of privacy and in front of individuals who were either female inmates or staff involved in the search, and Plaintiff admits that she was never fully naked, and that her breasts or genitals were not touched, all of which comply with Penal Code section 4030(i), (k)(1), (k)(2), and (l). (Facts 45-49.) Further, Individual Defendants were not involved with, had contact with, nor did they conduct a search of Plaintiff during her incarceration.(Facts 58-61.) To impose liability upon Individual Defendants, Plaintiff needs to show that Individual Defendants "knowingly and willingly authorized or conducted a strip search or visual body cavity search." (Pen. Code § 4030(m).) There is no evidence of Individual Defendants' knowing and willing involvement.

///

FILE # 22348

10

DFTS' REPLY TO OPPO TO MEMO OF P&A ISO MSJ OR PARTIAL MSJ

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

### D. Plaintiff's Claim for IIED Fails Against all Defendants

Plaintiff fails to identify how any conduct by any Defendant amounts to "extreme and outrageous conduct" for purposes of intentional infliction of emotional distress ("IIED"). Her vague assertion that there was an "abuse of power by defendants" (Doc. 149, 25:28-26:1) does not meet this burden. Further, the undisputed evidence shows that Plaintiff's damages were caused by other incidents **prior** to her incarceration, and she attributes the cause of those damages to such. (Facts 73-74.) Plaintiff fails to rebut this evidence and instead claims she has health care providers and friends to testify that the medical records are incorrect (Doc. 149, 26:2-5), however, she provides no declarations, no records, or evidence to support her claim.

### E. Individual and Deputy Defendants are Immune from Liability

Individual and Deputy Defendants are immune under Gov. Code § 820.8 and Deputy Defendants under Gov. Code 820.2. As to § 820.8, Individual and Deputy Defendants cannot be liable for the acts of other employees. Plaintiff misconstrues this section and claims that it relies upon the Defendants' own individual conduct, but this is incorrect. (Doc. 149, 27:8-13.) Under this section, Defendants are immune for conduct of other employees. As to § 820.2, Deputy Defendants submitted evidence that jail staff are permitted to select tanks at random to search for contraband. (Fact 70.) This includes times and tanks, and is a part of Deputy Defendants' discretionary duties. (Fact 69.) Plaintiff claims that Defendants do not allege the "reasonableness" of the decision to perform the search at midnight. (Doc. 149, 27:4-7.) However, that analysis is irrelevant because § 820.2 immunity applies "whether or not such discretion be abused."

### VI. CONCLUSION

Defendants respectfully request this Court grant this Motion for Summary Judgment, or alternatively, Partial Summary Judgment, and enter judgment in their favor.

///

///

FILE # 22348

11

**DFTS' REPLY TO OPPO TO MEMO OF P&A ISO MSJ OR PARTIAL MSJ**

Collins + Collins LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax   (714) 823-4101

DATED: June 13, 2022              COLLINS + COLLINS LLP

By: _____
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendants COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON

*FILE # 22348*

12

**DFTS' REPLY TO OPPO TO MEMO OF P&A ISO MSJ OR PARTIAL MSJ**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax       (714) 823-4101