Michael L. Wroniak (State Bar No. 210347)
Rebecca J. Chmura (State Bar. 319106)
**COLLINS + COLLINS LLP**
750 The City Drive, Suite 400
Orange, CA 92868
(714) 823-4100 – FAX (714) 823-4101
Email: mwroniak@ccllp.law
Email: rchmura@ccllp.law

Attorneys for Defendants
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 8:20-cv-00322-JWH (GJS)<br>*[Assigned to Judge John W. Holcomb Courtroom 2]*<br><br>**DEFENDANTS' REPLY TO PLAINTIFF JANE DOE'S GENUINE DISPUTES OF MATERIAL FACT RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (DOC. 149-1)**<br><br>Complaint Filed: 2/18/20<br>Trial Date:　　　None |

*FILE # 22348*

1

**REPLY PLTF'S STMT MAT FACTS RE DEFTS' MSJ OR PRTL JUDGMENT**

**TO THIS COURT AND JANE DOE IN *PRO PER*:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rule 56-1, and District Court Judge John Holcomb's Standing Order dated February 25, 2022, Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington (collectively, "Defendants") hereby submit their Reply to Plaintiff Jane Doe's Statement of Genuine Disputes of Material Facts (Doc. 149-1) regarding Defendants' Motion for Summary Judgment, or, in the alternative, Partial Summary Judgment.

Please note that per Judge John Holcomb's Standing Order dated February 25, 2022, Defendants and Plaintiff submitted their Joint Facts, Opposition, and Responses/Replies on May 13, 2022 (Doc. 139-3) and May 26, 2022 (Doc. 144.) Defendants hereby refer to their Replies in those documents as their response to Plaintiff's Doc. 149-1. Plaintiff did not submit any additional material facts in support of her Opposition to Defendants' Motion.

However, upon review of Doc. 149-1, Plaintiff has amended some of her responses in her Opposition(s) to Facts Nos. 1, 2, 4, 48, 52, 57, 65, 67, and 71. In order to address those changes made by Plaintiff, despite Defendants already submitting their replies thereto, Defendants hereby submit any amended Reply(s) to those Facts herein, which should be considered in conjunction with the Reply(s) already filed in their moving papers:

///
///
///
///
///
///
///

# UNDISPUTED FACTS IN SUPPORT OF SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

| # | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| 1. | Defendants | Inmates are provided food at 5:00 a.m. (breakfast); 11:00 a.m. (lunch); and 4:00 p.m. (dinner). | **Joint Exhibit Part B at 222** (Jail Policies, 1712.1(k)(2)) **Joint Exhibit Part D at 412, 416** (Declaration of Commander Mark Stichter ["Stichter Decl."], ¶ 5, 15.) | Response in Doc 139-3: It is irrelevant because Plaintiff repeatedly requested food on Aug 8, 2019. Doe Decl., ¶6.<br><br>Response in Doc. 149-1: It is irrelevant because Plaintiff repeatedly requested food on Aug 8, 2019. Plaintiff received neither food nor snack for the entire | Reply in Doc. 139-3: This is relevant and material. Plaintiff finished the booking process and entered the jail after meal-times had concluded. She admits to receiving food the next morning. (See Fact 3.) There is no substantial denial of life's necessities.<br><br>Plaintiff fails to unequivocally dispute this fact |

| | | | | day on Aug 8, 2019. | or state that it is undisputed. Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion.<br><br>Additional Reply: None. |
|---|---|---|---|---|---|
| 2. | Defendants | Plaintiff Jane Doe ("Plaintiff") was booked into WCJ around 4:46 p.m. | **Joint Exhibit Part A at 106** (Booking Record)<br>**Joint Exhibit Part A at 19-23** (Depo. Trans. of Plaintiff, Vol. II (74:15-78:7))<br>**Joint Exhibit Part D at 450** (Declaration of | Response in Doc 139-3: It is irrelevant because Plaintiff repeatedly requested food and something to keep warm on Aug 8, 2019. Doe Decl., ¶6.<br><br>Response in | Reply in Doc. 139-3: Plaintiff's evidence that she repeatedly asked for food and/or something to keep warm does not contradict that she was booked into WCJ around 4:46 p.m. |

