**Michael L. Wroniak (State Bar No. 210347)**
**Rebecca J. Chmura (State Bar. 319106)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA  92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email:  mwroniak@ccllp.law**
**Email:  rchmura@ccllp.law**

Attorneys for Defendant
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | CASE NO. 8:20-cv-00322-JWH (GJS)<br>*[Assigned to Judge John W. Holcomb Courtroom 2]*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF JANE DOE'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO OBJECT TO MAGISTRATE JUDGE STANDISH'S REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 164.)**<br><br>Complaint Filed: 2/18/20<br>Trial Date:　　None |

## I.　INTRODUCTION

On December 16, 2022, Magistrate Judge Gail Standish issued the Report and Recommendation regarding Defendants' Motion for Summary Judgment, or, in the alternative, Partial Summary Judgment ("MSJ") (Doc. 163). Judge Standish stated that the parties had until January 10, 2023, to object to the Report and Recommendation.

*FILE # 22348*

(Doc. 162) Despite Judge Standish already granting Plaintiff Jane Doe ("Plaintiff") an additional 11 days, on top of the 14 days prescribed by F.R.C.P 72(b)(2), a total of 25 days, to object to Judge Standish's Report and Recommendation, Plaintiff now brings this *ex parte* Application seeking an additional 21 days from the current deadline, January 10, 2023. In short, Plaintiff is unreasonably asking this Court to allow her to have 46 days to object to the Report and Recommendation (Doc. 163).

For the reasons below, Defendants respectfully request that this Court deny Plaintiff's *ex parte* Application because she (1) has already been granted an extension of time and has presented no authority for which supports an additional extension of time; and (2) there are no exigent circumstances which would entitle Plaintiff to such relief.

## II. PLAINTIFF HAS ALREADY BEEN GRANTED ADDITIONAL TIME TO OBJECT BEYOND THE 14 DAYS PRESCRIBED BY F.R.C.P § 72

Plaintiff claims that she is seeking additional time to object to the Report and Recommendation due to the "new year holidays and voluminous issues." However, Plaintiff completely ignores that Judge Standish has already given her 11 additional days, over the normal 14 days, to object. The normal time under F.R.C.P. 72(b)(1) should have been on December 30, 2022. The 11 additional days was presumably granted by the Judge under her discretion to account for the upcoming holidays and the number of issues involved in the Report and Recommendation. Thus, Plaintiff's concerns are moot as additional time to object has already been given in the deadline of January 10, 2023.

Plaintiff relies upon F.R.C.P. 6(b)(1) to support her request for additional time, before the time to respond has passed. However, as stated above, Judge Standish has already granted additional time on her own, without a motion, and therefore, there is nothing else which supports further additional time to object.

///

///

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

### III. THERE ARE NO EXIGENT CIRCUMSTANCES WHICH WOULD WARRANT ADDITIONAL TIME

At a bare minimum, Plaintiff has failed to show that she will suffer any irreparable harm if relief is not granted because she was already given additional time. Again, Plaintiff is seeking additional time to object to the Report and Recommendation due to the "new year holidays and voluminous issues." Plaintiff has already been given 11 additional days to account for this. As to the holidays, although this may be an inconvenient time for Plaintiff, in reality, there are only two days from December 16, 2022 to January 10, 2023 which are Federally recognized holidays (December 26, 2022 for Christmas and January 2, 2023 for New Years.) Thus, even by her not working on these two holidays, she still has 9 additional days (total 23) to object.

Moreover, as to the number of issues, Plaintiff has had Defendants' Motion for Summary Judgment since at least May 2022, over eight months ago. There are no new issues presented in their papers and had she had additional information which would support any such objections, she should have submitted it in her opposition papers, but she did not. Therefore, although the Report and Recommendation is lengthy, Plaintiff was well aware of the arguments and issues already to be able to respond. Further, on November 17, 2022, Judge Standish alerted the parties that they could expect a ruling on Defendants' MSJ on or about December 19, 2022. (Doc. 161.) Thus, it should come as no surprise to Plaintiff that she may have had to prepare an objection(s) to the Report and Recommendation over the holidays in light of the Judge's November 17, 2022, notice. To say otherwise, is disingenuous by Plaintiff.

Finally, Plaintiff's request for an additional 21 days, over and beyond the 25 days she was already given, is unsupported by any logic or authority. After January 10, 2023, the "new years holidays" have concluded and again, Plaintiff has already had a number of months to familiarize herself with Defendants' points and arguments. Again, she was well aware for nearly a month that she could an expect a ruling on Defendants' MSJ around this time, and thus, could have been proactive in refamiliarizing herself with the

issues to timely prepare her objections.

Given, that Plaintiff will not suffer an irreparable harm if her relief is not granted and she has not provided any logic and/or grounds as to why she needs an additional 21 days to object to the Report and Recommendation, her request for additional time should be denied. This Application is just one additional attempt by Plaintiff to take up more of the Court's and Defendants, and their counsels', time, energy, and expense, especially around the holidays, to respond to her outlandish and ridiculous requests. Curiously, she has enough time to prepare an Application seeking an extension of time, but not enough time to prepare her objections despite the generous additional 11 days already given to her.

## IV. CONCLUSION

Per the above, Defendants respectfully request that this Court deny Plaintiff's *ex parte* Application as she has already been given 11 additional days above and beyond the 14 days set out in F.R.C.P. 72 and she has presented no exigent circumstances which would support more time to object.

DATED: December 22, 2022         COLLINS + COLLINS LLP

By: _____
MICHAEL L. WRONIAK
REBECCA J. CHMURA
Attorneys for Defendant COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON

FILE # 22348

# PROOF OF SERVICE

### (CCP §§ 1013(a) and 2015.5; FRCP 5)

State of California,        )
                            ) ss.
County of Orange.           )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 The City Drive, Suite 400, Orange, California 92868.

On this date, I served the foregoing document described as **DEFENDANTS' OPPOSITION TO PLAINTIFF JANE DOE'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO OBJECT TO MAGISTRATE JUDGE STANDISH'S REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 164.)** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

Jane Doe
Courtproceeding9@gmail.com

**PLAINTIFF IN PRO SE**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Orange, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Orange, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – – I served a true copy, with all exhibits, electronically on Plaintiff Jane Doe at the email address on file with the Court which is redacted herein per request of Plaintiff Jane Doe through the Court's CM/ECF Electronic Filing system on:

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (714) 823-4101 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on December 22, 2022 at Orange, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Jazmin Ruiz*
Jazmin Ruiz
Jruiz@ccllp.law

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax   (714) 823-4101