Michael L. Wroniak (State Bar No. 210347)
Rebecca J. Chmura (State Bar. 319106)
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 – FAX (714) 823-4101**
Email: mwroniak@ccllp.law
Email: rchmura@ccllp.law

Attorneys for Defendants
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>              Plaintiffs,<br><br>    vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>              Defendants. | CASE NO. 8:20-cv-00322-JWH (GJS)<br>*[Assigned to Judge John W. Holcomb Courtroom 9D]*<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF JANE DOE'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE GAIL J. STANDISH [DOCS. 163 & 168]**<br><br>Complaint Filed: 2/18/20<br>Trial Date:         None |

*FILE # 22348*

1

**DEFTS.' RSPS TO PLTFS' OBJ TO R&R RE MSJ**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................5

II. STANDARD OF REVIEW ........................................................................................5

III. DEFENDANTS' RESPONSES TO PLAINTIFF'S ALLEGED AND INVALID OBJECTIONS .............................................................................................................7

    A. The Magistrate Judge Did Not Apply the Wrong Standard of Harm ...............7

    B. Plaintiff's Objections to Denial of Life Necessities and Hygienic Supplies ....7

        i. The Denial of Meals and Cold Temperatures Are Not Mutually Inclusive ...........7

        ii. Plaintiff's Alleged "Evidence" Was Appropriately Disregarded ........................8

        iii. The Magistrate Judge Appropriately Considered O'Connell's Corroborated and Factually Supported Declaration .................................................................................8

        iv. Plaintiff's or Inmate's Subjective Feelings Are Not the Appropriate Standard to Determine a Constitutional Violation ...............................................................9

        v. Plaintiff was Not Prevented from, and failed to, Disclose the Identities of Other Inmates to Support her Claims ................................................................................9

        vi. The Failure to Provide Shampoo was Not a Constitutional Violations ..............9

        vii. Plaintiff's History of Sleeping Difficulties is Relevant ...................................10

    C. Plaintiff Was Not Subjected to Unconstitutional Strip Searches but, rather admits that they were Extended Correctional Searches or Body Searches .....................................10

    D. Plaintiff Did not Submit Admissible Evidence to Support the Overcrowding Claim as was Properly Noted by the Magistrate Judge .........................................................13

    E. The Midnight Cell Search was not a Constitutional Violation .......................13

    F. The County has No *Monell* Liability in this Action ........................................15

    G. No Viable Objections as to the State Law Tort Claims or Immunities ...........15

IV. CONCLUSION ........................................................................................................15

FILE # 22348

2

DEFTS.' RSPS TO PLTFS' OBJ TO R&R RE MSJ

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

# TABLE OF AUTHORITIES

**Cases**

*Andrews v. Whitman*, No. 06-2447LABNLS, 2009 WL 857604, at *2 (S.D. Cal. Mar. 27, 2009) .................................................................................................................. 6

*Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir.1991) .................................................. 6

*Bell v. Wolfish*, (1979) 441 U.S. 520 ......................................................................... 7, 13

*Block v. Rutherford,* (1984) 468 U.S. 576 ..................................................................... 13

*Brown v. Board of Ed. of Shelby County Schools* (WD TN 2014) 47 F.Supp.3d 665, 674 .................................................................................................................................. 6

*Chiari v. New York Racing Ass'n, Inc.*, 972 F.Supp. 2d 346 (E.D. N.Y. 2013) ............... 6

*City of Los Angeles v. Heller*, (1986) 475 U.S. 796 ...................................................... 15

*Craft v. County of San Bernardino,* (2006) 468 F. Supp. 2d 1172, 1179 ..................... 10

*Denton v. Bowman*, No. 06CV1664WQH(WMC), 2008 WL 755798, at *1 (S.D. Cal. Mar. 19, 2008) ............................................................................................................ 6, 7

*Gutierrez v. Flannican*, No. CV-05-2981-PHXX-DGC (DKD), 2006 WL 2816599 (D. Ariz. Sept. 29, 2006) .................................................................................................... 6

*Hoptowit v. Ray*, 682 F.3d 1237, 1246 (9th Cir. 1982) ................................................. 10

*Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991 ............. 6

*Katzberg v. Regents of Univ. of Cal.,* (2002) 29 Cal. 4th 300 ....................................... 12

*Krommenhock v. Post Foods*, LLC, 334 F.R.D. 552, 568 (N.D. Cal. 2020) ................. 14

