JANE DOE
11151 Valley Blvd #4886,
El Monte, CA 91734

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JANE DOE,

               Plaintiff,

     vs.

COUNTY OF ORANGE, et al

            Defendants.

No. 8:20-cv-00322-JWH-GJS

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS**

To the Clerk and to Defendants and their attorneys of record:

JANE DOE (Plaintiff) respectfully submits the following objections to Defendants' bill of costs (ECF 172) under Fed. R. Civ. P. 54(d), 28 U.S.C. §1920, and L.R. 54-2.2. Parties met and conferred in an effort to resolve disagreement but no agreement was reached. Decl., Doe ¶2.

## I.   SCOPE OF COSTS THAT MAY BE TAXED

28 U.S.C. §1920 enumerates six categories of costs that may be taxed: (1) clerk and marshal fees, (2) fees for "recorded transcripts necessarily obtained for use in the case," (3) expenses for printing and witnesses, (4) expenses for exemplification and necessary copies, (5) docket fees, and (6) compensation of interpreters and court-appointed experts. The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that "merely added to the convenience of counsel" or the district court. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc*., 741 F.3d 955, 959 (9th Cir. 2013).

If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then §1920, which enumerates the costs that may be taxed, serves no role whatsoever. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The better course is to hew closely to the statute's language, scheme, and context, recognizing that §1920 is narrow, limited, and modest in scope. See *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).

## II.   REQUEST FOR AN ORDER/JUDGMENT USING PLAINTIFF JANE DOE'S REAL NAME IS IMPROPER THROUGH APPLICATION TO THE CLERK TO TAX COSTS

Through their application to the Clerk to Tax Costs Defendant attempted to request for an order/judgment using Plaintiff's real name. First, Plaintiff has been permitted by this Court to proceed under a pseudonym, including entering a judgment. ECF 10. Second, the clerk has no authority to override this court's pseudonym order or enter the requested order.

## III.   EXPENSES FOR SUBPOENAS FOR MEDICAL BILLING ARE NOT RECOVERABLE

Just because a lawyer can deploy any number of tools on behalf of their clients' case, it does not follow that all of those tools are necessary for the defense or prosecution and must be included in a cost award under 28 U.S.C.A §1920(2). Lawyers need to have sense of proportion in terms of how they spend money in furtherance of a client's position. Rule 26 expressly limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1) (emphasis added).

General and special damages do not necessarily include out-of-pocket medical expenses in each case. Plaintiff in this case did not sue for any out-of-pocket medical expenses. Subpoenas for medical billing therefore are unnecessary, unreasonable and unrecoverable. ECF 172, pp. 13, 17, 23, 29, 31.

## IV.   EXPENSES FOR SUBPOENAS NOT PROPERLY SERVED ARE NOT RECOVERABLE

Expenses for subpoenas not properly served to Heredia Therapy Group (ECF 172, pp. 19, 57) are not recoverable. See ECF 158 (denying motion to compel compliance due to improper service). Plaintiff should not pay for defendants' mistake or error.

## V.   EXPENSES FOR UPLOADING RECORDS, DIGITAL PAGES, ADVANCED FEES, AND CHECK CHARGES ARE NOT RECOVERABLE

Expenses for uploading records, digital pages, advanced fees and check charges, under the guise of service of subpoenas, are beyond those authorized by statute therefore not recoverable. ECF 172, pp. 27, 29, 31, 33, 35, 37, 55. First and foremost, expenses for uploading records, digital pages, advanced fees and check charges are not Fees for Service of Process.

A lawyer may review electronically stored information either by viewing the original documents or, alternatively, by viewing copies uploaded to the lawyer's computer. Although the latter method of review requires the creation of a copy, the ability to conduct the review by looking at the original document establishes that the uploaded copy was not necessarily obtained for use in the case. *Resnick v. Netflix, Inc.*, 779 F.3d 914, 930 (9th Cir. 2015). By the same token, a lawyer can review the original subpoenaed documents. Uploading digital copy of the subpoenaed documents is not necessarily obtained for use in the case and it was merely added to the convenience of counsel.

