Michael L. Wroniak (State Bar No. 210347)
Rebecca J. Chmura (State Bar. 319106)
**COLLINS + COLLINS LLP**
750 The City Drive, Suite 400
Orange, CA  92868
(714) 823-4100 – FAX (714) 823-4101
Email:  mwroniak@ccllp.law
Email:  rchmura@ccllp.law

Attorneys for Defendants
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER; KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO. 8:20-cv-00322-JWH (GJS)<br>*[Assigned to Judge John W. Holcomb Courtroom 9D]*<br><br>**DECLARATION OF REBECCA J. CHMURA ISO DEFENDANTS' RESPONSES TO PLAINTIFF JANE DOE'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS (DOCS. 172 & 174.)**<br><br>Complaint Filed: 2/18/20<br>Trial Date:         None |

## DECLARATION OF REBECCA J. CHMURA

I, Rebecca J. Chmura, declare as follows:

1. I make this declaration in support of Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriquez, and Rachel Addington's (collectively, "Defendants") Responses to Plaintiff Jane Doe's ("Plaintiff") Objections to

Defendants' Bill of Costs filed on March 2, 2023. (Docs. 172 and 174.)

2. I am an attorney duly licensed to practice law in the State of California and in all of the United States Federal District Courts in California. I, and this law firm, Collins + Collins, LLP, represent Defendants in the above captioned action. I have personal knowledge as to the matters declared herein.

3. I received Plaintiff's meet and confer email on Monday, March 13, 2023. I provided her a response to her email on Tuesday, March 14, 2023. Nowhere in her original meet and confer efforts did she state that she wanted to discuss using her real name on the judgment. A true and correct copy of the March 13-14, 2023 email chain with Plaintiff is attached hereto as **Exhibit 1**.

I declare under penalty of perjury under the laws of the State of California and the United States District Court, District of California, Central District that the foregoing is true and correct. Executed on March 20, 2023, at Orange, California.

By: _____
REBECCA J. CHMURA

FILE # 22348

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

2

**CHMURA DECL. ISO DEFTS.' RSPS TO PLTF'S OBJ. TO DEFTS.' BILL OF COSTS**

**EXHIBIT 1**

| | |
|---|---|
| **From:** | Rebecca J. Chmura |
| **To:** | Jane Doe; Jazmin Ruiz |
| **Cc:** | Michael L. Wroniak; FILE |
| **Subject:** | RE: 22348 / Jane Doe v. County of Orange, et al. / Case No.: 8:20-cv-00322-JWH-GJS |
| **Date:** | Tuesday, March 14, 2023 10:38:00 AM |

Ms. Doe,

We are in receipt of your March 13, 2023 email correspondence regarding your efforts to meet and confer as to the Bill of Costs Defendants filed on March 2, 2023. I responded to each of your disagreements below in red:

1. Plaintiff did not sue for any out-of-pocket medical expenses. Your subpoenas for medical billings therefore are unreasonable and unrecoverable.

You sued for general and special damages. (FAC Prayer, ¶¶ 1-2.) Fees for Service of Process are therefore recoverable under LR 54-3.2.

2. You improperly subpoenaed Heredia Therapy Group and the court denied your motion to compel compliance. Any expenses associated are not recoverable.

Fees for service of process are recoverable under LR 54-3.2. The Court did not rule that the subpoena to Heredia was improper, just that its compliance could not be compelled.

3. Expenses for uploading records and digital pages are not recoverable. A lawyer may review electronically stored information either by viewing the original documents or, alternatively, by viewing copies uploaded to the lawyer's computer. Although the latter method of review requires the creation of a copy, the ability to conduct the review by looking at the original document establishes that the uploaded copy was not necessarily obtained for use in the case. Resnick v. Netflix, Inc., 779 F.3d 914, 930 (9th Cir. 2015).

This objection is inapplicable as the *Resnick* case deals with the making of copies. Other than the required courtesy copies to the court, which are recoverable and taxable, Defendants did not include its copying costs.

4. Advanced fees and check charges are beyond those authorized by statute and therefore not recoverable.

This objection is unsupported by any authority.

5. Failure to provide itemized invoices breaking out the per-page cost of transcripts will be sufficient grounds for not taxing the cost. See L.R. 54-3.5(a). You failed to provide per-page cost of the transcript for Tab 5G and 5I.

L.R. 54-3.5, states that "Failure to provide itemized invoices breaking out the per-page cost of transcripts from other costs, such as expediting, binding, or shipping fees, will be sufficient grounds for not taxing the cost." The other costs, if there were any, were broken out on Tabs 5G and 5I.

6. L.R. 54-3.5(a) provides that the transcript rates set by the Judicial Conference of the United States will generally be considered reasonable. For transcripts billed at higher rates to be taxable, an explanation of why higher rates were reasonable under the circumstances must

be provided. Your transcript rates are higher than the maximum rates set by the Judicial Conference of the United States and you did not provide any explanation.

