JANE DOE
11151 Valley Blvd #4886,
El Monte, CA 91734

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>                    Plaintiff,<br><br>     vs.<br><br>COUNTY OF ORANGE, et al<br><br>                    Defendants. | No. 8:20-cv-00322-JWH-GJS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF OBJECTIONS TO DEFENDANTS' BILL OF COSTS** |

To the Clerk and to Defendants and their attorneys of record:

JANE DOE (Plaintiff) respectfully submits the following reply in support of her objections to Defendants' bill of costs (ECF 172) under Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, and L.R. 54-2.2.

### I.   PLAINTIFF HAS FULLY COMPLIED WITH L.R. 54-2.2 IN GOOD FAITH

Within 14 days after service of an Application to the Clerk to Tax Costs under L.R. 54-2.1, any party against whom costs are claimed may file and serve written objections to <u>any cost claimed in the application</u>. The grounds for each objection must be specifically stated. In the absence of a timely objection, any allowable item may be taxed as requested in the application. Any objections filed under this rule must contain a representation that counsel met and conferred in an effort to resolve disagreement <u>about the taxable costs claimed</u> in the bill, or that the objecting party made a good faith effort to arrange such a conference. L.R. 54-2.2. The Clerk has no discretion to tax any item not identified as taxable in L.R. 54 and its subparts. L.R. 54-2.4.

The clerk has no authority to override this court's pseudonym order (ECF 10) or entertain anything other than claimed costs. Defendants cite to no authority to the contrary. Plaintiff has fully complied with L.R. 54-2.2 to meet and confer in an effort to resolve disagreement <u>about the taxable costs claimed</u> in the bill. L.R. 54-2.2 does not require Plaintiff to meet and confer for anything else outside the claimed costs or any improperly made request.

Most importantly, any meet and confer would have been futile. ECF 175-1.

ECF 10 applies to the entire case and all proceedings in this case. Nowhere in the Court's Order excludes entering judgment. Defendants cite to no authority suggesting that entering judgment is not a part of the case or proceeding. Even if the judgment must use Plaintiff's real name, it should be redacted or filed under seal.

## II. EXPENSES FOR SUBPOENAS FOR MEDICAL BILLING ARE NOT RECOVERABLE

General and special damages do not necessarily include out-of-pocket medical expenses in each case and Defendants had plenty opportunity to clarify the scope of general and special damages in this case prior to engaging in massive subpoenas. Subpoenaing for medical expenses, which Plaintiff did not sue for, is unnecessary, unreasonable and unrecoverable. ECF 172, pp. 13, 17, 23, 29, 31.

## III. EXPENSES FOR UPLOADING RECORDS, DIGITAL PAGES, ADVANCED FEES, AND CHECK CHARGES ARE NOT RECOVERABLE

Defendants allege that nowhere in local rule or Plaintiff's cited authority does it mention anything about digital pages, advanced fees, and check charges. Defendants missed the key point that § 1920 is narrow, limited, and modest in scope. See *Taniguchi v. Kan Pac. Saipan, Ltd*., 566 U.S. 560, 573 (2012).

Reasonable fees for service of process include research, surveillance, wait time, and parking incurred in connection with service. L.R. 54-3.2. Nowhere in local rule or the statute identified that uploading records, digital pages, advanced fees, and check charges were reasonable in connection with service of process. The Clerk has no discretion to tax any item not identified as taxable in L.R. 54 and its subparts. L.R. 54-2.4

## IV. FAILURE TO PROVIDE ITEMIZED INVOICES BREAKING OUT THE PER-

### PAGE COST OF TRANSCRIPTS

Defendants allege that Tab 5G (Doc 172, pg. 71) does not have any other costs associated with the transcript. However, ECF 172, p. 71 indicates "ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF: JANE DOE" with no information of the number of the pages of the transcript. ECF 172, p. 75 indicates "ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF: Lucy Han" but fails to provide the number of the pages of the transcript.

### V. FAILURE TO PROVIDE AN EXPLANATION OF WHY HIGHER RATES WERE REASONABLE DESPITE BEING HIGHER THAN THE MAXIMUM RATES SET BY THE JUDICIAL CONFERENCE OF THE UNITED STATES

L.R. 54-3.5(a) provides that the transcript rates set by the Judicial Conference of the United States will generally be considered reasonable. For transcripts billed at higher rates to be taxable, an explanation of why higher rates were reasonable under the circumstances must be provided. $3.65 per page for the **original transcript** and $0.9 per page for **first copy** to each party are the maximum rates set by the Judicial Conference of the United States. See https://www.uscourts.gov/services-forms/federal-court-reporting-program. The maximum rate for one original with one certified copy of transcript is $4.55 ($3.65+$0.9). ECF 172, p. 65 shows $1086.75/207=$5.25/page (The maximum allowable cost is $3.65*207+$0.9*207=$941.85). ECF 172, p. 67 shows $456/76=$6/page (The maximum allowable rate is $4.55). Same as ECF 172, p. 77.

