JANE DOE
11151 Valley Blvd #4886,
El Monte, CA 91734

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>    Plaintiff,<br> vs.<br>COUNTY OF ORANGE, et al<br>    Defendants. | No. 8:20-cv-00322-JWH-GJS<br><br>**PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION AWARD TO DEFENDANTS UNDER FRCP 54(d)(1)** |

TO THE COURT AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

JANE DOE (Plaintiff) respectfully moves for a review of the clerk's award of costs to Defendants (ECF 178) based on Defendants' bill of costs (ECF 172) pursuant to Fed. R. Civ. P. 54(d)(1), 28 U.S.C. §1920, and L.R. 54-2.5. Upon motion, the court has discretion to refuse to award costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

## I. SCOPE OF COSTS THAT MAY BE TAXED

28 U.S.C. §1920 enumerates six categories of costs that may be taxed: (1) clerk and marshal fees, (2) fees for "recorded transcripts necessarily obtained for use in the case," (3) expenses for printing and witnesses, (4) expenses for exemplification and necessary copies, (5) docket fees, and (6) compensation of interpreters and court-appointed experts. The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that "merely added to

the convenience of counsel" or the district court. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 959 (9th Cir. 2013).

If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The better course is to hew closely to the statute's language, scheme, and context, recognizing that §1920 is narrow, limited, and modest in scope. See *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).

## II. EXPENSES FOR SUBPOENAS FOR MEDICAL BILLING ARE NOT RECOVERABLE

Just because a lawyer can deploy any number of tools on behalf of their clients' case, it does not follow that all of those tools are necessary for the defense or prosecution and must be included in a cost award under 28 U.S.C.A § 1920(2). Lawyers need to have sense of proportion in terms of how they spend money in furtherance of a client's position. Rule 26 expressly limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1) (emphasis added).

General and special damages do not necessarily include out-of-pocket medical expenses in each case. Plaintiff in this case did not sue for any out-of-pocket medical expenses. Prior to serving subpoenas Defendants had ample opportunities to seek clarification of what specific damages Plaintiff was suing for. Subpoenas for medical billing therefore are unnecessary, unreasonable and unrecoverable. ECF 172, pp. 13, 17, 23, 29, 31.

## III. EXPENSES FOR SUBPOENAS NOT PROPERLY SERVED ARE NOT RECOVERABLE

Expenses for subpoenas not properly served to Heredia Therapy Group (ECF 172, pp. 19, 57) are not recoverable. See ECF 158 (denying motion to compel compliance due to improper service). Plaintiff should not pay for defendants' mistake or error.

## IV. EXPENSES FOR UPLOADING RECORDS, DIGITAL PAGES, ADVANCED FEES, AND CHECK CHARGES ARE NOT RECOVERABLE

Reasonable fees for Service of Process include fees for research, surveillance, wait time, and

parking incurred in connection with service. L.R. 54-3.2.

Expenses for uploading records, digital pages, advanced fees and check charges, under the guise of service of subpoenas, are beyond those authorized by statute or local rules, therefore not recoverable. ECF 172, pp. 27, 29, 31, 33, 35, 37, 55. A lawyer may review electronically stored information either by viewing the original documents or, alternatively, by viewing copies uploaded to the lawyer's computer. Although the latter method of review requires the creation of a copy, the ability to conduct the review by looking at the original document establishes that the uploaded copy was not necessarily obtained for use in the case. *Resnick v. Netflix, Inc.*, 779 F.3d 914, 930 (9th Cir. 2015). By the same token, a lawyer can review the original subpoenaed documents. Uploading digital copy of the subpoenaed documents is not necessarily obtained for use in the case and it was merely added to the convenience of counsel.

### V. EXCESSIVE AND UNREASONABLE COST OF COPIES OF DOCUMENTS IS NOT RECOVERABLE

That § 1920(4) restricts the award of costs to those incurred for copies necessarily obtained for use in the case is not, in itself, a justification permitting the award of costs for any task necessary to the prosecution or defense of a case. *Resnick v. Netflix, Inc*., 779 F.3d 914, 928 (9th Cir. 2015).

L.R. 54-3.10 authorizes recovery of reasonable document preparation costs, including the cost of copies of documents necessarily filed and served, including the cost of copying and delivering Mandatory Chambers Copies required by the Court, but limited to only costs associated with copying documents or reproducing other material for **actual use** in the case.

