**Michael L. Wroniak (State Bar No. 210347)**
**Rebecca J. Chmura (State Bar. 319106)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA  92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email:  mwroniak@ccllp.law**
**Email:  rchmura@ccllp.law**

Attorneys for Defendants
COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE
BALICKI; MARK STICHTER; REYNA RIVERA; DEVONNA FALCONER;
KASSANDRA MAYER; ELIA RODRIGUEZ; and RACHEL ADDINGTON

## UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiffs,<br><br> vs.<br><br>COUNTY OF ORANGE; DON BARNES; WILLIAM BAKER; JOE BALICKI; MARK STICHTER; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. 8:20-cv-00322-JWH (GJS)<br>*[Assigned to Judge John W. Holcomb Courtroom 9D]*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF JANE DOE'S MOTION FOR REVIEW OF DEFENDANTS' APPLICATION TO TAX COSTS (DOC. 179)**<br><br>Complaint Filed: 2/18/20<br>Trial Date:  None |

**TO THE COURT AND PLAINTIFF JANE DOE:**

 **PLEASE TAKE NOTICE** that Defendants County of Orange, Don Barnes, William Baker, Joe Balicki, Mark Stichter, Reyna Rivera, Devonna Falconer, Kassandra Mayer, Elia Rodriguez, and Rachel Addington (collectively, "Defendants"), hereby submits their Opposition to Plaintiff Jane Doe's ("Plaintiff") Motion for Review of Clerk's Taxation Award to Defendants under FRCP 54(d)(1):

*FILE # 22348*

1

**OPPO TO PLTF'S MOTION FOR REVIEW OF APPLICATION TO TAX COSTS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   NOTHING NEW PRESENTED IN PLAINTIFF'S MOTION

Plaintiff's arguments in this motion have already been considered by the Clerk. Over and above her objections, the Clerk granted and taxed Defendants' Bill of Costs, with reductions. Plaintiff filed her Objections to Defendants' Bill of Costs on March 15, 2023. (Doc. 174.) Defendants filed their Response to her Objections on March 20, 2023. (Doc. 175.) On April 11, 2023, the Clerk approved and taxed costs against Plaintiff in the amount of $11,830.47. (Doc. 178.)

In her March 15, 2023, Objections, Plaintiff already objected and made the same arguments as in this motion on the bases that she claims that (1) expenses for subpoenas for medical billing are not recoverable; (2) expenses for subpoenas not properly served are not recoverable; (3) expenses for uploading records, digital pages, etc. are not recoverable; (4) excessive and reasonable cost of copies of documents are not recoverable; and (5) the Bill of Costs could be denied in its entirety based on Plaintiff's alleged inability to pay. Defendants already responded to these identical arguments in their March 20, 2023, Response, and to avoid duplicative efforts, they refer this Court to that document as to why these arguments lack merit and/or should be overruled. (Doc. 175.)

## II.   COSTS FOR UPLOADING RECORDS, DIGITAL PAGES, ETC. WAS ALREADY REDUCED BY THE COURT

Plaintiff claims that expenses for uploading records, digital pages, advanced fees, and check charges are not recoverable. (Doc. 179, 2:26-3:11.) Despite this already being brought up in her March 15, 2023, Objections, the Clerk has already reduced the costs in the April 11, 2023 Approval. (Doc. 178.) Page 5, Tab 5 states "all video related fees excluded and/or disallowed. Video Processing Surcharge, Litigation Package, Virtual Participant, Secure File Suite, fees, and expedite fees, disallowed." Further, these fees were reduced by $1,818.55. As such, Plaintiff's argument objecting to these costs is irrelevant as it has already been reduced/addressed.

///

*FILE # 22348*

**OPPO TO PLTF'S MOTION FOR REVIEW OF APPLICATION TO TAX COSTS**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

## III.   PLAINTIFF FAILS TO PROVE SHE IS INCAPABLE OF PAYING COSTS NOW OR IN THE FUTURE

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the Court directs otherwise. (FRCP 54(d).) "Because Rule 54(d)(1) states that costs 'shall' be allowed 'as of course,' there is a strong presumption in favor of awarding costs to the prevailing party." (*Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003).)

Plaintiff contends that costs should not be taxed or awarded against her because she is indigent. Nevertheless, a non-prevailing party's indigence does not require the reduction or denial of a costs award. (*McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir.); *In re Paoli R.R. Yard PCB Litig*., 221 F.3d 449, 463-464 (3rd Cir. 2000).) The statute dealing with in forma pauperis status expressly provides for awarding "costs at the conclusion of the suit or action as in other cases." (28 U.S.C. § 1915(f)(1).) The Fourth Circuit explained the rationale of this rule as follows:

> "when costs are assessed only in extreme or exceptional cases, those persons granted leave to proceed in forma pauperis have virtually 'nothing to lose and everything to gain' and the purpose of § 1915--equal access for the poor and the rich--is distorted. Non-indigents who contemplate litigation are routinely forced to decide whether their claim is 'worth it.' We see no reason to treat indigents differently in this respect." (*Flint v. Haynes*, 651 F.2d 970 (4th Cir. 1981)

The case of *McGill* also held that "[j]ust as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must [indigents]...learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits." (*McGill*, 18 F.3d at 460.)

