JANE DOE
11151 Valley Blvd #4886,
El Monte, CA 91734

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>            Plaintiff,<br>vs.<br>COUNTY OF ORANGE, et al<br>            Defendants. | No. 8:20-cv-00322-JWH-GJS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR REVIEW OF CLERK'S TAXATION AWARD TO DEFENDANTS UNDER FRCP 54(d)(1)** |

TO THE COURT AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

JANE DOE (Plaintiff) respectfully submits the following reply in support of her motion for a review of the clerk's award of costs to Defendants. ECF 179.

**I. DEFENDANTS SHOULD NOT BE AWARDED COSTS**

The burden is on the party seeking costs to establish the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986). "[I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964).

Expenses for uploading records, digital pages, advanced fees and check charges, under the guise of service of subpoenas, are beyond those authorized by statute or local rules, therefore not recoverable. ECF 172, pp. 27, 29, 31, 33, 35, 37, 55, identified under **Tab 2**. These expenses were not

reduced by the clerk.

In her motion, Plaintiff contends that good reasons existed for declining to award costs under the Ninth Circuit's instruction. ECF 179, pp. 5-9.

In their Opposition, Defendants did not counter these arguments. Instead, relying on cases outside of Ninth Circuit, Defendants contend that a non-prevailing party's indigence does not require the reduction or denial of a costs award. ECF 180, p. 3. In her deposition in this matter, taken on March 31, 2021, Plaintiff testified under oath that she was not working and her income in 2020 was not the same as her average annual income. See Declaration of Jane Doe, ¶2; Exhibit 1. The mere possession of a professional license or college degree does not by itself produce income. While a college degree can be an important factor in career success, it is not a guarantee of a particular income level. While obtaining a professional license can be a valuable credential that demonstrates expertise and competency in a particular field, an individual's income can still vary depending on various factors, the most important one is ability to work. For instance, a professional can be too sick to work.

Defendants allege that Plaintiff's income of $13,000 in 2021 is more than the awarded costs of $11,830.47. ECF 180, p. 5. However, while the plaintiffs do not have to be currently indigent, "the proper inquiry is whether an award of costs might make them so." ECF 179, 5:24-6:3. The awarded costs of $11,830.47, 91% (11830/13,000=91%) of Plaintiff's annual income, will no doubt make Plaintiff not only indigent but also unable to live.

The Ninth Circuit has given special consideration to civil rights litigants, recognizing the concern that the imposition of significant costs will unnecessarily chill civil rights litigation. "Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Education*." *Stanley v. University of So. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). The Ninth Circuit never limited issues of substantial public importance to only excessive force claims. ECF 179, p. 9.

**II. PLAINTIFF'S MOTION IS NOT PROCEDURALLY DEFECTIVE**

On April 11, 2023 at 1:52 PM Plaintiff was electronically served with the Clerk's taxation of costs. ECF 178. A party may seek review of the Clerk's taxation of costs by filing and serving a

2
PLAINTIFF'S REPLY ISO MOTION FOR REVIEW OF CLERK'S
TAXATION AWARD TO DEFENDANTS

reduced by the clerk.

In her motion, Plaintiff contends that good reasons existed for declining to award costs under the Ninth Circuit's instruction. ECF 179, pp. 5-9.

In their Opposition, Defendants did not counter these arguments. Instead, relying on cases outside of Ninth Circuit, Defendants contend that a non-prevailing party's indigence does not require the reduction or denial of a costs award. ECF 180, p. 3. In her deposition in this matter, taken on March 31, 2021, Plaintiff testified under oath that she was not working and her income in 2020 was not the same as her average annual income. See Declaration of Jane Doe, ¶2; Exhibit 1. The mere possession of a professional license or college degree does not by itself produce income. While a college degree can be an important factor in career success, it is not a guarantee of a particular income level. While obtaining a professional license can be a valuable credential that demonstrates expertise and competency in a particular field, an individual's income can still vary depending on various factors, the most important one is ability to work. For instance, a professional can be too sick to work.

Defendants allege that Plaintiff's income of $13,000 in 2021 is more than the awarded costs of $11,830.47. ECF 180, p. 5. However, while the plaintiffs do not have to be currently indigent, "the proper inquiry is whether an award of costs might make them so." ECF 179, 5:24-6:3. The awarded costs of $11,830.47, 91% (11830/13,000=91%) of Plaintiff's annual income, will no doubt make Plaintiff not only indigent but also unable to live.

