**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| O. L., AKA, Jane Doe,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>COUNTY OF ORANGE; et al.,<br><br>    Defendants-Appellees. | No. 23-55258<br><br>D.C. No.<br>8:20-cv-00322-JWH-GJS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted July 19, 2024**

Before:  O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Jane Doe[1], proceeding pro se, appeals the district court's summary judgment

in Doe's action challenging the conditions at the Women's County Jail in Orange

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] The district court allowed appellant to proceed under a pseudonym in this case.

County, California, where Doe was housed as a pretrial detainee.   We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Mendiola-Martinez v.*

*Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016).  We affirm.

The district court properly granted summary judgment on Doe's claims

challenging the conditions of her confinement because none were an

unconstitutional punishment.  *See, e.g., Demery v. Arpaio,* 378 F.3d 1020, 1030

(9th Cir. 2004) (explaining that, to constitute punishment, the governmental action

must cause harm or disability that either significantly exceeds or is independent of

the inherent discomforts of confinement); *see also Gordon v. County of Orange*,

888 F.3d 1118, 1124-25 (9th Cir. 2018) (setting forth objective deliberate

indifference standard for Fourteenth Amendment conditions-of-confinement

claims brought by pretrial detainees).

The district court properly granted summary judgment on Doe's claims

challenging strip and cell searches because none of the searches was unreasonable.

*See Bell v. Wolfish*, 441 U.S. 520, 555-59 (1979) (setting forth balancing test for

determining whether a search is reasonable in the prison context); *Michenfelder v.*

*Sumner*, 860 F.2d 328, 332 (9th Cir. 1988).

The district court properly granted summary judgment on Doe's retaliation

claim because Doe failed to establish that the allegedly retaliatory cell search did

not reasonably advance a legitimate correctional goal.  *See, e.g., Rhodes v.*

2

*Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (explaining that elements of First Amendment retaliation claim in prison context include establishing that alleged adverse action did not reasonably advance a legitimate correctional goal).

The district court properly granted summary judgment on Doe's claim that defendant County of Orange failed to train and to supervise its employees because Doe failed to establish any underlying unconstitutional violation. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653-54 (9th Cir. 2001) ("Neither a municipality nor a supervisor. . . can be held liable under § 1983 where no injury or constitutional violation has occurred.", (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986))).

The district court properly granted summary judgment on Doe's claims under the California Constitution, Article I §§ 1, 2, 7 and 13, which failed for the same reasons as her analogous federal claims.

The district court properly granted summary judgment on Doe's state law tort claims. Doe's claim for negligent supervision fails because she did not establish that some of the defendants were negligent in training and in supervising other defendants. *See Conroy v. Regents of Univ. of Cal.*, 203 P.3d 1127, 1132 (Cal. 2009) (explaining that to establish negligence under California state law, plaintiff must prove duty, breach, causation, and damages); *Delfino v. Agilent Technologies, Inc.*, 52 Cal. Rptr. 3d 376, 397 (Ct. App. 2006) (setting forth

3

elements of claim for negligent supervision and retention).  Doe's claim for

intentional infliction of emotional distress also fails, because none of the conduct at

issue was extreme or outrageous.  *See, e.g., Kelly v. Gen. Tel. Co.*, 186 Cal. Rptr.

184, 188 (Ct. App. 1982) (setting forth elements of intentional infliction of

emotional distress claim).

Doe's claim that the defendants violated California Penal Code § 4030 fails

because the strip search restrictions in the statute do not apply to detainees like

Doe, who are placed in the jail's general population.  Cal. Penal Code § 4030(e).

The district court did not abuse its discretion in denying in part Doe's

motion to compel discovery.  Doe was provided with some discovery, and has not

established that she was actually and substantially prejudiced by the decision.  *See,*

*e.g., Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (stating standard of

review and explaining that a "decision to deny discovery will not be disturbed

except upon the clearest showing that denial of discovery results in actual and

substantial prejudice to the complaining litigant." (internal citation and quotation

marks omitted)).

The County Defendants' motion to strike portions of the opening brief

(Docket Entry No. 27) is granted.  The Clerk shall strike the Opening Brief

Appendix (Docket Entry No. 5 at 78-81).

**AFFIRMED**.

4