| | | | | | |
|---|---|---|---|---|---|
| | | | Rebecca J. Chmura ["Chmura Decl.,"] ¶ 3.) **Joint Exhibit Part D at 416** (Stichter Decl., ¶ 16.) | Doc. 149-1: It is irrelevant because Constitutional protection against WCJ starts from the first second when a person is taken into custody, not from when she is booked. Plaintiff repeatedly requested food and something to keep warm on Aug 8, 2019. Doe Decl., ¶6-7. | Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. Additional Reply: *See supra*. Also calls for a legal conclusion as to when constitutional protections start and end. |
| 4. | Defendants | Plaintiff admits that she ate three meals per day in jail. | **Joint Exhibit Part C at 265-266** (Depo. Trans. of Plaintiff, Vol. | Response in Doc 144: Disputed. Plaintiff did not have any food | Reply in Doc. 144: Plaintiff's response does not contradict |

*FILE # 22348*

5

**REPLY PLTF'S STMT MAT FACTS RE DEFTS' MSJ OR PRTL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | | IV (71:25-72:17)) **Joint Exhibit Part D at 451** (Chmura Decl., ¶ 9.) | on Aug 8, 2019. Doe., Decl., ¶ 6. Constitutional protection against WCJ starts from the first second when an inmate is taken into custody, not from when she is booked. <br><br>Response in Doc. 149-1: Disputed. Plaintiff did not have any food on Aug 8, 2019 while she was in jail. Doe., Decl., ¶ 6. | the entirety of this fact. She only claims she did not eat on one day (August 8). However, in her deposition she testified to eating three meals per day while incarcerated. (See evidence in support of Fact 4.) Her response also calls for a legal conclusion and is incorrect. Missing one meal is not a constitutional violation. |
| 48. | Defendants | For all alleged searches, they | **Joint Exhibit Part A at 52** (Depo. Trans. | Response in Doc 139-3: For all alleged | Reply in Doc. 139-3: Plaintiff does |

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

FILE # 22348

6

**REPLY PLTF'S STMT MAT FACTS RE DEFTS' MSJ OR PRTL JUDGMENT**

| | | | | |
|---|---|---|---|---|
| | | were observed and performed by female deputies. | of Plaintiff, Vol. II (111:1-6)) **Joint Exhibit Part B at 121** (Plaintiff's Verified Responses to Defendant Balicki's Requests for Admission, Set One, No. 8.) **Joint Exhibit Part B at 112-113** (Plaintiff's Verified Responses to Defendant Falconer's Requests for Admission, Set One, Nos. 9-14.) **Joint Exhibit Part D at 450-451 (**Chmura | strip searches, they were observed and performed by female deputies. Response in Doc. 149-1: For all alleged group strip searches, they were observed and performed by female deputies. | not dispute this fact. Additional Reply: Despite Plaintiff now calling the searches "group strip searches," her response still does not dispute this fact and in fact supports that the searches were done by female deputies. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | Decl., ¶¶ 3-4, 5.) | |
| 52. | Defendants | On August 11, 2019, at approximately 12:16 a.m., Defendants Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington (collectively, "Deputy Defendants"), conducted a routine Facility Assigned Search Team ("FAST") search of Plaintiff's | **Joint Exhibit Part A at 82-83** (Depo. Trans. of Plaintiff, Vol. II (162:23-163:4-19) **Joint Exhibit Part B at 124-125** (Plaintiff's Verified Response to Addington's Interrogatories, Set One, No. 1.) **Joint Exhibit Part B at 181** (August 11, 2019 Search Report) **Joint Exhibit Part D at 450-451** (Chmura Decl., ¶¶ 3, 6.) | Response in Doc 139-3: Disputed. Searches conducted after midnight cannot be said routine. The objective of midnight search was retaliation. Other inmates will and can testify what was announced by the deputies. Doe Decl., ¶2, 19.