*Lopez v. Youngblood*, 609, F Supp. 1125 (E.D. Cal. 2009) .......................................... 11

*Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995) ........................................................... 6

*Nigro v. Sears*, *Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015) ............................... 8

*Orr v. Bank of Am.*, NT & SA, 285 F.3d 764, 773–74 (9th Cir. 2002) .................... 12, 13

*Palmisano v. Yates,* 2007 WL 2505565, slip op. at *2 (S.D. Cal. Aug. 31, 2007) ........... 5

*Rhodes v. Chapman,* (1981) 452 U.S. 337, 351, n. 13 .................................................... 9

*Roy v. Cnty. of Los Angeles*, 114 F. Supp. 3d 1030, 1043 (C.D. Cal. 2015) ................. 12

*Smith v. Frank*, 923 F.2d 139, 141 (9th Cir.1991) .......................................................... 6

*Tolan v. Cotton,* (2014) 572 U.S. 650, 658-659 ................................................. 8

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) ................................................. 6, 7

*United States v. Howell*, (2000) 231 F.3d 615, 621–22 ............................................ 12, 15

*Vélez-Padro v. Thermo King de Puerto Rico, Inc*. (1st Cir. 2006) 465 F3d 31, 32 ........... 6

*Walker v. Woodford*, 393 F. App'x 513, 516 (9th Cir. 2010) ......................................... 10

**Statutes**

Cal. Const. Art. I. § 13 ................................................................................................. 12

**Other Authorities**

F. Hearings by Magistrate Judges, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial
   Ch. 16-F ................................................................................................. 5, 6

**Rules**

F.R.C.P. 72(b ................................................................................................. 15

F.R.C.P. 72(b)(2) ................................................................................................. 5

F.R.C.P. 72(b)(3) ................................................................................................. 5

*FILE # 22348*

4

**DEFTS.' RSPS TO PLTFS' OBJ TO R&R RE MSJ**

**TO THE HONORABLE COURT:**

Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington (collectively, "Defendants"), hereby submit the following Responses to Plaintiff Jane Doe's ("Plaintiff") Objections to Magistrate Gail J. Standish's Report and Recommendation ("R&R") recommending granting Defendants' Motion for Summary Judgment ("MSJ") in full and dismissing this action with prejudice (Docs. 163 & 168):

## I. INTRODUCTION

Magistrate Judge Standish's December 16, 2022, R&R (Doc. 163), which recommends granting Defendants' MSJ in full and the dismissal of this action with prejudice, should be accepted without modification. Nothing in Plaintiff's latest objections changes or calls into question this recommendation. Instead, Plaintiff's objections are vague and unspecific, she attempts to reargue points already brought up and considered by the Magistrate Judge, and she even attempts to make new arguments, all of which are not ripe for review by this Court and are unpersuasive. Moreover, her "objections" and theories are also neither legally cognizable nor supported by authenticated or admissible evidence. For these reasons, all objections should be overruled in their entirety.

Based on the below, Defendants respectfully request that this Court accept Magistrate Judge Standish's December 16, 2022, Report and Recommendation in full, without modification, including granting the entirety of Defendants' Motion for Summary Judgment and dismissing this action with prejudice.

## II. STANDARD OF REVIEW

Per F.R.C.P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." To be considered proper, specific written objections are required. (F.R.C.P. 72(b)(2); F. Hearings by Magistrate Judges, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 16-F; *Palmisano v. Yates,* 2007 WL 2505565, slip op. at *2 (S.D. Cal. Aug. 31, 2007); *Andrews*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*v. Whitman*, No. 06-2447LABNLS, 2009 WL 857604, at *2 (S.D. Cal. Mar. 27, 2009); *see Vélez-Padro v. Thermo King de Puerto Rico, Inc*. (1st Cir. 2006) 465 F3d 31, 32 which held, "[c]onclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)"; *Brown v. Board of Ed. of Shelby County Schools* (WD TN 2014) 47 F.Supp.3d 665, 674 which held, "[o]verly general objections do not satisfy the objection requirement" (internal quotes and citation omitted). "Rule 72 is satisfied if the objection 'provides a district court judge with notice as to which issues are being contested.'" (F. Hearings by Magistrate Judges, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 16-F.)