## VI.   FAILURE TO PROVIDE ITEMIZED INVOICES BREAKING OUT THE PER-PAGE COST OF TRANSCRIPTS

Failure to provide itemized invoices breaking out the per-page cost of transcripts will be sufficient grounds for not taxing the cost. See L.R. 54-3.5(a). Defendants failed to provide per-page cost of the transcripts. ECF 172, pp. 71, 75.

## VII. FAILURE TO PROVIDE AN EXPLANATION OF WHY HIGHER RATES WERE REASONABLE DESPITE BEING HIGHER THAN THE MAXIMUM RATES SET BY THE JUDICIAL CONFERENCE OF THE UNITED STATES

L.R. 54-3.5(a) provides that the transcript rates set by the Judicial Conference of the United States will generally be considered reasonable. For transcripts billed at higher rates to be taxable, an explanation of why higher rates were reasonable under the circumstances must be provided. $3.65 per page is the maximum rate set by the Judicial Conference of the United States. See https://www.uscourts.gov/services-forms/federal-court-reporting-program. Defendants' transcript rates are higher than the maximum rates set by the Judicial Conference of the United States and no explanation was provided. ECF 172, pp. 65, 67, 77.

## VIII.   EXPENSES FOR VIRTUAL PRIMARY PARTICIPANTS AND SECURE FILE SUITE ARE NOT RECOVERABLE

Costs incurred in connection with oral depositions are taxable only to the extent set forth under L.R. 54-3.5. Other than the transcript, reporter's appearance, and exhibits, reasonable fees for the following are taxable:

      1. binding,

      2. Bates stamping,

      3. non-expedited shipping and handling,

      4. ASCII disks,

      5. production and code compliance charges,

      6. electronic transmission charges for non-expedited electronic delivery of a transcript,

      7. miniscripts, and

      8. witness handling charges.

Expenses for virtual primary participants and secure file suite are beyond those authorized by statute or local rules and therefore not recoverable. ECF 172, pp. 59, 65. See *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (holding that the costs of deposition editing and synchronizing are not authorized by § 1920.)

## IX.  EXCESSIVE AND UNREASONABLE COST OF COPIES OF DOCUMENTS IS NOT RECOVERABLE

TAB 10(a)A (ECF 172, p. 79): 8/19/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for Review of District Judge on Motion for Appointment of Counsel, ECF 105, has only six pages. $28.75 for 6 pages ($4.8/page) of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)B (ECF 172, p. 81): 8/16/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for TRO (Docs 96-100). Defendants withdrew ECF 96 and ECF 97 due to their own error. The only recoverable copy is ECF 99. Plaintiff should not pay for Defendants' error which is not necessary for the use of the case.

TAB 10(a)C (ECF 172, p. 83): 9/15/21 Defendants' Ex Parte Application for Scheduling Order

Dates (Doc. 108) has only 27 pages. $31.25 for 27 pages ($1.16/page) of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)D (ECF 172, p. 85): Defendant's Opposed Ex Parte Application to Extend Fact Deposition Cut Off Date and Compel Plaintiff to Sign Authorization to Release Medical Records from LACDMH. ECF 118 has only 39 pages. $271 for 39 pages ($6.95/page) of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)E (ECF 172, p. 87): 10/19/22 Joint Request for Decision in Accordance with Local Rule 83-9.2 (Doc. 159) has only 4 pages. $47.5 for 4 pages ($11.9/page) of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)F (ECF 172, p. 89): 12/22/22 Defendants' Opposition re: Plaintiff's Ex Parte Application for an Extension of Time to Object to Magistrate Standish's Report and Recommendation (Doc. 165) has only 5 pages. $47.5 for 5 pages ($9.5/page) of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)G (ECF 172, p. 91): Defendant's Request for Decision in Accordance with Local Rule 83-9.2 re Motion for Sanctions (Doc. 160) has only 8 pages. $250 for 8 pages ($31.25/page) of courtesy copy is excessive and unreasonable, therefore unrecoverable.

## X.  THE DISTRICT COURT SHOULD CONSIDER A LOSING PARTY'S ABILITY TO PAY COSTS

Plaintiff's application to proceed without prepaying fees or costs was granted due to her limited financial resources. ECF 10. Plaintiff's financial condition has not changed since then. Decl., Doe ¶3.