<span style="color:red">Your objection is speculation.</span>

7. Expenses for virtual primary participants and secure file suite are beyond those authorized by statute and therefore not recoverable. See Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc., 741 F.3d 955, 958 (9th Cir. 2013) (holding that the costs of deposition editing and synchronizing are not authorized by § 1920.)

<span style="color:red">There is no basis for your objection as the *Kalitta* case deals with editing and synchronizing video for trial, not "virtual primary participants and secure file suites." Defendants have not submitted any requests for costs for editing or synchronizing video for trial.</span>

8. TAB 10(a)A: 8/19/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for Review of District Judge on Motion for Appointment of Counsel, ECF 105, has only six pages. $28.75 for 6 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

<span style="color:red">Your objection is speculation and not supported by any authority.</span>

9. TAB 10(a)B: 8/16/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for TRO (Docs 96-100). You withdrew ECF 96 and ECF 97 due to your own error. The only recoverable copy is ECF 99.

<span style="color:red">Courtesy copies are required to be delivered to the Court. Thus, all are recoverable under L.R 54-3.10(a).</span>

10. TAB 10(a)C: 9/15/21 Defendants' Ex Parte Application for Scheduling Order Dates (Doc. 108) has only 27 pages. $31.25 for 27 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

<span style="color:red">Your objection is speculation and not supported by any authority.</span>

11. TAB 10(a)D: Defendant's Opposed Ex Parte Application to Extend Fact Deposition Cut Off Date and Compel Plaintiff to Sign Authorization to Release Medical Records from LACDMH. ECF 118 has only 39 pages. $271 for 39 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

<span style="color:red">Your objection is speculation and not supported by any authority.</span>

12. TAB 10(a)E: 10/19/22 Joint Request for Decision in Accordance with Local Rule 83-9.2 (Doc. 159) has only 4 pages. $47.5 for 4 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

<span style="color:red">Your objection is speculation and not supported by any authority.</span>

13. TAB 10(a)F: 12/22/22 Defendants' Opposition re: Plaintiff's Ex Parte Application for an Extension of Time to Object to Magistrate Standish's Report and Recommendation (Doc. 165) has only 5 pages. $47.5 for 5 pages of courtesy copy is excessive and unreasonable,

therefore unrecoverable.

<span style="color:red">Your objection is speculation and not supported by any authority.</span>

14. TAB 10(a)G: Defendant's Request for Decision in Accordance with Local Rule 83-9.2 re Motion for Sanctions (Doc. 160) has only 8 pages. $250 for 8 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

<span style="color:red">Your objection is speculation and not supported by any authority.</span>

15. The district court should consider a losing party's ability to pay costs. See Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003); Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079-80 (9th Cir. 1999); see also Nat. Organization for Women v. Bk. of Calif, 680 F.2d 1291, 1294 (9th Cir. 1982) (finding indigency a factor that the district court may properly consider in deciding whether to award costs and upholding the refusal to award costs based on the losing party's limited financial resources.)

<span style="color:red">Rule 54(d)(1) creates a "strong presumption in favor of awarding costs to the prevailing party." (*Thomasson v. GC Servs. Ltd. P'ship*, No. 05CV0940-LAB (CAB), 2007 WL 3203037, at \*3 (S.D. Cal. Oct. 29, 2007).) Moreover, a court can consider a losing party's inability to pay, but need not do so in the absence of substantial documentation. (*Id.*) You have not provided any support or evidence of your inability to pay costs.</span>

**Rebecca J. Chmura**
Attorney at Law

**T**: 714-823-4100 | **C**: 626-840-9484
**F**: 714-823-4101
750 The City Drive, Suite 400
Orange, CA 92868
rchmura@ccllp.law

**COLLINS + COLLINS LLP**

www.ccllp.law
Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
Northern California 510-844-5100 - Inland Empire 909-581-6100 - Nevada 725-248-3110

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

**From:** Jane Doe <courtproceeding9@gmail.com>
**Sent:** Monday, March 13, 2023 8:33 AM
**To:** Jazmin Ruiz <JRuiz@ccmslaw.com>
**Cc:** Rebecca J. Chmura <rchmura@ccmslaw.com>; Michael L. Wroniak <mwroniak@ccmslaw.com>; FILE <file@ccmslaw.com>
**Subject:** Re: 22348 / Jane Doe v. County of Orange, et al. / Case No.: 8:20-cv-00322-JWH-GJS

Good morning,

Pursuant to L.R. 54-2.2, this email serves as meet and confer in an effort to resolve disagreement about the taxable costs claimed in the bill you filed on March 2, 2023.

28 U.S.C. § 1920 enumerates six categories of costs that may be taxed: (1) clerk and marshal fees, (2) fees for "recorded transcripts necessarily obtained for use in the case," (3) expenses for printing and witnesses, (4) expenses for exemplification and necessary copies, (5) docket fees, and (6) compensation of interpreters and court-appointed experts. The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that "merely added to the convenience of counsel" or the district court. Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc., 741 F.3d 955, 959 (9th Cir. 2013).

If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441 (1987). The better course is to hew closely to the statute's language, scheme, and context, recognizing that § 1920 is narrow, limited, and modest in scope. See Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 573 (2012).