Defendants' transcript rates are higher than the maximum rates (one original plus one certified copy) set by the Judicial Conference of the United States and no explanation was provided. ECF 172, pp. 65, 67, 77.

### VI. EXPENSES FOR VIRTUAL PRIMARY PARTICIPANTS AND SECURE FILE SUITE ARE NOT RECOVERABLE

Costs incurred in connection with oral depositions are taxable <u>only to the extent</u> set forth under L.R. 54-3.5. Other than the transcript, reporter's appearance, and exhibits, reasonable fees for the following are taxable:

    1. binding,

    2. Bates stamping,

       3. non-expedited shipping and handling,

       4. ASCII disks,

       5. production and code compliance charges,

       6. electronic transmission charges for non-expedited electronic delivery of a transcript,

       7. miniscripts, and

       8. witness handling charges.

Expenses for virtual primary participants and secure file suite are beyond those authorized by statute or local rules and therefore not recoverable. ECF 172, pp. 59, 65. The Clerk has no discretion to tax any item not identified as taxable in L.R. 54 and its subparts. L.R. 54-2.4

## VII. EXCESSIVE AND UNREASONABLE COST OF COPIES OF DOCUMENTS IS NOT RECOVERABLE

Plaintiff's objections to excessive cost of courtesy copy are not speculative. Defendants provided no evidence to challenge the following calculation:

TAB 10(a)A (ECF 172, p. 79): 8/19/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for Review of District Judge on Motion for Appointment of Counsel, ECF 105, has only six pages. **$28.75 for 6 pages ($4.8/page)** of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)B (ECF 172, p. 81): 8/16/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for TRO (Docs 96-100). **Defendants withdrew ECF 96 and ECF 97 due to their own error**. The only recoverable copy is ECF 99. Plaintiff should not pay for Defendants' error which is not necessary for the use of the case.

TAB 10(a)C (ECF 172, p. 83): 9/15/21 Defendants' Ex Parte Application for Scheduling Order Dates (Doc. 108) has only 27 pages. **$31.25 for 27 pages ($1.16/page)** of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)D (ECF 172, p. 85): Defendant's Opposed Ex Parte Application to Extend Fact Deposition Cut Off Date and Compel Plaintiff to Sign Authorization to Release Medical Records from LACDMH. ECF 118 has only 39 pages. **$271 for 39 pages ($6.95/page)** of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)E (ECF 172, p. 87): 10/19/22 Joint Request for Decision in Accordance with Local Rule 83-9.2 (Doc. 159) has only 4 pages. **$47.5 for 4 pages ($11.9/page)** of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)F (ECF 172, p. 89): 12/22/22 Defendants' Opposition re: Plaintiff's Ex Parte Application for an Extension of Time to Object to Magistrate Standish's Report and Recommendation (Doc. 165) has only 5 pages. **$47.5 for 5 pages ($9.5/page)** of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)G (ECF 172, p. 91): Defendant's Request for Decision in Accordance with Local Rule 83-9.2 re Motion for Sanctions (Doc. 160) has only 8 pages. **$250 for 8 pages ($31.25/page)** of courtesy copy is excessive and unreasonable, therefore unrecoverable.

## VIII. THE DISTRICT COURT SHOULD CONSIDER A LOSING PARTY'S ABILITY TO PAY COSTS

Plaintiff has no personal assets. Her declaration, under the penalty of perjury, is evidence of her financial condition. Plaintiff's Motions to Quash subpoenas are not baseless. Defendants never used the subpoenaed documents in any shape or form in their motions. The subpoenaed documents are arguably necessary for the use of the case.

## IX. CONCLUSION

For all of the reasons indicated herein, Plaintiff respectfully asks the Court to deny Defendants' bill of costs.

Dated: March 20, 2023

Respectfully submitted,

*/s/ JANE DOE*
JANE DOE, In Pro Per

**CERTIFICATE OF SERVICE**

     I, JANE DOE, declare and certify that I electronically filed the foregoing with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

     Dated: March 20, 2023

                                          */s/ JANE DOE*
                                            JANE DOE