The Court should cast serious doubt on the following courtesy copy rates that fluctuate without any rationale or logic. If on 9/15/21 Defendants' Ex Parte Application for Scheduling Order Dates (Doc. 108) could be delivered at a rate of **$1.16/page**, why did other courtesy copies have to be delivered at a higher rate, such as **$31.25/page**?

TAB 10(a)A (ECF 172, p. 79): 8/19/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for Review of District Judge on Motion for Appointment of Counsel, ECF 105, has only six pages. $28.75 for 6 pages (**$4.8/page**) of courtesy copy is excessive and unreasonable, therefore unrecoverable. The courtesy copy rate is even higher than the transcript rates set by the Judicial

Conference of the United States. See https://www.uscourts.gov/services-forms/federal-court-reporting-program.

TAB 10(a)B (ECF 172, p. 81): 8/16/21 Defendants' Opposition re: Plaintiff's Ex Parte Application for TRO (Docs 96-100). Defendants withdrew ECF 96 and ECF 97 due to their own error. The only recoverable copy is ECF 99. Documents withdrawn are not for actual use in the case. Plaintiff should not pay for Defendants' error which is not necessary for the use of the case.

TAB 10(a)C (ECF 172, p. 83): 9/15/21 Defendants' Ex Parte Application for Scheduling Order Dates (Doc. 108) has only 27 pages. $31.25 for 27 pages (**$1.16/page**) of courtesy copy is excessive and unreasonable, therefore unrecoverable.

TAB 10(a)D (ECF 172, p. 85): Defendant's Opposed Ex Parte Application to Extend Fact Deposition Cut Off Date and Compel Plaintiff to Sign Authorization to Release Medical Records from LACDMH. ECF 118 has only 39 pages. $271 for 39 pages (**$6.95/page**) of courtesy copy is excessive and unreasonable, therefore unrecoverable. The courtesy copy rate is even higher than the transcript rates set by the Judicial Conference of the United States.

TAB 10(a)E (ECF 172, p. 87): 10/19/22 Joint Request for Decision in Accordance with Local Rule 83-9.2 (Doc. 159) has only 4 pages. $47.5 for 4 pages (**$11.9/page**) of courtesy copy is excessive and unreasonable, therefore unrecoverable. The courtesy copy rate is even higher than the transcript rates set by the Judicial Conference of the United States.

TAB 10(a)F (ECF 172, p. 89): 12/22/22 Defendants' Opposition re: Plaintiff's Ex Parte Application for an Extension of Time to Object to Magistrate Standish's Report and Recommendation (Doc. 165) has only 5 pages. $47.5 for 5 pages (**$9.5/page**) of courtesy copy is excessive and unreasonable, therefore unrecoverable. The courtesy copy rate is even higher than the transcript rates set by the Judicial Conference of the United States.

TAB 10(a)G (ECF 172, p. 91): Defendant's Request for Decision in Accordance with Local Rule 83-9.2 re Motion for Sanctions (Doc. 160) has only 8 pages. $250 for 8 pages (**$31.25/page**) of courtesy copy is excessive and unreasonable, therefore unrecoverable. The courtesy copy rate is even higher than the transcript rates set by the Judicial Conference of the United States.

**VI. APPROPRIATE REASONS EXIST TO DENY DEFENDANTS' BILL OF COSTS IN ITS ENTIRETY**

While Rule 54(d) creates "a presumption for awarding costs to prevailing parties," *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003) (citations omitted), Rule 54(d)(1) "vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)). In exercising that discretion, the Ninth Circuit has instructed that:

> Appropriate reasons for denying costs include (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis.

*Escriba v. Foster Poultry Farms, Inc*., 743 F.3d 1236, 1247-48 (9th Cir. 2014) (internal citations and quotations omitted). Plaintiff need not demonstrate that all the factors weigh against imposing costs. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

First, Plaintiff's case inherently carries public importance because of the public values at stake in civil rights cases. See *Hermosillo v. County of San Bernardino*, 2017 WL 5479646, *2 (C.D.Cal. 2017) (rejecting defendants' application for costs and citing *Draper v. Rosario*, supra, 836 F.3d at 1088 (the rights and safety of prisoners is of "substantial public importance" thus the award of costs against the losing plaintiff was an abuse of discretion); *Aguilar v. City of Los Angeles*, No. CV 17-4382-CBM-(MRWx), 2020 WL 2573468, at *2 (C.D. Cal. Mar. 4, 2020) ("Plaintiffs alleged the defendant officers used excessive force and failed to protect the decedent while he was in custody. Plaintiffs also asserted a supervisory claim pursuant to § 1983 against Defendant Hudlett, and a Monell claim against the City of Los Angeles. Therefore, this civil rights case involves matters of substantial public importance, which weighs against awarding costs to Defendants.")