Moreover, a court "should require substantial documentation of a true inability to pay." (*Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000); *see also McGill*, 18 F.3d at 459, which upheld an award of costs against non-prevailing party who offered

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

no documentary support of indigency and relied instead on "unsupported, self-serving statements;" *see also Rivera v. City of Chicago*, 469 F.3d 631 (7th Cir.2006), which cautioned that when considering claims of indigence to reduce costs, courts should require losing party to submit evidence of income, assets and expenses; *see also Smith v. Southeastern Pennsylvania Transportation Authority*, 47 F.3d 97, 100 (3d Cir. 1995), which rejected the limitation of costs on grounds of indigence where the record did not establish that the losing party was indigent or unable to pay the full measure of costs; *see also In re Paoli Railroad Yard PCB Litigation*, 221 F.3d 449 (3d Cir. 2000), which held that courts may consider indigence but should not consider disparity in wealth between the parties in reducing costs.) A court can consider a losing party's inability to pay but need not do so in the absence of substantial documentation. (*Thomasson v. GC Servs. Ltd. P'ship*, No. 05CV0940-LAB (CAB), 2007 WL 3203037, at *3 (S.D. Cal. Oct. 29, 2007).) Further, "unsuccessful indigent litigants are not automatically shielded from the imposition of cost as against them," but rather must "establish [they are] incapable of paying court-imposed costs at this time or in the future." (*Gordon v. Castle Oldsmobile and Honda, Inc.*, 157 F.R.D. 438, 440 (N.D. Ill. 1994).)

Plaintiff has not shown that she is indigent, such that she should be excused from paying costs. Plaintiff's alleged "indigency" is unsupported by any substantial evidence. Plaintiff's February 18, 2020, Application to Proceed in District Court Without Prepaying Fees or Costs stated that she did not receive any gross pay or wages or other income in the last twelve months. (Doc. 3.) Now, in her latest submission, she claims that she received $7,000 in income in the last twelve months, and $13,000 in income 2021. (Doc. 179.) However, in her deposition in this matter, taken on March 31, 2021, Plaintiff testified under oath that her average annual income was $60,000. (Declaration of Rebecca J. Chmura ["Chmura Decl."], ¶ 3; **Exhibit A**.) Plaintiff also testified that she is a certified public accountant and worked for Deloitte. (*Id.*)

Based on the record of information, Plaintiff should not be able to avoid responsibility for costs for her alleged inability to pay. "A prevailing party is entitled to

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101
FILE # 22348
4
**OPPO TO PLTF'S MOTION FOR REVIEW OF APPLICATION TO TAX COSTS**

recover costs even in the case of indigent… litigants who have been granted leave to proceed in forma pauperis." (*Tubbs v. Sacramento Cnty. Jail*, 258 F.R.D. 657, 661 (E.D. Cal. 2009) *citing Monroe v. U.S. Marshals*, 101 F.3d 706, 1996 WL 665147, *2 (9th Cir.1996).)

Plaintiff's "limited financial resources" argument falls far from the mark, as Plaintiff has not come close to meeting her burden of showing indigence. Rather, Plaintiff relies solely on a one-sentence self-serving declaration in which she states that her alleged financial situation has not changed. Like the case of *McGill*, an award of costs should be upheld based upon only "unsupported, self-serving statements."

Further, like *Gordon*, Plaintiff failed to submit any evidence that she is incapable of paying the costs now or in the future. In fact, the opposite is shown. Plaintiff's evidence and deposition testimony shows that she went from earning no income back in 2020 (Doc. 3) to now in 2023, allegedly earning an income of $13,000 in 2021 (Doc. 179), which is more than the awarded costs of $11,830.47. Further her deposition testimony states that she earned up to $60,000 yearly on average. (Chmura Decl., ¶ 3; **Exhibit A**.) Additionally, Plaintiff is a certified public accountant who held employment at a very reputable company, Deloitte. (*Id.*) Thus, clearly, Plaintiff is an intelligent and professional individual who has the capacity to make a living and earn income, which she has done throughout the course of this litigation. She has the ability to earn money which would not prevent her from being able to pay the costs imposed in this action. Her situation differs from the examples she bring up in the motion as she is not a student with limited earning potential and she is not incarcerated. Plaintiff is a professional with a history of earning potential. Thus, per the above, under *Gordon*, Plaintiff failed to meet the burden that she is unable to pay the cost now or in the future.