The Ninth Circuit has given special consideration to civil rights litigants, recognizing the concern that the imposition of significant costs will unnecessarily chill civil rights litigation. "Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Education*." *Stanley v. University of So. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). The Ninth Circuit never limited issues of substantial public importance to only excessive force claims. ECF 179, p. 9.

**II. PLAINTIFF'S MOTION IS NOT PROCEDURALLY DEFECTIVE**

On April 11, 2023 at 1:52 PM Plaintiff was electronically served with the Clerk's taxation of costs. ECF 178. A party may seek review of the Clerk's taxation of costs by filing and serving a

motion to retax costs within seven (7) days of the Clerk's decision. L.R. 54-2.5.

Counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion. L.R. 7-3. If Plaintiff had complied with L.R. 7-3, she would not have been able to meet the filing deadline, within seven (7) days of the Clerk's decision, set forth under L.R. 54-2.5. In order to comply with both L.R. 54-2.5. and L.R. 7-3, Plaintiff had only three hours by the end of the business day to prepare arguments and *hold a conference with opposing counsel* which was a mission impossible. Within three hours, neither Plaintiff was able to prepare for a conference nor opposing counsel would be available for a conference.

### III. THE BILL OF COSTS SHOULD BE VACATED AND DEFENDANTS WAIVED ANY RIGHT TO CHALLENGE THE CLERK'S DECISION

Defendants Bill of Costs originally included a request to have the judgment/order entered using Plaintiff's true name and the Clerk denied that request. Defendants subsequently failed to comply with the deadline for filing a timely motion to review the clerk's decision. See *Walker v. California*, 200 F.3d 624, 625-26 (9th Cir. 1999) (a party waives the right to challenge a cost award if the party does not file a timely motion for review of the clerk's decision).

### IV. CONCLUSION

For all of the reasons indicated herein, Plaintiff respectfully asks the Court to deny Defendants' bill of costs in its entirety. The Order of the Clerk of the Court Taxing Costs (ECF 178) should be VACATED.

Dated: April 27, 2023

Respectfully submitted,

                                                */s/ JANE DOE*
                                                JANE DOE, In Pro Per

3
PLAINTIFF'S REPLY ISO MOTION FOR REVIEW OF CLERK'S
TAXATION AWARD TO DEFENDANTS

## DECLARATION OF PLAINTIFF JANE DOE

I, JANE DOE, declare and state:

1. I am the plaintiff in this case. I have personal knowledge of the facts stated herein. If called upon as a witness I could and would competently testify thereto.

2. Volume II of Plaintiff's deposition was taken remotely in this matter on March 31, 2021. A true and correct copy of excerpts from that deposition are attached hereto as Exhibit 1.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: April 27, 2023              */s/ JANE DOE*

                                                             JANE DOE, In Pro Per

**CERTIFICATE OF SERVICE**

I, JANE DOE, declare and certify that I electronically filed the foregoing with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: April 27, 2023

/s/ JANE DOE
JANE DOE

# EXHIBIT 1

```
 1                UNITED STATES DISTRICT COURT
 2           DISTRICT OF CALIFORNIA, CENTRAL DISTRICT
 3    _____
                                   )
 4    JANE DOE,                    )
                                   )
 5              Plaintiff,         )
                                   )
 6         vs.                     )No.
                                   )SACV-20-00322-JWH(GJS)
 7    COUNTY OF ORANGE; DON BARNES;)
      WILLIAM BAKER; JOE BALICKI;  )
 8    MARK STICHTER; and DOES 1-10,)
      inclusive,                   )
 9                                 )
                Defendants.        )
10    _____)
11
12
13
14
15        REMOTE, VIDEOTAPED DEPOSITION OF JANE DOE
16                  El Monte, California
17                Wednesday, March 31, 2021
18                        Volume II
19
20
21    Reported by:
      JILL GLANTZ
22    CSR No. 11341
23    Job No. 4502635
24    PAGES 15 - 191
25
```