Response in Doc. 149-1: Disputed. Searches conducted after midnight | Reply in Doc. 139-3: Plaintiff's response does not dispute that the FAST search occurred and by these deputies. Her evidence that the searches are not routine is based upon speculation and opinion. Plaintiff's evidence also calls for an improper expert opinion and legal conclusion.

Additional Reply: |

FILE # 22348

8

**REPLY PLTF'S STMT MAT FACTS RE DEFTS' MSJ OR PRTL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | tank. | **Joint Exhibit Part D at 416** (Stichter Decl., ¶ 16.) **Joint Exhibit Part D at 424-426** (Falconer Decl., ¶¶ 10, 12 .) **Joint Exhibit Part D at 441** (Rodriquez Decl., ¶ 10.) | cannot be said routine. The objective of midnight search was retaliation. There was no other midnight cell search to suggest that midnight cell search was routine. Doe Decl., ¶20. Other inmates will and can testify what was announced by the deputies. Doe Decl., ¶2, 19. | *See supra*. The lack of other midnight cell searches does not dispute that the FAST search at issue in this matter was not considered to be "routine" or within the regular course and business of WCJ and was not retaliatory against Plaintiff. |
| 57. | Defendants | Plaintiff was not personally talking during the cell search. | **Joint Exhibit Part A at 98** (Depo. Trans. of Plaintiff, Vol. II (186:6-11) | Response in Doc 139-3: Irrelevant. Response in Doc. 149-1: | Reply in Doc. 139-3: This is relevant and material. Plaintiff does |

FILE # 22348

9

**REPLY PLTF'S STMT MAT FACTS RE DEFTS' MSJ OR PRTL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | | | Joint Exhibit Part D at 450 (Chmura Decl., ¶ 3.) | Irrelevant. Telling all 40 inmates to shut up during the day constitutes censorship. Through a midnight cell search to deliver this censorship message constitutes retaliation. Doe Decl., ¶2, 19. | not dispute this fact as she provides no evidence to the contrary. It is relevant to her claims as she must show that she engaged in a constitutionally protected activity, i.e. talking. As she admitted that she was not talking, her claim fails.

Per Fed. R. Civ. P. 56(e)(2), the fact must be deemed undisputed for purposes of this motion. |

FILE # 22348

10

**REPLY PLTF'S STMT MAT FACTS RE DEFTS' MSJ OR PRTL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Additional Reply: *See supra.* Calls for a legal conclusion and improper lay and expert opinion. Asking inmates to be quiet relates to a genuine penological interest in the safety of inmates and staff. Does not dispute that she personally was not told to be quiet and therefore her freedom of speech was not suppressed. |
| 65. | Defendants | Individual Defendants and Deputy | **Joint Exhibit Part D at 444-446** (Rivera | Response in Doc 139-3: Disputed. The | Reply in Doc. 139-3: Plaintiff does |

FILE # 22348

11

REPLY PLTF'S STMT MAT FACTS RE DEFTS' MSJ OR PRTL JUDGMENT

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | | | |
|---|---|---|---|---|
| | | Defendants were trained on the policies related to overcrowding, sleep deprivation, cold temperatures, sound and light, body searches, hygiene products, and/or cell searches. | Decl., ¶ 4.) **Joint Exhibit Part D at 423** (Falconer Decl., ¶ 6.) **Joint Exhibit Part D at 434** (Mayer Decl., ¶ 6.) **Joint Exhibit Part D at 439-440** (Rodriguez Decl., ¶ 6.) **Joint Exhibit Part D at 429-430** (Addington Decl., ¶ 6.) **Joint Exhibit Part D at 411-412** (Stichter Decl., ¶ 4.) | training materials provided by the County show nothing related to overcrowding, sleep deprivation, cold temperatures, sound and light, body searches, hygiene products, and/or cell searches. Decl., ¶20. Response in Doc. 149-1: Disputed. Defendants general assertion of training | not dispute this fact. Defendants have provided declarations from the Individual and Deputy Defendants attesting to the fact that they have received training in these areas. Additional Reply *See supra*. Defendants provided declarations including the type of training they received, when it occurred, and the contents of that training to |