A general objection to the magistrate judge's findings has the "same effect as would a failure to object" because "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." (*Denton v. Bowman*, No. 06CV1664WQH(WMC), 2008 WL 755798, at *1 (S.D. Cal. Mar. 19, 2008); *Gutierrez v. Flannican*, No. CV-05-2981-PHXX-DGC (DKD), 2006 WL 2816599 (D. Ariz. Sept. 29, 2006) (*citing Howard v. Sec. of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991).) Moreover, a response to magistrate judge's report that fails to specify issues of contention does not satisfy requirement the objection requirement. (*Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995).) "Failure to object to a magistrate judge's recommendation waives all objections to the magistrate judge's findings of fact." (*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *See Smith v. Frank*, 923 F.2d 139, 141 (9th Cir.1991); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir.1991).) Further, even a pro per plaintiff's objections must be specific and clearly aimed at particular findings in the magistrate judge's report. (*Chiari v. New York Racing Ass'n, Inc.*, 972 F.Supp. 2d 346 (E.D. N.Y. 2013).)

Plaintiff fails to make any *specific* objections to the R&R. Instead, she reiterates and rambles on about many of the arguments that were already brought in her opposition to the MSJ. She also tries to add new arguments, which should not be considered. Her sporadic objections are not specific and clearly aimed to specify the areas of contention

COLLINS+COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

which warrant *de novo* review. Instead, like *Denton* and *Turner,* her general objections should be treated as a failure to object, wherein all objections to the magistrate's findings of facts are waived.

## III. DEFENDANTS' RESPONSES TO PLAINTIFF'S ALLEGED AND INVALID OBJECTIONS

Defendants argue that Plaintiff has not submitted any specific or clearly targeted objections which would warrant consideration. However, in the event that this Court disagrees, Defendants respond to their understanding of Plaintiffs "objections" as follows, and respectfully ask that this Court overrule any such objections as they lack any merit:

### A. The Magistrate Judge Did Not Apply the Wrong Standard of Harm

Plaintiff appears to take issue with the holdings of *Bell v. Wolfish*, (1979) 441 U.S. 520, yet fails to elaborate any specific disagreements. (Doc. 168, 1:22-2:17.) Further, she contends that the "magistrate judge analyzed each deprivation independently which significantly minimum the cumulative harm suffered by Plaintiff at the hands of the jail guards." (Doc. 168, 2:25-27.) Plaintiff's "objection" does not warrant review as she fails to elaborate how the Magistrate Judge inappropriately applied *Bell*. She also fails to present any authority that the "cumulative harm," rather than an independent analysis of each of her claims, is the appropriate standard. Thus, her objections should be overruled.

### B. Plaintiff's Objections to Denial of Life Necessities and Hygienic Supplies

#### i. The Denial of Meals and Cold Temperatures Are Not Mutually Inclusive

Plaintiff objects that the cases relied upon by the Magistrate Judge do not dispute that being denied "meals in a bone-chilling environment do not rise to the level of a constitutional violation." (Doc. 168 4:7-9.) This objection is confusing and ambiguous. From Defendants' understanding, Plaintiff contends that being "cold" should also be considered in her claims regarding denial of food. (*Id.*) However, she provides no authority to support this conclusion and no argument to dispute that the cases relied upon by the

FILE # 22348

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

7
**DEFTS.' RSPS TO PLTFS' OBJ TO R&R RE MSJ**

Magistrate Judge are inapplicable. As such, her objection should be overruled.[1]

### ii. Plaintiff's Alleged "Evidence" Was Appropriately Disregarded

Plaintiff claims that the Magistrate Judge "characterizes all Plaintiff's self-servicing testimony/declarations as uncorroborated…" (Doc. 168, 4:10-11) and "it was error (sic) for the magistrate judge to assess Plaintiff's credibility and impose requirement of corroboration of her testimony" (Doc. 168, 6:27-28). Once again, Plaintiff does not state *specifically* what evidence was not considered by the Judge. Instead, this is just a general objection, which does not warrant *de novo* review. Regardless, she forgets to consider that "a self-serving declaration does not always create a genuine issue of material fact for summary judgment: The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." (*Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015).) The Magistrate Judge rightly applies this principal and considers it in the R&R (*see* Doc. 163, Fn. 14.) finding that Plaintiff's "evidence" states only conclusions rather than facts to create a genuine dispute. Thus, there is no error by the Magistrate Judge and the objection should be overruled.

### iii. The Magistrate Judge Appropriately Considered O'Connell's Corroborated and Factually Supported Declaration

Plaintiff disputes that O'Connell's declaration should not have been considered concerning the jail temperature on the basis that he did "not establish where he was on August 8, 2018." (Doc. 168, 7:8-14.) She relies upon *Tolan v. Cotton,* (2014) 572 U.S. 650, 658-659 to support that error was found when the court failed to consider key evidence by the nonmoving party. However, Plaintiff's objection is misplaced as she provided no corroborated evidence that the jail was actually "cold." Instead, it is nothing more than her own self-serving and speculative testimony, about her own determination of the temperature of the jail, which can appropriately be disregarded. To the contrary,

---

[1] At Doc. 168, 8:16-19, Plaintiff alleges that it was improperly stated in the R&R that she did not allege being cold on August 12, 2019, in her original complaint. However, the Magistrate Judge considered her claims of being cold in the R&R and thus, this objection lacks merit. (Doc. 163, Fn. 16.)

O'Connell's declaration is based upon actual personal knowledge of the jail air conditioning system, which he has personal knowledge spanning from his employment, which is appropriate to rely upon. As such her objection should be overruled.

### iv. Plaintiff's or Inmate's Subjective Feelings Are Not the Appropriate Standard to Determine a Constitutional Violation

The Magistrate Judge applied the correct standard for alleged constitutional violations regarding Plaintiff's claims of being cold and lacking adequate clothing: namely that they need to have a "substantial risk of serious harm" to be viable. (Doc. 163, 29:13-18.) Conversely, Plaintiff claims that the violation is determined by the inmates' own subjective feelings. (Doc. 168, 7:20-8:4.) Her argument is unsupported by any caselaw or precedent and actually opposite to established law. Thus, it should be overruled.

### v. Plaintiff was Not Prevented from, and failed to, Disclose the Identities of Other Inmates to Support her Claims

Plaintiff objects that the Magistrate Judge allegedly prohibited her from disclosing the identities of other inmates to support her opposition and could have only used initials of the inmates (Doc. 168, 8:5-8.) She claims this prohibition is on Doc. 102 in this action. However, Doc. 102 is silent to this assertion. Moreover, Plaintiff does not even reference names or initials of inmates to support her opposition. Had she wanted to support her claims with names, she should have done so but choose not to. Thus, this objection is inapplicable and should be overruled.

### vi. The Failure to Provide Shampoo was Not a Constitutional Violations

The Magistrate Judge properly relied upon established precedent which found that the failure to provide shampoo was not a constitutional violation. (Doc. 163, 27:15-28:4.) Plaintiff objects that constitutional violations regarding hygienic products given to inmates should be determined by standards of public decency as per *Rhodes v. Chapman,* (1981) 452 U.S. 337, 351, n. 13. (Doc. 168, 9:1-9) Her objection is misplaced as *Rhodes* deals with the size and dimensions of jails, and not hygienic products like shampoo and toothpaste.

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

Further, there is no error in the Magistrate Judge's finding that Plaintiff did not actually run out of toothpaste. (Doc. 168, 9:15-16.) A correctional facility need only to provide for basic needs. (*Hoptowit v. Ray*, 682 F.3d 1237, 1246 (9th Cir. 1982).) As the Judge stated in the R&R, the record reflects that Defendants did provide basic needs and Plaintiff actually running out of toothpaste does not create a genuine dispute of material fact. Thus, her objections should be overruled.

### vii. *Plaintiff's History of Sleeping Difficulties is Relevant*

The Magistrate Judge did not err in considering Plaintiff's history of sleeping problems as it is factually relevant to her claims. (Doc. 168, 10:1-2.) Like *Walker v. Woodford,* as it the case in this suit, there is uncontradicted evidence that Plaintiff suffered from sleeping problems prior to her four-day stay at the jail. (Fact 27.) Thus, like *Walker,* which held that prior insomnia was considered in the determination to grant summary judgment, her prior sleeping issues were proper to be considered as well. (*Walker v. Woodford*, 393 F. App'x 513, 516 (9th Cir. 2010).) Thus, her objection is meritless and should be overruled.

### C. **Plaintiff Was Not Subjected to Unconstitutional Strip Searches but, rather admits that they were Extended Correctional Searches or Body Searches**

Plaintiff's objection that "the magistrate judge overlook[ed] that (sic) fact that Plaintiff was ordered to wear a bra in the hallway instead of a restroom" (Doc. 168, 10:21-22) is nonsensical. Clearly, this supports that Defendants were concerned with Plaintiff's privacy and did not want her private areas exposed. (Facts 43-44, 46-47, 49.) This fact supports the Magistrate Judge's finding that there was no constitutional violation as to the alleged strip searches.

The Magistrate Judge did not err when relying on *Craft v. County of San Bernardino* (Doc. 168, 12:12-15) as the case is factually distinguishable to Plaintiff's. The distinctions are detailed by the Judge in the R&R at 38:27-39:16. The searches in *Craft,* involved strip (requiring nudity) and body cavity searches. (*Craft v. County of San Bernardino,* (2006) 468 F. Supp. 2d 1172, 1179.) However, Plaintiff's case does *not* involve strip or visual

FILE # 22348

10

**DEFTS.' RSPS TO PLTFS' OBJ TO R&R RE MSJ**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

body cavity searches of any kind. Instead, as Defendants argue, she went through much less intrusive extended correctional searches or body searches, by which Plaintiff admits she was never fully naked. (Fact 49.) Therefore, this case is factually distinguishable as the Magistrate Judge properly contends.

Next, the Magistrate Judge properly disregarded Plaintiff's argument that Defendants should have used or suggested alternative methods (Doc. 168, 12:22-25). Plaintiff relies upon *Lopez v. Youngblood*, 609, F Supp. 1125 (E.D. Cal. 2009) where the court considered the lack of alternative methods in its determination to deny summary judgment. However, again, this case is factually distinguishable from the present case. *Lopez* involved group strip and visual body cavity searches on detainees. (*Id. at* 1134.) The plaintiffs in that case were not contesting the practice of actually conducting searches on inmates, but rather that they were being done in a group setting. (*Id.*) Here, unlike *Lopez,* Plaintiff disputes that the strip searches should have been done at all, not just in a group setting. (Doc. 56, 11:21-23, which states, "Plaintiff was strip searched seven times and those searches were unnecessary and excessive without any reasonable suspicion and legitimate prison interest.") Further, again, the searches in *Lopez* involved actual strip searches which required exposure of private areas and body cavities. These searches did not occur to Plaintiff. Therefore, the use of alternatives relied upon in *Lopez* is the wrong standard to be used here. As the Magistrate Judge agrees, to dispute a constitutional violation, Defendants need only show a penological justification that is accepted under existing case law. (Doc. 163, 36:5-17.) Defendants do just that, and in fact, Plaintiff does not dispute this justification that the searches are related to a genuine penological goal to prevent entry of contraband or weapons into the jail facility. (Fact 54.) As such, the suggestion of or use of alternatives is irrelevant.

Plaintiff objects that the Magistrate Judge erred in finding Plaintiff did not allege or provide evidence that the other inmates were actually looking at her. (Doc. 168, 13:2-3.) Her only evidence to support this is that she alleged in her complaint that the searches were done in the view of other inmates and staff. (Doc. 168, 13:4-5.) However, as the

FILE # 22348

11

**DEFTS.' RSPS TO PLTFS' OBJ TO R&R RE MSJ**

Magistrate Judge properly held that the complaint is unverified and therefore not evidence. (Doc. 163, Fn. 5.) Thus, her "evidence" from the unverified complaint was properly disregarded.

Despite Plaintiff's objections (Doc. 168, 13:10-19), the Court properly disregarded Plaintiff's own review and interpretation of the jail logs, which were not even included as an exhibit to the motion nor authenticated. It has been held that, "unauthenticated documents cannot be considered in a motion for summary judgment." (*Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773–74 (9th Cir. 2002).) The Magistrate Judge went above and beyond by reviewing the jail documents proffered by Plaintiff despite there being no authentication, as they should not have even been considered whatsoever.

Plaintiff's objection as to the timing of the alleged searches related to her claim for a violation of Penal Code § 4030(e) (Doc. 168, 18:6-8), was not brought up in her opposition and therefore, does not entail review. Moreover, by a plain reading of the statute, the Judge clearly did not improperly apply the statute. As such, this Court should overrule and disregard these arguments being raised for the first time in Plaintiff's objections. (*United States v. Howell*, (2000) 231 F.3d 615, 621–22 which held, district court may decline to consider new allegations presented for the first time in objections.)

Finally, Plaintiff spends nearly a page discussing *Katzberg v. Regents of Univ. of Cal.,* (2002) 29 Cal. 4th 300, regarding damages under Cal. Const. Art. I. § 13. (Doc. 168, 16:24-17:17.) The Magistrate Judge states that Plaintiff is not entitled to monetary damages under Section 13, which further supports summary judgment as to Claim 11. (Doc. 163, 47:1-48:4.)[2] However, Plaintiff's objection that she is entitled to summary judgment under the *Katzberg* case, is misconstrued and ignores established caselaw. It has been held that "there is no remedy of monetary damages under California Constitution article I, § 13." (*Roy v. Cnty. of Los Angeles*, 114 F. Supp. 3d 1030, 1043 (C.D. Cal. 2015).) Thus, there was no error in the R&R in reaching this conclusion.

---

[2] Defendants suggest that Claim 12 is similarly appropriate for summary judgment on similar grounds.

For the reasons above, this Court should overrule all of Plaintiff's alleged objections pertaining to the alleged strip searches.

### D. Plaintiff Did not Submit Admissible Evidence to Support the Overcrowding Claim as was Properly Noted by the Magistrate Judge

The Magistrate Judge properly disregarded Plaintiff's arguments regarding her alleged dimensions under Title 24 Minimum Standards as Plaintiff failed to attach and/or authenticate such standards with the dimensions she describes. As such, this evidence, including if the alleged dimensions or policies were in effect or not, should not have been considered for purposes of summary judgment, which according to the R&R they were not. (*Orr v. Bank of Am.*, NT & SA, 285 F.3d 764, 773–74 (9th Cir. 2002).) There is no error by the Magistrate Judge.

Further, Plaintiff is incorrect in her assertion that the Magistrate Judge "overlooked" that she was in her cell for a substantial part of the time. (Doc. 168, 19:17-19.) This was a circumstance that was considered and apart of the R&R at 55:18-20, which states: "That Plaintiff was in her Jail module at all other times, besides the day in which she went to court (August 12, 2019) is not a circumstance that, in itself, renders the Jail Module unconstitutionally overcrowded." Her objections should thereby be overruled.

### E. The Midnight Cell Search was not a Constitutional Violation

The Magistrate Judge correctly found that there were no constitutional violation as to the one cell search. First, Plaintiff vaguely asserts that *Block v. Rutherford,* (1984) 468 U.S. 576 and *Bell v. Wolfish,* (1979) 441 U.S. 520, are "distinguishable," yet she fails to elaborate their differences to her case.

Next, she alleges that the Magistrate Judge failed to consider Plaintiff's own review of the jail logs and alleged violations. (Doc. 168, 20:8-15.) However, as already stated herein, Plaintiff's own review of the logs is not admissible or authenticated evidence which warrants review. (*See supra,* Section C.) As such, it was properly disregarded by the Magistrate Judge.

Plaintiff's four repetitive objections that a "jury could reasonably infer that the

purpose of the midnight search, in context, was retaliation and harassment" are speculative at best, which do not create a genuine dispute of the facts. (Doc. 168, 20:15-23;21:15-25; 22:15-21; 24:23-25.) (*Krommenhock v. Post Foods*, LLC, 334 F.R.D. 552, 568 (N.D. Cal. 2020) which held, "conclusory and speculative testimony does not raise genuine issues of fact and is insufficient to defeat summary judgment.") There was no evidence submitted by Plaintiff to support retaliation, and the Magistrate Judge herself, even questions this alleged retaliation. (Doc. 163, 68:11-19.)

It becomes clear that Plaintiff is merely grasping at straws by making several far-fetched arguments. These include the following: First, Plaintiff objects that the Magistrate Judge wrongfully concluded that she had "not shown the midnight cell search in question did not advance a legitimate security goal." (Doc. 168, 20:24-25.) However, this is nonsensical as Plaintiff already conceded, and its undisputed that she agreed that the searches advanced a legitimate security goal. (Fact 54.)

Secondly, Plaintiff protests that the Magistrate Judge "faulted Plaintiff for her failure to show any threatened consequence actually happened by ignoring the fact that Plaintiff was released the next day after the midnight search." (Doc. 168, 22:4-6.) This objection is ambiguous and convoluted at best. Being released from jail is not a consequence, so her objection makes no sense.

Thirdly, Plaintiff claims that the Judge's consideration of the safety and security of the jail is "meaningless" as she is "not challenging the general goal of a correctional institution. (Doc. 169, 22:7-14.) Plaintiff's ridiculous notion does not make sense and is the primary reasons for bringing her suit. Plaintiff also concedes that the searches are for safety and security of the jail. (Fact 54.)

Fourthly, Plaintiff vaguely objects that the Judge improperly weighed the evidence in favor of the moving party. (Doc. 168, 25:17-19.) This objection is so vague and general that it is impossible to respond.

As to the alleged First Amendment violation, the Magistrate Judge was correct that Plaintiff changed her First Amendment claim through the course of the litigation. As the

Magistrate Judge correctly stated, Plaintiff's theory of the case started with allegedly being prohibited from talking during and after the cell searches. (Doc. 56, ¶ 65.) In her opposition to the MSJ, Plaintiff discussed restriction of communication to inmates and specifically prison mail precedent. (Doc. 149, ¶ 15:16-28.) She did not present case law regarding a protection to both speakers and listeners as she now objects, in her opposition. (Doc. 168, 24:8-22.) Plaintiff should not be entitled to present new arguments or case law now which she did not bring up in her opposition. (*Howell*, 231 F.3d at 621–22.) Per the above, none of Plaintiff's objections have any merit and do not change the Magistrate Judge's recommendation in the R&R. For these reasons, the objections should be overruled.

### F. The County has No *Monell* Liability in this Action

The Magistrate Judge properly held and considered that there can be no basis for *Monell* liability as to Claims 4 and 5 because it was found that the Deputy Defendants did not commit any constitutional violations as to these claims. (Doc. 163, 72:20-27.) Municipal liability against the County for Claims 4 and 5 when there are no constitutional violations by its actors/employees is not authorized. (*See City of Los Angeles v. Heller*, (1986) 475 U.S. 796.) Plaintiff's objections to these grounds are not persuasive.

### G. No Viable Objections as to the State Law Tort Claims or Immunities

Plaintiff does not identify any specific objections to the Magistrate Judge's R&R as to the state law claims and/or immunities. She attempts to use her objections as an extension of her opposition. Namely, she argues that the County and the individual defendants are not immune per Government Code section 815.2. (Doc. 168, 26:6-8.) Defendants argued the County's immunity in their moving papers under section 815.2 and Plaintiff's opposition is entirely silent to this point. Thus, because she did not oppose in her opposition, it should be treated as meritorious, and her new arguments should not be considered by the District Judge. (*Howell*, 231 F.3d at 621–22.)

## IV. CONCLUSION

Based on the foregoing, Plaintiff has not made any viable objections would warrant *de novo* review under F.R.C.P. 72(b) nor which change the recommendation of the

FILE # 22348

15

**DEFTS.' RSPS TO PLTFS' OBJ TO R&R RE MSJ**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

1. Magistrate Judge. As such, Defendants respectfully request that the Court overrule all of
2. Plaintiff's vague and general objections and accept Magistrate Judge Standish's December
3. 16, 2022, Report and Recommendation in full, without modification, including granting
4. the entirety of Defendants' Motion for Summary Judgment and dismissing this action with
5. prejudice.

DATED: Feburary 13, 2023          COLLINS + COLLINS LLP

By: _____
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendants COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; RACHEL ADDINGTON

*FILE # 22348*

16

**DEFTS.' RSPS TO PLTFS' OBJ TO R&R RE MSJ**

# PROOF OF SERVICE

### (CCP §§ 1013(a) and 2015.5; FRCP 5)

State of California,            )
                                ) ss.
County of Orange.               )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 The City Drive, Suite 400, Orange, California 92868.

On this date, I served the foregoing document described as **DEFENDANTS' RESPONSES TO PLAINTIFF JANE DOE'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE GAIL J. STANDISH [DOCS. 163 & 168]** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

Jane Doe
Courtproceeding9@gmail.com

**PLAINTIFF IN PRO SE**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Orange, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Orange, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – – I served a true copy, with all exhibits, electronically on Plaintiff Jane Doe at the email address on file with the Court which is redacted herein per request of Plaintiff Jane Doe through the Court's CM/ECF Electronic Filing system on:

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (714) 823-4101 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on February 13, 2023 at Orange, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*[signature: Jazmin Ruiz]*
Jazmin Ruiz
Jruiz@ccllp.law

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax    (714) 823-4101

17

**DEFTS.' RSPS TO PLTFS' OBJ TO R&R RE MSJ**