The district court should consider a losing party's ability to pay costs. See *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999); see also *Nat. Organization for Women v. Bk. of Calif*, 680 F.2d 1291, 1294 (9th Cir. 1982) (finding indigency a factor that the district court may properly consider in deciding whether to award costs and upholding the refusal to award costs based on the losing party's limited financial resources.)

## XI.  CONCLUSION

For all of the reasons indicated herein, Plaintiff respectfully asks the Court to deny Defendants'

1   bill of costs.

2       Dated: March 15, 2023

3       Respectfully submitted,

4                                       */s/ JANE DOE*

                                     JANE DOE, In Pro Per

### DECLARATION OF PLAINTIFF JANE DOE

I, JANE DOE declare and state:

    1.    I am the plaintiff in this case. I have personal knowledge of the facts stated herein. If called upon as a witness I could and would competently testify thereto.

    2.    On March 14, 2023 I met and conferred with defendants in an effort to resolve disagreement but no agreement was reached. A true and correct copy of the meet and confer correspondence is attached hereto as Exhibit 1.

    3.    My financial condition has not changed since my application to proceed without prepaying fees or costs was granted due to my limited financial resources.

    Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: March 15, 2023                     */s/ JANE DOE*

                                    JANE DOE, In Pro Per

**CERTIFICATE OF SERVICE**


I, JANE DOE, declare and certify that I electronically filed the foregoing with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


Dated: March 15, 2023


                                        */s/ JANE DOE*
                                        JANE DOE

EXHIBIT 1

 Gmail

Jane Doe <courtproceeding9@gmail.com>

---

## 22348 / Jane Doe v. County of Orange, et al. / Case No.: 8:20-cv-00322-JWH-GJS

---

**Rebecca J. Chmura** <rchmura@ccmslaw.com>                                    Tue, Mar 14, 2023 at 10:38 AM
To: Jane Doe <courtproceeding9@gmail.com>, Jazmin Ruiz <JRuiz@ccmslaw.com>
Cc: "Michael L. Wroniak" <mwroniak@ccmslaw.com>, FILE <file@ccmslaw.com>

Ms. Doe,

We are in receipt of your March 13, 2023 email correspondence regarding your efforts to meet and confer as to the Bill of Costs Defendants filed on March 2, 2023. I responded to each of your disagreements below in red:

1. Plaintiff did not sue for any out-of-pocket medical expenses. Your subpoenas for medical billings therefore are unreasonable and unrecoverable.

You sued for general and special damages. (FAC Prayer, ¶¶ 1-2.) Fees for Service of Process are therefore recoverable under LR 54-3.2.

2. You improperly subpoenaed Heredia Therapy Group and the court denied your motion to compel compliance. Any expenses associated are not recoverable.

Fees for service of process are recoverable under LR 54-3.2. The Court did not rule that the subpoena to Heredia was improper, just that its compliance could not be compelled.

3. Expenses for uploading records and digital pages are not recoverable. A lawyer may review electronically stored information either by viewing the original documents or, alternatively, by viewing copies uploaded to the lawyer's computer. Although the latter method of review requires the creation of a copy, the ability to conduct the review by looking at the original document establishes that the uploaded copy was not necessarily obtained for use in the case. Resnick v. Netflix, Inc., 779 F.3d 914, 930 (9th Cir. 2015).

This objection is inapplicable as the *Resnick* case deals with the making of copies. Other than the required courtesy copies to the court, which are recoverable and taxable, Defendants did not include its copying costs.

4. Advanced fees and check charges are beyond those authorized by statute and therefore not recoverable.

This objection is unsupported by any authority.

5. Failure to provide itemized invoices breaking out the per-page cost of transcripts will be sufficient grounds for not taxing the cost. See L.R. 54-3.5(a). You failed to provide per-page cost of the transcript for Tab 5G and 5I.

L.R. 54-3.5, states that "Failure to provide itemized invoices breaking out the per-page cost of transcripts from other costs, such as expediting, binding, or shipping fees, will be sufficient grounds for not taxing the cost." The other costs, if there were any, were broken out on Tabs 5G and 5I.

6. L.R. 54-3.5(a) provides that the transcript rates set by the Judicial Conference of the United States will generally be considered reasonable. For transcripts billed at higher rates to be taxable, an explanation of why higher rates were reasonable under the circumstances must be provided. Your transcript rates are higher than the maximum rates set by the Judicial Conference of the United States and you did not provide any explanation.

Your objection is speculation.

7. Expenses for virtual primary participants and secure file suite are beyond those authorized by statute and therefore not recoverable. See Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc., 741 F.3d 955, 958 (9th Cir. 2013) (holding that  the costs of deposition editing and synchronizing are not authorized by § 1920.)

There is no basis for your objection as the *Kalitta* case deals with editing and synchronizing video for trial, not "virtual primary participants and secure file suites." Defendants have not submitted any requests for costs for editing or synchronizing video for trial.

8. TAB 10(a)A: 8/19/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for Review of District Judge on Motion for Appointment of Counsel, ECF 105, has only six pages. $28.75 for 6 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

Your objection is speculation and not supported by any authority.

9. TAB 10(a)B: 8/16/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for TRO (Docs 96-100). You withdrew ECF 96 and ECF 97 due to your own error. The only recoverable copy is ECF 99.

Courtesy copies are required to be delivered to the Court. Thus, all are recoverable under L.R 54-3.10(a).

10. TAB 10(a)C: 9/15/21 Defendants' Ex Parte Application for Scheduling Order Dates (Doc. 108) has only 27 pages. $31.25 for 27 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

Your objection is speculation and not supported by any authority.

11. TAB 10(a)D: Defendant's Opposed Ex Parte Application to Extend Fact Deposition Cut Off Date and Compel Plaintiff to Sign Authorization to Release Medical Records from LACDMH. ECF 118 has only 39 pages. $271 for 39 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

Your objection is speculation and not supported by any authority.

12. TAB 10(a)E: 10/19/22 Joint Request for Decision in Accordance with Local Rule 83-9.2 (Doc. 159) has only 4 pages. $47.5 for 4 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

Your objection is speculation and not supported by any authority.

13. TAB 10(a)F: 12/22/22 Defendants' Opposition re: Plaintiff's Ex Parte Application for an Extension of Time to Object to Magistrate Standish's Report and Recommendation (Doc. 165) has only 5 pages. $47.5 for 5 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

Your objection is speculation and not supported by any authority.

14. TAB 10(a)G: Defendant's Request for Decision in Accordance with Local Rule 83-9.2 re Motion for Sanctions (Doc. 160) has only 8 pages. $250 for 8 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

Your objection is speculation and not supported by any authority.

15. The district court should consider a losing party's ability to pay costs. See Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003); Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079-80 (9th Cir. 1999); see also Nat. Organization for Women v. Bk. of Calif, 680 F.2d 1291, 1294 (9th Cir. 1982) (finding indigency a factor that the district court may properly consider in deciding whether to award costs and upholding the refusal to award costs based on the losing party's limited financial resources.)

Rule 54(d)(1) creates a "strong presumption in favor of awarding costs to the prevailing party." (*Thomasson v. GC Servs. Ltd. P'ship*, No. 05CV0940-LAB (CAB), 2007 WL 3203037, at *3 (S.D. Cal. Oct. 29, 2007).) Moreover, a court can consider a losing party's inability to pay, but need not do so in the absence of substantial documentation. (*Id.*) You have not provided any support or evidence of your inability to pay costs.

**Rebecca J. Chmura**

Attorney at Law

**T**: 714-823-4100 | **C**: 626-840-9484
**F**: 714-823-4101
750 The City Drive, Suite 400
Orange, CA 92868
rchmura@ccllp.law

**COLLINS + COLLINS** LLP

www.ccllp.law

Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
Northern California 510-844-5100 - Inland Empire 909-581-6100 - Nevada 725-248-3110

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

> [Quoted text hidden]
>
> 1.   APPLICATION TO THE CLERK TO TAX COSTS; and PROOF OF SERVICE.
>
> [Quoted text hidden]