Plaintiff did not sue for any out-of-pocket medical expenses. Your subpoenas for medical billings therefore are unreasonable and unrecoverable.

You improperly subpoenaed Heredia Therapy Group and the court denied your motion to compel compliance. Any expenses associated are not recoverable.

Expenses for uploading records and digital pages are not recoverable. A lawyer may review electronically stored information either by viewing the original documents or, alternatively, by viewing copies uploaded to the lawyer's computer. Although the latter method of review requires the creation of a copy, the ability to conduct the review by looking at the original document establishes that the uploaded copy was not necessarily obtained for use in the case. Resnick v. Netflix, Inc., 779 F.3d 914, 930 (9th Cir. 2015).

Advanced fees and check charges are beyond those authorized by statute and therefore not recoverable.

Failure to provide itemized invoices breaking out the per-page cost of transcripts will be sufficient grounds for not taxing the cost. See L.R. 54-3.5(a). You failed to provide per-page cost of the transcript for Tab 5G and 5I.

L.R. 54-3.5(a) provides that the transcript rates set by the Judicial Conference of the United States will generally be considered reasonable. For transcripts billed at higher rates to be taxable, an explanation of why higher rates were reasonable under the circumstances must be provided. Your transcript rates are higher than the maximum rates set by the Judicial Conference of the United States and you did not provide any explanation.

Expenses for virtual primary participants and secure file suite are beyond those authorized by statute and therefore not recoverable. See Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc., 741 F.3d 955, 958 (9th Cir. 2013) (holding that the costs of deposition editing and synchronizing are not authorized by § 1920.)

TAB 10(a)A: 8/19/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for Review of District Judge on Motion for Appointment of Counsel, ECF 105, has only six pages. $28.75 for 6 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)B: 8/16/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for TRO (Docs 96-100). You withdrew ECF 96 and ECF 97 due to your own error. The only recoverable copy is ECF 99.

TAB 10(a)C: 9/15/21 Defendants' Ex Parte Application for Scheduling Order Dates (Doc. 108) has only 27 pages. $31.25 for 27 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)D: Defendant's Opposed Ex Parte Application to Extend Fact Deposition Cut Off Date and Compel Plaintiff to Sign Authorization to Release Medical Records from LACDMH. ECF 118 has only 39 pages. $271 for 39 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)E: 10/19/22 Joint Request for Decision in Accordance with Local Rule 83-9.2 (Doc. 159) has only 4 pages. $47.5 for 4 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)F: 12/22/22 Defendants' Opposition re: Plaintiff's Ex Parte Application for an Extension of Time to Object to Magistrate Standish's Report and Recommendation (Doc. 165) has only 5 pages. $47.5 for 5 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)G: Defendant's Request for Decision in Accordance with Local Rule 83-9.2 re Motion for Sanctions (Doc. 160) has only 8 pages. $250 for 8 pages of courtesy copy is excessive and unreasonable, therefore unrecoverable.

The district court should consider a losing party's ability to pay costs. See Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003); Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079-80 (9th Cir. 1999); see also Nat. Organization for Women v. Bk. of Calif, 680 F.2d 1291, 1294 (9th Cir. 1982) (finding indigency a factor that the district court may properly consider in deciding whether to award costs and upholding the refusal to award costs based on the losing party's limited financial resources.)

Please let me know your position and if you would like to discuss further.

Thanks.
Doe


On Thu, Mar 2, 2023 at 10:42 AM Jazmin Ruiz <JRuiz@ccmslaw.com> wrote:

> Good Morning,
>
> Please find attached the following documents served herewith:
>
> 1. APPLICATION TO THE CLERK TO TAX COSTS; and PROOF OF SERVICE.
>
> **Jazmin Ruiz**
> Legal Assistant
>
> **T**: 760-274-2110
> **F**: 760-274-2111
> 2011 Palomar Airport Road, Suite 207
> Carlsbad, CA 92011
> jruiz@ccllp.law


www.ccllp.law

Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
Northern California 510-844-5100 - Inland Empire 909-581-6100  - Nevada 725-248-3110

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

# PROOF OF SERVICE

**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,      )
                          ) ss.
County of Orange.         )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 The City Drive, Suite 400, Orange, California 92868.

On this date, I served the foregoing document described as **DECLARATION OF REBECCA J. CHMURA ISO DEFENDANTS' RESPONSES TO PLAINTIFF JANE DOE'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS (DOCS. 172 & 174.)** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

Jane Doe
Courtproceeding9@gmail.com

**PLAINTIFF IN PRO SE**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Orange, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Orange, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – – I served a true copy, with all exhibits, electronically on Plaintiff Jane Doe at the email address on file with the Court which is redacted herein per request of Plaintiff Jane Doe through the Court's CM/ECF Electronic Filing system on:

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (714) 823-4101 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on March 20, 2023 at Orange, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Jazmin Ruiz*
Jazmin Ruiz
Jruiz@ccllp.law

FILE # 22348

1
**PROOF OF SERVICE**