The Ninth Circuit has instructed that "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." *Stanley v. Univ. of S. Cal*., 178 F.3d 1069, 1079 (9th Cir. 1999). While the plaintiffs do not have to be currently indigent, "the proper inquiry is whether an award of costs might make them so." *Rivera v. NIBCO*, 701 F. Supp. 2d 1135, 1143 (E.D. Cal. 2010) (Wanger, J.) (citing *Stanley*, 178 F.3d at 1079-80). Courts abuse their

discretion in refusing to set aside a cost award where there is evidence that the award would render indigent the party bound to pay it. *Stanley*, 178 F.3d at 1080; *Escriba*, 743 F.3d at 1248 (following *Stanley*).

The Ninth Circuit has approved denying costs for the reason that the losing party has limited financial resources. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592. See *Mansourian v. Bd. of Regents of Univ. of Cal. at Davis*, Civ. No. 03-2591 FCD EFB, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. July 15, 2008) (Damrell, J.) (denying costs to University where student plaintiffs demonstrated they had limited financial resources and could barely cover their monthly expenses); *Nat'l Org. for Women v. Bank of Cal., Nat'l Ass'n*, 680 F.2d 1291, 1294 (9th Cir. 1982) (stating district court did not abuse its discretion by denying the bank costs by considering the plaintiff's limited budget); *Knox v. City of Fresno*, 208 F. Supp. 3d 1114, 1117 (E.D. Cal. Sept. 22, 2016) (Grosjean, J.) (denying costs and noting that while plaintiffs "did not proceed in forma pauperis and are not completely indigent, Plaintiffs have submitted declarations attesting to their limited financial resources.").

Here, Plaintiff's argument that she has limited financial means is both compelling and supported by evidence. See *Tubbs v. Sacramento County Jail*, 258 F.R.D. 657, 661 (E.D. Cal. Aug. 21, 2009) (Karlton, J.) (denying costs where plaintiff's argument that he is indigent was compelling and supported by evidence.) Plaintiff's application to proceed without prepaying fees or costs was granted due to her limited financial resources. ECF 10. Plaintiff's financial condition has not changed since then. Decl., Doe ¶2. Plaintiff's limited financial resources weigh against awarded costs in this action.

Additionally, the Ninth Circuit has expressed concern that the "imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area." *Stanley*, 178 F.3d at 1080. Courts have hesitated to award costs against low-wage workers, finding that awarding costs would be a significant disincentive to bring meritul suits. See *Rivera*, 701 F. Supp. 2d at 1145 (finding that for a low wage-worker the threat of a $3,600 cost bill was a significant disincentive to bring suit and risked a chilling effect); *Escriba v. Foster Poultry Farms*, No. 1:09-CV-1878, 2012 WL 174847, at *6 (E.D. Cal. Jan. 20, 2012) (O'Neill, J.), aff'd sub nom. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236 (9th Cir. 2014) (finding the threat of a $13,958.16 cost bill, to a

low-wage worker, was a strong disincentive to bring a meritful suit); *Sengenberger v. Townsend*, 473 F.3d 914, 915 (9th Cir. 2006) (holding that awarding costs would undermine the taking of meritorious appeals). Here, the imposition of costs against the plaintiff may have a chilling effect on others with limited financial means alleging constitution violations. Therefore, the chilling effect weighs against awarding costs to defendants.

The court may also consider the economic disparity between the parties. See *Escriba*, 743 F.3d at 1248. There is a stark economic disparity between the parties that weighs in favor of denying costs. See *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016) (noting the comparison between plaintiff's limited resources--having no money in his prison account, no income, no assets, and owing restitution--with the resources of the State of California.); *Mansourian*,566 F. Supp. 2d at 1171 (noting a significant economic disparity between student plaintiffs with limited resources to a University with a substantial budget); *Knox*, 208 F. Supp. 3d at 1117 (noting economic disparity between plaintiffs who submitted declarations attesting to their limited financial resources and the City of Fresno); *Aguilar*, 2020 WL 2573468, at *3 (citations omitted) ("Courts have held public entities, such as cities, have significantly more resources than individual plaintiffs. . . . Thus, the City of Los Angeles, as a public entity, has significantly more resources than Plaintiffs.")

In a wide range of civil rights cases in the Central and Southern Districts, many courts have denied costs to entity defendants. See, for example:

● 9/17/21 Order Granting Plaintiff's Motion to Retax Costs and declining to award costs to Defendants in *Hartsell v. Cnty. of San Diego*, case no. 16-cv-1094-LAB-LL (the plaintiff, a convicted felon with a lengthy criminal history, brought suit for unreasonable use of force when DEA-organized narcotics task force was attempting to serve a search warrant; plaintiff lost on summary judgment because the Court ruled that "deploy[ing] a 'bite and hold' canine to apprehend a concealed subject who was a wanted felon fleeing on foot and hiding in brush who had not been searched for weapons, was nonresponsive to several canine announcements, who potentially presented a danger to the public, and where a second fleeing suspect was still on the loose" is a reasonable use of force as a matter of law; but the parties went to trial over whether officer used excessive force by failing to release the canine from its bite sooner after plaintiff complied with officer's command to crawl the

five to fifteen feet out of the bushes while dragging along the canine, whose jaws were still clamped down on plaintiff's arm; the jury found in favor of defendants; cost were not awarded) (See Doc. 242, filed 9/17/21 in Case 16-cv-1094-LAB-LL);

● 10/29/20 Order Granting Plaintiff's Motion for Re-taxation of Costs and declining to award costs to defendants in Case No.: 3:17-cv-00564-WQH-NLS (Judge Hayes denied costs to defendants who prevailed on summary judgment in case brought by a state inmate) (See Doc. 186, filed 10/29/20 in Case No.: 3:17-cv-00564-WQH-NLS);

● 7/13/18 Order Re: Plaintiff's Motion to Review and Set Aside Award of Costs in *Bonilla v. City of Los Angeles*, (Judge Marshall denied costs to City after plaintiff, who was bitten by a police dog while being arrested, lost at trial, finding the issues of economic disparity, plaintiff's financial condition, chilling effect and importance of the case all weighed in favor of denying costs.) (See Doc. 183, filed 7/13/18 in Case 15-cv-3932 CBM-SS);

● 7/15/14 Order Granting Plaintiff's Motion to Re-Tax Costs and Denying Defendant's Motion to Retax Costs in *Sarmiento v. County of Orange*, case no. SA CV-06-0586-DOC(ANx) (Judge Carter denied costs to defendant County of Orange who prevailed twice at trial because of economic hardship to plaintiff and possible chilling effects) (See Doc. 430, filed 7/15/14 in Case 8:06-cv-00586-DOC-AN);

● 6/10/13 Order Setting Aside Clerk's Cost Award in *Solis v. Baca*, case no. 06- CV-1135SVW(CTx) (Judge Wilson denied costs to defendant County of Los Angeles who prevailed on summary judgment in case regarding jail conditions) (See Doc. 221, filed 6/10/13 in Case 2:06-cv-01135-SVW-CT);

● 2/1/10 Order Granting Plaintiff's Motion to Set Aside Clerk's Order Awarding Costs in *Hooper v. County of San Diego*, case no. 07CV1647JAH (CAB) (Southern District)(Court denied costs to defendant after San Diego County won excessive force/dog bite case on Summary Judgment) (See Doc. 47, filed 2/01/10 in Case 3:07-cv-01647-JAH-CAB);

● 9/9/09 Order Granting Plaintiff's Motion to Review and Set Aside Clerk's Orders Awarding Costs in *Fuller v. County of Orange*, case no. CV04-6851 SVW (PJWx) (case in which plaintiff was beaten inside a sobering cell in the Orange County jail; he lost initially on summary judgment,

1 appealed, won on appeal and then lost at trial after which the Court refused to award costs to
2 defendants) (See Doc. 326, filed 9/9/09 in Case 2:04-cv-06851-SVW-PJW);
3         ● 12/7/08 Order Granting Plaintiffs' Motion to Review and Set Aside Clerk's Orders
4 Awarding Costs in *Bravo v. City of Santa Maria*, case no. CV06-5861 FMC (SHx) (police SWAT
5 raid at home of parents of suspect who was in prison at the time of the raid and at the time of the
6 crime being investigated; plaintiff was successful against certain defendants and lost on summary
7 judgment as to others who claimed costs; court denied them; case was taken up on appeal and
8 reversed; the July 2013 trial resulted in a plaintiffs' verdict which was affirmed on appeal) (See Doc.
9 144, filed 12/7/08 in Case 2:06-cv-06851-FMC-SH);
10         ● 1/25/08 Order Granting Plaintiff's Motion to Review and Set Aside Clerk's Orders
11 Awarding Costs in *Salazar v. Schwarzenegger*, case no. CV 07-1854 SJO (VBKx) (multiple plaintiffs
12 brought case against multiple entity defendants seeking to hold unconstitutional a California Vehicle
13 Code section regarding the 30-day impounding of cars for "unlicensed drivers;" plaintiffs lost their
14 motion to certify a class and lost on summary judgment; costs were not awarded) (See Doc. 360, filed
15 1/25/08 in Case 2:07-cv-01854-SJO-VBK).

    **VII. CONCLUSION**

    For all of the reasons indicated herein, Plaintiff respectfully asks the Court to deny Defendants'
bill of costs in its entirety. The Order of the Clerk of the Court Taxing Costs (ECF 178) should be
VACATED.

    Dated: April 17, 2023

    Respectfully submitted,

                                        */s/ JANE DOE*
                                        JANE DOE, In Pro Per

# DECLARATION OF PLAINTIFF JANE DOE

I, JANE DOE, declare and state:

1. I am the plaintiff in this case. I have personal knowledge of the facts stated herein. If called upon as a witness I could and would competently testify thereto.

2. My financial condition has not changed since my application to proceed without prepaying fees or costs was granted in 2020 due to my limited financial resources. A true and correct copy of my financial affidavit is attached hereto as Exhibit 1.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: April 17, 2023                                             */s/ JANE DOE*

                                                                JANE DOE, In Pro Per

**CERTIFICATE OF SERVICE**

I, JANE DOE, declare and certify that I electronically filed the foregoing with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: April 17, 2023

*/s/ JANE DOE*
JANE DOE

EXHIBIT 1

JANE DOE
11151 Valley Blvd 4886,
El Monte, CA 91734

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE | CASE NUMBER |
| PLAINTIFF/PETITIONER, | 8:20-cv-00322-JWH-GJS |
| v. | |
| COUNTY OF ORANGE, et al | **REQUEST TO PROCEED IN FORMA PAUPERIS WITH DECLARATION IN SUPPORT** |
| DEFENDANT(S). | |

I, JANE DOE                         , declare under penalty of perjury, that the foregoing is true and correct; that I am the petitioner/plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty I am unable to pay the costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1. Are you presently employed?  ☑Yes   ☐No

    a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. $900 Self-employed

    b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. 

2. Have you received, *within the past twelve months*, any money from any of the following sources?

    a. Business, profession or form of self-employment?   ☑Yes   ☐No
    b. Rent payments, interest or dividends?              ☐Yes   ☑No
    c. Pensions, annuities or life insurance payments?    ☐Yes   ☑No
    d. Gifts or inheritances?                             ☐Yes   ☑No
    e. Any other income (other than listed above)?        ☐Yes   ☑No
    f. Loans?                                             ☐Yes   ☑No

    If the answer to any of the above is yes, describe such source of money and state the amount received from each source during the past twelve (12) months: $7,000

---

**REQUEST TO PROCEED IN FORMA PAUPERIS WITH DECLARATION IN SUPPORT**

CV-60 (04/06)                                                                                   Page 1 of 2

3. Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts, if applicable.) ☑Yes   ☐No

   If the answer is yes, identify each account and separately state the amount of money held in **each** account for each of the *six (6) months prior* to the date of this declaration.
   Cash $63

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☑Yes   ☐No

   If the answer is yes, describe the property and state its approximate value:  Toyota Camry  $1,000

5. In what year did you last file an Income Tax return? 2021

   Approximately how much income did your last tax return reflect? 13,000

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

   n/a

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

| California | Los Angeles County |
|---|---|
| State | County (or City) |

I, JANE DOE , declare under penalty of perjury that the foregoing is true and correct.

| 4/17/2023 | /s/ Jane Doe |
|---|---|
| Date | Plaintiff/Petitioner (Signature) |