Plaintiff claims that her case is of one of alleged public interest and she cites to *Hermosillo v. Cnty. of San Bernardino*, No. EDCV 15-00033-DTB, 2017 WL 5479646, at *3 (C.D. Cal. June 19, 2017) and *Aguilar v. City of Los Angeles*, No. CV174382CBMMRWX, 2020 WL 2573468, at *2 (C.D. Cal. Mar. 4, 2020) in support

FILE # 22348

**OPPO TO PLTF'S MOTION FOR REVIEW OF APPLICATION TO TAX COSTS**

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

therefore. However, *Hermosillo* and *Aguilar*, both deal with claims of excessive force against inmates. Plaintiff's claims did not deal with excessive force, but rather alleged search and seizure, and therefore, are inapplicable and do not support that her case is one of important public interest.

Once again, Plaintiff has already objected that costs should not be awarded based on her alleged indigency, and the Clerk denied that objection. She has not presented adequate documentation that she is allegedly indigent, nor incapable of paying costs now or in the future, and thus, her motion should be denied and the costs affirmed.

## IV.   THE BILL OF COSTS SHOULD BE AMENDED AND ENTERED USING PLAINTIFF'S REAL NAME

Defendants Bill of Costs originally included a request to have the judgment/order entered using Plaintiff's true name. An order/judgment related to the Bill of Costs should be entered using Plaintiff's real name, so that the judgment against her is enforceable. Plaintiff cites to no authority to the contrary. Moreover, Plaintiff's original motion or the Court's Minute Order to proceed anonymously does not include the request or order that it be extended to judgments. (Docs. 5 and 10.)

For the order/judgment related to the Bill of Costs to be enforceable, it needs to identify, by name, the party against whom the order/judgment is entered. Plaintiff should not be able to hide under the cover of her pseudonym "Jane Doe" to prevent Defendants from seeking any legal recourse they may have if Plaintiff fails to pay. It has been held that "anonymity need not, and should not, impede either party's ability to develop its case." (*Jane Roes 1-2 v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015).) By permitting Plaintiff to avoid potential judgment of costs by not using her real name, Defendants will suffer prejudice and their rights are impeded by not being able to enforce the judgment.

## V.   PLAINTIFF'S MOTION IS PROCEDURALLY DEFECTIVE

Regardless of the above, Plaintiff's motion should be denied as it is procedurally defective. First, Plaintiff failed to meet and confer regarding the bringing of this motion

*FILE # 22348*

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

6

OPPO TO PLTF'S MOTION FOR REVIEW OF APPLICATION TO TAX COSTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

under L.R. 7-3. (Chmura Decl., ¶ 4.) Secondly, under L.R. 7-4 Plaintiff failed to specify a date and time of the motion hearing and the name of the judicial officer before whom the motion has been noticed. Given that Plaintiff failed to follow the applicable procedural local rules, under L.R. 7-12, this Court may decline to consider this motion and it should be denied.

## VI.   **CONCLUSION**

Per the above, Defendants respectfully request that this Court deny Plaintiff's Motion for Review of the Approved Bill of Costs, as her arguments lack any merit and have already been considered by the Clerk. Defendants respectfully request that this Court affirm the April 11, 2023, Approved Bill of Costs awarding costs against Plaintiff in favor of Defendants.

DATED:  April 24, 2023                    COLLINS + COLLINS LLP

By: _____
REBECCA J. CHMURA
MICHAEL L. WRONIAK
Attorneys for Defendants COUNTY OF
ORANGE; DON BARNES; WILLIAM
BAKER; JOE BALICKI; MARK
STICHTER; REYNA RIVERA;
DEVONNA FALCONER; KASSANDRA
MAYER; ELIA RODRIGUEZ; RACHEL
ADDINGTON

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

*FILE # 22348*

7

**OPPO TO PLTF'S MOTION FOR REVIEW OF APPLICATION TO TAX COSTS**

**PROOF OF SERVICE**

**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,                    )
                                        )  ss.
County of Orange.                       )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 The City Drive, Suite 400, Orange, California 92868.

On this date, I served the foregoing document described as **DEFENDANTS' OPPOSITION TO PLAINTIFF JANE DOE'S MOTION FOR REVIEW OF DEFENDANTS' APPLICATION TO TAX COSTS (DOC. 179)** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

Jane Doe
Courtproceeding9@gmail.com

**PLAINTIFF IN PRO SE**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Orange, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Orange, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – – I served a true copy, with all exhibits, electronically on Plaintiff Jane Doe at the email address on file with the Court which is redacted herein per request of Plaintiff Jane Doe through the Court's CM/ECF Electronic Filing system on:

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (714) 823-4101 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on April 24, 2023 at Orange, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Jazmin Ruiz
Jruiz@ccllp.law

**COLLINS + COLLINS LLP**
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

*FILE # 22348*

8

**OPPO TO PLTF'S MOTION FOR REVIEW OF APPLICATION TO TAX COSTS**