Page 15

```
 1                UNITED STATES DISTRICT COURT
 2          DISTRICT OF CALIFORNIA, CENTRAL DISTRICT
 3     _____
                                     )
 4     JANE DOE,                     )
                                     )
 5            Plaintiff,             )
                                     )
 6         vs.                       )No.
                                     )SACV-20-00322-JWH(GJS)
 7     COUNTY OF ORANGE; DON BARNES;)
       WILLIAM BAKER; JOE BALICKI;   )
 8     MARK STICHTER; and DOES 1-10,)
       inclusive,                    )
 9                                   )
              Defendants.            )
10     _____)
11
12
13
14
15         Remote, videotaped deposition of JANE DOE,
16     Volume II, taken on behalf of Defendants, in
17     El Monte, California, beginning at 10:04 a.m. and
18     ending at 5:29 p.m. on Wednesday, March 31, 2021,
19     before JILL GLANTZ, Certified Shorthand Reporter
20     No. 11341.
21
22
23
24
25
```

Page 16

```
 1      Q    Of 2019?
 2      A    Yeah.
 3      Q    Okay.  Are you married?
 4      A    No.
 5      Q    Have you ever been married?              10:34:49
 6      A    No.
 7      Q    Do you have any children?
 8      A    No.
 9      Q    Do you currently work?
10      A    No.                                      10:35:01
11      Q    When was the last time that you worked?
12      A    I worked a little bit here and there, so I
13   don't recall the exact time.
14      Q    And when you worked here and there, what did
15   you do?                                          10:35:33
16      A    Accounting.
17      Q    Are you a CPA?
18      A    Yes.
19      Q    You're a certified public accountant?
20      A    Yes.                                     10:35:47
21      Q    How long have you been a CPA?
22      A    2000- -- since -- since 2008.
23      Q    Okay.  Do you work for an accounting firm?
24      A    I used to.
25      Q    Which firm was that?                     10:36:14
```

Page 37

```
 1     A    I worked for a few firms.
 2     Q    What was the name of the firm of your last
 3   employer?
 4     A    "Deloitte."
 5     Q    Oh.  That's a big name.  And when did you         10:36:33
 6   stop working for Deloitte?
 7     A    2000- -- 2011.
 8     Q    So since 2011, have you been self-employed?
 9     A    No.  I've been self-employed since 2014.
10     Q    So what did you do between 2011 and 2014?         10:37:10
11     A    2013, I moved to the United States.
12     Q    Okay.  Oh, so you worked for Deloitte in
13   China?
14     A    Correct.
15     Q    Got it.  Okay.  So since you came to the          10:37:41
16   U.S., you have been self-employed?
17     A    Yes.
18     Q    Do you have a company name that you run
19   under?
20     A    No.                                               10:38:02
21     Q    And what's your average income?
22     A    Around $60,000 per year.
23     Q    And is that the same for 2020?
24     A    No.
25     Q    What was your income in 2020?                     10:38:27
```

Page 38

```
 1      A    I haven't filed taxes, so I don't have the
 2   exact number.
 3      Q    Can you give me an approximation?
 4      A    I don't have any information to give you the
 5   estimation.                                             10:38:54
 6      Q    Okay.  At the time of the incident, so
 7   August 8th through 12th of 2019, were you working?
 8      A    No.
 9      Q    Why not?
10      A    Because I -- I'm self-employed, so I don't     10:39:30
11   work regular.  You know, not like some other people,
12   they work regularly every day.
13      Q    But you were self-employed at that time, so
14   you were working; you just might not have had work;
15   correct?                                                10:39:58
16      A    Correct.
17      Q    Okay.  Are you on disability?
18      A    No.
19      Q    Have you received unemployment?
20      A    Yes.                                            10:40:10
21      Q    How long have you received unemployment?
22      A    I don't recall the exact time.
23      Q    Have you been receiving unemployment since
24   COVID hit, so that would be March of last year?
25      A    I -- I received since last year.                10:40:42
```

```
 1        I, the undersigned, a Certified Shorthand
 2   Reporter of the State of California, do hereby
 3   certify:
 4        That the foregoing proceedings were taken
 5   before me at the time and place herein set forth;
 6   that any witnesses in the foregoing proceedings,
 7   prior to testifying, were administered an oath; that
 8   a record of the proceedings was made by me using
 9   machine shorthand which was thereafter transcribed
10   under my direction; that the foregoing transcript is
11   a true record of the testimony given.
12        Further, that if the foregoing pertains to
13   the original transcript of a deposition in a Federal
14   Case, before completion of the proceedings, review
15   of the transcript { } was {X} was not requested.
16        I further certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or party to this action.
19        IN WITNESS WHEREOF, I have this date
20   subscribed my name.
21
22   Dated: April 1, 2021       [signature: Jill Glantz]
23                              _____
                                JILL GLANTZ
24                              CSR No. 11341
25
```

Page 191