FILE # 22348

12

**REPLY PLTF'S STMT MAT FACTS RE DEFTS' MSJ OR PRTL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

| | | | | provided no information about whom provided the training, when, or the specific content of training to validate the training information and assess the sufficiency of training. The training materials provided by the County show nothing sufficient related to overcrowding, sleep deprivation, cold temperatures, sound and light, | access the sufficiency of their training. Plaintiff is not an expert and therefore not qualified to rebut the sufficiency of such training. Staff of WCJ receive training outside of the materials provided and their training on these specific areas is encompassed in the training they received in relation to their employment at the County. Calls for an improper lay and/or expert |

*FILE # 22348*

13

**REPLY PLTF'S STMT MAT FACTS RE DEFTS' MSJ OR PRTL JUDGMENT**

| | | | | | |
|---|---|---|---|---|---|
| | | | | body searches, hygiene products, and/or cell searches. Decl., ¶20. | opinion, lacks foundation, and calls for a legal conclusion. |
| 67. | Defendants | The Deputy Defendants are also supervised by trained staff while on duty. | **Joint Exhibit Part D at 448** (Rivera Decl., ¶ 9.) **Joint Exhibit Part D at 425** (Falconer Decl., ¶ 11.) **Joint Exhibit Part D at 436** (Mayer Decl., ¶ 11.) **Joint Exhibit Part D at 441** (Rodriguez Decl., ¶ 11.) **Joint Exhibit Part D at 431** (Addington Decl., ¶ 11.) | Response in Doc 139-3: Undisputed. Response in Doc. 149-1: Undisputed. It supports that the violations were occurred under supervision and the supervision failed to stop the violations. | Reply in Doc 139-3: None. Additional Reply: Given that Plaintiff does not dispute this fact, Defendants ask that this Court not consider anything after her response of "Undisputed." Regardless, this fact does not support Plaintiff's claim that the alleged |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  | "violations" occurred under the "supervisor" of County staff. Her claim is vague, calls for a legal conclusion, lacks sufficient evidence as to causation, lacks foundation, and is an improper lay and/or expert opinion. |
| 71. | Defendants | Individual Defendants had no reason to believe that Deputy Defendants were unfit or created a particular risk related to body or cell | **Joint Exhibit Part D at 414-415** (Stichter Decl., ¶ 12.) | Response in Doc 139-3: Disputed. Based on the policy and training materials provided by OCSD Individual Defendants | Reply in Doc 139-3: Plaintiff does not dispute this fact. She has presented no evidence that Individual Defendants were personally aware that the |

| | | searches. | | should have had reason to believe that Deputy Defendants were unfit or created a particular risk related to body or cell searches. Decl., ¶20.<br><br>Response in Doc. 149-1: Disputed. Based on the policy violated Penal Code section 4030 and training materials provided by OCSD Individual Defendants should have | Deputy Defendants were unfit for their positions. Policy manuals would not cause awareness of their alleged unfitness.<br><br>Additional Reply: *See supra.* Penal Code 4030 does not support that Deputy Defendants were unfit for their positions and/or Individual Defendants were aware of such. Their declarations speak to the |
|---|---|---|---|---|---|

FILE # 22348

16

**REPLY PLTF'S STMT MAT FACTS RE DEFTS' MSJ OR PRTL JUDGMENT**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

| | | | | had reason to believe that Deputy Defendants were unfit or created a particular risk related to body or cell searches. Decl., ¶20. | contrary. Moreover, calls for a legal conclusion and improper lay and/or expert opinion. |
|---|---|---|---|---|---|

DATED:  June 13, 2022               COLLINS + COLLINS LLP

By: _____
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendants COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON